UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> -against- <br><br> BEAUTY ENTERPRISES, INC., INDUSTRIAL TEMPORARIES, INC. and ESSENTIAL TEMPORARIES, INC. <br><br> Defendants | Civil Action No. 301CV378AHN |
| MIGUEL ANGEL ALVAREZ, WILLIAM TORRES, LUZ ANDUJAR EVA DIAZ, WALESKA MIRANDA, HAROLD ACOSTA and JOSE LINARES <br><br> -against- <br><br> BEAUTY ENTERPRISES, INC. <br><br> Defendant | December 5, 2003 <br><br><br> Stipulated Protective Order and Order |
| LUZ ANDUJAR, and WALESKA MIRANDA <br><br> Plaintiff-Intervenors, <br><br> -against- <br><br> ESSENTIAL PERSONNEL, INC., <br><br> Defendant | |

Defendant, Beauty Enterprises, Inc. ("BEI"), and Plaintiff, Equal Employment Opportunity Commission ("EEOC"), pursuant to Fed. R. Civ. P. 26(c), stipulate that a Protective Order

1

should issue as follows:

    1.    This Protective Order shall apply to all documents, bills, prescriptions, notes, things, and other material or information concerning medical records, hospital records, clinical records, or counseling records produced by Plaintiff in the above referenced case.

    2.    The documents and materials produced by EEOC to counsel for BEI pursuant to ¶ 1 of this Stipulated Protective Order and Order shall not be published, orally, by copy, or by any means, to any person other than the Court, Defense counsel, the "Designees of Defendant," which shall only include persons assisting with the defense of this matter with authority to instruct Defense counsel with respect to litigation or settlement or experts or consultants retained by BEI in defense of this matter. The parties agree that any of the documents and materials produced by EEOC to BEI counsel pursuant to ¶ 1 shall be filed under seal if attached to any motion or memorandum in this case.

    3.    By approval of this Protective Order, the parties identified in ¶ 2 of this Stipulated Protective Order agree to be bound by the conditions of this Protective Order.

    4.    Execution of this Protective Order does not constitute a waiver of any objections raised by EEOC to the production of any documents or information even if such documents or information are encompassed within this Protective Order.

    5.    Any party may by motion to the Court seek to modify the list of persons entitled to receive Confidential Material, or otherwise seek revision of or relief from this Protective Order, but no party shall be so relieved other than by Court order or written agreement of counsel for the parties.

DATED this _____ day of _____, 2003.

                                BY THE COURT:

                                _____
                                U.S. District Court

Prepared and Submitted by:

_____
R. Liliana Palacios (MA 640786) ct 22358
EEOC/Boston Area Office
JFK Federal Building, Room 475
Boston, MA 02203
(617) 565-3210
(617) 565-3196 - FAX
Attorneys for Plaintiff


Reviewed and Approved By:

_____
Richard Robinson, Esq.
Pullman & Comley, LLC
90 State House Square
Hartford, CT 06103-3702
(860) 541-3333
*fax:(860) 525-9099*