## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION |
| PLAINTIFF | NO. 3:01-CV-378 (AHN) |
| VS. | |
| BEAUTY ENTERPRISES, INC., AAA INDUSTRIAL TEMPORARIES, INC., ESSENTIAL TEMPORARIES, INC., | |
| DEFENDANT | |
| MIGUEL ANGEL ALVAREZ and WILLIAM TORRES, | |
| PLAINTIFF-INTERVENORS, | |
| v. | |
| BEAUTY ENTERPRISES, INC., | |
| DEFENDANT | June 14, 2004 |

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT BEAUTY ENTRERPRISES, INC.'S MOTION TO EXCLUDE EXPERT TESTIMONY OF EARNEST F. HARPER AND IN SUPPORT OF MOTION TO STRIKE AFFIDAVIT

Pursuant to D. Conn. L. Civ. R. 7(d), the defendant Beauty Enterprises, Inc. ("BEI") submits this reply memorandum in further support of its motion to exclude the testimony of Earnest F. Harper ("Mr. Harper"). The plaintiff, Equal Employment Opportunity Commission ("EEOC"), submitted a memorandum in opposition to BEI's motion dated May 28, 2004. Rather than directly address the arguments contained in BEI's brief, the EEOC simply contends that Mr. Harper is qualified to provide relevant expert testimony in this matter. The EEOC then proceeds to summarize his proposed testimony. More troubling, however, is that the EEOC is relying on a

new affidavit from Mr. Harper to demonstrate the appropriateness of his qualifications and methodology. For the reasons set forth more fully below, BEI's motion to exclude must be granted, and Mr. Harper's newly executed affidavit must be stricken.

## I.    Rule 26 May Not Be Circumvented by the Submission of a Newly Executed Affidavit

In support of its opposition to BEI's motion to exclude, the EEOC has submitted a new affidavit from its proposed expert, Mr. Harper. (See Pl.'s Mem. in Opp'n at Ex. 8.) This affidavit was not included in Mr. Harper's expert report. It was not produced during the course of discovery. And it was not provided to BEI's counsel prior to Mr. Harper's deposition. This affidavit must be stricken. Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure provides that an expert disclosure shall be accompanied by a written report which:

> *shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.*

Fed. R. Civ. P. 26(a)(2)(B). As the advisory committee's notes prescribe, the expert report must be "detailed and complete." (See Fed. R. Civ. P. 26, advisory committee's note (1993)). The Rule's purpose is clear. Full and complete disclosure allows opposing parties "to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." (Id.) Obviously, the content of an opposing party's expert report is factored into the equation when a party has to decide whether to retain its own expert.

With the new affidavit, the EEOC seeks to have Mr. Harper, for the first time, fully articulate his qualifications, experience and purported methodology in order to address the glaring deficiencies in those areas that BEI noted in its motion to exclude. (See, e.g., Pl.'s Mem.

in Opp'n at pp. 10-11, 15-16.)  This is highly inappropriate and unfairly prejudices the Defendant at this late stage of the litigation.  Mr. Harper's report was completed on December 11, 2003. Based on the information contained in that report, BEI's counsel deposed Mr. Harper on February 5, 2004.  Moreover, based upon both his report and his subsequent deposition testimony, BEI decided that it was not necessary to present its own safety expert.  The EEOC should not be afforded the luxury of waiting for BEI to demonstrate the flaws in Mr. Harper's reasoning before it fully complies with its Rule 26 obligations.  See Saudi v. S/T Marine Atlantic, 159 F. Supp. 2d 512, 517-521 (S.D. Tex. 2001) (striking newly submitted affidavits of two expert witnesses where defendant sought to exclude portions of the plaintiff's expert witnesses' testimony).

Mr. Harper's report does not provide a sufficient foundation for the opinions he has expressed in this litigation.  Recognizing this, the EEOC seeks to circumvent Rule 26 and buttress Mr. Harper's report with a new affidavit.  Were this not the case, there would be no reason for the EEOC to have submitted this affidavit.  Given the late stage of this litigation, this conduct should neither be sanctioned, nor condoned.  See Fed. R. Civ. P. 37(c)(1) (stating that a "party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed").[1]

Ironically, the EEOC argues that it "does not believe oral argument or a Daubert (evidentiary) hearing is necessary to resolve BEI's Motion."  (See Pl.'s Mem. in Opp'n at p. 2.)

---

[1]  BEI recognizes that a lesser sanction than striking the affidavit could be assessed against the EEOC under these circumstances.  BEI has obviously incurred legal costs related to the review of Mr. Harper's report, as well as the preparation for and the taking of Mr. Harper's deposition.  Based on the information gleaned from his deposition and initial report, BEI expended additional resources preparing the instant motion to exclude.  In the event the Court decides to allow the EEOC to make this untimely supplementation to its expert disclosure, BEI would request payment of its reasonable expenses in accordance with Rule 37(c)(1).

