UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ──────────────────────────────── <br> EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION,                                         ) <br>                 Plaintiff,             ) <br>        -against-                              ) <br> BEAUTY ENTERPRISES, INC.,         ) <br> and ESSENTIAL TEMPORARIES, INC. ) <br>                 Defendants          ) <br> ──────────────────────────────── ) <br> MIGUEL ANGEL ALVAREZ,             ) <br> WILLIAM TORRES, LUZ ANDUJAR,  ) <br> EVA DIAZ, WALESKA MIRANDA,    ) <br> JOSE LINARES and HAROLD ACOSTA ) <br>                 Plaintiff-Intervenors, ) <br>        -against-                              ) <br> BEAUTY ENTERPRISES, INC.,         ) <br>                 Defendant             ) <br> ──────────────────────────────── ) <br> LUZ ANDUJAR and                           ) <br> WALESKA MIRANDA                      ) <br>                 Plaintiff-Intervenors, ) <br>        -against-                              ) <br> ESSENTIAL PERSONNEL, INC.,      ) <br>                 Defendant             ) <br> ──────────────────────────────── ) | Civil Action No. 301CV378AHN <br><br><br> July 2, 2004 |

**PLAINTIFF EEOC'S SUR REPLY TO BEI'S REPLY BRIEF RE: MOTION TO EXCLUDE HARPER TESTIMONY AND STRIKE HARPER AFFIDAVIT**

      Plaintiff Equal Employment Opportunity Commission ("EEOC") files this Memorandum in Sur Reply to Defendant, Beauty Enterprises, Inc.'s ("BEI") Reply Memorandum of Law in Further Support of Defendant BEI's Motion to Exclude Expert Testimony of Earnest F. Harper and in Support of Motion to Strike his Affidavit. As set forth previously in the EEOC's Motion for Permission to file this Sur Reply, this memorandum specifically addresses BEI's Motion to

1

Strike Mr. Harper's Affidavit, (EEOC Mem. in Opp'n at Tab. 8), and BEI's request for monetary sanctions, requested in the alternative to striking Mr. Harper's affidavit.[1]

**BEI'S Motion to Strike Mr. Harper's Affidavit and its Request in the Alternative for Monetary Sanctions Should Not be Granted Given that No New Opinions are Included in the Affidavit and there is No Prejudice to BEI**

BEI seeks to have Mr. Harper's affidavit stricken pursuant to Fed. R. Civ. P. 37 (c)(1), which provides:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not disclosed.  In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.  In addition to requiring payment of reasonable fees, caused by the failure, these sanctions may include informing the jury of the failure to make the disclosure.

Preclusion of expert testimony under this rule is a drastic measure and should only be applied to cases where conduct represents "flagrant bad faith and callous disregard for the requirements of Fed. R. Civ. P. 26(a)(2)(B)." See Di Pirro v. U.S., 43 F. Supp.2d 327, 339-341 (W.D.N.Y. 1999); McNearney v. Archer Daniels Midland Co., 164 F.R.D. 584, 586-587 (W.D.N.Y. 1995); Hinton v. Patnaude, 162 F.R.D. 435, 439-440 (N.D.N.Y.).  However, BEI has no grounds upon which it can seek sanctions of any kind against EEOC under Fed. R. Civ. P. 37(c)(1).  EEOC has not failed to disclose information required by Rule 26(a) or 26(e)(1) and (2), nor has it engaged in conduct that represents "flagrant bad faith or callous disregard for the requirements of Fed. R.

---

[1] Although its argument is somewhat unclear, in its Reply Mem. at 3, n.1, BEI appears to request monetary sanctions should its motion to strike be denied. EEOC notes that the mere fact that BEI is willing to accept a lesser, solely monetary sanction in this case undercuts its argument that it is truly prejudiced by the Harper affidavit. Regardless, as discussed *infra* BEI is not entitled to any sanction whatsoever.

Civ. P. 26(a)(2)(B)." Furthermore, where an affidavit which does not set forth any new opinions is timely filed in response to a Defendant's motion to exclude expert testimony and is thus harmless to Defendant, a defendant's motion to strike should be denied. *See* Cloud v. Pfizer Inc., 198 F. Supp.2d 1118, 1128 (D. Az. 2001).[2]

In its Reply, BEI alleges that it will be prejudiced if Mr. Harper's affidavit is not stricken, ostensibly because it will be unable to prepare for cross-examination and because it was unable to factor the contents of the affidavit into its decision not to retain its own expert.[3] BEI Reply Mem. at 2. BEI further alleges that Mr. Harper's affidavit for the first time fully articulates his qualifications, experience and methodology. Id. Each of these allegations is simply not true.

First, it should be noted that Mr. Harper's affidavit was timely filed in response to BEI's Motion to Exclude his testimony.[4] Second, there is nothing in Mr. Harper's affidavit which includes information BEI was not privy to prior to the taking of Mr. Harper's deposition. Mr.

