UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) COMMISSION, ) Plaintiff, ) -against- ) BEAUTY ENTERPRISES, INC., ) and ESSENTIAL TEMPORARIES, INC. ) Defendants ) ) | |
| MIGUEL ANGEL ALVAREZ, ) WILLIAM TORRES, LUZ ANDUJAR, ) EVA DIAZ, WALESKA MIRANDA, ) JOSE LINARES and HAROLD ACOSTA ) Plaintiff-Intervenors, ) -against- ) BEAUTY ENTERPRISES, INC., ) Defendant ) ) | Civil Action No. 301CV378AHN  July 2, 2004 |
| LUZ ANDUJAR and ) WALESKA MIRANDA ) Plaintiff-Intervenors, ) -against- ) ESSENTIAL PERSONNEL, INC., ) Defendant ) ) | |

**PLAINTIFF EEOC'S SUR REPLY TO BEI'S REPLY BRIEF
RE: MOTION TO EXCLUDE GONZÁLEZ TESTIMONY AND TO
STRIKE GONZÁLEZ AFFIDAVIT**

Plaintiff Equal Employment Opportunity Commission ("EEOC") files this Memorandum

in Sur Reply to Defendant, Beauty Enterprises, Inc.'s ("BEI") Reply Memorandum of Law in

Further Support of Defendant BEI's Motion to Exclude Expert Testimony of Dr. Roseann

Dueñas González, Ph.D.[1]  As set forth previously in the EEOC's Motion for Permission to file

---

[1]While BEI has not filed a separate motion regarding the González affidavit, its Reply
Mem. at 9 contains what purports to be a motion to strike her affidavit which EEOC opposes.

this Sur Reply, this memorandum specifically addresses BEI's Motion to Strike Dr. González'

Affidavit, (EEOC Mem. in Opp'n at Tab. 6).[2]

### BEI'S Motion to Strike Dr. González' Affidavit Should Not be Granted Given that No New Opinions are Included in the Affidavit and there is No Prejudice to BEI

EEOC assumes[3] that BEI seeks to have Dr. González' affidavit stricken pursuant to Fed.

R. Civ. P. 37 (c)(1), which provides:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not disclosed.  In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.  In addition to requiring payment of reasonable fees, caused by the failure, these sanctions may include informing the jury of the failure to make the disclosure.

Preclusion of expert testimony under this rule is a drastic measure and should only be applied to

cases where conduct represents "flagrant bad faith and callous disregard for the requirements of

Fed. R. Civ. P. 26(a)(2)(B)."  *See* Di Pirro v. U.S., 43 F. Supp.2d 327, 339-341 (W.D.N.Y.

1999); McNearney v. Archer Daniels Midland Co., 164 F.R.D. 584, 586-587 (W.D.N.Y. 1995);

Hinton v. Patnaude, 162 F.R.D. 435, 439-440 (N.D.N.Y.).  However, BEI has no grounds upon

which it can seek the preclusion of Dr. González' affidavit under Fed. R. Civ. P. 37(c)(1).  EEOC

has not failed to disclose information required by Rule 26(a) or 26(e)(1) and (2), nor has it

---

[2]Unrelated to BEI's motion to strike Dr. González' affidavit but in Sur Reply to BEI's Reply, EEOC points out that BEI attached to its Reply, Exhibit A, which are erroneously identified as Dr. González "notes" to her questionnaire.  BEI Reply at 6.  BEI's Exhibit A is actually Dr. González' notes on the Charging Parties' language assessment based on the OPI (Oral Proficiency Instrument scale) which were produced to BEI after an oral request made during the deposition and are not at all related to her questionnaire.  *See* Depo González,165:23-166:25. (BEI making the aforementioned request).

[3]It is unclear from BEI's Reply what the precise basis is for its "motion."

engaged in conduct that represents "flagrant bad faith or callous disregard for the requirements of Fed. R. Civ. P. 26(a)(2)(B)." Furthermore, where an affidavit which does not set forth any new opinions is timely filed in response to a Defendant's motion to exclude expert testimony and is thus harmless to Defendant, a defendant's motion to strike should be denied. *See* Cloud v. Pfizer Inc., 198 F. Supp.2d 1118, 1128 (D. Az. 2001).

In its Reply, BEI alleges that the inclusion of Dr. González' affidavit is "unfair," BEI Reply Mem. at 9, but does not specifically state that it has been prejudiced in any way. Its only apparent arguments are that the inclusion of the González affidavit has somehow affected BEI's ability to properly cross examine Dr. González and that the inclusion of the affidavit "deeply offends the Federal Rules." Id. However, BEI has not been prejudiced in any way nor has the inclusion of the González affidavit offended the Federal Rules governing expert discovery.

