**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                PLAINTIFF<br><br>VS.<br><br>BEAUTY ENTERPRISES, INC., ET AL.,<br><br>                DEFENDANT | CIVIL ACTION<br>NO. 3:01-CV-378 (AHN)<br><br><br><br><br>August 4, 2005 |

**DEFENDANT'S PROPOSED JURY INSTRUCTION RE: PLAINTIFF'S DISPARATE IMPACT CHALLENGE TO ITS ENGLISH-ONLY RULE**

      The first of the EEOC's claims in this case is that BEI's speak English-only rule violates the rights of its Hispanic employees under a federal statute known as Title VII of the Civil Rights Act of 1964. Title VII prohibits discrimination in employment on account of things like race, religion or national origin. The EEOC's claim here is that the rule violates the rights of these employees under Title VII, because it constitutes discrimination against them on account of their national origin – that is, because they're Hispanic. (Complaint, paras. 7(a) & (b).)

      It's important for you to understand that the EEOC is not alleging in this first claim that BEI adopted or maintained the English-only rule with the intention of purposely discriminating against the Hispanic employees in some way that was

**ORAL ARGUMENT REQUESTED**

adverse or harmful to them. Its claim is that even though BEI did not intend to discriminate against its Hispanic employees in adopting and maintaining the rule, the rule, nevertheless, has the effect of discriminating against them, that the rule's impact upon them is both adverse and substantial, and that the impact they experience is different from the impact all other employees or groups of employees experience. (Complaint, para. 7(b).) You need to know that Title VII prohibits both intentional discrimination and this type of unintentional discrimination which the EEOC is alleging here. Court's call this unintentional discrimination "disparate impact" discrimination. Robinson v. Metro-North Commuter Railroad, 267 F.3d 147,159 (2d Cir. 2001).

One of your jobs in this case is to decide whether the EEOC has proved its claim that the rule constitutes disparate impact discrimination against Hispanics on the basis of national origin. To do this, the law requires you to perform a three-step analysis. Robinson v. Metro-North Commuter Railroad, 267 F.3d supra. at 159-60; Garcia v. Spun Steak, 998 F.2d 1480 (9th Cir. 1993.)[1]

---

[1] Two points need to be made concerning the authority for the description of the three step process. First, it assumes that the Court will reject the EEOC's claim that its Guideline (29 CFR § 1606.7) concerning "Speak-English only" rules applies and that it should charge in accordance with this Guideline. The Ninth Circuit rejected this Guideline in Garcia v. Spun Steak, supra., because it presumes, and thus relieves the plaintiff of the burden of proving, that the these rules produce a disparate impact on protected national origin groups in the case in question. A further reason for this Court to reject the Guideline here is that it conflicts with the Second Circuit's articulation of the burden of proof in disparate impact cases. Robinson v. Metro-North Commuter Railroad, supra. Per Robinson, the plaintiff

2

In the first step, you are to review the evidence to decide whether the EEOC has proved to you by a preponderance of the evidence that the English-only rule does indeed have a substantial and adverse impact on the Hispanic employees as far as their terms, conditions or privileges of employment are concerned, an impact that the employee population in general doesn't experience or doesn't experience to the same degree.

Obviously, this is a hotly contested issue in this case. The EEOC claims that the rule itself does have such an impact, apart from the way it's enforced; that it denies

---

must prove disparate impact by a preponderance of the evidence. Indeed, it must do this to establish its prima facie case. (Id.)  The second point is that the Robinson formulation of the prima facie case is not well suited to English-only rule cases. It was crafted in a case where the plaintiff attempted to prove disparate impact through statistics and clearly reflects the statistical nature of the proof. ("To make [its prima facie case], a plaintiff must 1) identify a policy or practice, 2) demonstrate that a disparity exists, and 3) establish a causal relationship between the two.") The formulation the Ninth Circuit used in Garcia v. Spun Steak is much better suited to a non-statistical case, like this, and is the basis for the instruction BEI is proposing. (". . . [T]he plaintiff must prove the adverse effects of the policy [on the protected class], must prove that the impact of the policy is on the terms, conditions or privileges of employment of the protected class, must prove that the adverse effects are significant, and must prove that the employee population in general is not affected by the policy to the same degree."  998 F.2d at 1485.)  It should be noted that the principal difference between the two formulations is that the Ninth Circuit's mentions the severity of the impact required, while the Second Circuit's does not.  However, the Ninth Circuit's description in this regard is perfectly consistent with Second Circuit case law on the severity of the required impact.  See Bridgeport Guardians, Inc. v. City of Bridgeport, 933 F.2d 1140, 1146 (2d Cir. 1991) (defining "disparate impact" as having "significant adverse effects on protected groups.")  This Court, then, should have no reluctance to use the Ninth Circuit's formulation for this case.

