UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
_____
EQUAL EMPLOYMENT OPPORTUNITY   )
COMMISSION,                    )
            Plaintiff,         )
      -against-                )
                               )
BEAUTY ENTERPRISES, INC.,      )
and ESSENTIAL TEMPORARIES, INC.)
            Defendants         )
_____)
MIGUEL ANGEL ALVAREZ,          )   Civil Action No. 301-CV-378 (AHN)
WILLIAM TORRES, LUZ ANDUJAR,   )
EVA DIAZ, WALESKA MIRANDA,     )
JOSE LINARES and HAROLD ACOSTA )
            Plaintiff-Intervenors, )   August 12, 2005
      -against-                )
                               )
BEAUTY ENTERPRISES, INC.,      )
            Defendant          )
_____)
LUZ ANDUJAR and                )
WALESKA MIRANDA                )
            Plaintiff-Intervenors, )
      -against-                )
                               )
ESSENTIAL PERSONNEL, INC.,     )
            Defendant          )
_____)
```

**PLAINTIFFS' PROPOSED JURY INSTRUCTION – NATIONAL ORIGIN DISCRIMINATION/DISPARATE IMPACT**

In this case, EEOC[1] has sued Beauty Enterprises alleging it discriminated against a class of its Hispanic employees in a variety of different ways during the course of their employment. EEOC has brought claims of national origin discrimination under a federal civil rights law referred to as "Title VII." Title VII prohibits employment discrimination on the basis of national origin and specifically prohibits national origin discrimination under three different theories

---

[1] Plaintiff-Intervenors join in support of the EEOC's Proposed Jury Instruction and seek application of the proposed instruction to the state law disparate impact claims they have alleged.

advanced by the EEOC in this case: (1) disparate impact, [2] (2) disparate treatment, [3] and (3) harassment. [4] I will instruct you on each of these claims and other discrimination claims brought by the EEOC, [5] but at the outset you should know that by definition, national origin discrimination can include discrimination because of a person's place of origin, or because a person has the physical, cultural or linguistic characteristics of a particular national origin. [6] In this regard, you may find that prohibiting employees from speaking their native language in the workplace is discriminatory under Title VII.[7]

Before I instruct you on the claim of disparate impact, you should recall that Beauty Enterprises has admitted that it has an English-only rule. There is no dispute about this fact. There is a dispute among the parties, however, about when the rule applies. The EEOC says that Beauty Enterprises' English-only rule applied to the Hispanic employees at all times during the work day – even during lunch and breaks. Beauty Enterprises says the rule applied only while "on the clock," and that the Hispanic employees were free to speak Spanish at lunch and breaks. Based on your review of the evidence, you will have to decide whether Beauty Enterprises' English-only rule applied at all times or only at certain times.

---

[2] 42 U.S.C. §2000e-2(k)(1)(A); 29 C.F.R. §§1606.2, 1606.7; Griggs v. Duke Power Co., 401 U.S. 424 (1971); Connecticut v. Teal, 457 U.S. 440 (1982); Robinson v. Metro North R.R. Co., 267 F.3d 147 (2nd Cir. 2001); Malve v. Potter, 320 F.3d 321 (2nd Cir. 2003).
[3] 42 U.S.C. §2000e-2(m); 29 C.F.R. §1606.2; McDonnell Douglas v. Green, 411 U.S. 792 (1973); Texas Dept. of Comm. Affs. v. Burdine, 450 U.S. 248 (1981); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993); Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133 (2000).
[4] 29 C.F.R. §1606.8; Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 64 (1986); Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998); Faragher v. City of Boca Raton, 524 U.S. 775 (1998).
[5] The EEOC has also alleged claims of retaliation and discriminatory and constructive discharge in this case.
[6] 29 C.F.R. §1606.7. *See also e.g*. Garcia v. Spun Steak Co., 998 F.2d 1480, 1487 (9th Cir. 1993)("It cannot be gainsaid that an individual's primary language can be an important link to his ethnic culture and identity."); Hernandez v. New York, 500 U.S. 352, 371 (1991)( It may well be, for certain ethnic groups and in some communities, that proficiency in a particular language, like skin color, should be treated as a surrogate for race under an equal protection analysis); Carino v. Univ. of Okla. Bd. of Regents, 750 F.3d 815, 819 (10th Cir. 1984)(discrimination based on "national origin and related accent" unlawful under Title VII).
