UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>     PLAINTIFF<br><br> VS.<br><br>BEAUTY ENTERPRISES, INC.,<br>AAA INDUSTRIAL TEMPORARIES, INC.,<br>ESSENTIAL TEMPORARIES, INC.,<br><br>     DEFENDANT | CIVIL ACTION<br>NO. 3:01-CV-378 (AHN) |
| MIGUEL ANGEL ALVAREZ and<br>WILLIAM TORRES,<br><br>   PLAINTIFF-INTERVENORS,<br><br>v.<br><br>BEAUTY ENTERPRISES, INC.,<br><br>     DEFENDANT | AUGUST 22, 2005 |

**DEFENDANT, BEAUTY ENTERPRISES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF PROPOSED JURY INSTRUCTION REGARDING PLAINTIFF'S DISPARATE IMPACT CHALLENGE TO ITS ENGLISH-ONLY RULE**

  The Defendant, Beauty Enterprises, Inc. ("BEI"), submits this memorandum of law in support of its proposed jury instruction regarding "Plaintiff's Disparate Impact Challenge to Its English-Only Rule" which has previously been submitted to the Court. The purpose of this memorandum is to briefly address those issues raised by the

Plaintiff's, Equal Employment Opportunity Commission ("EEOC"), Memorandum of Law dated August 12, 2005.  Specifically, BEI seeks to respond to the EEOC's claim that this Court must give deference to the EEOC's Guidelines that imply that an English-only Rule is *prima facie* unlawful under Title VII.  The EEOC's Guidelines, however, do not have the force of law and must give way to the plain and ambiguous terms of Title VII, as well as Court interpretations regarding this issue.  Because the EEOC's Guidelines are inconsistent with both the statute and Court precedent, this Court should reject the EEOC's position and decline to give the EEOC's proposed jury instruction in this instance.  This memorandum further seeks to address the issues of "job relatedness" and "business necessity" as it applies to the disparate impact analysis.

### **The EEOC's Guidelines Should Not Be Afforded Deference By This Court**

As this Court is well aware, the EEOC Guideline at issue provides that an employee makes out a *prima facie* case in the disparate impact context simply by demonstrating the existence of the English-only policy.  See 29 C.F.R. § 1606.7.  This Guideline stands in stark contrast with the statutory framework established by Congress regarding the burden of proof in disparate impact cases.  See Long v. First Union Corp. of Virginia, 894 F.Supp. 933, 940 (E.D. Va. 1995), aff'd 86 F.3d 1151 (4th Cir. 1996).  Title VII clearly and unambiguously establishes the burden of proof a Plaintiff bears in making a claim of this nature:

> (k) Burden of Proof in disparate impact cases.
>
> (1)(A) An unlawful employment practice based on disparate impact is established under this subchapter only if—
>
> (i) a complaining party demonstrates that a respondent uses a particular employment practice that causes a disparate impact on the basis of race, color, religion, sex, or national origin and the respondent fails to demonstrate that the challenged practice is job related for the position in question and consistent with business necessity[.]

42 U.S.C. § 2000e-2(k)(1)(A). As the Court recognized in Long, "[t]he EEOC's determination that the mere existence of an English-only policy satisfies the plaintiff's burden of proof is not consistent with the drafting of the statute but is rather agency-created policy." 894 F.Supp. at 940. In essence, the EEOC's Guideline seeks to circumvent the burden of proof it bears on this issue in the present case.

The EEOC, through its Guidelines, may not attempt to legislate beyond the intent and purpose of Congress expressed in a statute. The EEOC appears to argue that its position on this question is long-standing and requires Court deference. As the Supreme Court has consistently recognized, "[a] regulation's age is no antidote to clear inconsistency with a statute, and the fact, again, that [the regulation] flies against the plain language of the statutory text exempts courts from any obligation to defer to it." Brown v. Gardner, 513 U.S. 115, 122 (1994) (citations omitted); see also, Smith v. City of Jackson, 125 S.Ct. 1536, 1560 (2005) (stating that "it is elementary that 'no

deference is due to agency interpretations at odds with the plain language of the statute itself'") (citation omitted); Stewart Park and Reserve Coalition, Inc. v. Slater, 352 F3d 545, 553 (2d Cir. 2003) (noting that an agency's interpretation "is entitled to judicial deference only if the interpretation was reasonable and if it was not at odds with the plain language of the statute itself") (citation and internal quotation marks admitted).

