# Exhibit B

Case 3:01-cv-00378-AHN    Document 105-3    Filed 09/01/2005    Page 1 of 10

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>PLAINTIFF<br><br>VS.<br><br>BEAUTY ENTERPRISES, INC.,<br>AAA INDUSTRIAL TEMPORARIES, INC.,<br>ESSENTIAL TEMPORARIES, INC.,<br><br>DEFENDANT | CIVIL ACTION<br>NO. 301CV378 (AHN) |
| MIGUEL ANGEL ALVAREZ and<br>WILLIAM TORRES,<br><br>PLAINTIFF-INTERVENORS,<br><br>v.<br><br>BEAUTY ENTERPRISES, INC.,<br><br>DEFENDANT | NOVEMBER 30, 2001 |

**DEFENDANT, BEAUTY ENTERPRISES, INC.'S AMENDED
RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

1. Identify all person(s) who supplied information to answer the Interrogatories below, and the interrogatory responses to which each person contributed information.

1



**RESPONSE:** Robert Cohen, Larry Sussman, Rocco Piccirillo, John Carabetta, Fabian Pineros, Tom Buonocore, Jimmy Adorno, Paul Lopes and Nelson Marquez

2. Identify all person(s) who have participated in the development, drafting, review, and/or adoption of Defendant's English-only policy. With respect to each person identified, state the role each had in the development, drafting, review, adoption and/or administration of the policy.

**RESPONSE:** Robert Cohen developed and caused BEI to establish the policy/rule. The rule was unwritten until early 2001, after these proceedings were initiated. It has now been committed to writing and is included in BEI's Employee Policy Manual.

3. If defendant intends to claim as a defense that it relied on the advice of counsel in creating, adopting, and/or administering its English-only policy, identify all such counsel upon whose advice defendant relied and any documents containing such advice, and state 1)the substance of such advice; 2)the date(s) such advice was given; and 3)the identity of the person(s) to whom such advice was given.

**RESPONSE:** Not applicable.

4. Identify all individuals employed by defendant at any point during the period from January 1, 1998, to the present, and, if they are no longer employed, state all reason(s) for each termination.

**RESPONSE:** See computerized list produced herewith.

5. Of those employees identified in number 4 above, identify all those who have, at any time, been exempted from Defendant's English-only policy and give the reason for the exemption from Defendant's English-only policy.

**RESPONSE:** Prior employees Nevresa Sahanic, Emina Mezit, Elmaze Sejdiv, Ajka Hrustemovic, Semsa Hodzic and Sena Becirovic. Current employees Mihane Dedinca, Remzija Kajic and Rifdije Berisha. Each of these individuals worked, or is working, as a product cleaner for BEI. The reason for the exemption is that BEI has historically had difficulty filling the position of product cleaner, its least desirable position. After unsuccessfully experimenting with developmentally disabled workers provided by a local non-profit agency, it tried to use regular warehouse employees to do the work on a rotating, part-time basis, but this too proved

unsuccessful. Employees balked at the assignment. In September 1999, as business was expanding and the volume of returns, therefore, was increasing, BEI received a call from a local Catholic Family Services office inquiring if there were opportunities at BEI for recent, non-English speaking immigrants willing to do any type of work. Seeing this as a potential solution to a seemingly intractable problem, BEI decided to try this approach, waiving its "ability to speak and read English" hiring requirement for these individuals and excepting them from its English-only rule. In deciding so to waive and except, BEI considered the potential effects its actions might have on other employees and concluded that it should have no effect, because, among other reasons, the product cleaners work in a physically segregated space in an ancillary warehouse and have little or no contact with the rest of the workforce.

6. Identify all employees of Defendant since January 1, 1998, who have been subject to discipline, and the reasons for the discipline. If the discipline has been set forth in writing identify said writing.

RESPONSE: Objection. Overbroad. Not limited to discipline involving the English-only rule or retaliation for engaging in protected activities relative to this rule.

7. Identify all employees of Defendant since January 1, 1998, who have been subject to discipline or any adverse employment action for a violation of Defendant's English-only policy.

RESPONSE: Boris Bratslavsky, Jakob Khutorsky, Irina Novozhilova, Irina Volodarska, Maya Rudyak, Violetta Krasilnikova, Roman Katsneslson and Migual Angel Alvarez.

8. With respect to each employee identified in response to Interrogatory 7 above, identify all employees involved in the decision to discipline that employee, and state who ultimately disciplined the employee.

RESPONSE: Ross Smith and Paul Lopes made the decision and disciplined all employees except Alvarez. Rocco Piccirillo, Larry Sussman, Fabian Pineros, Tom Buonocore, Ross Smith and Robert Cohen were involved in the Alvarez discipline.

