UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
_____
EQUAL EMPLOYMENT OPPORTUNITY    )
COMMISSION,                     )
              Plaintiff,        )
         -against-              )
                                )
BEAUTY ENTERPRISES, INC.,       )
and ESSENTIAL PERSONNEL, INC.   )
              Defendants        )
_____)
MIGUEL ANGEL ALVAREZ,           )      Civil Action No. 301-CV-378 (AHN)
WILLIAM TORRES, LUZ ANDUJAR,    )
EVA DIAZ, WALESKA MIRANDA,      )
JOSE LINARES and HAROLD ACOSTA  )
              Plaintiff-Intervenors, ) September 7, 2005
         -against-              )
                                )
BEAUTY ENTERPRISES, INC.,       )
              Defendant         )
_____)
LUZ ANDUJAR and                 )
WALESKA MIRANDA                 )
              Plaintiff-Intervenors, )
         -against-              )
                                )
ESSENTIAL PERSONNEL, INC.,      )
              Defendant         )
_____)
```

**JOINT STATEMENT OF THE CASE**

Plaintiff, the EEOC, Plaintiff-Intervenors, Harold Acosta, Miguel Alvarez, Luz Andujar, Eva Diaz, Jose Linares, Waleska Miranda and William Torres (collectively, "Plaintiff-Intervenors") and Defendant, Beauty Enterprises hereby submit this brief Joint Statement in the above captioned case which is to begin trial on September 19, 2005.

On or about March 12, 2001, the EEOC filed this employment discrimination action alleging that Beauty Enterprises, AAA Industrial Temporaries, Inc. ("AAA"), and Essential Personnel Inc. ("Essential"), violated Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. §2000e-5(f)(1) and (3), ("Title VII"). The EEOC seeks class-wide relief in this case on behalf of 23 Hispanic individuals ("Class Members") who it claims experienced unlawful national origin discrimination - under a disparate impact, disparate treatment and hostile work environment theory - retaliation, constructive discharge and discriminatory discharge while employed at Beauty Enterprises. At the heart of this case is BEI's English only policy, which EEOC alleges is unlawful under Title VII.

Essential and AAA are no longer part of this litigation. Essential filed for Chapter 7 bankruptcy on July 13, 2001, and EEOC settled its claims against AAA by Consent Decree entered by this Court January 2, 2003. In this regard Plaintiffs do not intend to pursue any claims against the temporary agency defendants. The parties have stipulated, however, the Class Members Essential and AAA placed at Beauty Enterprises are Beauty Enterprises employees for Title VII purposes. The EEOC seeks relief as set forth in its Complaint.

Plaintiff-Intervenors also filed individual complaints of discrimination pursuant to Fed. R. Civ. P. 24 in this case asserting similar claims to those advanced by the EEOC under Title VII, 42 U.S.C. §1981 and pendent state claims pursuant to Conn. Gen. Stat. §§46a-60. Plaintiff-Intervenors also seek damages as set forth by the EEOC under each of the applicable state and federal statutes.

At trial Plaintiffs will allege national origin discrimination under theories of disparate impact, disparate treatment and harassment for each of the Class Members pursuant to Title VII.[1] Plaintiffs will also allege the following additional claims as to the following specific individuals:

---

[1] The 23 Class Members for which these main claims are allegad are: (1) Harold Acosta; (2) Miguel Angel Alvarez; (3) Luz Andujar; (4) Margarita Aponte; (5) **Julio Benabe**; (6) Brenda Berrios; (7) Maria De Jesus; (8) Eva Diaz; (9) Marie Garcia; (10) Rosa Green; (11) **Jose Linares**; (12) Ruth Lugo; (13) **Jorge Maldonado**; (14) Waleska Miranda; (15) Angel Oliveras; (16) Cecilia Ortiz; (17) Madelyn Perez; (18) Gloribel Ramos; (19) **Rosa Rojas**; (20) Eric Rivera; (21) **Mariana Rivera**; (22) William Torres; (23) **Lissette Santos**. (the six emphasized are only alleging these main claims).

