UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
                Plaintiff, )
         -against- )
               )
BEAUTY ENTERPRISES, INC., )
and ESSENTIAL TEMPORARIES, INC. )
                Defendants )
_____)
MIGUEL ANGEL ALVAREZ, )    Civil Action No. 301-CV-378 (AHN)
WILLIAM TORRES, LUZ ANDUJAR, )
EVA DIAZ, WALESKA MIRANDA, )
JOSE LINARES and HAROLD ACOSTA )
              Plaintiff-Intervenors, )    September 7, 2005
         -against- )
               )
BEAUTY ENTERPRISES, INC., )
                Defendant )
_____)
LUZ ANDUJAR and )
WALESKA MIRANDA )
              Plaintiff-Intervenors, )
         -against- )
               )
ESSENTIAL PERSONNEL, INC., )
                Defendant )
_____)

**JOINT STIPULATION OF UNCONTESTED FACTS**

      1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3), and 42 U.S.C. §1981. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367. This Court has jurisdiction of the subject matter of this action and of the parties and venue is proper.

2. Plaintiff, the Equal Employment Opportunity Commission (the "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

3. The Equal Employment Opportunity Commission is often abbreviated as "EEOC," and will be referred to in this manner during the trial.

4. Beauty Enterprises Inc. is often referred to as "Beauty Enterprises," and will be referred to in this manner during the trial.

5. During the relevant period, Beauty Enterprises has continuously been a Connecticut corporation, doing business in the State of Connecticut, and has continuously had at least fifteen employees.

6. During the relevant period, Beauty Enterprises has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7. At all relevant times, Beauty Enterprises has been a covered entity under Title VII.

8. All conditions precedent to the filing of this lawsuit have been fulfilled. Charging Parties have filed timely charges of discrimination with the EEOC, the EEOC found that there was probable cause of discrimination after its investigation of these charges and made a finding that the discrimination found affected a class of Hispanic employees at Beauty Enterprises. The EEOC timely identified additional claimants in this case through discovery and Beauty Enterprises is aware of the identity of the class members involved in this case and their claims.

9. The above referenced Charging Parties who filed timely charges of discrimination with the EEOC preserved their state law claims given that the EEOC charges were dually filed with the Connecticut Commission for Human Rights (FEPA) pursuant to a valid and applicable work-sharing agreement.

10. There are twenty-three (23) individuals involved in this case whose interests are represented by the EEOC. They are: (1) Harold Acosta; (2) Miguel Angel Alvarez; (3) Luz Andujar; (4) Margarita Aponte; (5) Julio Benabe; (6) Brenda Berrios; (7) Maria De Jesus; (8) Eva Diaz; (9) Marie Garcia; (10) Rosa Green; (11) Jose Linares; (12) Ruth Lugo; (13) Jorge Maldonado; (14) Waleska Miranda; (15) Angel Oliveras; (16) Cecilia Ortiz; (17) Madelyn Perez; (18) Gloribel Ramos; (19) Rosa Rojas; (20) Eric Rivera; (21) Mariana Rivera; (22) William Torres; and (23) Lissette Santos. Collectively they will be referred to as "Class Members." Each of these individuals has filed timely charges of discrimination with the EEOC or has been properly identified by the EEOC as a claimant in this case. Also, of this group, seven (7) individuals are "Plaintiff-Intervenors" and may be referred to as such throughout the trial. These individuals have intervened in the EEOC lawsuit as Plaintiffs. Plaintiff-Intervenors are: Harold Acosta, Miguel Angel Alvarez, Luz Andujar, Eva Diaz, Jose Linares, Waleska Miranda, and William Torres.

11. Some of the Class Members are or were employed by Beauty Enterprises and are or were on its payroll. They may be referred to as "permanent employees" during the course of this trial. The other Class Members are or were individuals who worked at Beauty Enterprises, but were placed at Beauty Enterprises by a temporary agency – either "AAA"" or "Essential." These individuals were not or are not on Beauty's payroll but for purposes of this trial, were or are considered employees of Beauty Enterprises. They were, however, paid or are paid by the

3

temporary agency that placed them at Beauty Enterprises, which, in turn, billed Beauty Enterprises for their wages. During the course of this trial, these individuals may be referred to as "temporary employees." For purposes of this case, Beauty Enterprises owes the same federal and state law duties not to discriminate or retaliate to all of its employees - whether permanent or temporary.

12. Puerto Rico is a Commonwealth of the United States.[1]

13. Puerto Ricans are U.S. citizens.[2]

14. Plaintiff-Intervenor, Jose Linares, is a lawful permanent resident of the United States and has always worked in the United States under a proper legal authorization. Mr. Linares is a citizen of Peru.

