**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                **PLAINTIFF**<br><br>    VS.<br><br>BEAUTY ENTERPRISES, INC.,<br>AAA INDUSTRIAL TEMPORARIES, INC.,<br>ESSENTIAL TEMPORARIES, INC.,<br><br>                **DEFENDANT** | CIVIL ACTION<br>NO. 3:01-CV-378 (AHN) |
| MIGUEL ANGEL ALVAREZ and<br>WILLIAM TORRES,<br><br>           **PLAINTIFF-INTERVENORS,**<br><br>v.<br><br>BEAUTY ENTERPRISES, INC.,<br><br>                **DEFENDANT** | SEPTEMBER 12, 2005 |

**DEFENDANT, BEAUTY ENTERPRISES, INC.'S RESPONSE TO PLAINTIFFS'**
**PROPOSED JURY INSTRUCTIONS AND PROPOSED ALTERNATIVE**
**INSTRUCTIONS ON CERTAIN POINTS**

The Defendant, Beauty Enterprises, Inc. ("BEI"), submits this response to Plaintiffs' proposed Jury Instructions. It is BEI's view that many of the Plaintiffs' proposals are acceptable as drafted, that some would be acceptable with easily made

modifications and that only a few are objectionable in their entirety.  As to these (Hostile Environment, Retaliation and Punitive Damages), there is an Exhibit to this document that includes BEI's proposed instructions on the topic.  BEI has opted to respond in this way because it believes that the approach is the most efficient under the circumstances, that it will promote discussions between the parties that should further narrow the issues between them, and that at worst, it will identify and frame for the Court any issues it must ultimately decide.

1.    **Plaintiffs' Proposed Jury Instruction No. 1 – Deposition Testimony**

BEI does not object to this proposed instruction as an interim instruction, which seemingly is its purpose.

2.    **Plaintiffs' Proposed Jury Instruction No. 2 – Role of the EEOC**

BEI requests that the Court add the following cautionary language to this instruction:  "You must not simply infer that the Plaintiffs' case somehow has merit merely because the EEOC investigated a Charging Party's claim and determined that there is reasonable cause to believe that discrimination occurred.  Rather, you as the finder of facts must decide this case based on your own evaluation of the evidence presented at trial and the law to be applied as I will explain it to you."

3.    **Plaintiffs' Proposed Jury Instruction No. 3 – Role of the Plaintiff-Intervenors**

BEI does not object to this instruction as drafted.

2

4.    **Plaintiffs' Proposed Jury Instruction No. 4 – Statement of Plaintiffs'**
**Claims**

BEI objects and/or has comments concerning only portions of this proposed instruction.  First, the proposed instruction provides the following:  "Third, Plaintiffs allege that Beauty Enterprises' supervisors enforced the English-only rule in **such a draconian, humiliating, and harassing manner** against Hispanic employees that it constituted national origin harassment because it created a hostile work environment for the Hispanic employees."   BEI believes that this bolded language is both unnecessary and prejudicial and should not be included in the Court's charge.  It maintains that the statement in question is not simply a statement of Plaintiffs' hostile environment claim, but is a description of its argument (that is, that the enforcement creates a hostile environment because it is draconian, humiliating and harassing).  As such, it is not properly included in a statement of Plaintiffs' claim.

Second, BEI seeks the addition of a brief instruction at the end of the first paragraph concerning constructive discharge.  Specifically, BEI believes that the instruction would be improved if the Court advised the jury of the following:  "I will provide you later with a more complete instruction on what constitutes "constructive discharge."  For now, you should understand that  a constructive discharge does not arise simply because an employee is dissatisfied with assignments, feels that his work has been unfairly criticized or was subjected to unpleasant working conditions.

3

Rather, working conditions must have been so difficult that a reasonable person in the employee's shoes would have been compelled to resign."

Third, the Plaintiffs propose (at page 11, first full paragraph) that the Court charge the following: "Plaintiffs claim that **the Hispanic employees who were fired or constructively discharged** are entitled to recover back-pay, plus interest, from the date they were terminated until the date of this trial." BEI proposes the bolded language be replaced with the following alternative language: ". . . the Hispanic employees who they allege to have been discriminatorily discharged, discharged in retaliation for their legally protected activities or constructively discharged. . ." Moreover, with respect to the very next sentence (at page 11, first full paragraph, second sentence), BEI proposes that "the Hispanic employees" be substituted with "these Hispanic employees." BEI further proposes with respect to that same sentence that the phrase "to eradicate the effects of Beauty Enterprises' illegal employment practices" be modified to say "what it claims to be the effects of Beauty's allegedly illegal practices."

