UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION,                                ) <br>                 Plaintiff,      ) <br>                                ) <br>      -against-                          ) <br>                                ) <br> BEAUTY ENTERPRISES, INC.,    ) <br> AAA INDUSTRIAL TEMPORARIES, INC.) <br> and ESSENTIAL TEMPORARIES, INC.  ) <br>                                ) <br>                 Defendants     ) | Civil Action No. <br> 301CV378AHN <br><br> September 11, 2005 |
| MIGUEL ANGEL ALVAREZ,       ) <br> WILLIAM TORRES, LUZ ANDUJAR, ) <br> EVA DIAZ and WALESKA MIRANDA, ) <br>                 Plaintiff-Intervenors, ) <br>      -against-                          ) <br> BEAUTY ENTERPRISES, INC.,    ) <br>                 Defendant       ) | |
| LUZ ANDUJAR, and           ) <br> WALESKA MIRANDA             ) <br>                 Plaintiff-Intervenors, ) <br>      -against-                          ) <br> ESSENTIAL PERSONNEL, INC.,   ) <br>                 Defendant       ) | |

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING
FAMILY TRAGEDIES OF CLASS MEMBERS GLORIBEL RAMOS,
ROSA ROJAS, AND RUTH LUGO**

Plaintiffs in this action move the Court *in limine* for an Order precluding Defendant Beauty

Enterprises, Inc. ("Beauty Enterprises" or "Defendant") from introducing any evidence with regard to the following::

1. The deaths and circumstances of the of deaths of Class Member Gloribel Ramos' brothers in 1993, 1994, and 1995, respectively.

2. The death and circumstances of the death of Class Member Rosa Rojas's son in 1994.

3. The death and circumstances of the death of Class Member Ruth Lugo's husband in the Fall of 2002.

Plaintiffs contend that none of the above referred events in the lives of Gloribel Ramos, Ruth Lugo, and Rosa Rojas should be introduced into evidence because they are irrelevant to the claims and defenses in this case. Not only did all events happened outside the time period Class Members were working for Defendant, but the events related to Gloribel Ramos and Rosa Rojas occurred several years before they started working for Beauty Enterprises, and the event related to Ruth Lugo occurred about two years *after* she stopped working for Defendant.

Even if this Court deems the above referred events relevant, Defendant should be precluded from admitting them into evidence because their probative value are substantially outweighed by the danger of unfair prejudice, would waste time, and would confuse the issues in dispute.

## ARGUMENT

**A.  Evidence that is too remote in time or is outside the time period related to the Class Member's claims is irrelevant and should not be admitted.**

**1.  The deaths and circumstances of the deaths of Gloribel Ramos' three brothers, are are too remote in time to be relevant and should not be admitted into evidence.**

Prior to her working at Beauty Enterprises, Gloribel Ramos' three brothers died. In 1993 she lost a brother to an illness. In 1994 another brother was murdered. Then in 1995 a third brother took

his own life. Although these were traumatic and painful events for Ms. Ramos, after a normal grieving period, she was able to continue her life in a normal fashion.

Several years after the deaths of her brothers, in 1999, Ms. Ramos started working for Beauty Enterprises. It was not until 1999 or 2000 that the events related to Ms. Ramos's discrimination claims in this case took place. Therefore, because the deaths of Ms. Ramos's brothers occurred years before Ms. Ramos started working for Beauty Enterprise, these events are too remote in time to be relevant to any of the claims or defenses in this actions. Consequently, Defendant should be precluded from introducing evidence related to the deaths and the circumstances of Gloribel Ramos brothers' deaths.

    **2.**    **The death and circumstances of the death of Rosa Rojas' son in 1994 are too remote in time to be relevant and should not be admitted into evidence**.

Prior to her working at Beauty Enterprises, in 1994, Rosa Rojas' son was murdered. Despite the fact that this was a traumatic and painful event for Ms. Rojas, after a normal grieving period, she was able to continue her life in a normal fashion.

Several years after the death of her son, in 2000, Ms. Rojas started working for Beauty Enterprises. Therefore, because the death of Ms. Rojas's son occurred years before she started working for Beauty Enterprises, this event is too remote in time to be relevant to any of the claims or defenses in this actions. Consequently, Defendant should be precluded from introducing into evidence any fact related to the death and the circumstances of the death of Rosa Rojas' son.

