UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION,                              ) <br>             Plaintiff,    ) <br>                                              ) <br>     -against-                    ) <br>                                              ) <br> BEAUTY ENTERPRISES, INC.,         ) <br> AAA INDUSTRIAL TEMPORARIES, INC.) <br> and ESSENTIAL TEMPORARIES, INC.  ) <br>                                              ) <br>            Defendants      ) <br> _____) <br> MIGUEL ANGEL ALVAREZ,           ) <br> WILLIAM TORRES, LUZ ANDUJAR, ) <br> EVA DIAZ and WALESKA MIRANDA, ) <br>                                              ) <br>          Plaintiff-Intervenors, ) <br>                                              ) <br>     -against-                    ) <br>                                              ) <br> BEAUTY ENTERPRISES, INC.,         ) <br>                                              ) <br>            Defendant       ) <br> _____) <br> LUZ ANDUJAR, and                        ) <br> WALESKA MIRANDA                   ) <br>                                              ) <br>          Plaintiff-Intervenors, ) <br>                                              ) <br>     -against-                    ) <br>                                              ) <br> ESSENTIAL PERSONNEL, INC.,       ) <br>                                              ) <br>            Defendant       ) <br> _____) | Civil Action No. <br> 301CV378AHN <br><br> September 9, 2005 |

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING
UNEMPLOYMENT COMPENSATION BENEFITS AND/OR WELFARE BENEFITS**

1

Plaintiffs in this action move the Court *in limine* for an Order precluding Defendant Beauty Enterprises, Inc. ("Beauty Enterprises" or "Defendant") from introducing any evidence with regard to unemployment compensation benefits[1] and/or welfare benefits[2] that a Class Member might have received at any time prior or subsequent to his or her employment with Beauty Enterprises.[3]

Although on September 6, 2005, Defendant Beauty Enterprises represented it would not use any information regarding unemployment compensation benefits and/or welfare benefits received by any Class Member for the purpose of denigrating him or her, Defendant stated that it intends to use this information for other purposes. Plaintiffs contend that Defendant should be precluded from utilizing this information in its entirety because the amounts received through unemployment compensation benefits and/or welfare benefits should not be deducted from a Class Member's back pay award, therefore, this information is not relevant to any claim or defense in this case and must not be admitted into evidence.

---

[1] Plaintiffs have knowledge that the following Class Members have received unemployment compensation benefits prior or subsequent to their employment at Beauty Enterprises: Luz Andujar; Margarita Aponte; Marie Garcia; Waleska Miranda; Mariana Rivera; and William Torres.

[2] The term welfare benefits includes governmental assistance programs where recipients receive food stamps, monetary amounts, and/or medical services.

[3] Plaintiffs have knowledge that the following Class Members have received welfare benefits prior or subsequent to their employment at Beauty Enterprises: Luz Andujar; Margarita Aponte; Julio Benabe; Ruth Lugo; Cecilia Ortiz; Rosa Rojas; and Mariana Rivera.

      Even if this Court deems the above-referred information relevant, Defendant should be precluded from admitting it into evidence because its probative value is substantially outweighed by the danger of unfair prejudice.

## LEGAL ARGUMENT

A.    <u>Evidence that any class member received unemployment compensation benefits and/or welfare benefits is irrelevant</u>

      <u>Dailey v. Societe Generale</u>, 108 F.3d 451 (2d Cir. 1997), establishes that the district court has discretion whether to deduct unemployment compensation benefits from a plaintiff's back pay award, and actually did so in that case. <u>See</u> <u>Dailey</u> at 461. <u>See also</u> <u>Promisel v. First American Artificial Flowers, Inc.</u>, 943 F. 2d. 251, 258 (2nd. Cir. 258).  However, several courts in this Circuit have refused to deduct unemployment compensation benefits from a plaintiff's back pay award because a deduction relieves defendant of the consequences of its unlawful actions. <u>See</u> <u>Shannon v. Fireman's Fund Ins. Co.</u>, 136 F. Supp. 2d 225, 232 (S. D.N.Y. 2001) ; <u>Maturo v. National Graphics, Inc.</u>, 722 F. Supp. 916, 927 (D. Ct. 1989); <u>Meschino v. I.T.T.</u>, 661 F. Supp. 254, 260 (S.D.N.Y. 1987); <u>Bonura v. Chase Manhattan Bank, N.A.</u>, 629 F.Supp. 353, 361-62 (S.D.N.Y.), <u>aff'd</u>, 795 F.2d 276 (2d Cir. 1986) (citing <u>EEOC v. Kallir, Philips, Ross Inc.</u>, 420 F.Supp. 919, 925 (S.D.N.Y. 1976), <u>aff'd</u> 559 F.2d 1203 (2d Cir.) <u>cert. denied</u>, 434 U.S. 920 (1977), 54 L.Ed.2d . 277) (all declining to deduct unemployment insurance from back pay).

