UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION, ) <br>              Plaintiff, ) <br>     -against- ) <br> BEAUTY ENTERPRISES, INC., ) <br> and ESSENTIAL PERSONNEL, INC. ) <br>              Defendants ) <br> ) <br> MIGUEL ANGEL ALVAREZ, ) <br> WILLIAM TORRES, LUZ ANDUJAR, ) <br> EVA DIAZ, WALESKA MIRANDA, ) <br> JOSE LINARES and HAROLD ACOSTA ) <br>         Plaintiff-Intervenors, ) <br>     -against- ) <br> BEAUTY ENTERPRISES, INC., ) <br>             Defendant ) <br> ) <br> LUZ ANDUJAR and ) <br> WALESKA MIRANDA ) <br>         Plaintiff-Intervenors, ) <br>     -against- ) <br> ESSENTIAL PERSONNEL, INC., ) <br>             Defendant ) <br> ) | Civil Action No. 301CV378AHN <br><br><br><br><br> September 10, 2005 |

**PLAINTIFFS' OBJECTIONS TO DEFENDANT'S EXHIBIT LIST**

     Plaintiffs, the EEOC and Plaintiff Intervenors, in the above captioned case hereby file objections to Defendant, Beauty Enterprises' Exhibit List filed September 8, 2005. Beauty Enterprises filed proposed Exhibits A-G and Plaintiffs object, pursuant to Fed. R. Evid., to exhibits A-D as set forth below.

1

***Defendant's Exhibits A and B - Medical Records from the Village for Families and from St. Francis Hospital regarding Luz Andujar***

Plaintiffs object to the admissibility of these documents because Defendant has not designated any witnesses who will be capable of identifying and authenticating these documents sought to be introduced. Absent any such witnesses, Plaintiffs will be deprived of their rights, among others, to cross examine the witnesses of the contents of the documents and the circumstances surrounding their coming into being. Further, although Plaintiffs recognize that medical records are regularly admitted pursuant to Fed. R. Evid. 803(4), the Second Circuit has noted that "the fact that evidence is within an exception to the hearsay rule does not by itself make it admissible *per se*. The district court generally has discretion to exclude such hearsay on other grounds, such as where the evidence's probative value is substantially outweighed by the danger of unfair prejudice," Paolitto v. John Brown E. & C., Inc., 151 F.3d 60, 64 (2d Cir.1998) (citing Fed.R.Evid. 403). As will be further described in Plaintiff-Intervenors' Motion in *Limine* to be filed on behalf of Class Member Luz Andujar, the probative value of medical records sought to be used by Defendants is substantially outweighed by the danger of unfair prejudice to Ms. Andujar, in that the writing contain statements about Ms. Andujar's personal history which are too far removed in time from the incidents giving rise to Ms. Andujar's emotional distress in connection with the claims she makes in this action.

However, details about her emotional condition and past - told in confidence to her mental health providers - are likely to cause the jury to focus on life circumstances she has had to face - many of which she did not choose - and make negative judgements on her person, which are irrelevant to this litigation. Statements concerning Ms. Andjuar's history of abuse would

only serve the purpose of embarrassing Ms. Andujar and inflame the jury. From a policy perspective, the prejudicial effect of the statements contained in these unauthenticated writings is also important to consider since employment discrimination plaintiffs should not be forced to endure undeterred and unnecessary intrusion into their personal lives simply because they have sought to come forward and stand up against what they believe is discriminatory treatment. For the foregoing reasons, Plaintiffs urge the Court to strike Exhibits A and B from Defendant's Exhibit List pursuant to Fed. R. Evid. 403.

***Defendant's Exhibit C and D - Unemployment Records of Julio Benabe and Rosa Green***

Although Defendant may argue that unemployment fact finding reports are usually admissible pursuant to Fed. R. Evid. 803(8), as set forth above, the Second Circuit has noted that "the fact that evidence is within an exception to the hearsay rule does not by itself make it admissible *per se*. The district court generally has discretion to exclude such hearsay on other grounds, such as where the evidence's probative value is substantially outweighed by the danger of unfair prejudice," Paolitto v. John Brown E. & C., Inc., 151 F.3d 60, 64 (2d Cir.1998) (citing Fed.R.Evid. 403). Because Defendants Exhibits C and D are likely to cause the jury confusion and are likely to cause unfair prejudice to Mr. Benabe and Ms. Green, both of whom will testify under oath at trial, they should be stricken. It is of particular note that neither Mr. Benabe nor Ms. Green are seeking back or front pay related to a termination claim in this case. In this regard, both these exhibits are also irrelevant.

First, both reports are riddled with statement that are clearly hearsay within hearsay of unavailable witnesses, such as Nancy Maldonado (from AAA temporary agency) and Johanna Santiago (from Essential temporary agency). Neither Ms. Santiago nor Ms. Maldonado were

3

ever deposed in this case and have not been listed by either party as witnesses at trial. Furthermore, and particularly as it relates to Mr. Benabe's unemployment finding report, the reports are confusing as documents standing on their own; this will be compounded after Mr. Benabe and Ms.Green testify at trial.

      Both Mr. Benabe and Ms. Green testified at their depositions regarding many if not all of the allegations in the reports and will be available at trial to testify on the same. From a practical perspective, Defendant will not be harmed by the exclusion of both reports as it will be able to cross examine both parties at trial and use the document if necessary to impeach. In this manner, both Mr. Benabe and Ms. Green can respond to the inquiries. Then the jury can decide whether their testimony, in light of the unemployment report's findings, is credible. Thus, there is no reason why these documents should be entered as exhibits in this case - particularly when they are likely to cause confusion and undue prejudice to both Mr. Benabe and Ms. Green. For these reasons, Plaintiffs seek that both of Defendant's Exhibits C and D should be deemed inadmissible pursuant to Fed. R. Evid. 403.

Respectfully submitted,

_____
R. Liliana Palacios
Senior Trial Attorney
MA BBO 647078; Ct. Fed. Bar. ct22358
EEOC Boston Area Office
JFK Federal Building, Room 475
Boston, MA 02203-0506

Tel: (617) 565-3188; Fax: (617) 565-3196

## CERTIFICATE OF SERVICE

I, R. Liliana Palacios, hereby certify that on this 11th day of September, 2005, I caused a copy o the above document to be mailed, postage paid, to all attorneys of record in this matter

_____
R. Liliana Palacios
Senior Trial Attorney