UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>V. )<br>)<br>BEAUTY ENTERPRISES, INC., AAA INDUSTRIAL TEMPORARIES, INC., and, ESSENTIAL TEMPORARIES, INC., )<br>)<br>Defendants. )<br>------------------------------------------------------ )<br>MIGUEL ANGEL ALVAREZ, WILLIAM TORRES, HAROLD ACOSTA, and JOSE LINARES, )<br>)<br>Plaintiffs-Intervenors, )<br>V. )<br>)<br>BEAUTY ENTERPRISES INC., )<br>)<br>Defendant. )<br>LUZ M. ANDUJAR, WALESKA MIRANDA, and EVA DIAZ, )<br>)<br>Plaintiffs-Intervenors )<br>V. )<br>)<br>BEAUTY ENTERPRISES, INC., ESSENTIAL TEMPORARIES, INC. )<br>)<br>Defendants. ) | 301CV00378(AHN)<br><br><br>MOTION IN LIMINE TO EXCLUDE FACT WITNESSES<br><br><br><br>September 9, 2005 |

## MOTION IN LIMINE TO EXCLUDE FACT WITNESSES

Pursuant to Rule 615 of the Federal Rules of Evidence, Plaintiffs respectfully move to exclude all fact witnesses from the Courtroom at the trial of this case until such time as they are called to testify. Plaintiffs submit that the exclusion should apply to all parties, with the exception that one authorized officer or employee of a party who is not a natural person, such as Defendant Beauty Enterprises, Inc. ("Defendant"), and whom is properly designated as its representative by its attorney, may be present during the proceedings.

Plaintiffs expect there will be considerable amount of testimony, much of which will be based on information and recollections spanning a period of over a decade. Plaintiffs respectfully contend that there is a real risk that the fact testimony of witnesses may be influenced (particularly with regard to percipient recollections) if these fact witnesses are exposed to the testimony of other witnesses.

Because a court may decline to grant a party's request to exclude witnesses only under one of the exemptions set forth in Rule 615, the rule is said to carry a strong presumption in favor of exclusion. *United States v. Jackson*, 60 F.3d 128, 135 (2d Cir. 1995). Indeed, a party opposing sequestration has the burden of demonstrating why the pertinent Rule 615 exception applies, and "why the policy of the Rule in favor of automatic sequestration is inapplicable in that situation." *Id.* (quoting *Gov't of Virgin Islands v. Edinborough*, 625 F.2d 472, 474 (3d Cir. 1980).

Several witnesses in this case are currently employed by Defendant, or retain strong contacts with Defendant. Many of these potentially interested witnesses will be testifying about facts relating to contested issues spanning over a decade, involving detailed transactions and operation at Defendant's facility, meetings, rules, consultations, and it is of paramount importance to have independent, fair, and impartial factual testimony.

2

The Supreme Court long ago recognized that sequestering witnesses serves the very important purposes of imposing restraint on witnesses from "tailoring" testimony, and aiding the fact finder in detecting less than candid testimony. *Geders v. United States*, 425 U.S. 80, 87 (1976).

While Plaintiffs are certainly not accusing the parties in this case of conspiring with their witnesses to alter or bolster improperly their testimony, they are concerned by the serious potential for witnesses to be influenced, even unconsciously, by the testimony of other witnesses. The simple solution to this concern is found in this Court's inherent authority to exclude witnesses from the Courtroom.[1]

Respectfully submitted on behalf of all Plaintiffs,

_____
Jackson Chin (phv0493)
Puerto Rican Legal Defense & Education Fund
99 Hudson Street
New York, New York 10013
(212)219-3360
(212)431-4276 (fax)

Valeria Calafiore (phv0494)
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019
(212)878-8381
(212)878-3175 (fax)

*Attorneys for Plaintiffs-Intervenors Luz Andujar, Eva Diaz, Waleska Miranda, Jose Linares, and Harold Acosta.*

---

[1] Plaintiffs have no objection to the presence of expert witnesses, as it is customary for experts to consider the testimony of other witnesses in providing their own analysis of a matter on the stand. *See, e.g., In re Omeprazole Patent Litigation*, 190 F. Supp. 2d 582, 584 (S.D.N.Y. 2002). Additionally, Plaintiffs are not seeking to encroach upon the right of corporate entities, such as Defendant in this case, to have present at trial certain officers or employees serving as the corporation's representatives. Therefore, as stated above, Plaintiffs do not object to a witness so designated by the corporation's attorney from attending the entirety of the proceedings in the capacity of corporate representative of Defendant.

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Motion was caused to be served this 12th day of September, 2005 via United States mail on the following counsel of record:

Katherine Bissell Esq.
Equal Employment Opportunity Commission
201 Varick Street, 10th Floor
New York, N.Y. 10014

Rosa Liliana Palacios, Esq.
Equal Employment Opportunity Commission
JFK Federal Building – Room 475
Boston, MA 02203-0506

Richard C. Robinson, Esq.
Brian C. Roche, Esq.
Pullman & Comley
90 State House Square
Hartford, CT 06103-3702

Barbara E. Gardner, Esq.
843 Main St., Ste. 1-4
Manchester, CT 06040

_____
Valeria Calafiore (pvh0494)

4