UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

2005 SEP 14  A 10: 22

U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) |
| Plaintiff, | ) ) |
| V. | ) 301CV00378(AHN) |
| BEAUTY ENTERPRISES, INC., AAA INDUSTRIAL TEMPORARIES, INC., and, ESSENTIAL TEMPORARIES, INC., | ) ) ) ) |
| Defendants. | ) **PLAINTIFF-INTERVENOR** |
| MIGUEL ANGEL ALVAREZ, WILLIAM TORRES, HAROLD ACOSTA, and JOSE LINARES, | ) **LUZ ANDUJAR'S** ) **MOTION IN LIMINE** ) ) |
| Plaintiffs-Intervenors, | ) ) |
| V. | ) |
| BEAUTY ENTERPRISES INC., | ) ) |
| Defendant. | ) |
| LUZ M. ANDUJAR, WALESKA MIRANDA, and EVA DIAZ, | ) ) ) |
| Plaintiffs-Intervenors | ) ) |
| V. | ) September 13, 2005 |
| BEAUTY ENTERPRISES, INC., ESSENTIAL PERSONNEL, INC. | ) ) ) |
| Defendants. | ) ) |

NYA 749350.1

## PLAINTIFF-INTERVENOR LUZ ANDUJAR'S MOTION IN LIMINE

Plaintiff-Intervenor Luz Andujar ("Plaintiff") hereby respectfully moves this Court for an Order *in limine* precluding Defendant Beauty Enterprises, Inc. ("Defendant"), from introducing or otherwise mentioning in opening statement, questioning of witnesses, closing argument or in any other way before the jury, the following personal and collateral matters relating to Luz Andujar and her family:

1. Any reference to Luz Andujar's history of domestic abuse while she was a child.

2. Any reference to Luz Andujar's history of domestic abuse as an adult.

3. Any reference to Luz Andujar's removal of three of her children from her care and placement in foster care for a period of years.

4. Any reference to Luz Andujar's termination of parental rights with respect to two of her children.

5. Any reference that Luz Andujar may have suffered any other physical or mental injuries, of any kind, before the beginning of her employment with Defendant.

6. Any reference to Luz Andujar's medical records as contained in Defendant's proposed Exhibits A and B.[1]

7. Any reference concerning Luz Andujar's criminal record.

Plaintiff respectfully submits that any evidence or references concerning items 1 through 6 should be excluded for two reasons.

First, any such evidence is irrelevant under Rule 401 of the Federal Rules of Evidence, because it does not bear on any of the issues that arise in this case, and use of such evidence

---

[1] Plaintiff's objections to these exhibits were filed with the Court on September 12, 2005.

2

would only serve to inflame the jury. *See* Fed. R. Evid. 401. In addition, Rule 403 mandates that even that is relevant should be excluded when, as in this case, its probative value is substantially outweighed by the danger of unfair prejudice. *See id.* at 403. There can be no plausible reason for why Defendant would seek to introduce the evidence described above other than to embarrass, humiliate, and harass Ms. Andujar, since the events described have no bearing whatsoever on the issues to be decided in this case.

Secondly, none of the information concerning items 1 through 6, above, has been connected by competent expert medical testimony to the emotional injuries complained of by Plaintiff in this case, and therefore any such evidence is irrelevant even with respect to the issue of damages.[2] There is no question that civil right plaintiffs are entitled to recover damages for emotional suffering. *See Walz v. Town of Smithtown*, 46 F.3d 162, 170 (2d Cir. 1995) (citations omitted). There is also no question that when a defendant's wrongful acts cause injury, he is fully liable for the resulting damage even though the injured plaintiff had a preexisting condition that made the consequence of the wrongful act more severe than it might have been for a normal victim. *See, e.g., Maurer v. United States*, 668 F.2d 98, 99-100 (2d Cir. 1981) (*per curiam*). The defendant takes the plaintiff has he finds her, and he may not proportionately reduce a plaintiff's

