UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION,                            )
               Plaintiff,                )
    -against-                          )
                                         )
BEAUTY ENTERPRISES, INC.,              )
and ESSENTIAL TEMPORARIES, INC.        )
               Defendants                )
_____)
MIGUEL ANGEL ALVAREZ,                  )   Civil Action No. 301-CV-378 (AHN)
WILLIAM TORRES, LUZ ANDUJAR,           )
EVA DIAZ, WALESKA MIRANDA,             )
JOSE LINARES and HAROLD ACOSTA         )
               Plaintiff-Intervenors,    )   May 25, 2006
    -against-                          )
                                         )
BEAUTY ENTERPRISES, INC.,              )
               Defendant                 )
_____)
LUZ ANDUJAR and                        )
WALESKA MIRANDA                        )
               Plaintiff-Intervenors,    )
    -against-                          )
                                         )
ESSENTIAL PERSONNEL, INC.,             )
               Defendant                 )
_____)

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR RECONSIDERATION OF THE COURT'S
RULING AND ORDER ON THE DISPARATE IMPACT JURY INSTRUCTION**

Pursuant to Local Rule 7 (c),[1] Plaintiffs move for reconsideration of this Court's Ruling

and Order, dated October 25, 2006, on the disparate impact jury instruction in the above

captioned case. Plaintiffs respectfully submit that the Court should reconsider its Ruling and

---

[1] Plaintiffs appreciate that the Court allowed the parties time to engage in settlement discussion prior to the submission of the instant motion. In that regard, Plaintiffs have assumed that the Court, through its request that the parties file this motion at this time, has waived the normal ten days period for filing motions for reconsideration pursuant to Local Rule 7 (c).

Order for three reasons: (1) the Ruling and Order has been affected by the 10th Circuit's decision in <u>Maldonado v. City of Altus</u>, 433 F.3d 1294 (2006); (2) the Ruling and Order should specify that the parties have agreed to have the disparate impact claim heard by the jury pursuant to Fed. R. Civ. P. 39(c), and (3) the Ruling and Order does not provide the EEOC sufficient time to complete its internal appeals recommendation procedure prior to the filing date for the interlocutory appeal. The Court should note that Defendant, Beauty Enterprises, Inc. ("BEI") does not object to the Plaintiffs' second and third reasons for reconsideration but reserves its right to oppose Plaintiffs' first reason for the reconsideration request in light of <u>Maldonado</u>.

### *<u>Maldonado v. City of Altus</u> Evidences that this Court Should Reconsider its October 25, 2005 Ruling and Order.*

On January 11, 2006, the 10th Circuit decided <u>Maldonado v. City of Altus</u>, 433 F.3d 1294 (2006) which emphasized the reasonableness of the EEOC's guidelines on English-only rules and added a circuit court decision to the "<u>Syncro-Start</u> line of cases that embrace [the EEOC guidelines]." <u>EEOC v. Beauty Enterprises, Inc.</u>, 2005 WL 2764822, *12 (D. Conn., October 25, 2005). *See relevant discussion*, <u>Maldonado</u> at 1305-1306. Plaintiffs contend that the 10th Circuit's finding that the EEOC's guidelines are reasonable is relevant given that Courts have held that where the EEOC's interpretation of Title VII is reasonable, the EEOC's interpretation should be granted deference. *See discussion in* EEOC's Memorandum in Support of the Disparate Impact Instruction, pp. 6-7 (deference analysis), filed with this Court August 12, 2005. *See also* <u>Meritor Savings Bank v. Vinson</u>, 477 U.S. 57, 65 (1986)(discussing the deference accorded to the interpretation of the EEOC's guidelines using the EEOC's interpretation of Title VII to uphold the first hostile work environment claim). Thus, Plaintiffs respectfully request that in light of the <u>Maldonado</u> decision, the Court revisit its analysis in the Ruling and Order, and reconsider granting deference to the EEOC guidelines on English-only rules in the crafting of the

disparate impact instruction.[2]  *See* <u>Nail v. Brazoria County Drainage District No. 4</u>, 992 F.Supp. 921, 925-6 (S.D. Tex. 1998)(identifying a change in controlling case law as a proper basis for reconsideration of a summary judgment motion); <u>Multnomah County v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993)(same); <u>Becerra v. Asher</u>, 921 F, Supp. 1538, 1548 (S.D. Tex. 1996), *aff'd,* 105 F.3d 1042 (5th Cir. 1997)(same).

### *The Ruling and Order Should Include Language that Specifies the Parties have Agreed the Jury will Hear the Disparate Impact Instruction.*

As the Court is aware, a plaintiff is not normally entitled to have a jury decide a Title VII disparate impact claim.  Section 1981(a) of the Civil Rights Act, which amended Title VII in 1991, grants parties the right to a jury trial when compensatory and punitive damages are sought in intentional discrimination claims under Title VII.  *See*  42 U.S.C. §1981a (c).  However, compensatory and punitive damages are not available in disparate impact claims.  *See*  42 U.S.C. §1981a (a)(1).  Thus, disparate impact claims are claims for which parties have no jury trial as of right under Title VII.  *See* <u>Robinson v. Metro North R.R. Co.</u>, 267 F.3d 147, 157 (2nd Cir. 2001).  *See also* Barbara Lindemann and Paul Grossman, <u>Employment Discrimination Law</u>, pp.1839-40 (3rd ed. 1997).[3]

---

[2]  The Court should also note in its reconsideration that <u>Maldonado</u>, follows the business necessity standard articulated in <u>Griggs v. Duke Power Co</u>., 401 U.S. 424 (1971) that would require BEI in this case that its policy has "a manifest relationship to the employment in question…" and that "if [it] cannot be shown to be related to job performance, the [policy] is prohibited." <u>Maldonado</u>, at 1306, *citing* <u>Griggs</u> at 432 and 431.

