UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION )<br>Plaintiff )<br>)<br>vs. )<br>)<br>BEAUTY ENTERPRISES, INC. and )<br>ESSENTIAL TEMPORARIES, INC. )<br>Defendant ) | CIVIL ACTION<br>NO. 301-CV-378 (AHN)<br><br>May 26, 2006 |

| |
|---|
| MIGUEL ALVAREZ, WILLIAM TORRES, )<br>LUZ ANDUJAR, EVA DIAZ, WALESKA )<br>MIRANDA, JOSE LINARES and )<br>HAROLD ACOSTA )<br>Plaintiff-Intervenors )<br>)<br>vs. )<br>)<br>BEAUTY ENTERPRISES, INC. )<br>Defendant ) |
| LUZ ANDUJAR and WALESKA MIRANDA )<br>Plaintiff-Intervenors )<br>)<br>vs. )<br>)<br>ESSENTIAL PERSONNEL, INC. )<br>Defendant ) |

**DEFENDANT BEAUTY ENTERPRISES' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S RULING AND ORDER ON THE DISPARATE IMPACT JURY INSTRUCTION**

Plaintiffs ask the Court to revisit its Ruling and Order on the Disparate Impact Jury Instruction because of the Tenth Circuit's recent *Maldonado v. City of Altus* decision. 433 F.3d 1294 (10th Cir. 2006). Plaintiffs' assert that this decision "affects" the subject Ruling and Order and that on this basis, the Court should reverse the Ruling, defer to the EEOC's English-only rule guideline and charge the jury accordingly. Defendant Beauty objects and demonstrates below that *Maldonado* furnishes no basis for this extraordinary relief.

For *Maldonado* to have "affected" the Ruling so as to warrant the requested relief, the Tenth Circuit would have had to have decided the very issue this Court decided here. The fact is, however, that the Tenth Circuit did not decide this issue. Moreover, it made this perfectly plain by saying so clearly and unequivocally in its opinion. ("In *Spun Steak* the Ninth Circuit rejected the English-only guideline's presumption of a disparate impact. . . **But we need not resolve the validity of this presumption**." 433 F.3d at 1305-6. [Emphasis added].)

The issue this Court decided was whether the EEOC's English-only rule guideline was entitled to deference under the principles governing deferral to an agency's interpretation of the law it administers, such that the "substantial and adverse impact" element of plaintiff's prima facie case here would be presumed and Beauty

-3-

would be precluded from presenting evidence that its rule did not have this impact in this particular case.  The very different issue the Tenth Circuit decided in *Maldonado* was whether the district court's grant of summary judgment to the defendant in that case was proper, or, more specifically, whether the district court erroneously concluded that no rational juror could find from the record there that the rule's impact on Hispanic workers was "sufficiently severe or persuasive to alter the conditions of [their] employment and create an abusive working environment."  433 F.3d at 1305.

This Court refused to defer to the EEOC's guideline and embrace it as a proper interpretation of the law because it concluded that the guideline was contrary to the plain language of the statute it was supposedly interpreting.  The *Maldonado* court, in contrast, used the EEOC guideline not as an interpretation of the law, but merely as "an indication of what a reasonable, informed person may think about the impact of an English-only work rule on minority employees . . ." 433 F.3d at 1306.  In reversing the district court, the appeals court added, "Assuming the reasonableness of the EEOC on this matter, we cannot say that on the record before us it would be unreasonable for a juror to agree that the [defendant's] English-only policy created a hostile work environment for its Hispanic employees. We are not suggesting that the Guideline is evidence admissible at trial or should be incorporated in a jury instruction.  What we are

-4-

saying is only that a juror presented with the evidence presently on the record in this case would not be unreasonable in finding that a hostile work environment existed." Id. Clearly, *Maldonado* does not "affect" the Ruling, as plaintiffs claim it does.

If *Maldonado* has any affect on the Ruling, it is a supportive one. Throughout the pertinent portion of its opinion (the discussion under "1. Prima-facie case"), the Tenth Circuit recognizes that there may be circumstances in which an English only rule could have a substantial and adverse impact on a protected group of workers, and that there also are circumstances where the rule would not have that sort of impact – and that the trier should have the benefit if each side's evidence in deciding the question. See 433 F.3d at 1304-5. This Court made the very same observation. Its Ruling reflects the concern that the Guideline, by declaring that impact is present in every case no matter what the actual facts happen to be, is contrary to this perfectly logical observation (as well as to the clear and unambiguous language of the statute in question).

-5-

This Court must reject this baseless reconsideration request.

                The DEFENDANT
                Beauty Enterprises, Inc.

By:  /s/_____
       Richard C. Robinson (ct04321)
       Pullman & Comley, LLC
       90 State House Square
       Hartford, CT 06103-3702
       Telephone 860 541 3333
       Facsimile 860 424 4370
       rrobinson@pullcom.com
       Its Attorneys

-6-

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26TH day of May 2006, a copy of the foregoing Defendant Beauty Enterprises' Memorandum in Opposition to Plaintiff's Motion for Reconsideration of the Court's Ruling and Order on the Disparate Impact Jury Instruction was filed electronically and served via U.S. mail, postage prepaid, to all parties of record. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

By:  /s/
Richard C. Robinson (ct04321)
Pullman & Comley, LLC
90 State House Square
Hartford, CT 06103-3702
Telephone 860 541 3333
Facsimile 860 424 4370
rrobinson@pullcom.com
Its Attorneys

Hartford/65094.1/RCR/190444v1