UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>                   Plaintiff,<br><br>vs.<br><br>BEAUTY ENTERPRISES, INC. AAA INDUSTRIAL TEMPORARIES, INC., and ESSENTIAL TEMPORARIES, INC.<br>                   Defendants. | 3:01CV378 (AHN)<br>March 22, 2007<br><br><br><br>**DEFENDANT BEAUTY ENTERPRISES' OPPOSITION TO MOTION TO FILE DOCUMENTS UNDER SEAL** |
| MIGUEL ANGEL ALVAREZ, WILLIAM TORRES, HAROLD ACOSTA, and JOSE LINARES,<br>                   Plaintiffs-Intervenors<br><br>vs.<br><br>BEAUTY ENTERPRISES, INC.<br>                   Defendant. | |
| LUZ M. ANDUJAR WALESKA MIRANDA and EVA DIAZ,<br>                   Plaintiffs-Intervenors<br><br>vs.<br><br>BEAUTY ENTERPRISES, INC. and ESSENTIAL PERSONNEL, INC.<br>                   Defendants. | |

The Equal Employment Opportunity Commission ("EEOC") and the other plaintiffs plan to file a motion to enforce what they claim to be a binding settlement agreement in this case with the defendant Beauty Enterprises, Inc. ("Beauty").[1] Before they do so, however, they have asked the Court for permission to file this motion under seal. Beauty opposes the request.

The applicable law focuses on the plaintiffs' asserted reasons. Are they "most compelling?" *Gambale v. Deutsche Bank,* 377 F.3d 133, 140 (2d Cir. 2004). Do they show that "suppression is essential to preserve higher values?" *Nixon v. Warner Comm., Inc.,* 435 U.S. 589. 597-99, 55 L.Ed2d 570. 98 S.Ct. 1306 (1978); *Video Software Dealers Assoc. v. Orion Pictures, Corp., (In re Orion Pictures Corp.),* 21 F.3d 24, 26 (2d Cir. 1994); *Rossi v. West Haven Board of Education,* 2005 U.S. Dist. LEXIS 6068. Absent reasons that meet this lofty standard, the "strong" presumption against sealing court records prevails.[2] *Id.* As we shall demonstrate, plaintiffs have presented no such reasons here.

---

[1] Beauty maintains that even though there had been a settlement in principle and preliminary agreements were reached on almost all issues, the parties never reached a settlement to which they were bound, that there were still open issues, and that the parties did not intend to become bound until all those issued were resolved, the final expression of all their resolutions agreed upon and the settlement document, a Consent Decree, was signed by all parties. Beauty insists that none of this occurred.

[2] The presumption against sealing is part and parcel of the presumption of public access that attaches to court records. *Gambale v. Deutsche Bank AG,* 377 F.3d 133, 140 (2d Cir. 2004). It should be noted that this presumption of access does not attach to settlement documents that were entered into on a confidential basis between the parties and are not themselves part of the court record. *Id.* at 143. Clearly, this principle does not apply here since (a) the settlement, when reached, was to be in the form of a court approved and issued Consent Decree, and (b) because the document plaintiffs seek to file under seal is a Motion to Enforce, which is clearly a court record.

The only basis plaintiffs have offered for filing their planned motion under seal is their assertion that:

> "[a]s part of the Settlement, Defendant requested, and Plaintiffs agreed, that the nature and amount of payments of the Settlement award to Plaintiffs, including to four members of Plaintiffs' class who are currently still employed by the Defendant, be kept confidential."

(Plaintiff' Motion, p. 2.) There are several reasons why this assertion does not begin to overcome the strong presumption.

1.    Plaintiffs have misrepresented the confidentiality provision they supposedly wish to protect through filing under seal. There was never any agreement to make confidential the "nature" of the payments to individual claimants. Quite the opposite, the "nature" of the payments to individual claimants was always going to be public. It would be disclosed in a consent decree in a paragraph entitled "Monetary Relief," the paragraph that would also contain, and make public, the total sum Beauty would be paying as money damages. Per this paragraph, the "nature" of the payments to individuals would be cash. The specific language in this regard is that Beauty "shall pay the allocated amounts to the individuals listed in Exhibit B . . . within fourteen (14) days of the entry of this Decree."[3] What was to be confidential was simply the amounts (from the total) that each individual claimant was to receive. The single-sentence

---

[3] Beauty maintains that there was not even a preliminary agreement on the timing of the payments.

3

confidentiality provision states, "Exhibit B shall be filed under seal and the individual amounts will be kept confidential by all parties and their agents."[4]

What follows is inescapable. When the asserted basis for filing under seal is a confidentiality provision in the underlying "Settlement," plaintiffs' misrepresentation of that provision vitiates their request. A misrepresented reason can never be characterized as "most compelling" or as evoking some "higher value."

