```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

EQUAL EMPLOYMENT OPPORTUNITY   :
COMMISSION, et al.,            :
     Plaintiff,                :
                               :
     v.                        :     Civil NO. 3:01CV378(AHN)
                               :
BEAUTY ENTERPRISES, INC.,      :
     Defendant.                :
```

## RULING ON MOTION TO SEAL

This case involves a "speak English only" policy that was instituted in 1980 by defendant Beauty Enterprises, Inc. ("Beauty"), whereby its employees must speak only English at its Hartford, Connecticut warehouse. In March 2001, the Equal Employment Opportunity Commission ("EEOC") brought this action on behalf of 23 current and former Beauty employees alleging that Beauty's English-only rule violates Title VII of the Civil Rights Act of 1964. Seven of those current or former employees have also intervened as plaintiffs and filed individual claims against Beauty under various state and federal laws.

The parties initially entered into settlement negotiations in December 2005. Beauty informed the court in January 2007 that it would not settle the case. The EEOC argues that the parties reached a final settlement, and now seeks to seal the terms of that settlement agreement before it files a motion to enforce it. [doc. # 164].

The EEOC argues that the nature and amount of payments of the settlement award to the plaintiffs should be kept

confidential.  The defendant Beauty Enterprises initially requested this information be kept confidential during settlement negotiations, and the EEOC claims it agreed with Beauty on this.

Beauty argues that the parties never agreed that the "nature" of the payments would be kept confidential, only the exact dollar amount allocated to each plaintiff.  It tried to convince the EEOC to structure the settlement as a private agreement and then a stipulation of dismissal of the litigation.  Instead, the EEOC insisted that the agreement had to be a public document, specifically, a Consent Decree, because it is a public agency and cannot restrict public access to its actions.  Beauty argues that the EEOC cannot now claim that it wishes to keep the terms of the agreement confidential by sealing its motion to enforce the settlement agreement.

When necessary, the court may use its discretionary power to control and seal documents in its possession.  See Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978).  The court must weigh the interests of the parties against those of the public, which are paramount.  See id. at 602.  A pretextual reason to seal a document is insufficient, because a party's reasons for seeking a motion to seal must be "most compelling" to overcome the presumption of public access to court records.  See Gambale v. Deutsche Bank, 377 F.3d 133, 140 (2d Cir. 2004); City of Hartford v. Chase, 942 F.2d 130, 135 (2d Cir. 1991)("To be sure, sealing official documents should not be done without a

compelling reason, and interested parties should be given an opportunity to challenge the propriety of a sealing order before the decision to seal is final."). In addition, mere embarrassment or harm caused to the party is insufficient to grant a motion to seal a settlement agreement. See In re Food Management Group, LLC, 2007 WL 458022, at *13 (Bankr. S.D.N.Y. Feb. 13, 2007).

Based on oral argument before the court, the EEOC's asserted reason in its motion to seal is pretextual. Prior to this case, the EEOC had never conceded to the specific type of terms set forth in the settlement agreement in this case. The actual reason that the EEOC seeks to have the motion and agreement sealed is to avoid revealing those terms, because if they are made public, it could be detrimental to the EEOC's position in other pending cases. The EEOC admitted to the court that this was true. The EEOC's reasons are not compelling enough to grant its motion to seal.

## CONCLUSION

For the foregoing reasons, the EEOC's motion to seal [doc. # 164] is DENIED.

SO ORDERED this the 26th day of April 2007, at Bridgeport, Connecticut.

_____/s/_____
Alan H. Nevas
United States District Judge