PLAINTIFF'S EXHIBIT 3

**Calafiore, Valeria (Litigation Dispute Resolution-NY)**

| | |
|---|---|
| **From:** | ROSA PALACIOS [ROSA.PALACIOS@EEOC.GOV] |
| **Sent:** | Monday, April 10, 2006 2:50 PM |
| **To:** | jpaul@113law.com; bg@bgardnerlaw.com; Calafiore, Valeria (Litigation & Dispute Resolution-NY); ELIZABETH GROSSMAN; NORA CURTIN; gabriel_benitez@PRLDEF.ORG; jackson_chin@PRLDEF.ORG; rcr@pullcom.com |
| **Subject:** | Round 2 - Revised BEI Policy and EEOC Consent Decree |
| **Importance:** | High |

ConsentDecreeRedraftapril06.pd...

BEIPolicyProposal.pdf

** High Priority **

Consistent with our agreement during these conversations on the BEI policy, see attached EEOC's revised BEI policy and revised Consent Decree consistent with the policy. Please confirm that EEOC and BEI will meet again on Friday April 14 at 10:30 at your offices to discuss this further. Looking forward to your mark-ups and/or counter-proposals. Call me with any questions. Thanks.

R. Liliana Palacios
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
JFK Federal Building, Room 475
Boston, MA 02203-0506
Tel: (617) 565-3188 - Fax: (617) 565-3196
Rosa.Palacios@eeoc.gov

Confidentiality Statement:
This message is transmitted to you by R. Liliana Palacios of the United States Equal Employment Opportunity Commission - Boston Area Office.
The substance of this message, along with any attachments, may be confidential and legally privileged. If you are not a designated recipient of this message, please destroy it and notify the sender of the error by reply e-mail or by calling 617-565-3188.
For more information about the U.S. EEOC, please visit us at www.eeoc.gov

*DRAFT II-EEOC 4/10/06 Confidential: For Settlement Purposes Only*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

-against-

BEAUTY ENTERPRISES, INC., AAA INDUSTRIAL TEMPORARIES, INC. and ESSENTIAL TEMPORARIES, INC.

Defendants

MIGUEL ANGEL ALVAREZ, WILLIAM TORRES, LUZ ANDUJAR, EVA DIAZ, WALESKA MIRANDA, JOSE LINARES and HAROLD ACOSTA

-against-

BEAUTY ENTERPRISES, INC.

Defendant

LUZ ANDUJAR and WALESKA MIRANDA

Plaintiff-Intervenors,

-against-

ESSENTIAL PERSONNEL, INC.,

Defendant

Civil Action No. 301CV378AHN

CONSENT DECREE

***SECOND DRAFT***
***Confidential: For Settlement Purposes Only***

______This cause of action was initiated on March 12, 2001, by the United States Equal Employment Opportunity Commission (hereinafter "EEOC"), an agency of the United States Government, alleging that Defendant, Beauty Enterprises, Inc. (hereinafter "BEI") violated Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991. In its Complaint, EEOC alleges BEI engaged in discrimination against its Hispanic employees which included: (1) maintenance and enforcement of an unlawful English-only policy that is not justified by business necessity and has an adverse impact on Hispanics; (2) a hostile work environment created by BEI's management through the harassing enforcement of its English-only policy; (3) disparate treatment on the basis of national origin in the enforcement of the English-only policy; (4) retaliation for engaging in protected activity which included but was not limited to opposition to BEI's English-only policy; (5) constructive discharge related to the English-only policy and BEI's retaliatory conduct, and (6) discriminatory discharge related to the English-only policy. The EEOC's Complaint also alleged these claims against Defendants AAA Industrial Temporaries, Inc. ("AAA"), and Essential Personnel Inc. ("Essential") - both temporary agencies placing employees with BEI - as joint employers given that EEOC alleged they knew or should have known about the discrimination at BEI but failed to take appropriate remedial action. The EEOC settled its claims against AAA through a Consent Decree entered by this Court on January 2, 2003.

Miguel Angel Alvarez, William Torres, Eva Diaz, Jose Linares, Harold Acosta, Luz Andujar and Waleska Miranda are Intervenor-Plaintiffs in this case, having filed Intervenor Complaints pursuant to Fed. R. Civ. P. 24. Jorge Maldonado, Angel Oliveras, Mariana Rivera

and Lissette Santos are similarly situated individuals to the Charging Parties in this matter and identified by the EEOC as claimants in this case.

