

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Boston Area Office

John F. Kennedy Federal Building
Government Center
Room 475
Boston, MA 02203-0506
(617) 565-3200
TTY (617) 565-3204
FAX (617) 565-3196

Richard Robinson, Esq.
Pullman & Comley, LLC
90 State House Square
Hartford, CT 06103-3702
*Via U.S. Mail and electronic mail*



PLAINTIFF'S
EXHIBIT
5

June 16, 2006

Re:   <u>EEOC, et al. v. Beauty Enterprises, et al.</u> C.A. No. 301CV378

Dear Rick:

     I am writing to confirm our conversation yesterday about a number of remaining issues that we need to resolve before we can finalize the Consent Decree in this case. This letter details the issues we discussed and our conversation on each item. I understand that you will speak to your client next week and get back to me on each item. Since I will be out of the office the week of June 26th, I will revise the Consent Decree as soon as I return to conform with our agreement on these outstanding issues. If we remain in disagreement on any item(s), we can also continue to discuss resolution when I return. I hope we are able to resolve these issues without getting the Judges involved.

     The following are the remaining issues we discussed during our telephone conversation yesterday:

1.)    I informed you that we had spoken to each of the class members with the exception of Miguel Alvarez, who is on vacation. I informed you that we would be speaking to him on Monday.

2.)    I informed you that Maria De Jesus and Lissette Santos continue to be unavailable and will not receive any monetary awards in this case. Their claims however, will be resolved by Consent Decree like the rest of the class members' claims.

3.)    I advised you that I would be revising para. 5 in the Consent Decree to reflect the total amount of money paid by BEI in this case, $325,000. I explained that the individual awards would be filed under seal as Exhibit B and that there would be a statement in the Decree that would require confidentiality as to the individual amounts. I also discussed the importance of maintaining the confidentiality of these awards - I impressed this on our class members, and you agreed you would do the same with your client and its

agents. As you know, the EEOC does not normally agree to keep any information related to any of its settlements confidential. I trust that your client understands that we have deviated from our policy in this instance given the unique circumstances raised in this case and hope that your client will take our willingness to extend this courtesy seriously.

4.) We discussed the award of the monies to the individuals. You stated that BEI intended to provide 1099s for the recipients since your client did not regard any of these claims to have a back-pay component. In that regard, you agreed the payments will be characterized as compensatory damages and BEI will be required to provide each of the class members with a 1099 when issuing payments.

5.) With respect to those who remain employed (Miguel Alvarez, Angel Oliveras, Madelyn Perez and Eva Diaz) we definitely want their payments to be made through the Company's purchase of an annuity on their behalf. I was unable to obtain approval for the idea of holding the awards of these four individuals in escrow until their separation from employment. Since it was your client's idea that an annuity be used as a vehicle for payment to these remaining class members and this is what the parties agreed to before the Court on May 30th, I can't anticipate there would be a problem with doing this. Assuming this is the case, we should discuss identifying a company that provides annuities and decide on the length of time each annuity will run such that it will likely correspond with the projected separation dates of each remaining class member. I note that Miguel Alvarez's award is likely to go in part for attorneys fees to his attorneys. I will put Barbara Gardner in touch with you about planning for this appropriately.

6.) Also related to those who remain employed, I spoke to you about the importance of avoiding future problems by transitioning Madelyn Perez to a permanent position with BEI - particularly in light of Larry Sussman's recent conversation with Madelyn regarding employment by the Company. In addition, I discussed the importance of removing all warnings related to this case from the personnel files of the remaining class members. This is only relevant to those permanent employees: Eva Diaz (warning re: theft of company property); Miguel Alvarez (warnings re: violations of English-only rule) and Angel Oliveras (any warning re: violation of English-only rule). You said you would speak to Larry about both these issues and get back to me. In exchange for your client's agreement to the issues raised in this paragraph, I agreed we would be willing to work with BEI on the possibility of some distribution of the monetary relief between fiscal years; we would obviously have to discuss this matter further. I note that to the extent that this decision would affect plaintiff-intervenors, I do not have the authority to negotiate this matter completely.

7.) I spoke to you about the need to identify an individual as Independent Consultant and as a staff Trainer as contemplated by the Consent Decree. You said that wouldn't be a problem and that you would get back to me on this shortly.

8.) I spoke to you about establishing a toll free number to be included in the new language policy. I also discussed the importance of abolishing the current English-only rule related forms that currently go to the temporary agencies and replacing them with the

negotiated language policy. Finally, we discussed the importance of creating a standard disciplinary policy that would be linked to the negotiated language policy - we discussed this would be something for the independent consultant to develop.

9.) Regarding the language policy, I spoke to you about translating the policy into Spanish. You thought your client would not disagree with having the policy available in Spanish if we translated it for them.

10.) You also agreed, as you did in Court, that it would not be a problem to include a sentence in the Decree that states that BEI is currently solvent.

11.) You also agreed, as you did in Court, that language be included in the Consent Decree reflecting the Judge's decision to vacate the Ruling and Order on the disparate impact instruction.

Finally, I just want to remind you that once the Consent Decree is finalized, it will need to be approved by our headquarters in Washington. I don't anticipate this will create any major problems - particularly if we are able to resolve the above issues to the Agency's satisfaction.

I look forward to hearing from you on the above issues and if I don't hear from you before I leave on the 23rd, I will check in with you the first week of July.

Very truly yours,


/s/R. Liliana Palacios
Senior Trial Attorney




cc:  Attorneys of record, by electronic mail, only.