



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Boston Area Office

John F. Kennedy Federal Building
Government Center
Room 475
Boston, MA 02203-0506
(617) 565-3200
TTY (617) 565-3204
FAX (617) 565-3196

December 21, 2006

The Honorable Holly Fitzsimmons
U.S. District Court - District of Connecticut - Bridgeport
Brien McMahon Federal Building
915 Lafayette Blvd.
Bridgeport, CT 06604          *Confidential - For Settlement Purposes Only*
*Via U.S. Mail*

Re:   <u>EEOC, et al. v. Beauty Enterprises, et al.</u> C.A. No. 301-CV-378-AHN

Dear Judge Fitzsimmons:

I am writing on behalf of Plaintiffs in the above referenced matter to inform the Court of a recent change in the settlement negotiations in the above referenced matter. Given this recent change, Plaintiffs request a settlement conference as soon as possible and seek the Court's assistance in bringing the parties to swift resolution of this matter. EEOC and Plaintiff-Intervenor counsel are available this week and next by telephone if the Court is able to accommodate this request.

As the Court well knows, the parties have been actively involved since the settlement conference before the Court at the end of May, 2006, in finding an acceptable solution to BEI"s settlement requirement that the four claimants that remain employed receive their settlements in some deferred fashion. This task has been difficult and time consuming given that an appropriate solution would require satisfying BEI that the four individuals would not receive a settlement award they could access prior to their termination from BEI, and would at the same time satisfy Plaintiffs that the individuals involved would receive their settlement awards in some acceptable investment vehicle without tax consequences, with immediate full vesting in their names.

Over the past seven months, the parties explored a few options, namely an annuity, a promissory note, and most recently a 401k contribution to be made by BEI on behalf of the permanently employed claimants within the Company's already established 401k plan. This last option offered by BEI on December 11, 2006, despite not being "perfect" in meeting the requirements of both parties, was acceptable for BEI, and plaintiffs' lawyers in this matter, and simply required counsel discussing the option with their respective clients and obtaining their approval. This was something plaintiffs' counsel believed could be done, allowing completion of this settlement, before the end of this calendar year.

It is of note that BEI was willing to fund the maximum amount for each party in the 401k, if the parties could agree to this option, by next Tuesday (tax year 2006) and then fund the rest in October of 2007. In principle, the EEOC agreed with this payment structure (that contributions

be made in 2006 and 2007) for the funding of the 401k – notwithstanding the fact that the employees' would not get the entire amount of their settlement vested at one time.[1]

Yesterday afternoon, BEI counsel, Rick Robinson and the undersigned reviewed the Consent Decree drafted in this case and agreed that all of the terms were acceptable. During this conversation, Mr. Robinson mentioned that it would be important for his client to pay the settlement amount in two installments and agreed to provide the undersigned with details later in the day. Later in the afternoon, Mr. Robinson advised the undersigned that BEI insisted on paying the entire settlement amount ($325,000.00) in two separate payments, one in January 2007 and one in October 2007. This would allow BEI to split the settlement over two separate fiscal years. After consideration of this newly added material term which was again to BEI's benefit and to the detriment now of all class members (who have been waiting for over seven months for their settlement awards), the EEOC rejected BEI's requirement. It should be noted that EEOC's Regional Attorney Elizabeth Grossman specifically rejected this request made by Mr. Sussman (BEI's Vice President) at the May 2006 conference before the Judges; the parties thereafter left the settlement conference in agreement that the only remaining matter subject to negotiation was the matter of the investment vehicle appropriate for the remaining employees described above.

By telephone today, the undersigned confirmed with Mr. Robinson that the parties were at impasse on this newly added term by BEI. Plaintiffs now seek the Court's assistance in handling this situation as unfortunately, if it remains unresolved, the entire settlement is at risk.

Sincerely,

R. Liliana Palacios-Baldwin
Senior Trial Attorney


cc:   The Honorable Judge Alan Nevas
      Valeria Calafiore, Esq.
      Jackson Chin, Esq.
      Barbara Gardner, Esq.
      Richard Robinson, Esq.

---

[1] The EEOC acknowledges that Plaintiff-Intervenor counsel Jackson Chin had some issues with the timing of the second date of funding the 401k, but the EEOC felt confident the disagreement on the matter could be worked out as between Mr. Chin and Mr. Robinson, if necessary, in very little time.

2