
PLAINTIFF'S EXHIBIT 10

# PULLMAN & COMLEY, LLC
ATTORNEYS AT LAW

RICHARD C. ROBINSON
90 State House Square
Hartford, CT  06103-3702
p   860 541 3333
f   860 424 4370
rrobinson@pullcom.com
www.pullcom.com

December 22, 2006

The Honorable Holly Fitzsimmons
U.S. District Court – District of Connecticut – Bridgeport
Brien McMahon Federal Building
915 Lafayette Blvd.
Bridgeport, CT 06604

Re:   EEOC, et al. vs. Beauty Enterprises, Inc. et al
      C.A. No. 301-CV-378-AHN

Dear Judge Fitzsimmons:

I just received the December 21st letter that Attorney Palacios-Baldwin sent you and am writing to clarify, or give you our side's perspective, on some of the events she described.

Attorney Palacios-Baldwin makes it seem as if paying the settlement amount in two installments is a new, last minute demand on our part. It is not. In fact, I am not so sure that it is accurate even to characterize this as a demand. Frankly, my client and I thought that the two installment provision had been agreed to at our conference with the court last May. And if actual agreement was not, or never was, reached on the matter, our side has always been insistent on payment in this fashion. Indeed, my understanding is that the EEOC's unwillingness to abide by/agree to a two installment payout is simply a function of the time that has expired since we reached agreement in principle back in May.

I do want to explain what the two installment provision now in question would cover. It would only cover the funds earmarked for the claimants who are no longer employees of Beauty Enterprises. The 401(K) solution for three of the four claimants who continue to be Beauty Enterprises employees will of necessity require a two installment payment because each of these individuals will be receiving the maximum "they" can contribute ("electively defer") to a 401(K) plan under the Internal Revenue Code. The EEOC is not complaining about this. Thus, it is misleading to suggest, as I think Attorney Palacios-Baldwin is doing, that the entire settlement amount of $325,000 is the subject of the two installment payment provision. Our current dispute is really whether Beauty pays approximately $244,000 all at once or in two installments.

I also want to tell you when the installment payments would be due. The first payment would be due at or shortly after the Consent Decree is approved, which would have been December of this year or January of 2007. The second would be due on October 2, 2007, approximately ten months later, on the first day of Beauty's next fiscal year. I am sure that you can infer Beauty's

# PULLMAN & COMLEY, LLC
ATTORNEYS AT LAW

The Honorable Holly Fitzsimmons
December 22, 2006
Page 2

objective given this payment plan. It is to spread the payments over two fiscal years so that there would not be a substantial adverse affect on profits in a single year.

As you can see, not only has our side worked hard to devise the 401(K) solution for the three claimants, Beauty was ready, willing and able to fund the contributions next Tuesday, the day after Christmas, in anticipation that we would sign a consent decree and the court would approve it. Suffice it to say, Beauty has not had a change of heart about settling. It still wants very much to settle. This should also tell you just how important the two installment provision is to Beauty. I find it hard to understand how the EEOC could walk away from this settlement simply because employees will be getting half "their" money in January, and the other half ten months later.

Very truly yours,

Richard C. Robinson

RCR:vml

cc: The Honorable Judge Alan Nevas
    Valeria Calafiore, Esq.
    Jackson Chin, Esq.
    Barbara Gardner

Hartford/65094.1/RCR/216689v1

2