PLAINTIFF'S
EXHIBIT
13

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -against- ) | |
| ) | |
| BEAUTY ENTERPRISES, INC., ) | Civil Action No. |
| AAA INDUSTRIAL TEMPORARIES, INC.) | 301CV378AHN |
| and ESSENTIAL TEMPORARIES, INC. ) | |
| ) | |
| Defendants ) | CONSENT DECREE |
| ) | |
| MIGUEL ANGEL ALVAREZ, ) | |
| WILLIAM TORRES, LUZ ANDUJAR, ) | |
| EVA DIAZ, WALESKA MIRANDA, ) | |
| JOSE LINARES and HAROLD ACOSTA ) | |
| ) | |
| ) | |
| -against- ) | |
| ) | |
| BEAUTY ENTERPRISES, INC. ) | |
| ) | |
| Defendant ) | |
| ) | |
| LUZ ANDUJAR and ) | |
| WALESKA MIRANDA ) | |
| ) | |
| Plaintiff-Intervenors, ) | |
| ) | |
| -against- ) | |
| ) | |
| ESSENTIAL PERSONNEL, INC., ) | |
| ) | |
| Defendant ) | |
| ) | |

1

This cause of action was initiated on March 12, 2001, by the United States Equal

Employment Opportunity Commission (hereinafter "EEOC"), an agency of the United

States Government, alleging that Defendant, Beauty Enterprises, Inc. (hereinafter "BEI")

violated Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil

Rights Act of 1991.  In its Complaint, EEOC alleges BEI engaged in discrimination against

its Hispanic employees which included: (1) maintenance and enforcement of an unlawful

English-only policy that is not justified by business necessity and has an adverse impact on

Hispanics; (2) a hostile work environment created by BEI's management through the

harassing enforcement of its English-only policy; (3) disparate treatment on the basis of

national origin in the enforcement of the English- only policy; (4) retaliation for engaging

in protected activity which included but was not limited to opposition to BEI's English-only

policy; (5) constructive discharge related to the English-only policy and BEI's retaliatory

conduct, and (6) discriminatory discharge related to the English-only policy.  The EEOC's

Complaint also alleged these claims against Defendants AAA Industrial Temporaries, Inc.

("AAA"), and Essential Personnel Inc. ("Essential") - both temporary agencies placing

employees with BEI - as joint employers given that EEOC alleged they knew or should

have known about the discrimination at BEI but failed to take appropriate remedial action.

 The EEOC settled its claims against AAA through a Consent Decree entered by this Court

on January 2, 2003.

Miguel Angel Alvarez, William Torres, Eva Diaz, Jose Linares, Harold Acosta, Luz

Andujar and Waleska Miranda are Intervenor-Plaintiffs in this case, having filed

2

Intervenor Complaints pursuant to Fed. R. Civ. P. 24.  Jorge Maldonado, Angel Oliveras, Mariana Rivera and Lissette Santos are similarly situated individuals to the Charging Parties in this matter and identified by the EEOC as claimants in this case.

BEI generally denies the allegations of the EEOC's Complaint, and specifically denies that the English-only policy which was the subject of this lawsuit was illegal, maintains that it had no substantial and/or adverse impact on Hispanics, and that it was justified by business necessity.  BEI also denies that it has engaged in discrimination on the basis of national origin, retaliation, constructive and discriminatory discharge in violation of Title VII.

The EEOC and BEI desire to settle this action, and therefore do hereby stipulate and consent to the entry of this Decree as final and binding between the Parties, who are the signatories hereto, and their successors or assigns.  This Decree resolves all of Plaintiffs' claims related to Civil Action No. 301-CV-378 (AHN), filed in the United States District Court for the District of Connecticut, and through the entry of this Consent Decree, EEOC dismisses its Complaint without prejudice against Essential which was liquidated through bankruptcy.  The Parties have agreed that this Decree may be entered into without Findings of Fact and Conclusions of Law having been made and entered by the Court.

