

## Calafiore, Valeria (Litigation & Dispute Resolution-NY)

**From:** Robinson, Richard C. [rrobinson@pullcom.com]
**Sent:** Thursday, December 14, 2006 1:17 PM
**To:** ROSA Baldwin
**Subject:** Beauty Enterprises

I'm sending this letter to you today along with its enclosures.


Richard C. Robinson
Pullman & Comley, LLC
90 State House Square
Hartford, CT 06103
(860) 541-3333
Fax (860) 424-4370

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS CONFIDENTIAL AND PRIVILEGED, AND IS INTENDED ONLY FOR THE USE OF THE NAMED RECEIVER. IF YOU ARE NOT THE NAMED RECEIVER, OR THE PERSON RESPONSIBLE FOR DELIVERING THIS E-MAIL MESSAGE TO THE NAMED RECEIVER, YOU ARE NOTIFIED THAT ANY USE OF THIS E-MAIL MESSAGE OR ITS CONTENTS, INCLUDING ANY DISSEMINATION OR COPYING, IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS E-MAIL MESSAGE IN ERROR, PLEASE IMMEDIATELY NOTIFY PULLMAN & COMLEY BY TELEPHONE AT (203) 330-2000, AND DESTROY THE ORIGINAL MESSAGE. WE WILL REIMBURSE YOUR TELEPHONE EXPENSE FOR DOING SO. THANK YOU.

**RICHARD C. ROBINSON**
90 State House Square
Hartford, CT 06103-3702
p  860 541 3333
f  860 424 4370
rrobinson@pullcom.com
www.pullcom.com

December 11, 2006


Attorney R. Lillian Palacios-Baldwin
Senior Trial Attorney
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Boston Are Office
John F. Kennedy Federal Building
Government Center
Room 475
Boston, MA 02203-0506

Re:   **EEOC et al. v. Beauty Enterprises, Inc. et al.  //  Unresolved Monetary Relief Issue for Currently Employed Claimants**

Dear Lilly:

I am writing to describe more fully for you the 401(k) alternative that appears to be a suitable way of resolving the unresolved issue concerning monetary relief for three of the four currently employed claimants.

The "401(K)" in 401(K) plan refers to a section of the Internal Revenue Code that establishes and regulates these plans. Under I.R.C. § 401(K), a 401(K) plan is a profit sharing plan established by an employer that provides for contributions to be made pursuant to a "cash or deferred arrangement" under which individual participants (employees) elect to take amounts in cash or to have the amounts deferred under the plan. Amounts deferred under a 401(K) plan are referred to as elective deferrals. Elective deferrals are excluded from a participant's gross income for the year of the deferral (that is to say that the contributions are made with before-tax dollars) and are treated as employer contributions to the plan. Beauty's plan, which has been in existence for several years, is a so-called stand alone plan, which means that all employer contributions are made pursuant to the participants' election. Beauty's plan does not call for matching or additional employer contributions.

In simple terms, what all this means is that eligible employees can forego some of their compensation and have the employer contribute for their benefit the amount they forego to an employer established retirement plan that complies with the requirements of I.R.C. § 401(K). The employees do not pay income taxes on the amount they forego for the year they forego it; that is they do not pay income taxes currently on the income they have the employer contribute to the plan for them.

Page 2

There is a so-called "elective deferral limit." To comply with § 401(K), the plan must provide that the amount any employee can elect to defer is limited to $15,000 in 2006. (The limit is subject to indexing for inflation. For 2007, for example, the limit is $15,500.) There are some exceptions to this limit for participants over 50 who can make additional "catch-up" contributions of $5000 for both 2006 and 2007.

The plan is administered by a trustee under a trust agreement. Bob Cohen is the sole trustee, but the plan is actually administered by an outside pension consulting firm, Pension Plan Concepts, Inc., 10 North Main Street, West Hartford, CT 06107 (860-236-0340). Technically, the trustee "receives" the contributions/elective deferrals and sends them to the plan's investment manager, Essex Financial Services, Inc., 176 Westbrook Road, Essex, CT 06426 (800-900-5972). As a practical matter, Beauty does this in the ordinary course of its business. The investment manager then takes the contributions for employee A, for example, and posts them to employee A's account in the plan. The investment manager then invests the money in employee A's account for the employee's benefit. Beauty's plan is a so-called self-directed plan in which the employee/participant has the right to direct the investment of funds in his or her account by issuing directions to the manager. The investment choices available to the participants are limited because the plan gives the employer the right to create a limited menu of investments from which employees can pick and choose, and Beauty has exercised this right as virtually all employers do. Beauty's menu contains a variety of mutual funds with different focuses and objectives. (The current list is enclosed.) The investment manager is available to assist participants in making investment decisions. If participants fail to exercise their right to direct the investments, the manager invests their accounts in the plan's general fund. Participants receive written annual reports on the performance of their accounts.

