UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BEAUTY ENTERPRISES, INC., AAA INDUSTRIAL TEMPORARIES, INC., and, ESSENTIAL TEMPORARIES, INC.,<br><br>Defendants.<br>------<br>MIGUEL ANGEL ALVAREZ, WILLIAM TORRES, HAROLD ACOSTA, and JOSE LINARES,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>BEAUTY ENTERPRISES INC.,<br><br>Defendant.<br>LUZ M. ANDUJAR, WALESKA MIRANDA, and EVA DIAZ,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>BEAUTY ENTERPRISES, INC., and ESSENTIAL TEMPORARIES, INC.<br><br>Defendants. | 301CV00378(AHN)<br>August 13, 2007<br><br><br>**REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE THE SETTLEMENT AGREEMENT** |

Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), and Plaintiff-Intervenors, Harold Acosta, Miguel Alvarez, Luz Andujar, Eva Diaz, Jose Linares, Waleska Miranda, and William Torres ("Plaintiff-Intervenors," and together with the EEOC "Plaintiffs"),

respectfully submit this Reply in Further Support of their Motion to Enforce the Settlement Agreement dated May 14, 2007, seeking an order by this Court (1) enforcing the settlement of the above captioned litigation reached between Plaintiffs and Defendant Beauty Enterprises, Inc. ("Beauty" or "Defendant," and together with Plaintiffs the "Parties"), at a settlement conference convened by the Honorable Holly J. Fitzsimmons, Magistrate Judge, United States District Court for the District of Connecticut, on May 30, 2006, and (2) directing Defendant to take all necessary and proper steps to effect and comply with the terms of that settlement agreement, as described in Plaintiffs' Memorandum of Law in Support of Motion to Enforce the Settlement Agreement and accompanying papers, dated August 14, 2007, ("Opening Brief").

## ARGUMENT

Plaintiffs seek enforcement of an oral settlement agreement the Parties reached on May 30, 2006, during a settlement conference conducted under the auspices of a federal court, and subsequently memorialized in a writing reflecting the terms of that agreement, as described in the Opening Brief.

Defendant does not dispute any of the facts material to the resolution of this case. *See* Defendants' Memorandum in Opposition to Motion to Enforce, date July 13, 2007 ("Opposition or Opp."). While Defendant's Opposition is replete with stories and accounts of how and why Defendant had a change of heart and reneged on the Settlement[1] reached at the May 2006 Conference, not a single of its accounts and stories has any bearing on the legal standards that guide this Court's determination of whether an enforceable settlement was reached at the May 2006 Conference. Indeed, with regards to the key facts relevant to the issue this Court must decide, Defendant concedes that at the May 2006 Conference the Parties had agreed to all

---

[1] All capitalized terms not defined herein have the same meaning as that defined in the Opening Brief.

material terms of the Settlement. *See, e.g.,* Opp. at 3-4. The agreement on material terms is a fully sufficient basis on which to uphold and enforce the Settlement the Parties reached at the May 2006 Conference. *See* Opening Brief at 11-24. Accordingly, this Court needs look no further than the materials terms agreed upon at the May 2006 Conference.[2] This is all that the law requires.

The law applicable to this case is also undisputed. Indeed, Defendant does not even attempt to distinguish — or even address in any fashion — the numerous cases discussed in the Opening Brief that require enforcement of the Settlement here. *See* Opening Brief at 11-24. The inquiry of whether an enforceable settlement exists is governed by the *Klein* test. *See* Opening Brief at 15-16. Under that test Defendant has entirely failed to meet its burden to show that the Settlement here is not enforceable. In a confusing and often mistaken application of the law, Defendant claims in its Opposition that the *Winston* and *Ciaramella* test apply to this case. As fully discussed in our opening brief, those tests are inapplicable here because those cases were decided under New York law, and not Connecticut law. And even if those tests applied, Plaintiffs have demonstrated in their Opening Brief why the Settlement would be enforceable even under those standards.[3] Moreover, Defendant concedes that it "never formally reserved its