If the Court strikes Mr. Harper's affidavit, BEI wholeheartedly agrees. Under those circumstances, Mr. Harper's report and deposition testimony furnish a perfectly sufficient record for the Court to perform its <u>Daubert</u> analysis. <u>See</u> <u>Stone v. 866 3rd Next Generation Hotel, LLC</u>, No. 99 CIV. 4780LTSKNF, 2002 WL 1046706, at * 4 (S.D.N.Y. May 22, 2002) (recognizing that decision to hold <u>Daubert</u> hearing lies within the discretion of the court). In contrast, if the Court decides to consider the new Harper affidavit (**executed on May 27, 2004**), BEI would certainly be prejudiced. As the EEOC notes, discovery in this case is closed. (<u>See</u> Pl.'s Mem. in Opp'n at p. 2). Because of this, BEI has been deprived of the opportunity to cross examine Mr. Harper about the statements contained in this new affidavit. An evidentiary <u>Daubert</u> hearing is only way of ameliorating this prejudice and BEI would urge the Court to convene such a hearing: That the EEOC suggests that a <u>Daubert</u> hearing is unnecessary is patently unfair and should be rejected by the Court.

For all of these reasons, Mr. Harper's affidavit must be stricken.

## II.    <u>Mr. Harper's Experience Alone Does Not Provide a Sufficient Basis for His Opinions</u>

The EEOC contends that "[e]xperts can be qualified through their experience alone." (<u>See</u> Pl.'s Mem. in Opp'n at p. 6.) It then proceeds to set forth Mr. Harper's work experience, relying in part on the information contained in Mr. Harper's new affidavit.[2] (<u>See</u> <u>id.</u> at pp. 9-11.) While an expert may be qualified based on his or her experience, the expert's claimed experience alone is not a sufficient to withstand scrutiny under <u>Daubert</u>. "If a witness is an expert based solely on experience, **the witness must explain how that experience leads to the conclusion**

---

[2]    At footnote 8 of its brief, the EEOC asserts that BEI's counsel, in violation of *The Bluebook*, improperly omitted references to portions of Mr. Harper's deposition transcript from its memorandum of law. It appears that the EEOC is implying that BEI attempted to mislead the Court about the content of Mr. Harper's deposition testimony. The fact that BEI submitted the entire transcript from Mr. Harper's deposition for the Court's review completely undermines the EEOC's implication in this regard.

reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." <u>U.S. v. Merritt</u>, No. IP 01-081-CR-01 T/F, 2002 WL 1821821, at *4 (S.D. Ind. June 26, 2002) (emphasis added); <u>see also</u> Fed. R. Evid. 702, advisory committee's note. "[A] court cannot permit experts to 'offer credentials rather than analysis.'" <u>Linkco, Inc. v. Fujitsu Ltd.</u>, No. 00 Civ. 7242(SAS), 2002 WL 1585551, at *4 (S.D.N.Y. July 16, 2002) (citation omitted).

Here, Mr. Harper's expert report fails to satisfy this important requirement. The report simply articulates broad conclusions without any explanation for how Mr. Harper's experience led him to the positions he ultimately took. His "examination" of the OSHA logs exemplifies this flaw. His report indicates that "BEI's OSHA 200 Injury and Illness logs from 1990 – 2001 do not indicate any accidents that were caused in whole or in part by any lack in English proficiency or because of a failure to adhere to an English-Only Policy. . . . A breakdown of injury by type shows injuries typical of material handling operations. None of the following reflect causes based upon language." (<u>See</u> BEI's Mem. in Supp. of Mot. to Exclude Harper at Ex. A, p. 7.) Mr. Harper's report fails to provide any explanation for how his experience allows him to draw the conclusion that the injuries that occurred at BEI ("strains/sprains; cuts/punctures; struck by/bruised; non-specific pain; eye injuries; repetitive; falls; misc." – <u>see</u> <u>id.</u>) were not related in any way to language. Mr. Harper obviously was not present at BEI when these injuries occurred. As such, he lacks first-hand knowledge and must be relying on something specific in the OSHA logs to support his conclusion. Yet, the Court, along with BEI, is left to speculate on what allowed this "expert" to reach this conclusion.

Because Mr. Harper "has not supported his opinion with references to his experience and explained how the specifics of that experience led to his conclusions", BEI's motion to exclude must be granted.

### III.    The EEOC Seeks to Use Mr. Harper as an Advocate, Not an Expert

At page 18 of its memorandum, the EEOC acknowledges that "Mr. Harper has stated that his vast experience includes working with a diverse workforce in the absence of an English-only policy, which he will testify . . . is not necessary for any safety-related purposes."  (See Pl.'s Mem. in Opp'n at p. 18) (emphasis added).  The irony of this statement should not be lost on the Court.  Essentially, the EEOC admits that its "expert" has absolutely no experience in dealing with an English-only policy in the workplace.  Despite this, the EEOC contends that Mr. Harper is qualified to provide expert testimony in this case.  The EEOC then goes on to declare why Mr. Harper's testimony is necessary in this instance.  The EEOC's memorandum of law stated:

> *Where BEI has little to no regard for safety in its facility, the implementation of an English only policy for alleged safety reasons can appear pretextual and illegitimate to a jury, thereby enhancing the jury's analysis of the legality of the rule and the business necessity defense.*

(See id.) From this statement it is evident that the EEOC seeks to have its expert masquerade as a lawyer, in order to argue the conclusions that the jury should draw from the evidence.  The EEOC seeks to have Mr. Harper demonstrate that BEI's "safety reasons" are merely a pretext for some discriminatory motive.  This is improper.  "An expert witness is supposed to provide information and explanations; the expert's role is not to be an advocate who, in essence, is supplanting the role of counsel in making an argument to the jury." U.B. Vehicle Leasing, Inc. v. Atlantic Mutual Ins. Co., No. 00 Civ. 9266(DC), 2004 WL 503729, at *8 (S.D.N.Y. Mar. 12, 2004) (citation omitted).  The EEOC's counsel is perfectly capable of arguing to the jury that

6

BEI's English only policy is pretextual. An expert witness, such as Mr. Harper, should not be permitted to serve as an advocate in this regard.

This further demonstrates why Mr. Harper's testimony cannot be admitted.

## IV.    Mr. Harper's "Alternative Communication" Strategies are Common Knowledge

At page 19 of its memorandum, the EEOC maintains that "alternative communication in a safety context are not within an average juror's knowledge." (See Pl.'s Memo. in Opp'n at p. 19.) Specifically, the EEOC asserts that "Mr. Harper will be able to address the availability of specific safety related signage, specific safety related training alternatives, and the existence of safety information in multiple languages, not within the knowledge of the average juror[.]" (See id. at 19-20.) Respectfully, it appears that the EEOC is overreaching on this issue.

BEI refers the Court to Mr. Harper's report for the details of his testimony on this issue. (See BEI's Mem. in Supp. of Mot. to Exclude Harper at Ex. A, p. 3 ("communication of safe operating procedures and plant safety rules is also important and can be amply accomplished by demonstration, use of bilingual coworkers . . . and by other means"); p. 6 ("safety signage, labeling and Material Safety Data Sheets . . . can be acquired in a variety of languages", also noting bilingual employees and graphic signs); pp. 11-12 (availability of multi-language training materials and videos).) Mr. Harper's report provides no detailed information concerning these alternatives, other than that they exist. The limitation of his proposed testimony in this regard is aptly demonstrated by the following statement in his report: "Any routine GOOGLE search under (Language) Translation Services will turn up hundreds of thousands of hits leading to help with language issues." (See id. at p. 12.) Certainly any individual is capable of performing a GOOGLE search to track down available information on the Internet on a particular subject. This does not rise to the level of expert commentary.

**V.    Conclusion**

Mr. Harper's report indicates that his opinion "is based upon my background and experience and reflects a preponderance of the conclusions derived from material previously discussed above and indeed, supported by a complete absence of any compelling argument to the contrary." (See id. at p. 12.)  Mr. Harper's "take my word for it" approach is not sufficient to withstand scrutiny under Daubert.  He is relying merely on credentials and does nothing to explain how his experience led him to the conclusions contained in his report.  For all of those reasons set forth above, as well as those arguments contained in BEI's original memorandum of law, BEI respectfully requests that its motion to exclude the testimony of Mr. Harper be granted. BEI would further request that Mr. Harper's May 27, 2004 Affidavit be stricken or, in the alternative, that BEI be awarded its reasonable costs for pursuing this motion.

**THE DEFENDANT**
**BEAUTY ENTERPRISES, INC.**

By: _____

Richard C. Robinson (ct04321)
Brian C. Roche (ct17975)
Pullman & Comley, LLC
90 State House Square
Hartford, CT 06103
Telephone: (860) 541-3333
Facsimile: (860) 424-4370
rrobinson@pullcom.com
broche@pullcom.com

## CERTIFICATION

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on the date hereon to all counsel and pro se parties of record.

***Plaintiff Equal Employment Opportunity Commission:***
Katherine Bissell, Esq.
EEOC - New York District Office
7 World Trade Center, 18th Floor
New York, NY 10048-1102

Rosa Lilliana Palacios, Esq.
EEOC Boston Area Office
JFK Federal Building, Room 475
Boston, MA 02203-0506

Markus L. Penzel, Esq.
EEOC - Boston Area Office
J.F.K. Federal Building, Room 475
Boston, MA 02203-0506

***Intervenors:***

Barbara E. Gardner
843 Main Street, Suite I-4
Manchester, CT  06040

Julia Morris Paul
Marte, Plepler, Falkenstein, Keith, Meggers & Paul, P.C.
113 East Center Street
Manchester, CT  06040

Evette Soto-Maldonado, Esq.
Puerto Rican Legal Defense and Educ. Fund
99 Hudson St., 14th Floor
NY, NY 10013-0000

_____
Brian C. Roche
Richard C. Robinson

BPRT/65094.1/BCR/519567v2