---

[2] In BEI Reply Mem. at 3, BEI cites to Saudi v. S/T Marine Atlantic, 159 F. Supp.2d 512, 517-521 (S.D. Tex. 2001) for the proposition that Mr. Harper's affidavit should be stricken. However, in Saudi, unlike in the case at hand, the expert witnesses sought to include affidavits *after* failing to submit any affidavits in opposition to defendant's motion to strike their testimony which directly contradicted deposition testimony rendering the new affidavits confusing and prejudicial. In the case at hand, Mr. Harper's affidavit does not contain any contradictory information and instead, makes his testimony and qualifications more clear. Furthermore, it has been timely filed. Thus, Saudi is inapplicable to the case at hand.

[3] It is of note that at no time has BEI even hinted that it was interested in obtaining its own expert witnesses in this case and that in its Reply it does not request leave to do so. Given the limited material added by Mr. Harper's affidavit, an argument that the affidavit would have led it to reconsider its position to obtain a safety expert is disingenuous. As to BEI's allegation that it is prevented from cross-examining Mr. Harper on the contents of his affidavit, objectively, there is nothing in the affidavit which would vary through cross-examination.

[4] N.B. Fed. R. Civ. P. 26 (e)(1) allows the parties to supplement expert discovery so long as it is done before the parties' Rule 26(a)(3) pre-trial disclosures are due.

Harper's *three and a half page* affidavit merely includes a detailed account of his employment history at Hewlett Packard ("HP"), a list of certain codes and regulations with which he is familiar,[5] a restatement of the materials he reviewed in order to render his opinion in this case,[6] a list of cases in which he was qualified as a safety expert,[7] and some additional professional activities not covered in his *curriculum vitae*.

The major topic area of the affidavit - a detailed account of Mr. Harper's employment history - is a basic component of any deposition. Nonetheless, despite having Mr. Harper's *curriculum vitae* in its possession, which noted several of Mr. Harper's positions held at HP since his hire, BEI failed to adequately obtain a detailed employment history from Mr. Harper through his deposition and failed to obtain any detailed information about the specific duties he performed at HP. *See* Harper Depo. 8:13-13:17. Furthermore, BEI failed to serve any interrogatories or document requests concerning these issues. In fact, BEI failed to serve *any* interrogatories or document requests pertaining to Mr. Harper at all.[8] Thus, Mr. Harper was

---

[5]This topic area was discussed during Mr. Harper's deposition (*see e.g.* Harper Depo. 41:4-20; 163:10-25 regarding OSHA regulation discussion) and indicated throughout his *curriculum vitae*.

[6]This topic area was set forth in Mr. Harper's Report at 4 and discussed in his deposition. *See e.g.* Harper Depo. 110; 179:17-23.

[7]EEOC complied with Fed. R. Civ. P. 26 (a)(2)(B) by providing BEI with a listing of cases in which Mr. Harper testified as an expert at trial or by deposition within the preceding four years. The cases listed on the affidavit in question fell outside of the required disclosure and were not inquired into by BEI through written discovery or through deposition. Mr. Harper does make reference, however, in his *curriculum vitae* to additional cases in which he has testified as an expert witness. Nonetheless, BEI did not inquire into this area at his deposition.

[8]Instead of serving proper written discovery requests, BEI simply made oral requests for documents during Mr. Harper's deposition, which, although not mandated by the Rules, EEOC provided in good faith and in continued cooperation with the discovery process.

forced to fill in certain areas to assist the Court in reaching a conclusion regarding his expert qualifications. BEI cannot challenge the routine use of an affidavit to fill in the gaps left by its failure to conduct a thorough deposition.

**Conclusion**

As set forth above, EEOC timely submitted the Harper affidavit in good faith to assist the Court, and BEI has not suffered any harm or prejudice from the submission of such a limited affidavit. For these reasons, the EEOC cannot be subject to sanctions - preclusive or monetary - for any failure to disclose evidence, particularly where it has always complied with discovery requests and cooperated with BEI throughout the discovery process - even when not required. Finally, it is important to note that BEI did not confer with EEOC prior to filing its Reply which included a motion to strike, or in the alternative, for monetary sanctions as required by D. Conn. L. Civ. R. 37(a)(2), nor did it file the required certification that it conferred with the EEOC in a good faith effort to resolve its concerns.

For all the foregoing reasons, the EEOC respectfully requests that the Court deny BEI's motion to strike Mr. Harper's affidavit and in the alternative, its request for sanctions.

Respectfully submitted,

_____
R. Liliana Palacios
Senior Trial Attorney
MA BBO 647078; Ct. Fed. Bar. ct22358
EEOC Boston Area Office
JFK Federal Building, Room 475
Boston, MA 02203-0506
Tel: (617) 565-4805; Fax: (617) 565-3196

**CERTIFICATE OF SERVICE**

I, R. Liliana Palacios, hereby certify that on this 2nd day of July, 2004, I caused a copy of the above document to be mailed, postage prepaid, to:

Julia Morris Paul
Marte, Plepler, Falkenstein, Keith, Meggers & Paul, P.C.
113 East Center St.
Manchester, CT 06040

Barbara E. Gardner, Esq.
843 Main St., Ste. 1-4
Manchester, CT 06040

Richard Robinson, Esq.
Pullman & Comley, LLC
90 State House Square
Hartford, CT 06103-3702

Evette Soto-Maldonado , Esq.
Puerto Rican Legal Defense and Education Fund
99 Hudson St., 14th Floor
NY, NY 10013-0000

                                                            _____
                                                            R. Liliana Palacios
                                                            Senior Trial Attorney