First, it should be noted that Dr. González' affidavit was timely filed in response to BEI's Motion to Exclude her testimony.[4] Second, there is nothing in Dr. González' affidavit which includes information BEI was not privy to prior to the taking of Dr. González' deposition or that was not subsequently obtained through her deposition. Dr. González' affidavit is also very limited, simply providing organization of, or clarifying details regarding, *three* already disclosed areas: (1) her interdisciplinary Ph.D. degree;[5] (2) a restatement of the methods in which she was

---

[4] N.B. Fed. R. Civ. P. 26 (e)(1) allows the parties to supplement expert discovery so long as it is done before the parties' Rule 26(a)(3) pre-trial disclosures are due.

[5] Dr. González noted in her deposition that she had an interdisciplinary Ph.D. degree in Linguistics and attempted to provide detail surrounding this topic but was not permitted to do so by BEI counsel. *See* (Depo. González, 29:13-22). The undersigned recalls that BEI counsel went off the record and asked Dr. González to only answer the question asked and not provide any detail. Dr. González insisted the interdisciplinary aspect of her degree was relevant but BEI counsel was not interested. Later in her deposition, she brought up the interdisciplinary degree

3

trained, along with a helpful analogy and explanation of how her Ph.D. dissertation was an example of the application of the methods used in her field,[6] and (3) a restatement of the policy analysis steps she used to analyze BEI's English only policy.[7]  Third, there is nothing contradictory in her affidavit, nor does the affidavit set forth any new opinions.  The affidavit merely clarifies and better organizes certain points already set forth in a good faith attempt to assist the Court with its evaluation of Dr. González' qualifications and testimony.  Thus, BEI has not been prejudiced through the inclusion of this affidavit nor can the EEOC be held responsible for offending the discovery rules in any way.

It is important to note several things regarding BEI's motion to strike.  First, BEI did not confer with EEOC prior to filing its Reply which included the motion to strike, as required by D. Conn. L. Civ. R. 37(a)(2), nor did it file the required certification that it conferred with the EEOC in a good faith effort to resolve its concerns.  Second, BEI cannot challenge the routine use of an affidavit to fill in the gaps left by its own failure to conduct a thorough deposition.  This is particularly true where BEI failed to serve any interrogatories or document requests pertaining to

---

again and stated that as a result, "I took linguistics courses in every part of the university where people study how language intersects with society." *See* (Depo. González, 34:4-13).  However, BEI counsel never followed up on this matter which is relevant to her qualifications as an expert. Similarly, BEI counsel did not allow Dr. González to explain why she did not trust the Charging Parties' self-report of their language abilities, which she sets forth in her affidavit at 2, n. 2. *See* (Depo. González, at 163:1-164:16)(stating that she does not rely upon self-report in determining an individual's level of language proficiency but BEI counsel does not permit an explanation)

[6] In her affidavit, Dr. González merely summarizes her study of various research methods, many of which were discussed in her Report and deposition as those used in her BEI analysis. *See generally* EEOC Mem. in Opp'n., at 13-16.

[7]As set forth generally in EEOC Mem. in Opp'n., at 24-25, Dr. González previously discussed the steps she took to conduct policy analysis.  The affidavit simply organizes the steps and provides some additional background for clarity.

4

Dr. González either before her deposition or after.[8]  Indeed it was primarily because of BEI's failures that Dr. González was forced to clarify certain areas to assist the Court in reaching a conclusion regarding her expert qualifications.

**Conclusion**

As set forth above, EEOC timely submitted the González affidavit in good faith to assist the Court, and BEI has not suffered any harm or prejudice from the submission of such a limited affidavit.  For these reasons, Dr. González' affidavit should not be striken, particularly where the EEOC has always complied with discovery requests and cooperated with BEI throughout the discovery process - even when not required.

For all the foregoing reasons, the EEOC respectfully requests that the Court deny BEI's motion to strike Dr. González' affidavit.

Respectfully submitted,

_____
R. Liliana Palacios
Senior Trial Attorney
MA BBO 647078; Ct. Fed. Bar. ct22358
EEOC Boston Area Office
JFK Federal Building, Room 475
Boston, MA 02203-0506
Tel: (617) 565-4805; Fax: (617) 565-3196

_____

[8]Instead of serving proper written discovery requests, BEI simply made oral requests for documents during Dr. González' deposition, which, although not mandated by the Rules, EEOC provided in good faith and in continued cooperation with the discovery process.

5

**CERTIFICATE OF SERVICE**

I, R. Liliana Palacios, hereby certify that on this 2nd day of July, 2004, I caused a copy of the above document to be mailed, postage prepaid, to:

Julia Morris Paul
Marte, Plepler, Falkenstein, Keith, Meggers & Paul, P.C.
113 East Center St.
Manchester, CT 06040

Barbara E. Gardner, Esq.
843 Main St., Ste. 1-4
Manchester, CT 06040

Richard Robinson, Esq.
Pullman & Comley, LLC
90 State House Square
Hartford, CT 06103-3702

Evette Soto-Maldonado , Esq.
Puerto Rican Legal Defense and Education Fund
99 Hudson St., 14th Floor
NY, NY 10013-0000

 

 

_____
R. Liliana Palacios
Senior Trial Attorney