those Hispanic employees with limited English the privilege of speaking in the workplace, thus forcing them to work in silence and isolation, and that for those Hispanic employees who are bilingual, it affects their use of the privilege, because they engage unconsciously in this linguistic phenomenon called code-switching – that is, they unconsciously switch from English to Spanish and vice versa, when they speak to each other - and thus, the EEOC contends, they subject themselves to discipline when they attempt to enjoy the privilege and lapse into speaking Spanish.

     BEI, on the other hand, claims that the rule doesn't have a substantial and adverse effect on these employees. Its position is that the rule in its broadest sense is a limitation on speech, and these employees don't need to speak, or don't need to speak very much, to do their jobs. Therefore, it claims, the restriction can't have any impact at all on their work-related activities. Moreover, BEI claims that there is no privilege it has extended to employees to engage in social conversations or small talk while they're on the clock. Moreover, it contends that these employees have little time while they're on the clock to engage in this time of conversation – and that all of them are capable of using English to engage in the kind of small talk the time allows; that while they might prefer to use Spanish, they're, nevertheless, fully capable of engaging in the small talk they wish to engage in using English. Therefore, BEI argues, the English-only restriction – the prohibition against using a language other than English – can't have a significant and adverse impact on this aspect of their work day either. It

also claims that even if the rule did restrict the ability of these employees to use Spanish for the social small talk they have time for during the work day, the rule doesn't apply to the entire work day – and so it only limits the time during which they can't use Spanish to engage in small talk; that they're times during the day when they're perfectly free to use Spanish.  BEI claims that this too contributes to the conclusion it wants you to reach; namely that the rule doesn't adversely effect these employees in any substantial way.  And as to code-switching, BEI claims that it doesn't discipline the Hispanic employees merely for lapsing into Spanish during a conversation they might have in English while "on the clock."

 If you ultimately decide that the EEOC has failed to prove to you by a preponderance of the evidence that the rule itself, apart from the way it's enforced, has a substantial and adverse impact on the Hispanic employees, you don't have to go any further.  In other words, you don't have to go to the second and third steps in the analysis.  Your duty under these circumstances is simply to stop at the first step and find against the EEOC on its disparate impact discrimination claim.  In other words, you must find for BEI on this claim if the EEOC failed to prove that the rule has a substantial and adverse impact on Hispanic employees.  On the other hand, if you decide that the EEOC has proved to you by a preponderance of the evidence that the rule does have a substantial and adverse impact on the Hispanic employees, you then

have to do more to decide the disparate impact claim. You have to go to step two in the analysis.

If you get to step two, what you have to do is review the evidence to decide whether BEI has proved to you by a preponderance of the evidence that the rule is "job-related and consistent with business necessity." Robinson v. Metro-North Commuter Railroad, 267 F.3d at 160; Garcia v. Spun Steak, 998 F.2d supra at 1485; 42 U.S.C. § 2000e-2(k)(1)(A)(i). I must emphasize that proving this is BEI's burden, not the EEOC's. The law is that the EEOC has the burden of proof at the first step – the burden of proving that the rule itself has a substantial, adverse and disparate impact on the Hispanic employees. But if it does this, and you thus get to the second step in the analysis, the burden shifts, for the moment at least, to the defendant – to BEI - to prove by a preponderance of the evidence that the rule is "job-related and consistent with business necessity."