[7] *See* Spun Steak at 1489. (not foreclosing prospect that in some circumstances English-only rules can violate Title VII); Garcia v. Gloor, 618 F.2d 264, 270 (5th Cir. 1980)(recognizing in discussion that an English-only rule can have an adverse effect upon persons who do not speak English or have difficulty speaking English).

The finding that you make on when the rule applies is important to the EEOC's disparate impact claim because if you find that the EEOC has proven to you that Beauty Enterprises' English-only rule applied at all times, then you must find that Beauty Enterprises has violated Title VII and find for the EEOC on its disparate impact claim. This is because the law assumes that an English-only rule that applies at all times in the workplace is a burdensome term and condition of employment and presumptively violates Title VII.[8]

However, if you find that Beauty Enterprises' English-only rule applies only during certain times, then you are required to follow the disparate impact analysis as I will now explain.

By way of background, you should understand that through its disparate impact claim, the EEOC argues that Beauty Enterprises discriminated against its Hispanic employees because its seemingly neutral English-only rule had a disparate impact on these employees on the basis of national origin. A neutral rule that impacts a certain group and is unrelated to measuring job capability can be discriminatory regardless of whether the employer intended to discriminate.[9] Therefore, when you analyze the disparate impact claim, you must focus on the consequences or results of the English-only rule on the Hispanic employees and not the employer's intent to discriminate. The employer's intent to discriminate will only be an issue in the EEOC's disparate treatment claim, on which I will instruct you later.

Disparate impact claims are analyzed in a three-step burden shifting test. In a disparate impact claim, the EEOC first bears the burden of proving that Beauty Enterprises' English-only rule had a disparate impact on the Hispanic employees based on their national origin.[10] Second, if the EEOC is able to demonstrate a disparate impact on the Hispanic employees, the burden

---

[8] 29 C.F.R. §1606.7(a).
[9] Griggs v. Duke Power Co., 401 U.S. 424, 432 (1971).
[10] EEOC v. Beauty Enterprises, Inc. 361 F. Supp.2d 11, 15 (D.CT. 2004)('To make this showing, a plaintiff must (1) identify a policy or practice, (2) demonstrate a disparity exists, and (3) establish a causal connection between the two.'), citing Robinson v. Metro North R.R. Co., 267 F.3d 147 (2nd Cir. 2001).

3

then shifts to Beauty Enterprises to defend itself against the EEOC's claim, by proving that its English-only rule is job-related for the positions in question and consistent with business necessity.[11] Third, and only if Beauty Enterprises demonstrates its job-relatedness and business necessity defense, the EEOC can still prevail if it shows that Beauty Enterprises could have used some other less discriminatory method to meet its business needs.[12]

As to the first step, I remind you that Beauty Enterprises has admitted it has an English-only rule. Thus, the EEOC does not have to prove as part of its proof on the first step of this analysis that the English-only rule caused a disparate impact on the Hispanic employees. This is because you may infer that the Hispanic employees are automatically disadvantaged in their employment because of national origin as a result of Beauty Enterprises' English-only rule.[13] As a result, I instruct you to continue on to step two of the disparate impact analysis.

As to the second prong of the claim, Beauty Enterprises, in its defense, alleges that its English-only rule is job-related and consistent with its business necessity. Specifically, Beauty Enterprises has argued that it implemented its rule to promote harmony and avoid racial tensions among its racially and ethnically mixed workforce, as well as for safety and efficiency. Beauty Enterprises also alleges it requires all employees to read, write, and speak English and as such, alleges that its English-only rule is job-related given that all employees can presumably comply.

To prove this defense, Beauty Enterprises has the burden of proving two things: (1) that its English-only rule is job-related: in other words, that it is necessary for the performance of the jobs held by the Hispanic employees, and (2) that its English-only rule is justified by business necessity. When I say Beauty Enterprises has to prove to you that the English-only rule is job-

---

[11] 42 U.S.C. §2000e-2(k)(1)(A)(i); Griggs v. Duke Power Co., 401 U.S. 424 (1971); Dothard v. Rawliston, 433 U.S. 321, 331, n. 14 (1977).