Here, the presumption established by the EEOC's Guideline does not constitute an effort to clarify an ambiguous statute. Rather, it appears to be the agency's effort to ignore Congressional action and legislate directly as if it had the power to do so. This Court should not condone the effect of the EEOC's over-reaching Guideline in this instance.

This position is supported by the few Circuit Courts of Appeal that have addressed this issue. In Garcia v. Spun Steak Company, 998 F2d 1480 (9th Cir. 1993), the Ninth Circuit rejected the EEOC's English-only Guideline by the EEOC. See id. at 1489. The Ninth Circuit found this Guideline to be at odds with the intent and purpose of Congress in enacting Title VII. In this regard, the court importantly noted the following:

> It is clear that Congress intended a balance to be struck in preventing discrimination and preserving the independence of the employer. In striking that balance, the Supreme Court has held that a plaintiff in a disparate impact case must prove the alleged discriminatory effect before the

> burden shifts to the employer. The EEOC Guideline at issue here contravenes that policy by presuming that an English-only policy has a disparate impact in the absence of proof. We are not aware of, nor has counsel shown us, anything in the legislative history to Title VII that indicates that English-only policies are to be presumed discriminatory. Indeed, nowhere in the legislative history is a discussion of English-only policies at all.

Spun Steak Co., 998 F2d at 1490.[1] As the District Court recognized in Kania v. Archdiocese of Philadelphia, 14 F.Supp. 2d 730, 735-36 (E.D. Pa): "Title VII explicitly provides the burden of proof applicable to disparate impact cases. An agency interpretation, like that in 29 C.F.R. § 1606.7, at variance with the statute it interprets must be outside the scope of the agency's interpretive authority and must be wrong." (Internal citations omitted). See also Robinson v. Metro-North Computer Railroad, 267 F3d 147, 158-159 (2d Cir. 2001) (recognizing that the plaintiff bears the burden of

---

[1] At footnote 4 of the EEOC's Memorandum In Support of Proposed Disparate Impact Jury Instruction, the EEOC attempts to undermine the holding of Spun Steak Co., by pointing to a comment made Senator Kennedy in 1991 during the course of certain amendments being made to Title VII. Senator Kennedy's stray remarks in this instance are hardly noteworthy and do not alter the outcome of this issue. First, the language of Title VII with respect to the Plaintiff's burden of proof is clear and unambiguous and as such reaching beyond the statute's text is an unnecessary and indeed impermissible endeavor. See U.S. v. Peterson, 394 F3d 98, 105 (2d Cir. 2005) (setting forth the proper steps in statutory construction). Second, Senator Kennedy's comments are innocuous at best. He indicates that some Guidelines have "worked well during the past 11 years". The Court decision in Spun Steak Co. clearly fell within this 11 year period and it is undisputed that Congress made no effort to address Title VII in a manner that would squarely confront the Court's finding in that matter. This Court should not assume that the brief interchange noted by the EEOC somehow ascends to the level of Congressional approval of the EEOC Guideline at issue.

proof of demonstrating a *prima facie* case of disparate impact by a preponderance of the evidence); Cosme v. Salvation Army, 284 F.Supp. 2d 229, 239-240 (D. Mass. 2003) (noting that plaintiff failed to carry burden of proof with respect to pretext where plaintiff relied solely on basis of defendant's English language policy).

### "Job Relatedness" and "Business Necessity"

BEI would also briefly note that English-only policies designed to reduce intra-office tensions have consistently been found to be "business justified." See e.g. Kania, 14 F. Supp.2d at 736 (English-only policy adopted "to improve interpersonal relations . . . and to prevent Polish-speaking employees from alienating other employees"); Tran v. Standard Motor Products, Inc., 10 F. Supp.2d 1199, 1210 (D. Kan. 1998) (finding that reasons asserted for English-only policy which included "(1) to ensure that all employees and supervisors could understand each other during cell meetings; (2) to prevent injuries through effective communication on the production floor; and (3) to prevent non-Vietnamese employees from feeling as if they were being talked about by Vietnamese employees" satisfied business necessity); Long, 894 F. Supp. at 942 (recognizing that policy instituted to reduce tension in work environment satisfied defendant's burden in disparate impact context).