9. Identify all employees of defendant since January 1, 1998, who have had authority to administer or enforce defendant's English-only policy.

3

<u>RESPONSE</u>: The first eight individuals listed in BEI's Intial Disclosures.

10. If defendant intends to claim that its English-only policy is justified by business necessity, state all reasons supporting such claim, and identify all documents supporting such claim.

<u>RESPONSE</u>: The policy/rule is necessary to create a harmonious workplace, free of ethnic tension, and to promote safety and efficiency in the operation. There are no documents describing the necessity for the policy/rule or that documents the conditions that led to, or provides additional justification for, the adoption of the rule many years ago.

11. State defendant's English-only policy in the workplace and identify where in the facility this policy applies; to what employees it is applied in the facility; when the policy applies; and what the consequences are for non-compliance. Also identify any and all documents that articulate any or all of the response to Interrogatory No. 11 for employees.

<u>RESPONSE</u>: The rule is that employees working in a BEI facility must speak English only while they are working, that is to say "on the clock." On their breaks or at lunch, they are fee to speak in some other language (even though they are on BEI's premises during these times). A truck is not considered a BEI facility for the purposes of this rule. Thus, when a driver and a helper are in the truck in the process of making deliveries, they may speak to each other in the language of their choice. To the extent they speak in the presence of the public and/or customers, they must speak English. Isolated or infrequent violations result in a reminder (e.g., English only please). Repeated violations within a short time span may be met with written warnings. On a number of occasions, Russian employees were "sent home" for the remainder of the day without pay when warnings were not heeded. Miguel Angel Alvarez was suspended for two and half days for repeated violations within a short time span, among other reasons. In theory, a violation after a suspension could result in termination. However, BEI has never had occasion to impose this form of discipline for English-only rule violations. There are no documents that articulate this information to employees other than the Personnel Policy Manual. The rule is not applied to the Bosnian product cleaners who work in a separate warehouse.

12. State all reasons for each of the following individual's terminations: Eric Rivera, William Torres, Julio Benabe, Maria DeJesus, Luz Andujar Marie Garcia, and Ruth Lugo.

4

RESPONSE: Eric Rivera was terminated because he ignored a written warning and for the second time in a seven-day period drove "his" BEI truck to a restaurant in Hartford to have breakfast when he was supposed to be on the road making deliveries in Bridgeport. William Torres was terminated because after receiving several warnings for misconduct, he admittedly defaced the interior of a BEI truck, drawing a picture of a penis and writing in Spanish words to the effect that this is to all the people in the company who kiss ass. Luz Andujar was terminated because she was insubordinate and disrespectful to a supervisor, calling him an insulting name in Spanish – cabron. Maria DeJesus, an employee of Essential, was told not to return to BEI due to an incident in which she and other workers were standing together and chatting when they should have been working. When a supervisor told the group to break it up and go back to work, Ms. DeJesus became angry and defiant, yelling at the supervisor in Spanish. Julia Benabe and Marie Garcia, both staffing agency employees, were not terminated or told not to return to BEI. Ruth Lugo, another staffing agency employee, was not terminated. She left her placement at BEI because she found other employment.

13.　Describe the relationship between Beauty and the national organization known as "U.S. English." In response, specify whether U.S. English is providing any financial support for Beauty to pursue this action in court.

RESPONSE: None to both.

14.　Identify any and all complaints (specify whether written or oral) made by employees related to defendant's English-only policy.

RESPONSE: Assuming that "complaints" means complaints to management, there have been a handful over the years in which employees state that they do not understand why there is such a rule or that they would prefer that there not be such a rule and that they could speak in their native language. No one can recall any detail concerning these complaints (who, when, etc.). In addition, there are the complaints filed with the EEOC in this case and communicated to management.

15.　State whether defendant has ever had any union organization drives at its Hartford facility. If so, state the date of such drives and identify the union that attempted to organize its facilities.

5


RESPONSE: Objection. The interrogatory seeks information that is irrelevant to the claim or defense of any party.

16. Identify any and all employees who have complained (specify whether written or oral) about languages other than English being spoken in the workplace.

RESPONSE: See response to #14.

17. Identify all employees since January 1, 1998, who have suffered work related injuries. In so identifying these employees, state the nature of the injury suffered, whether a claim for worker's compensation was made by the employee, whether said claim was reported and responded to by defendant, whether benefits were obtained by the employee and what were the benefits obtained, how the injury occurred and whether there were any witnesses present.

RESPONSE: See OSHA 200 Log produced herewith. Worker's Compensation claims were made in all cases.