2

(1)     Harold Acosta:  retaliation, constructive discharge, and discrimination in violation of Title VII, 42 U.S.C. §1981 and Conn. Gen. Stat. §§46a-60;

(2)     Miguel Alvarez:  retaliation, and discrimination in violation of Title VII, 42 U.S.C. §1981 under Conn. Gen. Stat. §§46a-60;

(3)     Luz Andujar:  retaliation and discriminatory discharge, and discrimination in violation of Title VII, 42 U.S.C. §1981 and Conn. Gen. Stat. §§46a-6;

(4)     Margarita Aponte: retaliation and discriminatory discharge in violation of Title VII;

(5)     Brenda Berrios:  retaliation and constructive discharge in violation of Title VII;

(6)     Maria De Jesus:  retaliation and discriminatory discharge in violation of Title VII;

(7)     Eva Diaz:  retaliation and discrimination in violation of Title VII, and discrimination in violation of 42 U.S.C. §1981 and Conn. Gen. Stat. §§46a-60;

(8)     Marie Garcia:  discriminatory discharge in violation of Title VII;

(9)     Rosa Green:  constructive discharge in violation of Title VII;

(10)    Ruth Lugo:  discriminatory discharge in violation of Title VII;

(11)    Waleska Miranda:  retaliation and discriminatory discharge, and discrimination in violation of  Title VII, 42 U.S.C. §1981 and Conn. Gen. Stat. §§46a-60;

(12)    Cecilia Ortiz:  retaliation and constructive discharge in violation of Title VII;

(13)    Angel Oliveras:  retaliation in violation of Title VII;

(14)    Madelyn Perez:  retaliation in violation of Title VII;

(15)    Gloribel Ramos:  discriminatory discharge in violation of Title VII;

(16)    Eric Rivera:  retaliation and discriminatory discharge in violation of Title VII;

(17)    William Torres:  retaliation and discriminatory discharge in violation of Title VII, and discrimination in violation of 42 U.S.C. §1981 and Conn. Gen. Stat. §§46a-60.

Beauty Enterprises denies that its English-only rule is unlawful disparate impact national origin discrimination against its Hispanic employees.  In this regard, it maintains that the rule does not impact those employees in a substantial and adverse way, or in a way that is different from any other group of its employees.  Further, Beauty Enterprises denies that it has engaged in disparate treatment discrimination or harassment against its Hispanic employees on the basis of national origin, and denies that it has retaliated or otherwise discriminated against any of these individuals in connection with the termination of their employment.  It maintains that any action it took in this regard against any of these individuals was for legitimate non-discriminatory reasons.  Beauty Enterprises has asserted no claims against Plaintiffs.

The Parties agree that prior to trial, the Court will need to address: (1) the legal issues in dispute related to the parties' proposals on the disparate impact jury instruction previously filed with the Court; (2) any additional disputes that may result after the submission of jury instructions; (3) motions in *limine* by Plaintiffs seeking to exclude, among others: (a) information regarding a Class Member's collection of collateral benefits such as unemployment or state assistance; (b) information on the death of the son of Class Member Rosa Rojas; (c) information on the death of the brothers of Gloribel Ramos; (d) information on the medical and personal history of Luz Andujar; and (e) information on the death of the husband of Ruth Lugo and the health of her son.  Plaintiff may also seek to add Ruth Lugo to its list of unavailable witness, by reason of infirmity, for which it will introduce deposition testimony.  The Parties represent that good faith efforts have been made to resolve the aforementioned issues and that these efforts have been unsuccessful.  Motions in *limine* by Plaintiffs will be submitted to the Court no later than September 12, 2005 and the Parties will be prepared for argument on this and other outstanding matters before the court as scheduled, the afternoon of September 15, 2005.

4

        Respectfully submitted on behalf of and with the consent of all parties,

        _____
        R. Liliana Palacios
        Senior Trial Attorney
        MA BBO 647078; Ct. Fed. Bar. ct22358
        EEOC Boston Area Office
        JFK Federal Building, Room 475
        Boston, MA 02203-0506
        Tel: (617) 565-3188; Fax: (617) 565-3196

## CERTIFICATE OF SERVICE

I, R. Liliana Palacios, hereby certify that on this 7th day of September 2005, I caused a copy of the above document to be mailed, postage prepaid, to:

Julia Morris Paul
Marte, Plepler, Falkenstein, Keith, Meggers & Paul, P.C.
113 East Center St.
Manchester, CT 06040

Barbara E. Gardner, Esq.
843 Main St., Ste. 1-4
Manchester, CT 06040

Richard Robinson, Esq.
Pullman & Comley, LLC
90 State House Square
Hartford, CT 06103-3702

Evette Soto-Maldonado , Esq.
Jackson Chin, Esq.
Puerto Rican Legal Defense and Education Fund
99 Hudson St., 14th Floor
NY, NY 10013-0000

Valeria Calafiore, Esq.
Clifford Chance US LLP
31 W. 52nd St.
NY, NY 10019-6131

        _____
        R. Liliana Palacios
        Senior Trial Attorney