15. The Charging Parties, Intervenor-Plaintiffs and claimants (hereinafter "Class Members") involved in this case are Hispanic.

16. The Public Hearing referred to in this case was held on Monday, May 22, 2000.

17. The La Voz newspaper, a Spanish language newspaper, which reported on the aforementioned Public Hearing was published on Tuesday June 6, 2000 and in circulation Wednesday June 7, 2000.

18. Class member Harold Acosta's tenure at Beauty Enterprises was from January 2, 1985 – October 1, 2001.

---

[1] *See* 48 U.S.C.A. s. 731.
[2] *See* 8 U.S.C.A. s. 1402.

19. Class member Miguel Alvarez was hired at Beauty Enterprises on July 5, 1983 and he remains employed today.

20. Class member Luz Andujar's tenure at Beauty Enterprises was from August 10, 1997 to September 19, 2001.

21. Class member Margarita Aponte's tenure with Beauty Enterprises was from September 12, 199 to January 24, 2002.

22. Class member Julio Benabe's tenure with Beauty Enterprises was from November 9, 1999 to April 12, 2000.

23. Class member Brenda Berrios' tenure with Beauty Enterprises was from January 19, 2000 to June 17, 2000.

24. Class member Maria De Jesus' tenure with Beauty Enterprises was from February 19, 2000 until June 9, 2000.

25. Class member Eva Diaz began work at Beauty Enterprises on June 3, 1979 and remains employed.

26. Class member Marie Garcia's tenure with Beauty Enterprises was from May 24, 1999 until February 13, 2000.

27. Class member Rosa Green's tenure with Beauty Enterprises was from August 8, 1999 until the last week of June, 2000.

28. Class member Jose Linares' tenure with Beauty Enterprises was from May 19, 1999 until August 13, 2001.

29. Class member Ruth Lugo's tenure with Beauty Enterprises was from March 25, 1999 until February 14, 2000.

30. Class member Jorge Maldonado's tenure with Beauty Enterprises was from approximately 1997-1999.

31. Class member Waleska Miranda's tenure with Beauty Enteprises was from February 16, 1999 to October 2, 2000.

32. Class member Madelyn Perez' began working at Beauty Enterprises was on August 10, 1999 and remains employed.

33. Class member Gloribel Ramos' tenure with Beauty Enterprises was from August 9, 1999 to March 12, 2000.

34. Class member Rosa Rojas' tenure with Beauty Enterprises was from March 27, 2000 to August 18, 2000.

35. Class member Eric Rivera's tenure with Beauty Enterprises was from 1995 until June 8, 2000.

36. Class member Mariana Rivera's tenure with Beauty Enterprises was from February 29, 2000 to October 16, 20000.

37.     Class member William Torres' tenure with Beauty Enterprises was from July 30, 1983 to December 23, 2000.

38.     Class member Lissette Santos was employed by Beauty Enterprises for several months in 1999.

39.     Class member Angel Oliveras began working at Beauty Enterprises in 1974 and is still employed.

40.     Class member Cecilia Ortiz' tenure at Beauty Enterprises was from July 31, 1999-June 19, 2000.

                                                Respectfully submitted on behalf of and with the consent of all parties,

_____
R. Liliana Palacios
Senior Trial Attorney
MA BBO 647078; Ct. Fed. Bar. ct22358
EEOC Boston Area Office
JFK Federal Building, Room 475
Boston, MA 02203-0506
Tel: (617) 565-3188; Fax: (617) 565-3196

## CERTIFICATE OF SERVICE

I, R. Liliana Palacios, hereby certify that on this 7th day of September 2005, I caused a copy of the above document to be mailed, postage prepaid, to:

Julia Morris Paul
Marte, Plepler, Falkenstein, Keith, Meggers & Paul, P.C.
113 East Center St.
Manchester, CT 06040

Barbara E. Gardner, Esq.
843 Main St., Ste. 1-4
Manchester, CT 06040

Richard Robinson, Esq.
Pullman & Comley, LLC
90 State House Square
Hartford, CT 06103-3702

Evette Soto-Maldonado , Esq.
Jackson Chin, Esq.
Puerto Rican Legal Defense and Education Fund
99 Hudson St., 14th Floor
NY, NY 10013-0000

Valeria Calafiore, Esq.
Clifford Chance US LLP
31 W. 52nd St.
NY, NY 10019-6131

_____
R. Liliana Palacios
Senior Trial Attorney

10