BEI would also propose that in giving this instruction the Court advise the jury of BEI's position in this litigation. Specifically, BEI would propose the following additional language: "Beauty Enterprises denies that its English-only rule is unlawful disparate impact national origin discrimination against its Hispanic employees. In this regard, it maintains that the rule does not impact those employees in a substantial and adverse

4

way, or in a way that is different from any other group of its employees.  Further, Beauty Enterprises denies that it has engaged in disparate treatment discrimination or harassment against its Hispanic employees on the basis of national origin, and denies that it has retaliated or otherwise discriminated against any of these individuals in connection with the termination of their employment.  It maintains that any action it took in this regard against any of these individuals was for legitimate non-discriminatory reasons."

BEI would also note that the Plaintiffs seek to instruct the jury on certain equitable relief that they may be entitled to under Title VII, including front and back pay.  BEI objects to this proposal and refers the Court to <u>Broadnax v. City of New Haven</u>, 415 F.3d 265, 270-71 (2d Cir. 2005) (recognizing that these are matters of equitable relief that the Court, and not the jury, is to decide).

**5.**     **Plaintiffs' Proposed Jury Instruction No. 5 – National Origin, Defined**

BEI does not object to this instruction as drafted.

**6.**     **Plaintiffs' Proposed Jury Instruction No. 6 – Language as National Origin**

BEI objects to the inclusion of this instruction in the charge.  This proposed instruction does not concern an issue of law, but rather a question of fact for the jury to decide in this case.  The Plaintiffs' Proposed Jury Instruction No. 5 fully demonstrates the connection between a language characteristic and national origin in the Title VII context.  This additional instruction seeks to invade the province of the jury and

5

essentially promotes the Plaintiffs' disparate impact and emotional distress claims by advising the jury that one of the facts the EEOC must prove is true.

**7.  Plaintiffs' Proposed Jury Instruction No. 7 – English-only Rules - When Apply at All Times**

BEI objects to this proposed instruction.  The subject of this instruction is part and parcel of the issue between the parties concerning the EEOC's Guideline, which has previously been presented to the Court and need not be reiterated here.  Even if the Court were to disagree with BEI's position on this issue, the evidence to be elicited at trial will demonstrate that the English-only rule did not apply at all times.  Under those circumstances, there will be no basis for the proposed instruction.

**8.  Plaintiffs' Proposed Jury Instruction No. 8 – English-only Rules - When Apply at Certain Times**

BEI objects to this proposed instruction, which like #8, is part and parcel of the dispute concerning the EEOC's guideline.

**9.  Plaintiffs' Proposed Jury Instruction No. 9 – English-only Rules – Notice of Rule**

BEI objects to this proposed instruction for the same reason it objected to #s 8 and 9.

10. **Plaintiffs' Proposed Jury Instruction No. 10 – English-only Rules -  Impact on Non-English Speakers**

BEI objects to the inclusion of this instruction in the charge.  The proposed instruction does not concern an issue of law, but rather a question of fact for the jury to decide in this case.  The Plaintiffs' Proposed Jury Instruction No. 5 fully demonstrates the connection between a language characteristic and national origin in the Title VII context.  This additional instruction seeks to invade the province of the jury and essentially promotes the Plaintiffs' disparate impact and emotional distress claims by advising the jury that one of the facts the EEOC must prove is true.

11. **Plaintiffs' Proposed Jury Instruction No. 11 – English-only Rules – Effect on the Limited English Proficient**

BEI objects to the inclusion of this instruction in the charge for the same reasons it objected to #10.

12. **Plaintiffs' Proposed Jury Instruction No. 12 – Bilingualism**

BEI objects to the inclusion of this instruction in the charge for the same reasons it objected to #10.

13.    **Plaintiffs' Proposed Jury Instruction No. 13  -  Disparate Impact**

This is a reiteration of the proposed Disparate Impact instruction that was previously submitted to the Court.  BEI objects to this instruction for the reasons set forth in its earlier submissions on Disparate Impact.[1]

14.    **Plaintiffs' Proposed Jury Instruction No. 14 – Disparate Treatment**

With respect to this proposed instruction, BEI believes that the jury should be given the additional instruction that this is an indirect evidence case.  Moreover, for balance sake, the jury should be instructed:  "If the Plaintiffs fail to establish any of these even one of these elements of their prima facie case, then you need go no further in your deliberations, and you must find for the Defendant on this claim."