    **3.**    **The death and circumstances of the death of Ruth Lugo's husband are events that occurred two years after she stopped working for Defendant, thus, are not relevant and should not be admitted into evidence.**

Ruth Lugo's tenure at Beauty Enterprises was March 25, 1999 to February 14, 2000.

Approximately two years later, in 2002, her husband was murdered.

Because all the events relating to Ms. Lugo's claims in this lawsuit occurred about two or three years before her husband died, her husband's death and the circumstances surrounding his death are irrelevant to this case. Therefore, Defendant should be precluded from introducing into evidence any fact related to the death or circumstances of the death of her husband.

**B.** **Evidence regarding the deaths of Gloribel Ramos's brothers, Rosa Roja's son, and Ruth Lugo's husband is unfairly prejudicial and should not be admitted**.

Even if the Court deems the aforementioned evidence relevant, the Court has "wide latitude" in excluding evidence that poses an undue risk of harassment, prejudice, or confusion of the issues pursuant to Fed. R. Evid. 403. See U.S. v. Blum, 62 F.3d 63,67 (2nd Cir. 1995) citing Delaware v. Arsdall, 475 U.S. 673, 679 (1986). See also Zurich Am. Ins. Co. v. ABM Indus., 397 F.3d 158, 172 (2nd Cir 2005).    In this case, Gloribel Ramos had three brothers that died, Rosa Rojas had a son who died, and Ruth Lugo had a husband who died - all tragically.   Although Defendant may argue that the above referred events are relevant to these Class Member's compensatory damages claims,  Plaintiffs contend that the facts surrounding these events should not be admitted into evidence pursuant to Fed. R. Evid. 403.

First of all, the grieving and the pain associated with losing a sibling, a son, or a spouse, is totally different from the pain and suffering that comes from being discriminated against. Therefore, this might create confusion in the jury's minds when it's time for them to evaluate the Class Members' compensatory damages claims. Moreover, testifying about these incidents will be enormously difficult and potentially humiliating for all three women. Trial testimony is sufficiently stressful for a witness - asking them to testify about lost loved ones in such a public forum is

tantamount to harassment.

Furthermore, Plaintiffs contend that these events should not be admitted into evidence because the jury may be more riveted by the narrative of Ms. Ramos, Ms. Rojas, and Ms. Lugo describing the deaths of their loved ones than by the issues related to employment discrimination, thereby confusing the issues in this case. Therefore, it is essential that this evidence be excluded because its probative value is outweighed by the dangers set forth in Fed. R. Evid.. 403.

### CONCLUSION

For the foregoing reasons and legal authority, Plaintiffs move the Court *in limine* for an Order precluding Defendant from introducing any evidence regarding the deaths and circumstances of the deaths of Gloribel Ramos's brothers, Rosa Rojas' son, and Ruth Lugo's husband.

_____Respectfully submitted on behalf of Plaintiffs,


_____
R. Liliana Palacios
Senior Trial Attorney
MA BBO 647078; Ct. Fed. Bar. ct22358
EEOC Boston Area Office
JFK Federal Building, Room 475
Boston, MA 02203-0506
Tel: (617) 565-3188; Fax: (617) 565-3196

## CERTIFICATE OF SERVICE

_____I, R. Liliana Palacios, hereby certify that on this 11th day of September 2005, I caused a copy of the above document to be mailed, postage prepaid, to:

Julia Morris Paul
Marte, Plepler, Falkenstein, Keith, Meggers & Paul, P.C.
113 East Center St.
Manchester, CT 06040

Barbara E. Gardner, Esq.
843 Main St., Ste. 1-4
Manchester, CT 06040


Richard Robinson, Esq.
Pullman & Comley, LLC
90 State House Square
Hartford, CT 06103-3702

Evette Soto-Maldonado , Esq.
Jackson Chin, Esq.
Puerto Rican Legal Defense and Education Fund
99 Hudson St., 14th Floor
NY, NY 10013-0000

Valeria Calafiore, Esq.
Clifford Chance US LLP
31 W. 52nd St.
NY, NY 10019-6131

_____
R. Liliana Palacios
Senior Trial Attorney