      The basis for the above referred reasoning relies in part on the Supreme Court's discussion of the societal purpose of unemployment benefits stated in <u>NLRB v. Gullet Gin Co.</u>, 340 U.S. 361 (1951).  In

that case the Supreme Court noted that unemployment benefits were not made to discharge any liability of defendant, "but to carry out a policy of social betterment for the benefit of the entire state." Gullet Gin, at 364. Other Circuits, also relying in the reasoning of Gullet Gin, have also held that unemployment compensation benefits should not be deducted from a plaintiff's back pay. Brown v. A.J. Gerrard Mfg. Co., 715 F.2d 1549 (11th Cir. 1983); Craig v. Y. Snacks, Inc., 721 F.2d. 77 (3rd Cir. 1983). A defendant who discriminates should not benefit from these social programs.

Welfare benefits have also been treated as a collateral source of income by the courts. See Craig v. Y. & Y Snacks, Inc., 721 F.2d 77, 83 (3d Cir 1983). Therefore, those benefits should not be deducted from a back pay award either. Welfare benefits clearly carry out a policy of social betterment and are not intended to lessen the burden on a defendant who has been deemed liable for discrimination, therefore, these monetary amounts should not be deducted.

In this case several Class Members have received unemployment compensation benefits and/or welfare benefits. Plaintiffs contend that since the amounts received thru unemployment compensation benefits and/or welfare benefits should not be deducted from any back pay award, evidence that any Class Member received unemployment compensation benefits and/or welfare benefits is irrelevant and should not be admitted into evidence in this case.

B.      Evidence regarding Class Member's receipt of benefits is unfairly prejudicial

Rule 403 of the Federal Rules of Evidence establishes that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless

presentation of cumulative evidence.  F.R.E. 403.

In this case, several Class Members have received unemployment compensation benefits and/or welfare benefits.  Even if Defendant is able to convince the Court that this information is relevant to some claim or defense, there is substantial danger that this information might create unfair prejudice in the jury's minds against the Class Members.  The jury might stereotype the Class Members because of their social backgrounds, confusing the issues to be decided in this case (employment discrimination and retaliation, among others).  Therefore, it is essential that this evidence be excluded because its probative value is outweighed by the dangers forth in F.R.E. 403.

## CONCLUSION

For the foregoing reasons and legal authority, Plaintiffs move the Court *in limine* for an Order precluding Defendant Beauty Enterprises, Inc. from introducing any evidence with regard to unemployment compensation benefits and/or welfare benefits that any of the Class Members in this case might have received.

    Respectfully submitted on behalf of Plaintiffs,

_____
R. Liliana Palacios
Senior Trial Attorney
MA BBO 647078; Ct. Fed. Bar. ct22358
EEOC Boston Area Office
JFK Federal Building, Room 475
Boston, MA 02203-0506

Tel: (617) 565-3188; Fax: (617) 565-3196

## CERTIFICATE OF SERVICE

I, R. Liliana Palacios, hereby certify that on this 9th day of September 2005, I caused a copy of the above document to be mailed, postage prepaid, to:

Julia Morris Paul
Marte, Plepler, Falkenstein, Keith, Meggers & Paul, P.C.
113 East Center St.
Manchester, CT 06040

Barbara E. Gardner, Esq.
843 Main St., Ste. 1-4
Manchester, CT 06040

Richard Robinson, Esq.
Pullman & Comley, LLC
90 State House Square
Hartford, CT 06103-3702

Evette Soto-Maldonado , Esq.
Jackson Chin, Esq.
Puerto Rican Legal Defense and Education Fund
99 Hudson St., 14th Floor
NY, NY 10013-0000

Valeria Calafiore, Esq.
Clifford Chance US LLP
31 W. 52nd St.
NY, NY 10019-6131

_____
R. Liliana Palacios
Senior Trial Attorney