---

[2] In addition, Exhibits A and B should be excluded because they are unreliable and inadmissible. The exhibits in question relate to a set of medical records concerning Ms. Andujar during a time period spanning from 2002 to 2003. Plaintiff submits that Exhibits A and B, as such, cannot be used for any purpose, because they are inherently unreliable, uncorroborated, and cannot be authenticated. For instance, the records are not clear about what kind of evaluation the Plaintiff was undergoing, and, with the exception of some signatures in some the documents, the records do not provide any information whatsoever about the author of those records, whether he/she was a qualified doctor, physician, his/her area of expertise and treatment, whether the person purporting to have signed those records is the same person that authored the summaries contained therein, and if so whether such person actually and always treated the patient directly or whether the records were instead made from information obtained from other treating doctors, therapists, or any other person, what the purpose of treatment was, the extent of the visits, whether the treating physician, therapist, or any other person interacting with Plaintiff spoke Spanish such that they could meaningfully interact with Plaintiff who speaks and understands very little English. Further, to exemplify some additional problems with the records, many of the summaries are hand written, and their content is not entirely discernible. Finally, these records do not readily establish whether they are based on medical testing, observation, or simply speculation by the subscribing parties whose qualifications are not

recovery of damages because of a preexisting weakness or susceptibility. *Id.* The Second Circuit has recognized only two exceptions to this general rule, none of which apply to Plaintiff in this case.[3]

Further, the Defendant has not deposed or designated as witness any of Plaintiff's treating physicians or therapists, nor has Defendant presented or designated any expert testimony that could link any potential or alleged preexisting emotional problems of Plaintiff to the issues in this case. As explained in the compelling decision in *Voykin v. Estate of DeBoer*, 733 N.E.2d 1275, 1281 (Ill. 2000), lay jurors cannot effectively and accurately assess the relationship between a prior and a current injury absent expert testimony; therefore, a defendant who wishes to introduce evidence that the plaintiff suffered a prior injury, must introduce expert testimony demonstrating why the prior injury is relevant to causation, damages, or some other issue of consequence. *Id.* Without the requisite medical expert testimony, or at least reliable testimony by treating physicians, it would not be possible for a lay juror to alone make a determination as to whether mistreatment by a spouse or a mother, for instance, causes emotional injury, whether such injury is permanent or not, whether such injury would qualify as a preexisting injury with respect to the injuries complained of in this case, and particularly in light of the fact that most of the events described in Exhibits A and B are very remote in time. Therefore, prior injuries or

---

known. For all these reasons, Plaintiff respectfully requests that Exhibits A and B be excluded in their entirety.

[3] Under the first exception, if a plaintiff is incapacitated or disabled prior to the accident, the defendant may be liable only for the additional harm he caused. *Maurer*, 668 F.2d at 100. Similarly, the second exception makes a defendant liable only for the aggravation of damages when a plaintiff has a preexisting condition that "would inevitably worsen." *Id.* Under both exception the burden is on the defendant to prove that such situations apply to a plaintiff. *Id.* In this case, neither of these exceptions can apply to Luz Andujar, because the Defendant has not adduced or made of record any evidence that Luz Andujar's emotional pain and suffering was caused by any potentially pre-existing mental condition that either incapacitated Luz Andujar during the continuing emotional injuries inflicted upon her by Defendant Beauty Enterprises, or that would inevitably worsen regardless of the injuries inflicted by Defendant. Indeed, as further described below Defendant has not deposed nor designated as witnesses either Luz Andujar's therapist, whom she started seeing following her termination at Defendant Beauty Enterprises, nor any of her treating physicians.

medical conditions, if any, that have not been linked by competent medical testimony to the injuries at issue in this case would only serve to bring up collateral and confusing matters.

With respect to item 7, Plaintiff submits that any evidence concerning Plaintiff's criminal record is entirely irrelevant and inadmissible pursuant to Rule 609 of the Federal Rules of Evidence. If Defendant's counsel intends to take the position that any such records are in any way relevant or admissible, Plaintiff respectfully request that no reference be made to such records, or to information derived therefrom, without giving Luz Andujar's counsel prior notice and an opportunity to object.

Respectfully submitted,

_____
Jackson Chin (phv0493)
Puerto Rican Legal Defense & Education Fund
99 Hudson Street
New York, New York 10013
(212)219-3360
(212)431-4276 (fax)

Valeria Calafiore (phv0494)
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019
(212)878-8381
(212)878-3175 (fax)

*Attorneys for Plaintiffs-Intervenors Luz Andujar, Eva Diaz, Waleska Miranda, Jose Linares, and Harold Acosta.*

Dated: September 13, 2005
       New York, New York

NYA 749350.1

## CERTIFICATE OF SERVICE

This is to certify that the foregoing document was caused to be served by electronic mail and by U.S. mail on this 13th day of September to the following counsel of record:

Rosa Liliana Palacios, Esq.
Equal Employment Opportunity Commission
JFK Federal Building – Room 475
Boston, MA 02203-0506

Richard C. Robinson, Esq.
Brian C. Roche, Esq.
Pullman & Comley
90 State House Square
Hartford, CT 06103-3702

Barbara E. Gardner, Esq.
843 Main St., Ste. 1-4
Manchester, CT 06040

Julia Morris Paul
Marte, Plepler, Falkenstein, Keith, Meggers & Paul, P.C.
113 East Center St.
Manchester, CT 06040

_____
Valeria Calafiore (phv0494)

VOYKIN v. ESTATE OF DeBOER  Ill. **1275**
Cite as 733 N.E.2d 1275 (Ill. 2000)

192 Ill.2d 49
248 Ill.Dec. 277
Mark **VOYKIN**, Appellee,
v.
**ESTATE OF Gordon DeBOER**,
Appellant.

No. 88227.