[3]  As in the instant case, where there are discrimination claims seeking compensatory and punitive damages as well as injunctive relief through a disparate impact claim, a jury usually hears the entire case but it is the Judge who decides the disparate impact claim.  *See* <u>Robinson v. Metro North R.R. Co</u>., 267 F.3d 147, 169-70 (2nd Cir. 2001); <u>Allison v. CITGO Petroleum Corp</u>., 151 F.3d 402 (5th Cir. 1998).  *But see also and compare* <u>Taylor v. District of Columbia Water & Sewer Authority</u>, 205 F.R.D. 43, n.15 (D.C. Cir. 2002)(plaintiff's disparate impact and disparate treatment claims to be tried together as to liability but Judge to fashion injunctive relief).

However, in this case, the parties have consented to the jury deciding the disparate impact claims pursuant to Fed. R. Civ. P. 39(c).[4]  In that regard, the parties request that the Court so indicate in its Ruling and Order so as to ensure that the Court's Ruling and Order is not misunderstood by future litigants.  Furthermore, as the EEOC will very likely be interested in pursuing the interlocutory appeal proposed by the Court in the Ruling and Order, this specification will allow the Court to re-issue the Ruling and Order in a posture designed to facilitate the most useful consideration by the Second Circuit.

All parties suggest that the following language be added to the fifth full paragraph of the Ruling and Order (the added language is indicated in bold):

> Neither the Charging Parties nor Beauty has filed a dispositive motion and the case has been scheduled for a jury trial.  Because of the complexity of Title VII's burden-shifting mechanism in employment discrimination cases and the unsettled nature of the law regarding English-only workplace rules, the court requested that the parties submit proposed jury instructions on the disparate impact claim. **[FN2]**[5]  The Charging Parties and Beauty did so and the court held oral argument on October 3, 2005.
>
> **[FN2]  It is of note that there is no jury trial as of right under Title VII for disparate impact claims.  *See* <u>Robinson v. Metro North R.R. Co.</u>, 267 F.3d 147, 157 (2nd Cir. 2001).  *See also* 42 U.S.C. §1981a (c)(granting a jury trial where compensatory and punitive damages are sought) *and compare* 42 U.S.C. §1981a (a)(1)(compensatory and punitive damages not available in a disparate impact claim).  However, in this case, as permitted by Fed. R. Civ. P. 39(c), the parties have consented and the court has agreed to submit the disparate impact claim to the jury.  The court will fashion the injunctive relief should plaintiffs be successful.**

All parties believe that this language would be sufficient to achieve the above articulated goals.

---

[4] *See generally* <u>Bereda v. Pickering Creek Industrial Park, Inc</u>. 865 F.2d 49 (3rd Cir. 1989)(Prior to 1991 amendments Third Circuit permitted a jury verdict to stand where no party objected to the plaintiff's sex discrimination claims going to the jury for decision despite the fact that plaintiff did not have a right to a jury trial under Title VII); <u>Broadnax v. City of New Haven</u>, 415 F.3d 265 (2nd Cir. 2005)(court invoked Rule 39(c) in support of a jury determination of lost wages where defendant failed to object to a jury determination of injunctive relief).

[5] This would be the new footnote 2 to the Ruling and Order.

*The EEOC Respectfully Requests Time to Complete its Internal Appeals Recommendation Process Prior to any Re-issuance of the Ruling and Order*

As the Court is aware, the EEOC must follow a rigorous internal appeals recommendation/approval process before it can go forward on the interlocutory appeal proposed in the Ruling and Order. However, given that the ten day period to file a notice of interlocutory appeal will start running from the date of the issuance of the order, the Ruling and Order as currently written will not permit the EEOC sufficient time to complete its internal process, and file the appropriate appeal papers with the Court. This being the case, the EEOC respectfully request the Court allow the EEOC thirty days to pursue its internal appeals/recommendation process prior to any re-issuance of the Ruling and Order.[6]

For the foregoing reasons, Plaintiffs urge this Court to reconsider its Ruling and Order on the disparate impact jury instruction.

May 25, 2006
Boston, MA

                              Respectfully submitted,

                              _____

                              /s/ R. Liliana Palacios
                              Senior Trial Attorney
                              MA BBO 640786; Ct. Fed. Bar. ct22358
                              EEOC Boston Area Office
                              JFK Federal Building, Room 475
                              Boston, MA 02203-0506
                              Tel: (617) 565-3188; Fax: (617) 565-3196

---

[6] The New York District Office had not pursued this appeals process since it has been engaged in settlement negotiations with BEI. Should negotiations be confirmed unsuccessful on May 30, 2006, the New York District Office will immediately commence the internal appeals/recommendation process.

5

## CERTIFICATE OF SERVICE

       I, the undersigned attorney, hereby certify that a true and correct copy of this Motion, and all documents in support, were caused to be served by electronic mail and U.S. Mail this 25th day of May 2006 on the following attorneys of record:

Julia Morris Paul
Marte, Plepler, Falkenstein, Keith, Meggers & Paul, P.C.
113 East Center St.
Manchester, CT 06040

Barbara E. Gardner, Esq.
843 Main St., Ste. 1-4
Manchester, CT 06040

Richard Robinson, Esq.
Pullman & Comley, LLC
90 State House Square
Hartford, CT 06103-3702

Jackson Chin, Esq.
Puerto Rican Legal Defense and Education Fund
99 Hudson St., 14th Floor
NY, NY 10013-0000

Valeria Calafiore, Esq.
Clifford Chance US LLP
31 West 52 Street
New York, NY 10019

                                                                                                                           _____
                                                                                                                     /s/ R. Liliana Palacios
                                                                                                                     Senior Trial Attorney