2. The confidentiality provision in question was something Beauty sought. Even plaintiffs admit this. Beauty sought this provision to protect its own interest, not some interest plaintiffs might have had. In fact, Beauty negotiated for a settlement that would be structured the way settlements are generally structured in private discrimination litigation – where there is a private agreement, no judgment or decree, a dismissal of the litigation via stipulation and a provision that everything is confidential. The EEOC responded by reminding Beauty that it is a public agency with duties to the public, and that it could never agree to restrict public access to its doings. The settlement would have to take the form of a formal, written consent decree which the parties would sign and the Court approve, thus creating a public record that the EEOC would be free to publicize. The best that Beauty could do was to obtain the EEOC's assent to a provision that would confer confidentiality on the amounts individual claimants received, so that claimant A would not know what claimant B received, and non-claimant employees would not know what any individual claimant received.

---

[4] Exhibit B lists the name and address of each claimant and contains a place for inserting the amount an individual claimant was to receive. For four of these individuals, the words "Name of Annuity Vendor" appears. This is because at one time, the parties had discussed using the cash destined for these individuals to purchase annuities for them. The EEOC rejected this approach.

4

It is certainly generous of plaintiffs to seek permission to file under seal to protect Beauty's interest. The problem for plaintiffs, however, is that Beauty is not seeking to protect this interest here. If plaintiffs wish to reveal the subject information in their motion to enforce, Beauty is prepared to accept, and deal with, the consequences. In short, plaintiffs have no standing to seek protection for Beauty's interest. And more importantly, since Beauty is willing to subordinate its interest in favor of full public access, plaintiffs' purported reason for filing can never be considered "most compelling" or as evoking a "higher value."

3. The motion to enforce would not necessarily compel disclosure of the amounts individual claimants were to receive. The situation would be different if Beauty were asserting that payments to individual claimants was an open issue between the parties, thus making the subject pertinent to the motion to enforce. Beauty is making no such claim, however. The preliminary agreement was that EEOC would unilaterally decide what each individual claimant would receive. Beauty's assent would be unnecessary in this regard. In fact, Beauty does not yet know (because the EEOC never told it) what it had allocated to individual claimants or whether it had even finalized its allocations. Because the amounts individual claimants were to receive cannot conceivably be an issue in connection with the motion to enforce, plaintiffs have no need to reveal that information in their moving papers. Revealing this information would be purely gratuitous on their part. And, in the final analysis, protecting information that the moving party has no need to reveal is hardly a "most compelling" reason for filing under seal.

4.  Finally, and perhaps most importantly, is something that should be evident by now. Preserving the confidentiality of the information covered by the confidentiality agreement is not the real reason plaintiffs are seeking to file their motion under seal. The EEOC's counsel disclosed the real reason to Beauty's counsel. Rather than disclose something the EEOC would prefer to keep secret,[5] it is sufficient to say that false or pretextual reasons can never justify the extraordinary act of sealing court records.

Accordingly, Beauty respectfully requests that the Court deny plaintiffs' request to file under seal.

The DEFENDANT
Beauty Enterprises, Inc.

By: /s/ [signature]
Richard C. Robinson (ct04321)
Pullman & Comley, LLC
90 State House Square
Hartford, CT 06103-3702
Telephone 860 541 3333
Facsimile 860 424 4370
rrobinson@pullcom.com
Its Attorneys

---

[5] Suffice it to say, despite its readiness to assert its "full disclosure duties" to the public when full disclosure suits its interests, the EEOC here is trying to conceal from the public (and the defendants in other of its current and future cases) a settlement provision it was willing to give to Beauty.

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of March, 2007, a copy of the foregoing Defendant Beauty Enterprises' Memorandum in Opposition to Motion to File Documents Under Seal was filed electronically and served via U.S. mail, postage prepaid, to all parties of record. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

Elizabeth Grossman
Rosa Palacios-Baldwin
U.S. Equal Employment Opportunity Commission
33 Whitehall Street, 5th Floor
New York, NY 10004 -2112

Jackson Chin (phv0493)
Puerto Rican Legal Defense & Education Fund
99 Hudson Street
New York, NY 10013

Valeria Calafiore (phv0494)
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019

Barbara E. Gardner (ct07623)
843 Main Street, Ste. 1-4
Manchester, CT 060040

By:  /s/ *signature*
Richard C. Robinson (ct04321)
Pullman & Comley, LLC
90 State House Square
Hartford, CT 06103-3702
Telephone 860 541 3333
Facsimile 860 424 4370
rrobinson@pullcom.com
Its Attorneys

Hartford/65094.1/RCR/225755v1