BEI **generally** denies the allegations of the EEOC's Complaint, and **specifically denies that the English-only policy which was the subject of this lawsuit was illegal, maintains that it had no substantial and/or adverse impact on Hispanics, and that it was justified by business necessity. BEI also denies** that it has engaged in discrimination on the basis of national origin, retaliation, constructive and discriminatory discharge in violation of Title VII.

The EEOC and BEI desire to settle this action, and therefore do hereby stipulate and consent to the entry of this Decree as final and binding between the Parties, who are the signatories hereto, and their successors or assigns. This Decree resolves all of Plaintiffs' claims related to Civil Action No. 301-CV-378 (AHN), filed in the United States District Court for the District of Connecticut, and through the entry of this Consent Decree, EEOC dismisses its Complaint without prejudice against Essential **which was liquidated through bankruptcy**. The Parties have agreed that this Decree may be entered into without Findings of Fact and Conclusions of Law having been made and entered by the Court.

In consideration of the mutual promises of each party to this Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

1. This Decree resolves all issues raised by the EEOC Charge Numbers listed in **Exhibit A** hereto and the allegations raised in the EEOC Complaint. This Decree also resolves all claims presented in the Intervenor Complaints filed by William Torres, Miguel Alvarez, Eva

Diaz, Harold Acosta, Luz Andujar, Waleska Miranda, and Jose Linares.

2. The Parties agree and the Court finds that this Court has jurisdiction of the subject matter of this action and over the Parties, that venue is proper, and that all administrative prerequisites have been met. No party shall contest the validity of this Decree, or the jurisdiction of the federal district court to enforce this Decree and its terms. The Parties agree and understand that this Decree in no way affects the EEOC's right to process any pending or future charges that may be filed against Defendants and to commence civil actions on any such charges not referenced in **Exhibit A**.

3. This Decree is being issued with the consent of the Parties and does not constitute an adjudication or finding by this Court on the merits of the allegations of the Complaint.

4. **Defendant and its managers, officers, agents, successors, and assigns, agree not to discriminate against any employee or applicant because of the individual's national origin. This includes an agreement not to subject an employee to differential treatment regarding the terms, conditions and privileges of employment on the basis of his/her national origin. BEI also agrees not to retaliate against any individual for asserting her or his rights under Title VII. This specifically includes an agreement not to take any retaliatory action against any individual for participating in this matter in any way, giving testimony in this matter or asserting her or his rights under Title VII, including, but not limited to, Charging Parties, claimants or other witnesses in this case.**

## A. MONETARY RELIEF

5. BEI agrees to pay a total of **$_________ ( _____dollars)** as monetary damages in

settlement of this matter. BEI shall pay the allocated amounts to the individuals listed in **Exhibit B** within fourteen (14) days of the entry of this Decree. As these monies are in the nature of compensatory damages, BEI shall provide each individual with a Form 1099 for the amount paid. BEI shall simultaneously deliver copies of the checks and Forms 1099 to the EEOC. (All submissions to the "EEOC" herein shall be directed to: R. Liliana Palacios, Senior Trial Attorney, JFK Federal Building, Room 475, Boston, MA 02203-0506). ***This section to be discussed further by all parties and ultimately revised.***

**B. INDEPENDENT CONSULTANT** ***(new section - assumes agreed upon selection prior to finalization of Consent Decree)***

6. BEI has retained an independent consultant to work with the Company and, specifically, with any individual currently operating in any human resources capacity, to review, revise, create, and distribute, as appropriate, BEI's workplace policies and procedures nation-wide, with a particular focus on its EEO policies, procedures and protocols, including its complaint investigation and remediation procedures. This Independent Consultant shall also assist BEI in the creation, planning and implementation of the training required by this Decree.