In consideration of the mutual promises of each party to this Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

3

1.      This Decree resolves all issues raised by the EEOC Charge Numbers listed in Exhibit A hereto and the allegations raised in the EEOC Complaint.  This Decree also resolves all claims presented in the Intervenor Complaints filed by William Torres, Miguel Alvarez, Eva Diaz, Harold Acosta, Luz Andujar, Waleska Miranda, and Jose Linares.  The parties agree and the Court has been advised that claims brought by claimants Maria De Jesus and Lissette Santos, both of whom have been unavailable for over one year, will be resolved through this Decree but neither will share in any monetary relief.

2.      The Parties agree and the Court finds that this Court has jurisdiction of the subject matter of this action and over the Parties, that venue is proper, and that all administrative prerequisites have been met.  No party shall contest the validity of this Decree, or the jurisdiction of the federal district court to enforce this Decree and its terms.  The Parties agree and understand that this Decree in no way affects the EEOC's right to process any pending or future charges that may be filed against Defendants and to commence civil actions on any such charges not referenced in Exhibit A.

3.      This Decree is being issued with the consent of the Parties and does not constitute an adjudication or finding by this Court on the merits of the allegations of the Complaint.

4.      Defendant and its managers, officers, agents, successors, and assigns, agree not to discriminate against any employee or applicant because of the individual's national origin.  This includes an agreement not to subject an employee to differential treatment regarding the terms, conditions and privileges of employment on the basis of his/her

4

national origin.  BEI also agrees not to retaliate against any individual for asserting her or his rights under Title VII.  This specifically includes an agreement not to take any retaliatory action against any individual for participating in this matter in any way, giving testimony in this matter or asserting her or his rights under Title VII, including, but not limited to, Charging Parties, claimants or other witnesses in this case.

A.     **MONETARY RELIEF**

5.     BEI agrees to pay a total of $325,000 (three-hundred twenty-five thousand dollars) as monetary damages in settlement of this matter.  BEI shall pay the allocated amounts to the individuals listed in **Exhibit B**, to the listed mailing address within fourteen (14) days of the entry of this Decree.  Exceptions to this fourteen day time frame are described in Exhibit B and are to be specifically considered part of the Court's Order in this Decree.  As these monies are in the nature of compensatory damages, BEI shall provide each individual with a Form 1099 for the amount paid.  BEI shall simultaneously deliver copies of the checks and Forms 1099 to the EEOC.  (All submissions to the "EEOC" herein shall be directed to: R. Liliana Palacios, Senior Trial Attorney, JFK Federal Building, Room 475, Boston, MA 02203-0506).  Exhibit B shall be filed under seal and the individual amounts will be kept confidential by all parties and their agents.

B.     **INDEPENDENT CONSULTANT**

6.     BEI has retained an independent consultant to work with the Company and, specifically, with any individual currently operating in any human resources capacity, to review, revise, create, and distribute, as appropriate, BEI's workplace policies and procedures nation-

wide, with a particular focus on its EEO policies, procedures and protocols, including its

complaint investigation and remediation procedures.   This Independent Consultant shall also

assist BEI in the creation, planning and implementation of the training required by this Decree.

  7.  In accomplishing his/her responsibilities, the Independent Consultant will

consider, at minimum, the following: (1) whether BEI's EEO policies are clear, accurate and

effective in communicating to employees the prohibitions against unlawful discrimination; (2)

whether such policies are being effectively disseminated to employees; (3) whether the policies

make clear that employees making complaints or cooperating in an investigation shall be

protected against retaliation and that efforts will be made to ensure retaliation does not occur; (4)

whether the complaint procedure is clearly described and easily accessible to employees; (5)

whether BEI has made temporary agencies placing employees with it aware of its EEO policies

and procedures; (6) whether training of BEI employees on EEO matters is sufficient, (7) whether

the training program is implemented efficiently and effectively, and (8) whether BEI is in

compliance with record-keeping requirements pursuant to 29 C.F.R. §1602, et seq.  The

Independent Consultant shall also take into account that BEI employs persons **whose native**

**language is not English and shall consider how to make any and all policies, procedures**

**and protocols most accessible to these employees.**

  **8.**  **The Independent Consultant shall create an orientation to BEI for**

    **temporary**

**employees, including a detailed orientation to the Company's anti-discrimination policies**

**and procedures which shall include a review of BEI's EEO policies and procedures, in**

addition to any additional orientation regarding other work policies and procedures.