Participants are fully vested in their accounts at all times, which means that they do not forfeit their accounts if, for example, they leave the company to work elsewhere. But because Congress developed the 401(K) concept as a retirement plan, there are restrictions on when an employee can withdraw the money in his or her account. A participant can always withdraw, regardless of age, when his or her employment at Beauty ends via retirement or otherwise. There are limited provisions for hardship withdrawals during employment. There also are provisions allowing withdrawal during employment (so-called in service withdrawals) when an employee reaches 59 and a half years of age.

Generally speaking, the account grows tax free until withdrawal. Generally speaking, the withdrawal results in income (in the amount of the withdrawal) for the participant in the year of the withdrawal, and the employee must pay income taxes on that money. . There are occasions when a participant can avoid income taxation on withdrawal by rolling the account over into another, similarly treated vehicle, e.g., an IRA. If there is an "early' withdrawal, for hardship or upon termination of employment before age 59 and a half with no roll over, not only is there an income tax, but also a ten percent penalty.

Page 3

I am enclosing the plan documents (in a booklet) along with the latest summary plan description. Most of the features of the plan I described above are in these documents. The documents are difficult to follow because they reflect both the newer 401(K) plan and the earlier, but still in existence non-contributory profit sharing plan, and because they include a variety of amendments, most made to comply with changes in the tax laws. Pay particular attention to the document that begins on page four of the booklet. That is the guts of the 401(K) plan. The denominated page one of this document is entitled "New Comparability, Cash or Deferred Profit Sharing Plan Adoption Agreement." Provisions relevant to employee contributions begin on page 10. The vesting provisions begin on page 29. The withdrawal provisions begin on page 31 with in-service withdrawals and then move to hardship withdrawals. Provisions on investment management begin on page 33.

You should feel free to talk with Bill Bond, who is the principal of Pension Planning Concepts, the plan's consultant, and Romaine Macomb at Essex Financial, if you need further information. I also urge you to review what I am telling you in this letter with someone with the expertise to evaluate it. For obvious reasons, I want you – the EEOC – to rely on your own investigation and not on what I am telling you in this letter. I am providing this letter and its enclosures simply to give you something to investigate and evaluate.

The 401(K) alternative we have proposed would apply to Miguel Alvarez, Angel Olivares and Eva Diaz. While I do not know the specific dollars they are to receive from the settlement funds, I do know that they each will receive more than $15,000 or $15,500 (net of attorneys fees). Thus, under the alternative, Beauty would pay them as much as it could (e.g., $15,500 in 2007) as compensation in year one, which they would then electively defer. It would make an additional contribution the next year either paying the balance or paying the maximum toward the balance, which the individuals would then defer. This process would continue into the next year if necessary.

I understand that in the interest of protecting against the theoretical risk of a Beauty insolvency, you would prefer to have all the money "due" these individuals out of Beauty's hands at the same time and at the earliest conceivable date. Obviously, the 401(K) alternative does not do this. However, it comes as close as, if not closer than, the other alternatives we have discussed, and this alternative meets your other requirements more closely than the other alternatives do. Further, the risk of Beauty becoming insolvent in the next two or three years is extraordinarily remote.

As to your other requirements, the 401(K) alternative avoids a constructive receipt tax problem for the three individuals and meets your requirement that the money grow before these individuals can actually "take" – obtain possession and use – of it. And for what it is worth, the alternative does not completely satisfy Beauty's objective that the individuals be precluded from accessing this money until they leave its employ. The individuals would have rights under the plan to make hardship withdrawals under appropriate circumstances and to withdraw at age 59 and a half even if they are still employed at Beauty. Beauty is, nevertheless, willing to agree to a

Page 4

mechanism that does not completely meet its objective to give the EEOC and the individuals the vehicle that most closely accomplishes what you and they want.

Let me know if the 401(K) alternative is acceptable.

Best regards.

Very truly yours,

Richard C. Robinson

Enclosures

cc: Robert Cohen
    Larry Sussman
    Rocky Piccirillo

Hartford/65094.1/RCR/215294v1