---

[2]    Among various, and equally irrelevant, topics addressed in Defendant's Opposition is the issue of the two installment payments — an allegedly (and suddenly) crucial term that somehow Defendant's counsel had forgotten about for the seven months following the Settlement, until being reminded by one of Defendant's executives, Larry Sussman, in December 2007. *See Opp.* at 7 ("Beauty's counsel had forgotten this point. Larry Sussman reminded him that this was to be in the contract document."). Even if the mechanics of how payments under the Settlement would be made had any relevance — which they don't — to the question of whether an enforceable agreement was reached in May 2006, the issue is moot because Plaintiffs ultimately agreed to accept this newly added term.

[3]    As discussed *supra* Defendant argues that because the EEOC allegedly reserved its right not to be bound — which is not accurate — then there can be no enforceable agreement under *Winston* and *Ciaramella*. As stated, the tests set forth in those cases cannot govern this Court's inquiry because, unlike *Klein*, they were decided under New York law and not Connecticut law. *See* Opening Brief at 15-22. In any event, even if those tests applied, Defendant would still not meet its burden to show that the Settlement is not enforceable, because those tests expressly require that Defendant - and not the EEOC - establish having reserved the right not to be bound. Defendant concedes it did not reserve such right. The evidence of record fully supports Defendant's concession. *See* Opening Brief. *See also, e.g.,* Defendant's Letter to Judge

right not to be bound in the absence of a signed agreement."[4] Opp. at 17. Thus, Defendant could not prevail under those tests either, even if it were able to show all the other elements - which it did not. *See* Opening Brief at 11-24.

Because the Settlement is fully enforceable, Defendant should be precluded from further evading its obligations by refusing to sign the formal consent decree and should be ordered to immediately comply with its terms and pay the settlement award. *Id.* at 11-24.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion and declare that Defendant is bound by the Settlement, and required to promptly take all necessary and proper steps to effect and comply with its terms.

WHEREFORE, Plaintiffs respectfully request that this motion be granted.

Dated: August 13, 2007
New York, New York

Respectfully submitted,

By: _____
Elizabeth Grossman (CT17589)
Rosa Palacios-Baldwin
U.S. Equal Employment Opportunity Commission
33 Whitehall Street, 5th Floor
New York, NY 10004-2112

---

[4] Fitzsimmons, Ex. 10 ("Beauty has not had a change of heart about settling.") (The change of heart apparently came later, although as Defendant puts it "Mr. Cohen had never been entirely comfortable with the settlement being discussed, particularly the idea of paying money to the class member." Opp. at 8.). This statement leaves no doubt that Defendant never reserved any right not to be bound. For the reasons already stated, Defendant's incorrect assertion that the EEOC somehow reserved the right to be bound, is legally irrelevant, and factually incorrect. As Defendant well knows, all that the EEOC reserved, if anything, was the right of the agency to review the memorialized agreement and ensure that it reflected the terms of the May 2006 Settlement, before it approved the written instrument memorializing that agreement. Defendant's irrelevant argument also flies in the face of the Court's requirement that the Parties appear at the May 2006 Conference with full settlement authority, which was the reason why the EEOC appeared represented not only by its attorney of record, Lili Palacios-Baldwin, but also by its Regional Attorney, Elizabeth Grossman.

Valeria Calafiore (PHV0494)
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019

Jackson Chin (PHV0493)
Puerto Rican Legal Defense & Education Fund
99 Hudson Street
New York, New York 10013

Barbara E. Gardner (CT07623)
843 Main Street, Ste. 1-4
Manchester, Connecticut 06040

*Attorneys for Plaintiff and Plaintiff-Intervenors.*

NYA 855291.1

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Reply in Further Support of Plaintiffs' Motion to Enforce the Settlement Agreement was caused to be served this 13th day of August, 2007 via overnight mail on the following counsel of record:

Richard C. Robinson, Esq.
Pullman & Comley
90 State House Square
Hartford, CT 06103-3702

_____
Valeria Calafiore

NYA 855291.1