I want to talk to you for a moment about those words "job-related and business necessity." In this case, as you know, neither side is saying that the rule is necessary for a picker to do the job of a picker, or for a packer to do the job of a packer, and so on. So everyone agrees that the rule isn't "job-related" in this particular sense. But this isn't the only sense in which a policy, or a rule, or a practice might be considered "job-related" under the law that's applicable to this case. A rule that's in fact adopted to avoid ethnic tension and promote work-place harmony is job-related within the

meaning of this particular law. Garcia v. Spun Steak, 998 F.2d 1480 (9th Cir. 1993). So what you have to decide here to determine whether the rule is job-related is whether it was, in fact, adopted to avoid ethnic tension and promote workplace harmony. BEI says it was. The EEOC says it wasn't. The decision, of course is yours.

And again, at this stage in the analysis – step two, which you've arrived at only because you've found that the EEOC has met its initial burden and has proved to you that the rule has a substantial and adverse impact on the Hispanic employees, the burden is with BEI. If you conclude that BEI has not proved by a preponderance of the evidence that the rule was adopted to avoid ethnic tension and promote workplace harmony, you can stop there. You must find for the EEOC on its first claim, the disparate impact discrimination claim. If, on the other hand, you find that BEI has proved job-relatedness – that it did in fact adopt and maintain the rule to avoid ethnic tension and promote workplace harmony, you must consider the next question that's relevant at this second step. You must consider and decide whether the rule is "consistent with business necessity."

"Consistent with business necessity" in this context doesn't mean that BEI's business would fall apart without this rule, that it's absolutely essential for it to have this rule to be able to conduct its business. But it does require something more than BEI simply showing that the rule serves a legitimate business purpose. The test the

7

court's have formulated is whether the rule is reasonably necessary to achieve an important business objective. <u>Donnelly v. University of</u> <u>Rhode Island,</u> 929 F. Supp. 583 (D.R.I. 1996), aff'd on other grounds, 110 F.3d 2 (1st Cir. 1997).[2]  So that's what you're going to have to decide if you've reached this point in the analysis.  Is the rule reasonably necessary to achieve an important business objective?  BEI says that it is,

---

[2] The Second Circuit does not appear to have considered what "business necessity' means in this context.  In <u>Hack v. Yale College</u>, 237 F.3d 81, 93-94 (2d Cir. 2000), Judge Moran, in a partial dissent, simply noted that scholars and courts disagree about this.  The Second Circuit has, however, considered the meaning of "business necessity" in the ADA context.  <u>Conroy v. New York State Department of</u> <u>Correctional Services,</u> 333 F.3d 88 (2d Cir. 2003).  Under the ADA, business necessity comes into play to justify an otherwise prohibited inquiry by an employer as to whether an employee is an individual with a disability or as to the nature or severity of his or her disability.  These inquiries are prohibited unless they are shown to be "job-related and consistent with business necessity."  42 U.S.C. § 12112(d)(4)(A).  Acknowledging that the issue (the meaning of "business necessity") was one of first impression, the Court in <u>Conroy</u> was persuaded by the Ninth Circuit's approach.  It held "that in proving a business necessity, an employer must show more than that its inquiry is consistent with 'mere expediency.' An employer cannot simply demonstrate that an inquiry is convenient or beneficial to its business.  Instead, the employer must first show that the asserted business necessity is vital to the business.  For example, business necessities may include ensuring that the workplace is safe and secure or cutting down on egregious absenteeism.  The employer must also show that the examination or inquiry genuinely serves the asserted business necessity and that the request is no broader or more intrusive than necessary.  The employer need not show that the examination or inquiry is the only way of achieving a business necessity, but the examination or inquiry must be a reasonably effective method of achieving the employer's goal."  This holding is perfectly consistent with the standard the District Court in Rhode Island used in <u>Donnelly,</u> and its significance for this case crystal clear.  The pertinent question is not whether the rule itself is absolutely necessary.  The question is whether the asserted business necessity is indeed vital, and if so, whether the rule is a reasonably effective way of satisfying this business need.

that it's reasonably necessary to achieve the important business objectives of avoiding ethnic tension and promoting workplace harmony in its diverse workplace.  It also says that the rule is reasonably necessary in this diverse workplace to achieving the important business objectives of maintaining a safe and efficient operation and facilitating the discipline of employees where necessary.  The EEOC agrees that these business objectives are important, but it claims that the rule is not reasonably necessary to achieve these objectives, that indeed it is ineffective in achieving these objectives.  You have to decide this issue for yourself, bearing in mind that its BEI that bears the burden here.