[12] 42 U.S.C. §2000e-2(k)(1)(A)(ii); Robinson v. Metro North R.R. Co., 267 F.3d 147, 161 (2nd Cir. 2001).
[13] EEOC v. Synchro-Start Products, 29 F. Supp. 2d 911, 914 (N.D. Ill. 1999).

4

related or necessary for the performance of the jobs held by the Hispanic employees, you should realize that the rule includes a requirement that individuals speak, read, and understand English. Thus, you should focus on this requirement that Beauty Enterprises has said is job-related and then determine based on your understanding of the jobs as described by the fact and expert witnesses during this trial, whether the Company's English-only rule is in fact job-related.

I would like you to understand the meaning of "business necessity." Business necessity means that Beauty Enterprises must prove to you that its business purposes – here, "to promote harmony and avoid tensions among the Company's racially and ethnically mixed workforce, as well as for safety and efficiency" – is necessary to safe and efficient job performance.[14] It cannot simply articulate any business necessity – it must be necessary to safe and efficient job performance at its facilities.

If you do not find that Beauty Enterprises has put forth enough evidence that (1) its English-only rule is job-related *and* (2) justified by business necessity (you must find both)[15], then EEOC prevails. However, if you find that Beauty Enterprises did meet its burden, then you must move on to the third prong of the disparate impact analysis.

As to the third prong of the disparate impact claim's analysis, the EEOC argues that even if Beauty Enterprises is able to prove that its English-only rule is job-related and justified by business necessity, Beauty Enterprises failed to consider alternatives in addressing its alleged business necessity that would have had less of an impact on the Hispanic employees than the

---

[14] Dothard v. Rawlison, 433 U.S. 321, 331, n. 14 (1977)(stating that in analysis of minimum height and weight standards with disparate impact on women that "'the touchstone' is business necessity;' a discriminatory employment practice must be shown to be necessary to safe and efficient job performance to survive a Title VII challenge.").

[15] *See* 42 U.S.C. §2000e-2(k)(1)(A)(i) ("An unlawful employment practice based on disparate impact is established under this title only if a complaining party demonstrates that a respondent uses a particular employment practice that causes a disparate impact on the basis of race, color, religion, sex, or national origin and the respondent fails to demonstrate that the challenged practice is job related for the position in question **and** consistent with business necessity.")(emphasis added).

5

English-only rule. If you find that the EEOC has demonstrated that Beauty Enterprises failed to consider alternative policies that would have also satisfied its business necessity without producing the adverse effects alleged to have been created by the English-only rule, then you must find that the EEOC has succeeded on its claim that Beauty Enterprises' English-only rule violated the Federal civil rights law, Title VII.

Respectfully submitted,

_____
R. Liliana Palacios
Senior Trial Attorney
MA BBO 647078; Ct. Fed. Bar. ct22358
EEOC Boston Area Office
JFK Federal Building, Room 475
Boston, MA 02203-0506
Tel: (617) 565-3188; Fax: (617) 565-3196

**CERTIFICATE OF SERVICE**

I, R. Liliana Palacios, hereby certify that on this 12th day of August, 2005, I caused a copy of the above document to be mailed, postage prepaid, to:

Julia Morris Paul
Marte, Plepler, Falkenstein, Keith, Meggers & Paul, P.C.
113 East Center St.
Manchester, CT 06040

Barbara E. Gardner, Esq.
843 Main St., Ste. 1-4
Manchester, CT 06040

Richard Robinson, Esq.
Pullman & Comley, LLC
90 State House Square
Hartford, CT 06103-3702

Evette Soto-Maldonado , Esq.
Jackson Chin, Esq.
Puerto Rican Legal Defense and Education Fund
99 Hudson St., 14th Floor
NY, NY 10013-0000

Valeria Calafiore, Esq.
Clifford Chance US LLP
31 West 52 Street
New York, NY 10019

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　R. Liliana Palacios
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Senior Trial Attorney