The EEOC appears to imply in its proposed jury instructions that "job relatedness" and "business necessity" are separate and distinct concepts. It is BEI's position that the factors giving rise to a finding of either "job relatedness" or "business necessity"

often overlap and have been treated interchangeably by the courts.  See e.g. Kania, 14 F. Supp.2d at 736; Donnelly v. Rhode Island Board of Governors, 929 F. Supp. 583, 593 (D. R.I. 1996); Long, 894 F. Supp. at 942.  This is not surprising especially in the context of the present case.  Where an language policy is employed to reduce ethnic tension in the workplace, the "job relatedness" and "business necessity" for the policy are interrelated.  That is, the employee's very ability to carry out his or her job responsibilities is impacted by the work environment in which they find themselves.

Finally, from a review of the parties submissions, it is not entirely clear whether the EEOC and BEI disagree with respect to the "business necessity" doctrine.  The language proposed by the parties and the cases relied upon are obviously different.  BEI would take this opportunity to emphasize the teachings of Conroy v. New York State Dep't of Correctional Serv., 333 F.3d 88 (2d Cir. 2003) (discussing business necessity in the ADA context).  There, the Court found that:

> in proving a business necessity, an employer must show more than that its inquiry is consistent with "mere expediency."  An employer cannot simply demonstrate that an inquiry is convenient or beneficial to its business.  Instead, the employer must first show **that the asserted "business necessity" is vital to the business.**  For example, business necessities may include ensuring that the workplace is safe and secure or cutting down on egregious absenteeism.  The employer must also show that the examination or inquiry genuinely serves the asserted business necessity and that the request is no broader or more intrusive than necessary.  The employer need not show that the examination or inquiry is the only way of achieving a business necessity, but the examination or inquiry must be a reasonably effective method of achieving the employer's goal.

<u>Id.</u> at 97-98 (emphasis added). The distinction espoused in <u>Conroy</u> is significant. The question for the jury is not whether BEI's "rule" is absolutely necessary, but rather whether the asserted "business necessity" is vital to the workings of BEI. If the "business necessity" is found to be vital, the jury must then decide whether the rule imposed effectively achieved BEI's goal. This important concept should be conveyed to the jury in this instance.

## **CONCLUSION**

For all of those reasons set forth above, BEI respectfully requests that the Court reject the EEOC's proposal that its Guidelines should be given deference in this instance. As the plaintiff in this action, the EEOC bears the burden of proof on this issue and should not be allowed to avoid their obligation in this regard by relying on a Guideline at odds with the text of Title VII and Court precedent addressing this issue.

THE DEFENDANT
BEAUTY ENTERPRISES, INC.


By: /s/_____
      Richard C. Robinson (ct04321)
      Brian C. Roche (ct17975)
      Pullman & Comley, LLC
      90 State House Square
      Hartford, CT 06103
      Telephone: (860) 541-3333
      Facsimile: (860) 424-4370

## **CERTIFICATION**

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on the date hereon to all counsel and pro se parties of record.

Katherine Bissell, Esq.
EEOC - New York District Office
7 World Trade Center, 18th Floor
New York, NY 10048-1102

Rosa Lilliana Palacios, Esq.
U.S. Equal Employment Opportunity Commission
JFK Federal Building, Room 475
Boston, MA 02203-0506

Markus L. Penzel, Esq.
EEOC - Boston Area Office
J.F.K. Federal Building, Room 475
Boston, MA 02203-0506

Barbara E. Gardner, Esq.
843 Main Street, Suite I-4
Manchester, CT  06040

Julia Morris Paul, Esq.
Marte, Plepler, Falkenstein, Keith, Meggers & Paul PC
113 East Center Street
Manchester, CT 06040

Evette Soto-Maldonado, Esq.
Jackson Chin, Esq.
Puerto Rican Legal Defense and Education Fund
99 Hudson St., 14th Floor
New York, NY 10013

Valeria Calafiore, Esq.  
Clifford Chance US LLP  
31 West 52 Street  
New York, NY 10019

/s/  
Richard C. Robinson  
Brian C. Roche

Bridgeport/65094.1/BCR/569572v1