18. Identify any and all safety concerns present in defendant's Hartford facility for which defendant's English-only policy is a remedy.

RESPONSE: Concerns regarding injuries from falling boxes, from forklifts colliding with pedestrians, fire and evacuation concerns, concerns for the avoidance of the products of ethnic hostility, concerns relating to injuries resulting from the unsafe use of equipment.

19. Identify each and every temporary agency from which defendant has accepted temporary employees since January 1, 1998.

RESPONSE: Essential Personnel, Inc./Lyon Enterprises, Inc., 20 Hurlburt Street, West Hartford, CT 06110, (860) 953-8228 (Laurie Reynolds); Labor Ready, 100 Farmington Avenue, Hartford, CT 06105, (860) 278-3342 (Gloria Mark); AAA Industrial Staffing, 433 S. Main Street, West Hartford, CT 06110 (860) 561-5948 (Nancy Maldonado); Hamilton Connections, 290 Pratt Street, Meriden, CT 06450 (203) 634-8427.

20. Identify each defendant employee who is/was responsible for interacting with the temporary agencies identified in response to Interrogatory No. 21. In so doing, state what information the respective employee gave to said temporary agency regarding defendant's English-only policy.

RESPONSE: Fabian Pineros. He asks the agency to screen out people who cannot read, write and speak English. He tells them that there is an English-only rule and describes it to them.

21. State whether defendant hires individuals who do not speak English and whether it has hired individuals who do not speak English since January 1, 1998.

RESPONSE: BEI's policy is that the ability to speak, read and write English is a qualification for employment. It has hired individuals since January 1, 1998 who are not able to do any of these things. All of these individuals were hired to be product cleaners in a separate warehouse facility.

22. Identify defendant's OSHA SIC (standard identification classification) number. If more than one SIC number has been assigned, identify each number assigned since January 1, 1980.

RESPONSE: BEI does not know what an OSHA SIC number is. To its knowledge, OSHA has not issued it its own identification number. BEI does know that the number attached to its standard industrial classification is 5122.

23. State whether it is defendant's contention that English language abilities are required to perform the various jobs in its Hartford facility. If so, state the degree of spoken, written or understood English required for each position available in defendant's facility.

RESPONSE: This is BEI's contention. BEI does not think in terms of "degrees" in connection with language abilities and, therefore, has no way of responding to the second part of this interrogatory, other than to say that it does not hire only "A" English students at the high school level.

24. Identify each of the jobs at defendant's Hartford facility since January 1, 1998. For each job, describe in detail the essential and other related functions of each job.

RESPONSE: Job descriptions for warehouse staff is produced herewith.

25. As between temporary agencies Essential and AAA, and Beauty, state which entity is responsible for the following with regard to the individuals placed to work with Beauty Enterprises: (1) direction or supervision of work; (2) training in the skills required to perform the job in which an employee is placed at Beauty; (3) equipment or materials and uniforming required, if any, to perform work at Beauty; (4) determination of salary to be paid to temporary employee; (5) disciplinary, termination or other employment actions; (6) grant of leave, annual or sick leave to temporary employment; (7) assignment of work hours; (8) provision of benefits, if any; (9) worker's compensation; (10) payment of social security taxes. If responsibilities assigned to each entity have changed since January 1, 1998, identify any changes in responsibility and time frame related thereto.

RESPONSE: 1. BEI, 2. BEI, 3. BEI, 4. Agency, 5. Both, 6. Agency, 7. BEI, 8. Agency, 9. Agency, 10. Agency.

26. Identify each and every manager or supervisor employed by defendant since 1980 who can speak Spanish.

RESPONSE: Jimmy Adorno, Tony Baez, Ray Acosta, Nelson Marquez. Counsel for BEI represents them, to the extent representation is needed, in this case.

27. State the date Beauty implemented its English-only policy for the first time and state the reasoning behind its adoption.

RESPONSE: The policy was adopted at least seventeen years ago. BEI cannot be any more precise than that concerning the date of adoption. In terms of reasons, the rule was instituted because employees were complaining that bilingual co-workers were using their native tongues to insult and harass them in a language they could not understand, or at least they thought this was the case. Robert Cohen, BEI's principal, felt that an English-only rule would eliminate these tensions and promote harmony within BEI's racially and ethnically mixed workforce, particularly in the warehouse. He also felt that an English-only rule would enhance workplace safety and increase operating efficiency. Further, since the ability to speak and read English has always been a requirement for employment at BEI, Mr. Cohen concluded that the rule would not impose any hardship on employees.

8

**28.** Identify each and every Hispanic employee hired either directly by Beauty or though a temporary agency since June 1, 2000.

**RESPONSE:** See attached.