15.    **Plaintiffs' Proposed Jury Instruction No. 15 -   Defense to Disparate Treatment and Proof of Pretext  -  Defined**

BEI takes issue with two aspects of this proposed instruction.  First, the Court should reject that aspect of the very first sentence which provides: "**Once Plaintiffs have established a prima facie case** . . ."  Rather, it should begin the instruction as follows: "If you find that the Plaintiffs have established a prima facie case . . ."  Second, BEI objects to the language in the last paragraph on page 28 which states: "In making

---

[1]    BEI would note that it does not take issue with the first paragraph of this proposed instruction and respectfully points out that it would serve as suitable substitute for the Plaintiffs' Proposed Jury Charge No. 4 regarding the statement of Plaintiffs' claims.

this finding, you may consider **to what extent Beauty Enterprises' factual positions have remained consistent during the course of the EEOC's investigation and judicial process**, or whether the alleged non-discriminatory purpose was stated only after the allegation of discrimination." This language is potentially prejudicial to BEI, because it suggests that the jury must attach special weight to this factor. The Court's general instruction on evaluating credibility should be sufficient guidance for the jury in this instance.

16.    **Plaintiffs' Proposed Jury Instruction No. 16 – Title VII Prohibits Harassment on the Basis of National Origin**

BEI does not object to this instruction in its current form.

17.    **Plaintiffs' Proposed Jury Instruction No. 17 – National Origin Harassment – English-only Rule**

BEI objects to the inclusion of this instruction in the charge. This proposed instruction does not concern an issue of law, but rather a question of fact for the jury to decide in this case. The Plaintiffs' Proposed Jury Instruction No. 5 fully demonstrates the connection between a language characteristic and national origin in the Title VII context. This additional instruction seeks to invade the province of the jury and essentially promotes the Plaintiffs' disparate impact and emotional distress claims by advising the jury that one of the facts the EEOC must prove is true. See also the objection to #10.

9

18.    **Plaintiffs' Proposed Jury Instruction No. 18 – Elements of Proof of Hostile Work Environment**

BEI objects to this proposed charge and has submitted its own requested charge for the Court's consideration.  This proposal is attached hereto as Exhibit A.

19.    **Plaintiffs' Proposed Jury Instruction No. 19 – Workplace Harassment – Totality of the Circumstances**

BEI believes that this jury instruction should be incorporated into a hostile work environment instruction and not given as a separate instruction under the circumstances of this case.  BEI's proposed hostile work environment charge is, as stated above, attached hereto as Exhibit A.

20.    **Plaintiffs' Proposed Jury Instruction No. 20 – Harassment – When Owner or Corporate Officer is Harasser**

BEI objects to this proposed jury instruction on a number of grounds.  First, there will be no evidence sufficient to trigger a right to this instruction.  That is to say that there has been absolutely no evidence developed that demonstrates that the owner or officers, Messrs. Cohen, Sussman or Piccirillo, engaged in any harassing conduct.  Moreover, any instruction on this point could easily be subsumed within a discussion of liability based on supervisory conduct.

**21.    Plaintiffs' Proposed Jury Instruction No. 21 – Retaliation**

BEI objects to this proposed jury instruction and has submitted its own on this point. BEI's proposal is attached hereto as Exhibit A.

**22.    Plaintiffs' Proposed Jury Instruction No. 22 – Retaliation – Causal Connection**

While BEI does not take issue with the language of this proposed jury instruction, it believes that this instruction can be subsumed within a proper retaliation charge.

**23.    Plaintiffs' Proposed Jury Instruction No. 23 – Discriminatory Discharge**

BEI does not object to this proposed instruction.

**24.    Plaintiffs' Proposed Jury Instruction No. 24 – Constructive Discharge**

BEI does not object to this proposed instruction.

**25.    Plaintiffs' Proposed Jury Instruction No. 25 – Damages**

Subject to its position that the Court will be deciding matters of back pay and front pay, BEI does not object to this proposed instruction.

**26.    Plaintiffs' Proposed Jury Instruction No. 26 – Damages**

BEI objects to this proposed jury instruction to the extent that it implies that the jury, as opposed to the Court, should be considering the issue of both front and back pay. See Broadnax v. City of New Haven, 415 F.3d 265, 270-71 (2d Cir. 2005) (recognizing that this is an issue for the Court, as opposed to the jury).