Supreme Court of Illinois.

July 6, 2000.

Plaintiff motorist, whose vehicle was rear-ended, sued other driver for negligence. After other driver's estate was substituted as defendant, the Circuit Court, Lake County, Terrence J. Brady, J., entered judgment in favor of estate, and plaintiff appealed. The Appellate Court reversed, 306 Ill.App.3d 689, 714 N.E.2d 607, 239 Ill.Dec. 688. Allowing appeal, the Supreme Court, Rathje, J., held that: (1) for prior injury, even to same part of body, to be relevant to causation, that injury must make it less likely that defendant's actions caused any of plaintiff's present injuries or an identifiable portion thereof; abrogating *Bailey v. Wilson*, 299 Ill.App.3d 297, 303, 233 Ill.Dec. 405, 700 N.E.2d 1113; (2) if defendant wishes to introduce of prior injury, whether to same part of body or not, defendant must introduce expert evidence to establish relevance unless the trial court determines that a lay person can readily appraise the relationship between prior and present injuries; (3) expert testimony was required in present action to show relevance of plaintiff's prior "neck problems"; and (4) improper admission of prior injury evidence without expert testimony showing relevance was prejudicial to plaintiff.

Appellate court judgment affirmed.

Heiple, J., filed a dissenting opinion in which Miller, J., joined.

**1. Damages** ⚖=163(1)

Requiring a defendant in negligence action to demonstrate a causal relationship between a prior and present injury does not impermissibly shift ultimate burden of proof to defendant, but simply imposes an obligation to demonstrate relevancy of prior injury.

**2. Damages** ⚖=168(1)

For evidence of a prior injury to be admissible at trial in personal injury action, that evidence must be relevant.

**3. Damages** ⚖=168(1)

For a prior injury, even one to the same part of body as present injury, to be relevant to causation in negligence action, the injury must make it less likely that the defendant's actions caused any of the plaintiff's injuries or an identifiable portion thereof; abrogating *Bailey v. Wilson*, 299 Ill.App.3d 297, 303, 233 Ill.Dec. 405, 700 N.E.2d 1113.

**4. Damages** ⚖=18

Defendant need not be the only cause to be held liable for an injury; rather, it is sufficient that the defendant is a cause.

**5. Damages** ⚖=33

A defendant is not relieved of liability simply because the only injury suffered by a plaintiff is an aggravation of a previous injury.

**6. Damages** ⚖=168(1)

Even if prior injury does not negate causation in negligence action, it may still be relevant to the question of damages; prior injury may establish that the plaintiff had a preexisting condition for which the defendant is not liable and that the defendant is liable only for the portion of the damages that aggravated or increased the plaintiff's injury.

**7. Witnesses** ⚖=405(1)

Trial courts should not permit inquiry into a prior injury for impeachment purposes in negligence action unless the prior injury is relevant to a fact in consequence, i.e., whether the prior injury negates causation or negates or reduces damages.

**8. Physicians and Surgeons ⚖=18.80(6.1)**

Expert testimony is not required in medical malpractice actions if the physician's conduct is so grossly negligent or the treatment so common that a layman could readily appraise it.

**9. Damages ⚖=168(1)**

If defendant in negligence action wishes to introduce evidence that plaintiff has suffered a prior injury, whether to same part of body or not, defendant must introduce expert evidence demonstrating why prior injury is relevant to causation, damages, or some other issue of consequence unless the trial court, in its discretion, determines that the natures of prior and current injuries are such that a lay person can readily appraise the relationship, if any, between those injuries without expert assistance.

**10. Damages ⚖=185(1)**

Expert testimony was required, in automobile negligence action in which defendant sought to introduce evidence of plaintiff's prior "neck problems," to establish both the nature of those problems as well as the relationship between those problems and plaintiff's current claim.

**11. Appeal and Error ⚖=1050.4**

Improper admission, without expert testimony to establish relevance, of evidence concerning plaintiff's prior "neck problems" prejudiced plaintiff in personal injury action and thus required new trial, where plaintiff's claim of an injury to his neck was a significant portion of his claim and defense introduced no other evidence countering plaintiff's claim of neck injury.