7. In accomplishing his/her responsibilities, the Independent Consultant will consider, at minimum, the following: (1) whether BEI's EEO policies are clear, accurate and effective in communicating to employees the prohibitions against unlawful discrimination; (2) whether such policies are being effectively disseminated to employees; (3) whether the policies make clear that employees making complaints or cooperating in an investigation shall be protected against retaliation and that efforts will be made to ensure retaliation does not occur; (4)

whether the complaint procedure is clearly described and easily accessible to employees; (5) whether BEI has made temporary agencies placing employees with it aware of its EEO policies and procedures; (6) whether training of BEI employees on EEO matters is sufficient, (7) whether the training program is implemented efficiently and effectively, and (8) whether BEI is in compliance with record-keeping requirements pursuant to 29 C.F.R. §1602, et seq. The Independent Consultant shall also take into account that BEI employs persons whose native language is not English and shall consider how to make any and all policies, procedures and protocols most accessible to these employees.

8. The Independent Consultant shall create an orientation to BEI for temporary employees, including a detailed orientation to the Company's anti-discrimination policies and procedures which shall include a review of BEI's EEO policies and procedures, in addition to any additional orientation regarding other work policies and procedures.

9. The Independent Consultant shall also have responsibility for creating a proposal for the establishment of a toll-free telephone number and appropriate policies and procedures relevant thereto for employees to lodge complaints of discrimination. He or she will be charged with the creation of a centralized database of all reported complaints to be kept and monitored for any repeat offenders or other patterns needing prompt remediation. The Independent Consultant shall be responsible for training at least two members of BEI's management currently responsible for human resources functions to handle and properly maintain the toll-free complaint line and centralized database once their period of consultation has ended.

10. Once the Independent Consultant has contemplated the matters specified in

paragraphs 6 and 7, and has completed the requirements of paragraphs 8 and 9, he or she shall submit recommendations in writing to BEI with a copy to EEOC. Within five (5) days of the receipt of these recommendations, EEOC and BEI will discuss the Independent Consultant's recommendations. BEI will not unreasonably disregard the EEOC's input on these recommendations. BEI will implement appropriate changes and provide copies to all employees and temporary agencies with which it does business within six (6) months from any final discussion with the EEOC, this date to be confirmed in writing by EEOC.

11. BEI shall cooperate fully with the Independent Consultant in the performance of his/her duties.

12. The EEO policies and procedures that result from the above process shall be included in any relevant policy, management and/or employee manuals kept by BEI. These policies and procedures shall also be posted conspicuously and accessibly for employees, in at minimum, the BEI lunchrooms, punch-in areas, and each warehouse. These policies and procedures shall be printed in a font that is easily legible (at least 12 point font).

**C. NOTICE AND POSTING ("remedial" omitted)**

13. No later than thirty (30) days after the Court's entry of this Decree, BEI shall post visibly in the lunchrooms, above the punch-clocks, and on the employee bulletin boards in each warehouse, a copy of a notice printed on its respective letterhead and signed by BEI President, Robert Cohen, attached hereto as **Exhibit C**.

**D. LANGUAGE POLICY** ***(entire section revised)***

14. BEI will eliminate the English-only policy that was the subject of the instant

litigation and any and all documents that communicate this policy in any way, and replace it with guidelines on language use in the workplace that have been reviewed and approved by the EEOC for purposes of resolving this matter without the costs, uncertainty, expense, and delay of litigation. The parties and the Court recognize that EEOC analyzes English-only workplace policies on a case by case basis and that it did so in this case based on EEOC's knowledge and understanding of the BEI workplace after years of litigation. The newly drafted guidelines on language use in the workplace shall distributed and implemented consistent with section B, above.

15. BEI will provide the EEOC with notification of any discipline - whether verbal or written, informal or formal - taken consistent with its new guidelines on language use for the entire period of the effectiveness of this Consent Decree. This notification will include a brief synopsis of the events leading to the discipline, any and all investigative notes and interviews relevant to the discipline, the precise discipline administered, the name of the person(s) receiving the discipline, the name of the person(s) administering the discipline, the name(s) of the persons responsible for taking such action and the written response of the person receiving the discipline, if any. BEI acknowledges and agrees that any deviation from its written guidelines may result in breach of this Decree.

**E. <u>TRAINING</u> (entire section revised)**

______16. BEI will require its management employees (including the President and other Company Executives) to attend an intensive training program of at least four hours regarding equal employment opportunity rights and responsibilities, with a focus on national origin

discrimination and the rights and responsibilities of both employees and the employer in an employment setting. All new management employees shall receive this training immediately upon hire - during initial orientation or otherwise.