      9.      **The Independent Consultant shall also have responsibility for creating a proposal**

**for the establishment of a toll-free telephone number and appropriate policies and procedures relevant thereto for employees to lodge complaints of discrimination. He will be charged with the creation of a centralized database of all reported complaints to be kept and monitored for any repeat offenders or other patterns needing prompt remediation. The Independent Consultant shall be responsible for training at least two members of BEI's management currently responsible for human resources functions to handle and properly maintain the toll-free complaint line and centralized database once their period of consultation has ended.**

      10.    The Independent Consultant will also be charged with creating a standard disciplinary policy that will provide BEI management with clear guidelines to follow in administering discipline fairly and without discrimination.

      11.      **The Independent Consultant will contemplate the matters specified in paragraphs**

**6 and 7, and will complete the requirements of paragraphs 8, 9 and 10 within six (6) months after the entry of this Decree.  Once the Independent Consultant has contemplated the matters specified in paragraphs 6 and 7, and has completed the requirements of paragraphs 8, 9, and 10,  he or she shall submit recommendations in writing to BEI with a copy to EEOC.  Within five (5) days of the receipt of these recommendations, EEOC and**

7

**BEI will discuss the Independent Consultant's recommendations. BEI will not unreasonably disregard the EEOC's input on these recommendations. BEI will implement appropriate changes and provide copies to all employees and temporary agencies with which it does business within six (6) months from any final discussion with the EEOC, this date to be confirmed in writing by EEOC.**

12. **BEI shall cooperate fully with the Independent Consultant in the performance of** his/her duties.

13.    The EEO policies and procedures that result from the above process shall be included in any relevant policy, management and/or employee manuals kept by BEI.  These policies and procedures shall also be posted conspicuously and accessibly for employees, in at minimum, the BEI lunchrooms, punch-in areas, and each warehouse.   These policies and procedures **shall be printed in a font that is easily legible (at least 12 point font).**

C.    <u>NOTICE AND POSTING</u>

14. **No later than thirty (30) days after the Court's entry of this Decree, BEI shall post** **visibly in the lunchrooms, above the punch-clocks, and on the employee bulletin boards in each warehouse, a copy of a notice printed on its respective letterhead and signed by BEI President, Robert Cohen, attached hereto as <u>Exhibit C</u>.**

D.    <u>LANGUAGE POLICY</u>

15.    BEI will eliminate the English-only policy that was the subject of the instant

litigation and any and all documents that communicate this policy in any way, and replace it with guidelines on language use in the workplace that have been reviewed and approved by the EEOC for purposes of resolving **this matter without the costs, uncertainty, expense, and delay of litigation. The parties and the Court recognize that EEOC analyzes English-only workplace policies on a case by case basis and that it did so in this case based on EEOC's knowledge and understanding of the BEI workplace after years of litigation. The newly drafted guidelines on language use in the workplace shall distributed and implemented consistent with section B, above. The guidelines on language have been translated into Spanish. BEI shall provide this translated policy to its known Spanish speaking employees, and maintain copies for future distribution to any requesting employee.**

16.     BEI will provide the EEOC with notification of any discipline - whether verbal or written, informal or formal - taken consistent with its new guidelines on language use for the entire period of the effectiveness of this Consent Decree. This notification will include a brief synopsis of the events leading to the discipline, any and all investigative notes and interviews relevant to the discipline, the precise discipline administered, the name of the person(s) receiving the discipline, the name of the person(s) administering the discipline, the name(s) of the persons responsible for taking such action and the written response of the person receiving the discipline, if any. BEI acknowledges and agrees that any deviation from its written guidelines may result in breach of this Decree.

**E.    TRAINING**

17.     BEI will require its management employees (including the President and other

9

Company Executives) to attend an intensive training program of at least four hours regarding equal employment opportunity rights and responsibilities, with a focus on national origin discrimination and the rights and responsibilities of both employees and the employer in an employment setting. All new management employees shall receive this training immediately upon hire - during initial orientation or otherwise.