Now, if you arrive at this stage and find that BEI has failed to prove to you by a preponderance of the evidence that the rule is both "job-related and consistent with business necessity," you must find for the EEOC on its disparate impact claim.  On the other hand, if you find that BEI has proved these things, then you must find for BEI on this claim "unless."  And let me tell you about the "unless" – which is actually the third step in the three-step analytical process I'm reviewing with you.

Remember now, if you're at this point, you'll have found for the EEOC at the first step, because you've concluded that the rule has a substantial and adverse impact on the Hispanic employees in connection with their terms, conditions or privileges of employment, but BEI has, nevertheless, proved to you that despite this impact, the rule is job-related and consistent with business necessity.  And in so doing,

BEI has sort of trumped the EEOC's proof and is entitled to win on the first claim "unless" – and here's the "unless" – unless the EEOC proves to you what it has to prove at the third step; namely that there's a policy or practice besides the English-only rule – an alternative to the English-only rule, if you will - that would also satisfy BEI's business objectives, but would not produce a substantial, adverse impact on its Hispanic employees.  The EEOC claims that there are such alternatives.  BEI says there aren't.  If the EEOC proves to you that there are, then you have to decide this first claim in its favor.  But if it fails to prove to you that there's an available alternative that doesn't have a substantial and adverse impact on the Hispanic employees, you must decide the first claim in BEI's favor.

So – let's review this three-step process for deciding the EEOC's disparate impact claim.  First, you must decide whether the EEOC has proved to you by a preponderance of the evidence that the rule has a substantial and adverse impact on the Hispanic employees, an impact that's different from the impact other employees or group of employees experience.  If you decide the EEOC failed to prove this to you, you must decide the disparate impact in BEI's favor, in effect rejecting the EEOC's claim.  On the other hand, if you decide that the EEOC has met its burden at this first step, then you proceed to step two and decide whether BEI has proved to you by a preponderance of the evidence that its rule is job-related and justified by business necessity.  If BEI fails to prove both these things, you must decide the disparate

impact claim in the EEOC's favor. If, however, BEI has met its burden at this step, and proved to you that the rule is job-related and justified by business necessity, as I've defined those terms, then you must proceed to decide whether the EEOC has proved to you that there's some alternative way for BEI to satisfy its business need – a way that doesn't produce a substantial and adverse impact on the Hispanic employees. If the EEOC has met this burden, you must find for it on the disparate impact claim. Otherwise, you must reject the claim and rule for BEI on this first claim.

That's my instruction to you on the EEOC's first claim, the disparate impact discrimination claim.

        **THE DEFENDANT**
        **BEAUTY ENTERPRISES, INC.**

        By: _____
            Richard C. Robinson (ct04321)
            Brian C. Roche (ct17975)
            Pullman & Comley, LLC
            90 State House Square
            Hartford, CT 06103
            Telephone: (860) 541-3333
            Facsimile: (860) 424-4370

**CERTIFICATION**

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on the date hereon to all counsel and pro se parties of record.

Katherine Bissell
Equal Employment Opportunity Commission
201 Varick Street, 10th Floor
New York, NY 10014

Barbara E. Gardner
Robert E. Byron, Jr.
843 Main Street, Suite 1
Manchester, CT  06040

Evette Soto-Maldonado
Juan A. Figueroa
Puerto Rican Legal Defense & Education Fund
99 Hudson St. – 14th Floor
New York, NY 10013-2815

Markus Landon Penzel
Rosa Lilliana Palacios
Arnold J. Lizana, III
Equal Employment Opportunity Commission
JFK Federal Building – Room 475
Boston, MA 02203-0506

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Richard C. Robinson

Hartford/65094.1/RCR/167024v1