**27.     Plaintiffs' Proposed Jury Instruction No. 27 – Damages – Wages and Benefit Loss**

BEI objects to this proposed jury instruction to the extent that it concerns equitable damages which are the province of the Court, not the jury.   See e.g. Broadnax v. City of New Haven, 415 F.3d 265, 270-71 (2d Cir. 2005) (recognizing that this is an issue for the Court, as opposed to the jury).

**28.     Plaintiffs' Proposed Jury Instruction No. 28 – Mitigation of Damages – Employer Bears the Burden of Proof**

BEI objects to this proposed instruction to the extent that it concerns economic damages.   See e.g. Broadnax v. City of New Haven, 415 F.3d 265, 270-71 (2d Cir. 2005) (recognizing that this is an issue for the Court, as opposed to the jury).

**29.     Plaintiffs' Proposed Jury Instruction No. 29 – Damages – Self Employment as Mitigation**

BEI objects to this proposed instruction to the extent that it concerns economic damages.   See e.g. Broadnax v. City of New Haven, 415 F.3d 265, 270-71 (2d Cir. 2005) (recognizing that this is an issue for the Court, as opposed to the jury).

30. **Plaintiffs' Proposed Jury Instruction No. 30 – Damages – Prejudgment Interest**

BEI objects to this proposed instruction to the extent that it concerns economic damages.   See e.g. Broadnax v. City of New Haven, 415 F.3d 265, 270-71 (2d Cir. 2005) (recognizing that this is an issue for the Court, as opposed to the jury).

31. **Plaintiffs' Proposed Jury Instruction No. 31 – Compensatory Damages**

BEI does not object to this proposed instruction in its current form.

32. **Plaintiffs' Proposed Jury Instruction No. 32 – Damages – Difficulty Calculating No Obstacle**

BEI objects to the last sentence of this proposed instruction which provides: "Justice and public policy require, however, that a wrongdoer shall bear the risk of uncertainty which his own wrong has created and which prevents precise computation of damages."   BEI submits that this language is prejudicial and unfairly suggests that the jury should award damages, even if not proven, simply because it has found BEI "liable."

33. **Plaintiffs' Proposed Jury Instruction No. 33 – Damages – Punitive Damages**

BEI objects to the Plaintiffs' proposed jury instruction regarding punitive damages and has submitted its own proposed instruction on the point.  This alternative language is attached hereto as Exhibit A.

13

34.    **Plaintiffs' Proposed Jury Instruction No. 34 – Front Pay**

BEI objects to this proposed jury instruction to the extent it implies that the jury, as opposed to the Court, should be considering front and back pay.  See Broadnax v. City of New Haven, 415 F.3d 265, 270-71 (2d Cir. 2005) (recognizing that this is an issue for the Court, as opposed to the jury).

35.    **Plaintiffs' Proposed Jury Instruction No. 35 – Temporary Workers are Beauty Enterprises Employees under Title VII**

While BEI does not object to the language of this proposed instruction, it would note that it does not dispute the assertion that temporary workers qualify as employees for Title VII purposes.  As such, this instruction is unnecessary.

36.    **Plaintiffs' Proposed Jury Instruction No. 36 – Tax Consequences**

BEI does not object to this proposed jury instruction in its current form.

37.    **Plaintiffs' Proposed Jury Instruction No. 37 – Legal Standard for Claims under the Connecticut Fair Employment Practices Act (CFEPA) and 1981**

BEI does not object to this proposed jury instruction in its current form.

38.    **Plaintiffs' Proposed Jury Instruction No. 38 – Retirement Plan Loss**

BEI objects to this proposed instruction to the extent that it concerns economic damages.   See e.g. Broadnax v. City of New Haven, 415 F.3d 265, 270-71 (2d Cir. 2005) (recognizing that this is an issue for the Court, as opposed to the jury).

14

THE DEFENDANT
BEAUTY ENTERPRISES, INC.

By: _____
     Richard C. Robinson (ct04321)
     Brian C. Roche (ct17975)
     Pullman & Comley, LLC
     90 State House Square
     Hartford, CT 06103
     Telephone: (860) 541-3333
     Facsimile: (860) 424-4370

## **CERTIFICATION**

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on the date hereon to all counsel and pro se parties of record.