---

Theodore A.E. Poehlmann and Stephen J. Tasch, of Woodstock, for appellant.

Saul M. Ferris, of Ferris, Thompson & Zweig, Ltd., of Gurnee, for appellee.

Timothy J. Harris, of Broderick, Steiger & Maisel, of Chicago, for amicus curiae Illinois Association of Defense Trial Counsel.

Mark D. Prince, of Hughes & Prince, of Carbondale, for amicus curiae Illinois Trial Lawyers Association.

Justice RATHJE delivered the opinion of the court:

This appeal presents the question of whether a defendant must present medical or other competent evidence of a causal or relevancy connection between a plaintiff's prior injury, prior accident, or preexisting condition and the injury at issue.

BACKGROUND

This action arose from an automobile accident between plaintiff, Mark Voykin, and decedent, Gordon DeBoer. The evidence at trial established that, on January 31, 1996, decedent's car collided with the rear of plaintiff's car. Although plaintiff did not seek medical attention on the evening of the accident, the next morning, at his wife's suggestion, he sought treatment from Dr. Chinyung See for neck and back pain. Subsequently, in the circuit court of Lake County, plaintiff sued decedent for injuries suffered in the accident. After suit had been filed, but before trial, decedent died, and his estate was substituted as defendant.

During the trial, plaintiff sought to bar and defendant sought to introduce evidence that, in April 1991, approximately five years before the accident, plaintiff had suffered an injury to his lower back. Plaintiff argued that such evidence was not admissible unless defendant presented expert testimony demonstrating that the prior and present injuries were causally related. Defendant contended that expert testimony was not necessary because the injuries were to the same part of the body and continuity existed between the injuries. The trial court allowed defendant to question plaintiff and Dr. See about this prior injury and to introduce evidence relating to the treatment of plaintiff's prior injuries. The trial court also allowed defendant to introduce evidence that plaintiff

had previously suffered "neck problems" and had been treated for carpal tunnel syndrome.

After defendant rested, the trial court granted plaintiff's motion for a directed verdict as to defendant's negligence. The court specifically stated, however, that it was not ruling on the questions of causation or injury. The jury returned a verdict in defendant's favor, and the trial court entered judgment on the verdict. In his post-trial motion, plaintiff argued that he should receive a new trial because defendant should not have been permitted to introduce evidence of plaintiff's prior injury without providing expert testimony to demonstrate a causal connection between the past and present injuries. The trial court denied plaintiff's motion, and plaintiff timely appealed.

The appellate court reversed and remanded for a new trial. The court examined recent decisions from other districts of the appellate court and concluded that evidence of prior injuries should not be admitted unless the defendant presents "evidence of causation between prior and present injuries." 306 Ill.App.3d 689, 695, 239 Ill.Dec. 688, 714 N.E.2d 607. The court further explained that expert testimony would normally be necessary if the injuries were "complex." 306 Ill.App.3d at 696, 239 Ill.Dec. 688, 714 N.E.2d 607. Thereafter, this court granted defendant's petition for leave to appeal (177 Ill.2d R. 315). We also granted the motions of the Illinois Association of Defense Trial Counsel and the Illinois Trial Lawyers Association to file briefs as *amici curiae.*

## ANALYSIS

### History of the Same Part of the Body Rule

The "same part of the body rule," a doctrine developed in the appellate court, permits a defendant to introduce evidence that the plaintiff has previously suffered injuries similar to those at issue. *Brown v. Baker*, 284 Ill.App.3d 401, 404, 219 Ill. Dec. 754, 672 N.E.2d 69 (1996). Under the same part of the body rule, evidence of a prior injury is admissible without any showing that it is causally related to the present injury as long as both the past and present injuries affected the same part of the body. *Brown*, 284 Ill.App.3d at 404, 219 Ill.Dec. 754, 672 N.E.2d 69. If the injury is not to the same part of the body, the defendant must demonstrate a causal connection between the current injury and the prior injury. *Bailey v. Wilson*, 299 Ill.App.3d 297, 303, 233 Ill.Dec. 405, 700 N.E.2d 1113 (1998); see also *Elliott v. Koch*, 200 Ill.App.3d 1, 14, 146 Ill.Dec. 530, 558 N.E.2d 493 (1990).