17. This training shall provide non-discriminatory ways of addressing language issues in the workplace and include a diversity and/or cultural sensitivity/competency component that uses role plays and hypothetical situations to encourage discussion and engagement. This training will also include introduction to and discussion of BEI's newly implemented policy on language use in the workplace and anti-discrimination policies and procedures as set forth above. This training shall take place within one (1) year of the entry of this Decree.

18. Management employees trained as required above shall receive one hour of additional training as described above, yearly. A certificate or other proof of course completion by all management employees of this training - both the initial training and the subsequent annual training - shall be provided to the EEOC. The certification or other proof of completion for the initial training to present management employees shall be provided to the EEOC no later than one (1) year from the entry of this Decree and all subsequent certifications or proof of annual training shall be provided to the EEOC at the end of each fiscal year.

19. Non-managerial (full and part-time) employees will also be required to participate in at least one hour of training similar to that required of management employees described in the paragraphs above. This training will be provided to all new hires within three (3) months of hire, and all present employees shall be trained within one (1) year of the entry of this Decree. A certificate or other proof of course completion by all employees and new hires of this training

shall be provided to the EEOC. The certification or other proof of completion for the initial training to current employees and new employees shall be provided to the EEOC no later than one (1) year from the entry of this Decree and the certification or other proof of all subsequent training for any new hires shall be provided to the EEOC at the end of each fiscal year. The same trainer hired to provide the management training, above, shall perform this abbreviated training for non-managerial employees.

20. Temporary employees will be given a fifteen (15) minute orientation to the anti-discrimination policies and procedures as developed consistent with Section B, above. BEI will not do business with any temporary agency that does not have equal employment opportunity policies and procedures which deal with discrimination that may occur while at a client site. The policies of each of the temporary agencies with which BEI does business will be collected by BEI within one (1) year of the entry of this Decree. In the event that a temporary agency with which BEI does business does not have any anti-discrimination policies and/or procedures or has deficient policies and/or procedures, BEI will advise that temporary agency in writing of BEI's requirement that the temporary agencies with which it does business have adequate anti-discrimination policies and procedures. BEI will also require that the temporary employees placed from these agencies be, at minimum, oriented to the respective temporary agency's policies and procedures before being placed at BEI.

21. ***Trainer to be agreed upon prior to execution of Decree as described below*** (BEI shall identify five individuals competent and available to perform the training required pursuant to this section, should the Independent Consultant not be selected to administer these

required trainings. BEI shall request biographical sketches (including a summary of training experience and other relevant background) from each individual and attempt to include a diverse group of candidates in this proposed pool of individuals to be recommended to the Independent Consultant in writing with a copy to EEOC. Within five (5) days of the receipt of these recommendations, EEOC and BEI will discuss the proposed candidates. BEI will not unreasonably disregard the EEOC's input on these recommendations.)

22. BEI and the selected trainer shall submit a draft curriculum (including trainer's own outline and/or agenda) and materials to be distributed at the required training described in the paragraphs above to the EEOC for review and substantial compliance sixty (60) days prior to the first date of training. The EEOC will then notify BEI within ten (10) days as to whether its proposal is acceptable. In the event that the proposed course is not acceptable to the EEOC, the parties will confer in good faith and attempt to reach an agreement no later than thirty (30) days after receiving the EEOC's objection. Approval will not be unreasonably withheld by the EEOC.

23. In the event that any of BEI's proposals submitted pursuant to this section are not acceptable to the EEOC, the parties will confer in good faith and attempt to reach an agreement no later than thirty (30) days after receiving the EEOC's objection. In the event the parties are unable to reach an agreement they shall be entitled to pursue any and all remedies with the Court.

**F. <u>MONITORING</u>**

24. The EEOC has the right to monitor and review compliance with this Consent

Decree. Accordingly, BEI will cooperate with the EEOC in any monitoring functions it seeks to perform related to this agreement. Specifically, BEI agrees that the EEOC has the right to: (1) attend training sessions required by this Decree, (2) review any and all documents relevant to this Decree and any and all personnel records, (3) interview employees and management (in the presence of BEI counsel), and (4) the right to inspect the premises of BEI's facilities.

25. Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Decree in the event that any of the Defendants fail to perform the promises and representations contained herein.

26. Each Party shall bear its own attorney's fees and costs.

27. This Decree will remain in effect for 10 years from the entry of this Consent Decree.

SO ORDERED, ADJUDGED AND DECREED.