18.     This training shall provide non-discriminatory ways of addressing language issues in the **workplace and include a diversity and/or cultural sensitivity/competency component that uses role plays and hypothetical situations to encourage discussion and engagement. This training will also include introduction to and discussion of BEI's newly implemented policy on language use in the workplace and anti-discrimination policies and procedures as set forth above. This training shall take place within one (1) year of the entry of this Decree.**

19.     Management employees trained as required above shall receive one hour of additional training as described above, yearly. A certificate or other proof of course completion by all management employees of this training - both the initial training and the subsequent annual training - shall be provided to the EEOC. **The certification or other proof of completion for the initial training to present management employees shall be provided to the EEOC no later than one (1) year from the entry of this Decree and all subsequent certifications or proof of annual training shall be provided to the EEOC at the end of each fiscal year.**

20.     Non-managerial (full and part-time) employees will also be required to participate

in at least one hour of training similar to that required of management employees described in the paragraphs above. This training will be provided to all new hires within three (3) months of hire, and all present employees shall be trained within one (1) year **of the entry of this Decree.** **A certificate or other proof of course completion by all employees and new hires of this training shall be provided to the EEOC. The certification or other proof of completion for the initial training to current employees and new employees shall be provided to the EEOC no later than one (1) year from the entry of this Decree and the certification or other proof of all subsequent training for any new hires shall be provided to the EEOC at the end of each fiscal year. The same trainer hired to provide the management training, above, shall perform this abbreviated training for non-managerial employees.**

      21.      Temporary employees will be given a fifteen (15) minute orientation to the anti-discrimination policies and procedures as developed consistent with Section B, above. BEI will not do business with any temporary agency that does not have equal employment opportunity policies and procedures which deal with discrimination that may occur while at a client site. The policies of each of the temporary agencies with which BEI does business will be collected by BEI within one (1) year **of the entry of this Decree. In the event that a temporary agency with which BEI does business does not have any anti-discrimination policies and/or procedures or has deficient policies and/or procedures, BEI will advise that temporary agency in writing of BEI's requirement that the temporary agencies with which it does business have adequate anti-discrimination policies and procedures. BEI will also require that the temporary employees placed from these agencies be, at minimum, oriented to the**

11

respective temporary agency's policies and procedures before being placed at BEI.

22.     BEI and the selected trainer shall submit a draft curriculum (including trainer's own outline and/or agenda) and materials to be distributed at the required training described in the paragraphs above to the EEOC **for review and substantial compliance sixty (60) days prior to the first date of training.  The EEOC will then notify BEI within ten (10) days as to whether its proposal is acceptable.  In the event that the proposed course is not acceptable to the EEOC, the parties will confer in good faith and attempt to reach an agreement no later than thirty (30) days after receiving the EEOC's objection.  Approval will not be unreasonably withheld by the EEOC.**

23.     **In the event that any of BEI's proposals submitted pursuant to this section are** not acceptable to the EEOC, the parties will confer in good faith and attempt to reach an agreement no later than thirty (30) days after receiving the EEOC's objection.  In the event the parties are unable to reach an agreement they shall be entitled to pursue any and all remedies with the Court.

6.     <u>ADDITIONAL RELIEF</u>

24.     BEI shall provide claimant Madelyn Perez with the next warehouse worker position available **through the Company.**

25.     Warnings issued to the remaining employed Charging Parties and/or claimants that were administered by BEI as a result of the disputed English only policy, and warnings disputed as retaliatory during the litigation **will be removed from these individual's**

personnel files.  **The warnings to be removed are specified in <u>Exhibit D</u>.**

26.      BEI, if asked to provide a reference check for any of the Intervenor-Plaintiff or claimants will provide only the dates of employment and the position held.  All requests for a reference shall be directed to: Sally Anne Bailey.

27.      The Court has agreed to and the parties have consented to the Court vacating its decision in <u>EEOC v. Beauty Enterprises, Inc.</u>, Slip Copy, 2005 WL 2764822, D. Conn. 2005 (October 25, 2005).

**G.      <u>MONITORING</u>**

**28.      The EEOC has the right to monitor and review compliance with this Consent Decree.  Accordingly, BEI will cooperate with the EEOC in any monitoring functions it seeks to perform related to this agreement.  Specifically, BEI agrees that the EEOC has the right to: (1) attend training sessions required by this Decree, (2) review any and all documents relevant to this Decree and any and all personnel records, (3) interview employees and management (in the presence of BEI counsel), and (4) the right to inspect the premises of BEI's facilities.**

29.      Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Decree in the event that any of the Defendants fail to perform the promises and representations contained herein.