Rosa Lilliana Palacios, Esq.
U.S. Equal Employment Opportunity Commission
JFK Federal Building, Room 475
Boston, MA 02203-0506

Markus L. Penzel, Esq.
EEOC - Boston Area Office
J.F.K. Federal Building, Room 475
Boston, MA 02203-0506

Barbara E. Gardner, Esq.
843 Main Street, Suite I-4
Manchester, CT  06040

Julia Morris Paul, Esq.
Marte, Plepler, Falkenstein, Keith, Meggers & Paul PC
113 East Center Street
Manchester, CT 06040

Evette Soto-Maldonado, Esq.
Jackson Chin, Esq.
Puerto Rican Legal Defense and Education Fund
99 Hudson St., 14th Floor
New York, NY 10013

Valeria Calafiore, Esq.
Clifford Chance US LLP
31 West 52 Street
New York, NY 10019

                                        Richard C. Robinson
                                        Brian C. Roche

16

# EXHIBIT A

## National Origin Discrimination – Hostile Environment

The Plaintiffs also claim that the atmosphere at BEI rose to the level of a hostile work environment for them based on their national origin . To prevail on this claim, the Plaintiffs must prove to you by a preponderance of the evidence that they were subject to unwelcome, offensive national origin-based actions or speech that detrimentally affected their work environment so severely or pervasively that it altered the conditions of their employment and created an abusive working environment for them.[1] The Plaintiffs must also demonstrate a specific basis for imputing the conduct allegedly giving rise to the hostile work environment to their employer, BEI.[2]

In order to prove their hostile environment claim, the Plaintiffs must not only prove that the speech or conduct they allege to be offensive actually occurred, but that it was also offensive in both a subjective and objective way.

What I mean by "subjective," in this context, is that the various Class Members in fact feel that they were offended by the alleged conduct. What I mean by "objective" concerns the reasonableness of someone's feelings of offense. In other words, to show that conduct was objectively offensive, the Plaintiffs must show that a reasonable person would consider the alleged conduct to have been offensive to the required degree, that is was that it so severe or pervasive that it altered the terms and conditions of employment for the worse.[3] In short, the Plaintiff cannot prevail on its hostile environment claim if all it proves to you is that the Class Members were offended. It

---

[1] See Feingold v. New York, 366 F.3d 138, 149 (2d Cir. 2004).

[2] See id.

[3] See Richardson v. New York Dep't of Correctional Serv., 180 F.3d 426, 436 (2d Cir. 1999).

must prove in addition that their feelings of offense are reasonable; that reasonable people would feel offended by the conduct to the requisite degree. All this, of course, is, for you to decide, considering all of the circumstances.

And in determining whether the Defendant's conduct was so severe or pervasive that it altered the conditions of their employment, you must look to the totality of the circumstances. The types of factors that you can consider include:

(1)    the frequency of the conduct;

(2)    the severity of the conduct;

(3)    whether the conduct was physically threatening or humiliating; and

(4)    whether it unreasonably interfered with the Class Member's job performance.[4]

Isolated incidents or episodic conduct do not create what the law would consider a hostile work environment.[5]  Rather, the conduct at issue must be both extreme and severe such that it amounts to a material change in the terms and conditions of the Class Member's employment.[6]

As you are all aware by now, the Defendant in this action is BEI, a corporation. BEI can only be held liable on the Plaintiffs' hostile environment claim for the actions of the Class Members' co-workers if, in addition to the factors I previously instructed you

---

[4]    See Feingold, 366 F.3d at 150.

[5]    See Richardson, 180 F.3d at 437.

[6]    Id.; see also 3C Kevin F. O'Malley, et al. Federal Jury Practice and Instructions – Civil § 171.40 (5th ed. 2001); Alfano v. Costello, 294 F.3d 365, 374 (2d Cir. 2002).

on, the Plaintiffs establish that: (1) BEI provided no reasonable avenue for complaint, or (2) knew of the harassment but did nothing about it.[7]

The test is different where supervisors are concerned. A corporation can be held liable under Title VII where a supervisor's behavior culminates in some tangible employment action being taken against an individual employee. A tangible employment action constitutes a significant change in employment status, such as the hiring, firing, failure to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.[8] In the absence of a tangible employment action, an employer may not be held liable for the actions of a supervisor where it: (1) exercised reasonable care to prevent and correct promptly any harassing behavior related to national origin, and (b) the plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.[9]

---

[7]    See Perry v. Ethan Allen, Inc., 115 F.3d 143, 149 (2d Cir. 1997).