Although this court has never addressed the applicability of the same part of the body rule, the appellate court universally applied the rule until 1996. At that time, the Appellate Court, Fifth District, reconsidered the rule. The court noted that, under the rule as it was currently being applied, a childhood knee injury could arguably be admissible in an action involving a later knee injury, "without any further showing of relevance or causation, even if the prior injury had completely healed and been symptom free for decades." *Brown*, 284 Ill.App.3d at 404–05, 219 Ill.Dec. 754, 672 N.E.2d 69. The court concluded that such a rule of evidence invited the jury to speculate on the nexus between the prior and current injuries. *Brown*, 284 Ill. App.3d at 405, 219 Ill.Dec. 754, 672 N.E.2d 69. The court concluded that, if the prior injury has "long since healed and has shown no recurring symptoms, a defendant should not be permitted to introduce evidence of the prior injury without establishing causation." *Brown*, 284 Ill.App.3d at 405, 219 Ill.Dec. 754, 672 N.E.2d 69.

Subsequently, the First District relied upon *Brown* and concluded that, "absent competent and relevant evidence of a causal connection between the preexisting condition and the injury complained of, evidence of the preexisting condition is inadmissible." *Cancio v. White*, 297 Ill.App.3d 422, 430, 232 Ill.Dec. 7, 697 N.E.2d 749

**1278** Ill.       **733 NORTH EASTERN REPORTER, 2d SERIES**

(1998); see also *Lagestee v. Days Inn Management Co.*, 303 Ill.App.3d 935, 946–47, 237 Ill.Dec. 284, 709 N.E.2d 270 (1999) (holding that "the defendant is required to present medical or other competent evidence of a causal or relevancy connection between plaintiff's prior injury, prior accident, or preexisting condition and the injury at issue as a prerequisite of admissibility").

After *Cancio* was decided, the Fourth District reconsidered and reaffirmed the same part of the body rule. *Bailey*, 299 Ill.App.3d at 304, 233 Ill.Dec. 405, 700 N.E.2d 1113. In so doing, the court held that "[a]s long as there is some evidence of the nature, extent, duration, or treatment of the previous injury, an independent showing of causation is unnecessary." *Bailey*, 299 Ill.App.3d at 304, 233 Ill.Dec. 405, 700 N.E.2d 1113.

Plaintiff asks us to follow the reasoning of *Brown*, *Cancio*, and *Lagestee* and to discard the same part of the body rule. Defendant requests that we adopt the same part of the body rule.

Shifting the Burden of Proof

Defendant's chief argument in favor of the same part of the body rule is that requiring a defendant to present evidence of causation impermissibly shifts the burden of proof to defendant. The problem with defendant's argument is that this court rejected it in 1962.

In *Caley v. Manicke*, 24 Ill.2d 390, 182 N.E.2d 206 (1962), the plaintiff recovered $20,000 for injuries sustained in a car accident. On appeal, the defendant argued that the trial court erred in striking evidence of the plaintiff's prior and subsequent accidents. This court, in rejecting that claim, noted that the issue "was fully and correctly resolved by the Appellate Court and we adopt its views in such regard." *Caley*, 24 Ill.2d at 395, 182 N.E.2d 206.

In *Caley*, the defendant sought to question the plaintiff regarding accidents occurring before and after the accident at issue. The defendant's theory was that these other accidents were the cause of the plaintiff's injuries. The defendant contended that, because the plaintiff always bears the burden of proving proximate cause, the defendant did not need to demonstrate a connection between the other accidents and the plaintiff's injuries.

The appellate court rejected the defendant's argument. It explained that, although the burden of proof never shifts between the parties, the "burden of going forward with the evidence may shift from party to party." *Caley v. Manicke*, 29 Ill.App.2d 323, 327, 173 N.E.2d 209 (1961). The court further reasoned that, although the defendant bore the burden of demonstrating the connection between the other accidents and the plaintiff's injuries, that did not mean that the burden of proof shifted to the defendant. *Caley*, 29 Ill.App.2d at 327, 173 N.E.2d 209. The court explained:

"Proximate cause was a part of plaintiff's case. It was as indispensable as the elements of defendant's negligence, plaintiff's freedom therefrom, and damage. Without it, plaintiff's action would have failed. But when he has borne the burden of proof and established the material elements necessary to make out a case, it is then the defendant's right, but certainly not his duty—to put on his defense. *This is not shifting the burden of proof.* One cannot be said to have a burden if one may pick it up or not as he pleases. Obviously if there is evidence negative of causation, a defendant should show it, but the law in according him the privilege of going forward in no wise shifts to him the burden of proof as the law knows that phrase." (Emphasis added.) *Caley*, 29 Ill.App.2d at 328–29, 173 N.E.2d 209.