Signed this ____ day of _______, 2006

______________________________

____________________________________The Honorable Judge Alan Nevas

APPROVED IN FORM AND CONTENT:
By Plaintiff, EEOC:

_______________________________ ELIZABETH GROSSMAN
Acting Regional Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall St. 5th Floor
New York, NY 10004-2112
(212) 336-3696
Fax: (212) 336-3623
Elizabeth.Grossman@eeoc.gov

_______________________________
R. LILIANA PALACIOS
Senior Trial Attorney (MA 640786)
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Boston Area Office
JFK Federal Building, Room 475
Boston, MA 02203-0506
Tel: (617) 565-4804
Fax: (617) 565-3196
Rosa.Palacios@eeoc.gov

For Plaintiff-Intervenors,
Miguel Alvarez and
William Torres

_______________________________
BARBARA GARDNER
843 Main St., Ste. 1-4
Manchester, CT 06040
(860) 643-5543

JULIA MORRIS PAUL
Marte, Plepler, Falkenstein, Keith, Meggers & Paul, P.C.
113 East Center St.
Manchester, CT 06040
(860) 649-2865

For Plaintiff-Intervenors, Eva Diaz, Luz Andujar, Waleska Miranda, and Jose Linares

______________________________

JACKSON CHIN
Puerto Rican Legal Defense and Education Fund
99 Hudson St., 14th Floor
NY, NY 10013-0000
(212) 739-7508

VALERIA CALAFIORE

Clifford Chance, LLP
31 West 52nd Street
New York
NY 10019-6131
USA

For Defendant, BEI

______________________________

RICHARD ROBINSON

Pullman & Comley, LLP

90 State House Square

Hartford, CT 06103-3702

(860) 541-3333

***Exhibit A***

1.) Harold Acosta v. Beauty Enterprises, Inc.
#161-A0-0517

2.) Miguel Angel Alvarez v. Beauty Enterprises, Inc.
#161-A0-0523

3.) Luz Andujar v. Beauty Enterprises, Inc.
#161-A0-0513

4.) Margarita Aponte v. Beauty Enterprises, Inc.
#161-A0-0518 E

5.) Julio Benabe v. Beauty Enterprises, Inc.
#161-A0-0527

6.) Brenda Berrios v. Beauty Enterprises, Inc.
#161-A0-0516

7.) Maria De Jesus v. Beauty Enterprises, Inc.
#161-A0-0526

8.) Eva Diaz v. Beauty Enterprises, Inc.
#161-A0-0522

9.) Marie Garcia v. Beauty Enterprises, Inc.
#161-A0-0514

10.) Rosa Green v. Beauty Enterprises, Inc.
#161-A0-0519

11.) Jose Linares v. Beauty Enterprises, Inc.
#161-2001-00406

12.) Ruth Lugo v. Beauty Enterprises, Inc.
#161-A0-0521

13.) Waleska Miranda v. Beauty Enterprises, Inc.
#161-2001-00102

14.) Cecilia Ortiz v. Beauty Enterprises, Inc.
#161-A0-0520

15.) Madelyn Perez v. Beauty Enterpries, Inc.