30.      Each Party shall bear its own attorney's fees and costs.  BEI states that at the time of its signing of this Decree that it is solvent.

**31.      This Decree will remain in effect for 10 years from the entry of this Consent**

13

Decree.

**SO ORDERED, ADJUDGED AND DECREED.**

        Signed this _____ day of _____, 2006

                                     _____

                                     **The Honorable Judge Alan Nevas**

**APPROVED IN FORM AND CONTENT:**
By Plaintiff, EEOC:

                        _____

                        **ELIZABETH GROSSMAN**
                        **Acting Regional Attorney**
                        **EQUAL EMPLOYMENT**
                        **OPPORTUNITY COMMISSION**
              **New York District Office**
                        **33 Whitehall St. 5th Floor**
                        **New York, NY 10004-2112**
                        **Tel: (212) 336-3696**
                        **Fax: (212) 336-3623**
                        **Elizabeth.Grossman@eeoc.gov**

                        _____

                        **R. LILIANA PALACIOS-BALDWIN**
                        **Senior Trial Attorney (MA 640786)**
                        **EQUAL EMPLOYMENT**
                        **OPPORTUNITY COMMISSION**
                        **Boston Area Office**

**JFK Federal Building, Room 475**
**Boston, MA 02203-0506**
**Tel: (617) 565-4804**
**Fax: (617) 565-3196**
**Rosa.Baldwin@eeoc.gov**


**For Plaintiff-Intervenors,**
**Miguel Alvarez and**
**William Torres**

_____

BARBARA GARDNER
843 Main St., Ste. 1-4
Manchester, CT 06040
Tel: (860) 643-5543

JULIA MORRIS PAUL
Marte, Plepler, Falkenstein, Keith, Meggers & Paul, P.C.
113 East Center St.
Manchester, CT 06040
Tel: (860) 649-2865

**For Plaintiff-Intervenors,**
**Eva Diaz, Luz Andujar,**
Waleska Miranda, and Jose Linares

_____

**VALERIA CALAFIORE**
**Clifford Chance, LLP USA31 West 52nd StreetNew**
**YorkNY 10019-6131**
**Tel: 212-878-8381**
JACKSON CHIN
Puerto Rican Legal Defense and Education Fund
99 Hudson St., 14th Floor
NY, NY 10013-0000
Tel: (212) 739-7508

**For Defendant, BEI**


_____

**RICHARD ROBINSON**
**Pullman & Comley, LLP**
**90 State House Square**
**Hartford, CT** 06103-3702
(860) 541-3333

15

### *Exhibit A*

1.)   Harold Acosta v. Beauty Enterprises, Inc.
      #161-A0-0517
2.)   Miguel Angel Alvarez v. Beauty Enterprises, Inc.
      #161-A0-0523
3.)   Luz Andujar v. Beauty Enterprises, Inc.
      #161-A0-0513
4.)   Margarita Aponte v. Beauty Enterprises, Inc.
      #161-A0-0518 E
5.)   Julio Benabe v. Beauty Enterprises, Inc.
      #161-A0-0527
6.)   Brenda Berrios v. Beauty Enterprises, Inc.
      #161-A0-0516
7.)   Maria De Jesus v. Beauty Enterprises, Inc.
      #161-A0-0526
8.)   Eva Diaz v. Beauty Enterprises, Inc.
      #161-A0-0522
9.)   Marie Garcia v. Beauty Enterprises, Inc.
      #161-A0-0514
10.)  Rosa Green v. Beauty Enterprises, Inc.
      #161-A0-0519
11.)  Jose Linares v. Beauty Enterprises, Inc.
      #161-2001-00406
12.)  Ruth Lugo v. Beauty Enterprises, Inc.
      #161-A0-0521
13.)  Waleska Miranda v. Beauty Enterprises, Inc.
      #161-2001-00102
14.)  Cecilia Ortiz v. Beauty Enterprises, Inc.
      #161-A0-0520