[8]    See Mack v. Otis Elevator Co., 326 F.3d 116, 124 (2d Cir. 2003).

[9]    See Fairbrother v. Morrison, 412 F.3d 39, 48-49 (2d Cir. 2005).

**National Origin Discrimination - Retaliation**

Under Title VII, it is unlawful for an employer to discriminate against any employee because that employee has opposed what they believe to have been discrimination by an employer, or because the employee filed a charge of discrimination or testified, assisted, or participated in any manner in an investigation of employment discrimination.

In order for the Plaintiffs to prevail on their claim of retaliation, they must prove four things:

1. That the class members involved were engaged in a protected activity;

2. That the Defendant was aware that they were engaged in this activity;

3. That the Class Members suffered an adverse employment action; and

4. That there is a causal connection between the protected activity and the adverse employment action.[10]

"Protected activity" is an employee's conduct in opposing a discriminatory practice, making a charge of discrimination or testifying, or assisting or participating in any manner in an investigation. It is action, not merely a point of view.

"Adverse employment action" includes discharge, demotion, refusal to hire, refusal to promote, or a reprimand.

The Plaintiffs must demonstrate by a preponderance of the evidence that their protected activity was followed closely in time by an adverse employment action. That

---

[10] See Jute v. Hamilton Sundstrand Corp., No. 04-3927-CV, 2005 WL 2008459 (2d Cir. Aug. 23, 2005); Wood v. Sempra Energy Trading Corp., No. 3:03cv986(JCH), 2005 WL 465423, at *8 (D. Conn. Feb. 22, 2005); Galdieri-Ambrosini v. National Realty & Dev. Corp., 136 F.3d 276, 292 (2d Cir. 1998).

4

is, to prevail on this claim the Plaintiffs must prove that the Defendant acted because the complaint or complaints were about national origin discrimination.[11]

An adverse action is related in terms of cause and effect to a protest when, despite the existence of other reasons for the adverse action, were it not for the Class Members' protest, the adverse action would not have occurred or been substantially less adverse.

If the Plaintiffs fail to establish any of these factors, you must find for the Defendant on this claim. If you find, however, that these factors have been established, you should consider any non-discriminatory explanations presented by the Defendant in support of the employment action under consideration.[12] If the Defendant has offered a non-discriminatory reason or reasons for its actions in dealing with the Plaintiffs and you believe the truth of the given reason or reasons, then your verdict should be for the Defendant. This is because, the Plaintiffs bear the burden of demonstrating that the Defendant acted out of a retaliatory motive in taking the alleged adverse employment action.

An employer acquiesces in retaliatory harassment by coworkers when the employer knows of the harassment and fails to act promptly to take action reasonably likely to remedy the harassment and prevent future episodes.[13]

---

[11]   T. J. McNamara and J. A. Southerland, <u>Federal Jury Instructions</u> § 1:670 (James Pub. 2003).

[12]   <u>See</u> <u>Cooksey v. Hertz Corp.</u>, No. 00 CV 5921(SJ), 2004 WL 1093674, at *2 (E.D.N.Y. Jan. 26, 2004).

[13]   T. J. McNamara and J. A. Southerland, <u>Federal Jury Instructions</u> § 1:710 (James Pub. 2003).

**Punitive Damages**

In addition to actual damages which I mentioned to you previously, the law permits the jury under limited circumstances to award an injured person punitive damages.

If you find in favor of the Plaintiffs under any of their Title VII claims, then you must decide whether the Defendant acted with malice or reckless indifference to the Plaintiffs' rights not to be discriminated against on the basis of national origin. A party acts with malice or indifference if:

It has been proved by a preponderance of the evidence that the Defendant took certain actions against the Plaintiffs in violation of Title VII, knowing that such action was a violation of Title VII, or acted in reckless disregard of that law. However, you may not award punitive damages if it has been proved by a preponderance of the evidence that the Defendant made a good faith effort to comply with their obligations under Title VII.

If you find that the Defendant acted with malice or reckless disregard and did not make a good-faith effort to comply with the law, then in addition to any actual or nominal damages to which you find the Plaintiffs entitled, you may, but are not required to, award Plaintiffs an additional amount as punitive damages if you find it appropriate to punish the Defendant or to deter the Defendant or others from like conduct in the future. Whether to award the Plaintiffs punitive damages, and the amount of those damages, are within your discretion.[14]

---

[14] See Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions Civil at 88-72 (3rd ed. 2005).

6

Bridgeport/65094.1/BCR/571991v1