The court then explained that, although other causes of the injury may be a relevant area of inquiry, "the evidence elicited on this cross-examination does not establish even remotely, a possible 'cause' or 'causes' of plaintiff's injuries." *Caley*, 29

VOYKIN v. ESTATE OF DeBOER     Ill.  **1279**
Cite as 733 N.E.2d 1275 (Ill. 2000)

Ill.App.2d at 329–30, 173 N.E.2d 209. The court emphasized that whether evidence of the other accidents was admissible was nothing more than a question of relevancy:

> "To elevate testimony that sometime before the rear-end accident in question plaintiff had been bumped, bending a trunk handle, and that after the accident and before the onset of a more serious lower-back complaint, his front headlight was struck, to the status of contributing or intervening causes, suitable for submission to triers of the fact, is to misread standard of relevancy required as pre-conditions of admissibility. That this requirement devolves on the defendant to the same extent as on plaintiff initially in presenting his case, which it does, does not shift the burden of proof, or indeed have anything to do with it. *It is a question of relevancy, pure and simple.*" (Emphasis added.) *Caley*, 29 Ill.App.2d at 330, 173 N.E.2d 209.

[1] We now reaffirm the analysis we adopted in *Caley*. Requiring a defendant to demonstrate a causal relationship between a prior and present injury in no way shifts the ultimate burden of proof. Instead, it simply requires a defendant demonstrate that the evidence he wishes to present is relevant to the question at issue, *viz.*, whether the defendant's negligence caused the plaintiff's injury.

### Relevancy

A review of the appellate court opinions reveals that the same part of the body rule is nothing more than a bright-line relevancy standard. Essentially, the same part of the body rule provides that, if a plaintiff has previously suffered an injury to the same part of the body, then that previous injury is automatically relevant to the present injury simply because it affected the same part of the body. With this conclusion, we cannot agree.

Relevant evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401; see *People v. Monroe*, 66 Ill.2d 317, 322, 5 Ill.Dec. 824, 362 N.E.2d 295 (1977) (adopting Rule 401); see also *Marut v. Costello*, 34 Ill.2d 125, 128, 214 N.E.2d 768 (1965) (holding that evidence is relevant if it "tends to prove a fact in controversy or renders a matter in issue more or less probable"). Relevancy is "tested in the light of logic, experience and accepted assumption as to human behavior." *Marut*, 34 Ill.2d at 128, 214 N.E.2d 768. However, " '[r]elevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case.' " *Monroe*, 66 Ill.2d at 322, 5 Ill.Dec. 824, 362 N.E.2d 295, quoting Fed.R.Evid. 401, Advisory Committee's Note.

[2] For evidence of a prior injury to be admissible at trial, that evidence must be relevant. The evidence of the prior injury must make the existence of a fact that is of consequence either more or less probable. In cases such as the one before this court, the defendant seeks to introduce evidence of the prior injury for one of three purposes: (1) to negate causation; (2) to negate or reduce damages; or (3) as impeachment.

[3–5] With respect to causation, evidence of a previous injury is relevant only if it tends to negate causation or injuries. It is well settled that a defendant need not be the *only* cause to be held liable for an injury; rather, it is sufficient that the defendant is *a* cause. *Nelson v. Union Wire Rope Corp.*, 31 Ill.2d 69, 88, 199 N.E.2d 769 (1964). Moreover, a defendant is not relieved of liability simply because the only injury suffered by a plaintiff is an aggravation of a previous injury. *Balestri v. Terminal Freight Cooperative Ass'n*, 76 Ill.2d 451, 455, 31 Ill.Dec. 189, 394 N.E.2d 391 (1979). Thus, for a prior injury to be relevant to causation, the injury must make it less likely that the defendant's

**1280** Ill.        **733 NORTH EASTERN REPORTER, 2d SERIES**

actions caused any of the plaintiff's injuries or an identifiable portion thereof.

[6] Even if the prior injury does not negate causation, it may still be relevant to the question of damages. For example, the prior injury may be relevant to establish that the plaintiff had a preexisting condition for which the defendant is not liable and that the defendant is liable only for the portion of the damages that aggravated or increased the plaintiff's injury.

[7] Additionally, a prior injury may be relevant as impeachment. For example, a plaintiff may be examined with respect to his failure to disclose to his physician that he has previously suffered an injury to the same part of the body. Similarly, an expert may be examined about whether his opinion would change if the expert was aware of the plaintiff's prior injury. This does not mean, however, that every undisclosed prior injury to the same part of the body is grounds for impeachment. Just as with the substantive admission of evidence, trial courts should not permit inquiry into this area unless the prior injury is relevant to a fact in consequence, *i.e.*, whether the prior injury negates causation or negates or reduces the defendant's damages.