*DRAFT II-EEOC 4/10/06 Confidential: For Settlement Purposes Only*

#161-A0-0540

16.) Gloribel Ramos v. Beauty Enterprises, Inc.
#161-2001-00100

17.) Eric Rivera v. Beauty Enterprises, Inc.
#161-2001-00405

18.) Rosa Rojas v. Beauty Enterprises, Inc.
#161-A0-0525

19.) William Torres v. Beauty Enterprises, Inc.
#161-A0-0515

16

*DRAFT II-EEOC 4/10/06 Confidential: For Settlement Purposes Only*

***Exhibit B***

***Individual Amounts***

1.) Harold Acosta -

2.) Miguel Angel Alvarez-

3.) Luz Andujar-

4.) Margarita Aponte-

5.) Julio Benabe-

6.) Brenda Berrios-

7.) Maria De Jesus-

8.) Eva Diaz-

9.) Marie Garcia- ***TO BE COMPLETED***

10.) Rosa Green-

11.) Jose Linares-

12.) Ruth Lugo-

13.) Waleska Miranda-

14.) Cecilia Ortiz-

17

*DRAFT II-EEOC 4/10/06 Confidential: For Settlement Purposes Only*

15.) Madelyn Perez-

16.) Gloribel Ramos-

17.) Eric Rivera-

18.) Rosa Rojas-

19.) William Torres-

20.) Jorge Maldonado-

21.) Angel Oliveras-

22.) Mariana Rivera-

23.) Lissette Santos-

18

*DRAFT II-EEOC 4/10/06 Confidential: For Settlement Purposes Only*

## *Exhibit C*

## *NOTICE*

*1. This NOTICE to all Beauty Enterprises, Inc. ("BEI") employees is being posted and provided as part of a Consent Decree between BEI as Defendant and the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION as Plaintiff. BEI, as part of the resolution of this matter, will not discriminate against any individual because of the individual's national origin and will not require its employees to speak English unless justified by business necessity.*

*2. Federal law requires that there be no discrimination against any employee or applicant for employment because that person made a complaint of discrimination because of sex, race, national origin, color or religion with respect to hiring, compensation, promotion, discharge, or other terms, conditions or privileges of employment.*

*3. BEI will comply with such Federal law in all aspects, and it will not take any action against employees because they have exercised their rights under the law by filing charges, cooperated with the U.S. Equal Employment Opportunity Commission or by otherwise opposing employment practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended.*

*4. The Equal Employment Opportunity Commission maintains offices throughout the United States. Its toll-free telephone number is 1-800-669-4000. The Boston Area Office of the EEOC has jurisdiction over Connecticut and can be contacted directly at (617) 565-3200.*

*5. This NOTICE will remain posted until , (10 YEARS FROM DATE OF SIGNATURE.)*

*SIGNED this ___ day of _________, 2006.*

_______________________________________

*BEI President and CEO*

*Robert Cohen*

*DO NOT REMOVE THIS NOTICE UNTIL 10 YEARS FROM DATE OF SIGNATURE*

*DRAFT II-EEOC 4/10/06 Confidential: For Settlement Purposes Only*

______________________________

20

***Use of Language at Beauty Enterprises, Inc. ("BEI")***

BEI is an equal opportunity employer that values the diversity of its workforce. BEI recognizes that many of our employees speak native languages other than English and that these languages can be important to ethnic and individual identity. BEI also understands that unreasonable restrictions on the use of an employee's native language at work could cause negative feelings. At the same time, the fact that no one speaks or understands all the languages that are native to our employees has led to isolated instances where employees have perceived – rightly or wrongly – they are being excluded or talked about. To maintain harmony in our workplace, the following guidelines should be followed when speaking any language at BEI:

· English is the one language common to all employees at BEI given that most employees are usually hired with some basic abilities in English. However, BEI recognizes that not every employee speaks fluent English nor feels confident in speaking English in every work situation (*aka* "employees with limited English proficiency"). Therefore, there may be times when employees are permitted to speak languages other than English because they don't know how to express themselves completely in English. Also, it is possible that employees whose native language is not English may accidentally slip into their native language. At other times, employees with some bilingual abilities may be required to assist employees with limited English proficiency to communicate or explain their jobs in their native language. BEI acknowledges and accepts these situations.

·While on the clock, employees should try to speak English when communicating with any supervisor. Also, when speaking in a group, employees should try to speak English if it is known that someone in a conversation group does not speak the native language of the speakers. Otherwise, as long as conversing does not interfere with an employee's or another employee's work performance; employees may speak the language of their choice. Employees may always speak any language they choose during non-working hours, such as before or after work, or during breaks and meal times.

·BEI requires all employees to communicate with each other – in any language – with courtesy and respect. Regardless of the language spoken, offensive, demeaning, insulting, loud, derogatory, humiliating, threatening or disruptive language or conduct is never appropriate and will not be tolerated. BEI further reminds employees that it is not acceptable to mistreat, mock, intimidate or harass employees who are trying to communicate in English or any other language.

BEI's intent is not to punish employees for insignificant infractions or isolated non-compliance with these guidelines. However, willful non-compliance with any of these guidelines will be handled in compliance with the Company's progressive disciplinary policy **[to be defined]**.

If an employee has a question or complaint about these guidelines or the manner in which BEI changes, implements or enforces these guidelines, he or she should contact ___________ (or call 1-800 number). BEI will not retaliate against nor intimidate any employee who brings forward any questions or complaints about these guidelines.