15.)  Madelyn Perez v. Beauty Enterpries, Inc.
      #161-A0-0540
16.)  Gloribel Ramos v. Beauty Enterprises, Inc.
      #161-2001-00100
17.)  Eric Rivera v. Beauty Enterprises, Inc.
      #161-2001-00405
18.)  Rosa Rojas v. Beauty Enterprises, Inc.
      #161-A0-0525
19.)  William Torres v. Beauty Enterprises, Inc.
      #161-A0-0515

### *Exhibit B*

1.) Harold Acosta - ████ 

**2.)** **Miguel Angel Alvarez - S████\*** 

3.) Luz Andujar-████

4.) Margarita Aponte-████

5.) Julio Benabe-████

6.) Brenda Berrios-████

7.) **Eva Diaz-S████\*** 

8.) Marie Garcia-████

9.) Rosa Green-████



10.) Jose Linares-$██████

11.) Ruth Lugo-$██████

12.) Waleska Miranda-$██████

13.) Cecilia Ortiz-$██████

14.) Madelyn Perez-$██████

15.) Glorivelle Ramos-$██████

16.) Eric Rivera- $██████

17.) Rosa Rojas-$██████

18.) William Torres-$██████

19.) Jorge Maldonado-$██████

18



20.)  *Angel Oliveras-$*████████*

21.)  Mariana Rivera-$████████

*Miguel Alvarez, Eva Diaz and Angel Oliveras remain employed with BEI and will be receiving their settlement awards in the form of elective deferrals to individual 401k accounts open in their names. These 401k accounts make part of the Company's 401k plan administered by Pension Plan Concepts, Inc., the investments managed by Essex Financial Services, Inc. The parties agree that should Mr. Alvarez, Ms. Diaz or Mr. Oliveras leave BEI's employ prior to receiving all of their settlement award, any part of the settlement award that remains to be allocated to the individual's 401k will be paid out in a lump sum check to the individual within ten (10) days of their resignation or termination date. The timing and amounts of distribution, agreed to by the parties, of the three individual's awards into the 401k program are set forth above.*

*Exhibit C*

*NOTICE*

*1.    This <u>NOTICE</u> to all Beauty Enterprises, Inc. ("BEI") employees is being posted and provided as part of a Consent Decree between BEI as Defendant and the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION as Plaintiff.  BEI, as part of the resolution of this matter, will not discriminate against any individual because of the individual's national origin and will not require its employees to speak English unless justified by business necessity.*

*2.    Federal law requires that there be no discrimination against any employee or applicant for employment because that person made a complaint of discrimination because of sex, race, national origin, color or religion with respect to hiring, compensation, promotion, discharge, or other terms, conditions or privileges of employment.*

*3.    BEI will comply with such Federal law in all aspects, and it will not take any action against employees because they have exercised their rights under the law by filing charges, cooperated with the U.S. Equal Employment Opportunity Commission or by otherwise opposing employment practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended.*

*4.    The Equal Employment Opportunity Commission maintains offices throughout the United States.  Its toll-free telephone number is 1-800-669-4000.  The Boston Area Office of the EEOC has jurisdiction over Connecticut and can be contacted directly at (617) 565-3200.*

*5.    This <u>NOTICE</u> will remain posted until  , (10 YEARS FROM DATE OF SIGNATURE.)*

*SIGNED this ___ day of _____, 2006.*

_____

**BEI President and CEO**
**Robert Cohen**
    *DO NOT REMOVE THIS NOTICE UNTIL <u>10 YEARS FROM DATE OF SIGNATURE</u>*

*Exhibit D*
<u>*Warnings to be excluded from personnel files by BEI*</u>

<u>*Eva Diaz:*</u>

**Beauty Enterprises warning to Eva Diaz, 8-13-01, BEI 202-203**

***Miguel Alvarez:***

***Beauty Enterprises warning to Miguel Alvarez, and additional notes 11-16-00, EEOC 688-689***
***Beauty Enterprises warning to Miguel Alvarez 1/3/01***
***Notes on Conversation with Miguel Alvarez, 1/8/01***

***Angel Oliveras:***

***Beauty Enterprises warning to Angel Oliveras for violating English only rule***