Necessity of Expert Testimony

[8] The question remains, however, whether expert testimony is necessary to determine whether the prior injury is relevant to the current injury. In a similar context, namely, medical malpractice cases, this court has recognized that expert testimony is normally necessary "because jurors are not skilled in the practice of medicine and would find it difficult without the help of medical evidence to determine any lack of necessary scientific skill on the part of the physician." *Walski v. Tiesenga*, 72 Ill.2d 249, 256, 21 Ill.Dec. 201, 381 N.E.2d 279 (1978). Nevertheless, expert testimony is not required in medical malpractice actions if "the physician's conduct is so grossly negligent or the treatment so common that a layman could readily appraise it." *Walski*, 72 Ill.2d at 256, 21 Ill.Dec. 201, 381 N.E.2d 279.

[9] We believe that similar considerations should govern here. Without question, the human body is complex. A prior foot injury could be causally related to a current back injury, yet a prior injury to the same part of the back may not affect a current back injury. In most cases, the connection between the parts of the body and past and current injuries is a subject that is beyond the ken of the average layperson. Because of this complexity, we do not believe that, in normal circumstances, a lay juror can effectively or accurately assess the relationship between a prior injury and a current injury without expert assistance. Consequently, we conclude that, if a defendant wishes to introduce evidence that the plaintiff has suffered a prior injury, whether to the "same part of the body" or not, the defendant must introduce expert evidence demonstrating why the prior injury is relevant to causation, damages, or some other issue of consequence. This rule applies unless the trial court, in its discretion, determines that the natures of the prior and current injuries are such that a lay person can readily appraise the relationship, if any, between those injuries without expert assistance.

[10] We now apply these principles to the action before us. To do so, we need not examine every piece of evidence introduced by defendant. Our review reveals that the trial court erred in allowing defendant to introduce evidence of plaintiff's prior "neck problems" and that this alone denied plaintiff a fair trial.

At trial, both plaintiff and Dr. See testified that the day after the accident plaintiff complained of pain in his back and his neck. During defendant's case in chief, defendant introduced medical records revealing that, when plaintiff was treated for carpal tunnel syndrome, he told his physical therapist that he had "neck problems" that were "secondary to playing hockey

VOYKIN v. ESTATE OF DeBOER        Ill.  **1281**
Cite as 733 N.E.2d 1275 (Ill. 2000)

since he was 6." Defendant elicited this same information from plaintiff on cross-examination. During closing argument, defendant argued that the jury should find in favor of defendant in part because of plaintiff's previous complaints of neck pain.

Even a cursory review of this evidence reveals that it should have been excluded. This evidence does not come close to demonstrating what plaintiff's "neck problems" were, when he suffered them, or when he last suffered from symptoms. Nothing about the evidence presented by defendant has any tendency to make it less likely that defendant caused plaintiff's neck injury or that defendant caused plaintiff to suffer damages. Without expert testimony establishing both the nature of plaintiff's prior "neck problems" as well as the relationship between those prior problems and plaintiff's current claim, an average juror could not readily appraise the effect of the prior problems upon plaintiff's current claim. Consequently, this evidence should have been excluded.

[11] Because the plaintiff's claim of an injury to his neck was a significant portion of his claim and because the defense introduced no other evidence countering plaintiff's claim of a neck injury, we conclude that this erroneous introduction of evidence prejudiced plaintiff. Because this conclusion requires a new trial, we need not address the question of whether the trial court erred in allowing the introduction of evidence of plaintiff's prior back injury or his treatment for carpal tunnel syndrome. Instead, we believe that the trial court on remand is in the best position to address the admissibility of this evidence under the new standard enunciated here.

## CONCLUSION

Because the trial court erroneously allowed the admission of plaintiff's "neck problems," we affirm the judgment of the appellate court, which reversed the judgment of the trial court and remanded this cause for a new trial.

*Appellate court judgment affirmed.*

Justice HEIPLE, dissenting:

In this lawsuit, plaintiff alleges that he suffered neck and back pain which resulted from a car accident with defendant. At trial, defendant introduced evidence that plaintiff had received treatment for neck and back pain prior to his current accident. The jury awarded plaintiff no damages. The majority holds that the trial court erred in admitting evidence of plaintiff's prior neck and back pain without foundation testimony first being laid to link the earlier injuries to those plaintiff allegedly suffered in the current accident.

By today's decision, the majority rejects the long-established rule that, without presenting expert medical foundation evidence, a defendant may introduce evidence of plaintiff's prior injury so long as that injury is to the same part of plaintiff's body. See *Bailey v. Wilson*, 299 Ill. App.3d 297, 304, 233 Ill.Dec. 405, 700 N.E.2d 1113 (1998); *Elliott v. Koch*, 200 Ill.App.3d 1, 15–16, 146 Ill.Dec. 530, 558 N.E.2d 493 (1990); *Elberts v. Nussbaum Trucking, Inc.*, 97 Ill.App.3d 381, 384, 52 Ill.Dec. 831, 422 N.E.2d 1040 (1981); *Palsir v. McCorkle*, 70 Ill.App.2d 425, 431, 216 N.E.2d 682 (1966). This is an evidentiary rule of reason and convenience. The plaintiff, of course, is free to present evidence to rebut any linkage to the earlier injuries.

The majority bases its decision on its fear that allowing evidence of a plaintiff's prior injuries without expert foundation testimony "invite[s] the jury to speculate on the nexus between the prior and current injuries." 192 Ill.2d at 54, 248 Ill.Dec. at 279, 733 N.E.2d at 1277. The majority worries that retaining the same part of the body rule would permit defendants to introduce evidence of a plaintiff's prior injury " 'without any further showing of relevance or causation, even if the prior injury had completely healed and been symptom

**1282** Ill.     733 NORTH EASTERN REPORTER, 2d SERIES

free for decades.'" 192 Ill.2d at 54, 248 Ill.Dec. at 279, 733 N.E.2d at 1277, quoting *Brown v. Baker*, 284 Ill.App.3d 401, 404–05, 219 Ill.Dec. 754, 672 N.E.2d 69 (1996). These concerns are unfounded.

If a prior injury has "completely healed" and the plaintiff has "been symptom free for decades," the plaintiff has the opportunity of rebutting defendant's evidence with competent medical testimony, most likely plaintiff's own treating physician. Unlike the majority, I am confident that jurors are quite capable of understanding a plaintiff's argument that his prior injury has "long since healed" (see 192 Ill.2d at 54, 248 Ill.Dec. at 279, 733 N.E.2d at 1277) and is therefore distinguishable from the injury for which he presently seeks money damages. If, as the majority also worries, there are medical complexities regarding the relationship between the prior and current injuries, these questions are resolvable through the evidentiary and trial processes which are available to the plaintiff and his doctor. What is at issue here is an evidentiary question of weight, not admissibility. On that issue, the majority opinion misses the point. The trial court's admission of defendant's evidence comports with both common sense and the long-standing rule to that effect.

Accordingly, I respectfully dissent.

Justice MILLER joins in this dissent.



192 Ill.2d 47
248 Ill.Dec. 284

**STAR CHARTERS, Appellee,**

v.

**David J. FIGUEROA et al., Appellants.**

No. 88179.

Supreme Court of Illinois.

July 6, 2000.

Bus passenger who was injured when bus in which he was riding collided with two trucks sued operators of trucks and bus. After passenger entered court-approved pre-trial settlements with truck operators, and judgment was entered on jury verdict for passenger against bus operator, bus operator filed motion over 30 days after entry of judgment, seeking setoff based on prior settlements. The Circuit Court, Cook County, Shelvin L. Hall, J., granted setoff, and passenger appealed. The Appellate Court affirmed, and passenger petitioned for leave to appeal. After allowing petition, the Supreme Court, Heiple, J., held that a defendant's request for setoff to reflect amounts paid by settling defendants is not subject to rule under which post-trial motions must be filed within 30 days of entry of judgment, overruling *Decker*, 266 Ill.App.3d 523, 203 Ill. Dec. 444, 639 N.E.2d 1003.

Affirmed.

**Judgment** ⚖878(1)

A defendant's request for setoff to reflect amounts paid by settling defendants seeks not to modify, but rather to satisfy, the judgment entered by the trial court, and thus is not subject to rule under which post-trial motions must be filed within 30 days of entry of judgment; overruling *Decker v. St. Mary's Hospital*, 266 Ill.App.3d 523, 203 Ill.Dec. 444, 639 N.E.2d 1003. S.H.A. 735 ILCS 5/2–1202.

---

Michael S. Baird, of Stotis & Baird, Chrtd., of Chicago, for appellants.

Clausen Miller, of Chicago (James T. Ferrini and Edward M. Kay, of counsel) for appellee.

Justice HEIPLE delivered the opinion of the court:

The question presented by this appeal is whether a defendant's post-trial request