## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) |
| Plaintiff, | ) |
| v. | ) 3:01CV00378 (AHN) |
| | ) April 8, 2008 |
| BEAUTY ENTERPRISES, INC., AAA INDUSTRIAL TEMPORARIES, INC., and ESSENTIAL TEMPORARIES, INC., | ) ) ) |
| Defendants. | ) ) |
| ------------------------------------------------------- | ) |
| MIGUEL ANGEL ALVAREZ, WILLIAM TORRES, HAROLD ACOSTA, and JOSE LINARES, | ) ) ) ) |
| Plaintiff-Intervenors, | ) |
| v. | ) ) |
| BEAUTY ENTERPRISES INC., | ) ) |
| Defendant. | ) ) |
| LUZ M. ANDUJAR, WALESKA MIRANDA, and EVA DIAZ, | ) ) ) |
| Plaintiff-Intervenors, | ) ) |
| v. | ) ) |
| BEAUTY ENTERPRISES, INC., and ESSENTIAL TEMPORARIES, INC. | ) ) ) |
| Defendants. | ) Oral Argument Requested |
| | ) |

## PLAINTIFF-INTERVENORS' EMERGENCY MOTION TO COMPEL DISCOVERY AND MEMORANDUM IN SUPPORT

NYA885631.1

Plaintiff-Intervenors Harold Acosta, Luz Andujar, Eva Diaz, Jose Linares, and Waleska Miranda ("Plaintiffs"), by and through their attorneys, move this Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure and Rule 37 of the District of Connecticut Local Rules of Civil Procedure, for an Emergency Order compelling Defendant, Beauty Enterprises, Inc. (Defendant or "BEI"), to promptly enter into a stipulation concerning a discovery schedule, and to comply with its obligations to provide complete and comprehensive responses to (1) Plaintiff-Intervenors' First Set of Interrogatories, and (2) Plaintiff-Intervenors' First Request for Production of Documents and Things, served on February 14, 2008 ("Requests"). (Attached as Exhibit A). Plaintiffs certify that they have conferred with Defendant, through their respective counsel, in an effort in good faith to resolve by agreement the issues raised by this motion without the intervention of the Court and have been unable to reach such agreement.

## I.    BACKGROUND

The long history of this case is well known to this Court. Plaintiffs are five current and former workers of BEI. Four of the Plaintiffs were dismissed or constructively discharged by BEI for discriminatory reasons. In 2000, Plaintiffs, together with other former and current workers of BEI, filed a complaint with the Equal Employment Opportunity Commission ("EEOC") in which they brought to the EEOC's attention BEI's discriminatory conduct against them on the basis of their national origin, among other things. One aspect of Defendant's discriminatory behavior toward Plaintiffs, who are all of Hispanic origin, was the enforcement of an English-only rule that prohibited Plaintiffs from speaking Spanish at work. Defendant's discriminatory conduct, however, took various other forms and was generally geared to humiliating, discriminating, and eventually driving away many Hispanic employees who had rebelled against such impermissible and inhumane treatment.

NYA885631.1

After completing its investigation, the EEOC brought the instant lawsuit against Defendant on March 12, 2001, alleging various violations of Title VII of the Civil Rights Act of 1964. (See Docket No. 1). Defendant answered the EEOC's complaint on May 24, 2001. (See Docket No. 9). As permitted by law, Plaintiffs Andujar, Miranda and Diaz intervened in this litigation by filing their own complaint on March 3, 2002, followed by a second intervenor complaint that Plaintiffs Acosta and Linares filed on July 16, 2002 ("Complaints"). (See Docket Nos. 37, 54). In these Complaints, Plaintiffs alleged the same claims filed by the EEOC in its original complaint, as well as additional causes of action under the Civil Rights Act of 1991, 42 U.S.C. § 1981 et seq., as well as the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. 46a-60(a)(1) and (4).[1]

Despite having duly been served with Plaintiffs' Complaints, Defendant did not respond to the Complaints until more than three years after they had been served, and only after being so ordered by this Court. Indeed, on or about July 2005, in preparation for the then-scheduled trial date (which had been set to commence in September 2005), Plaintiffs requested this Court to deem all the allegations in the Complaints admitted in view of Defendant having failed to answer the Complaints. Notwithstanding the fact that Defendant did not offer a single justification for failing to answer the Complaints, this Court rejected Plaintiffs' request and directed Defendant to answer the Complaints promptly. Following the Court's order, the Defendant served two answers to Plaintiffs' Complaints on August 5, 2005. In those answers Defendant purported to deny Plaintiffs' allegations. (See Dockets Nos. 92-93).

After the September 2005 trial failed to go forward, the parties fully engaged in what Plaintiffs believed to be good faith settlement negotiation. Indeed, a settlement was reached in May 2006 ("May 2006 Settlement"), and therefore, throughout that time, Plaintiffs did not seek

---

[1]    The EEOC does not have authority to bring claims under these statutes on behalf of charging parties.

NYA885631.1

to place the case back on the calendar for discovery and trial because they relied in good faith on the case being concluded. Until Defendant reneged on the May 2006 Settlement in January 2007, and until this Court denied Plaintiffs' Motion to Enforce the Settlement in October 2007, [2] Plaintiffs had no reason to think this case would be back on the trial calendar, and therefore to seek the discovery they were entitled to seek.

Following the parties' conference with this Court on November 26, 2007, Defendant agreed that it would provide discovery to all Plaintiffs and to enter into a stipulation concerning the discovery period. However, when Plaintiffs' counsel conferred with Defendant's counsel concerning stipulating to the exchange of discovery, Defendant indicated that it did not owe Plaintiffs any discovery at all and would refuse to cooperate. After numerous conversations, Plaintiffs and Defendant agreed that Plaintiffs would serve their discovery requests and that the parties would then engage in negotiation concerning the scope of the discovery. Indeed, Plaintiffs' and Defendant's counsel spent considerable time discussing the discovery and agreeing on what discovery the Defendant would produce and by what date. Notwithstanding this agreement, while Defendant served some belated discovery responses and produced some documents, the responses are incomplete, inaccurate and served subject to some purported right that Defendant claims protects it from providing Plaintiffs any documents at all. See Ex. B, p. 2-4.

Based on the responses received to date, Plaintiffs believe that Defendant is improperly withholding relevant and responsive documents and other information without any justification at all. Moreover, Plaintiffs are very concerned that the Defendant has failed to implement a proper litigation hold and that relevant documents have been disposed of.

---

[2] In an effort to move this case along, Plaintiffs have agreed to postpone their appeal of this Court's ruling on the Motion to Enforce the Settlement until after trial of the case.

NYA885631.1

## II.     ARGUMENT

The Federal Rules of Civil Procedure give civil litigants the ability to obtain broad "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…." Fed. R. Civ. P. 26(b)(1).  Relevance, for discovery purposes, encompasses "any matter that bears on, or that reasonably could lead to other matters that bear on, an issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 341 (1978). See also Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992) ("the scope of discovery under Fed. R. Civ. P. 26(b) is very broad, encompassing any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."

Because the Defendant has not complied with its obligation to fully respond to Plaintiffs' discovery request, an order compelling compliance is necessary.  For the reasons set forth below, Plaintiffs respectfully request that this Court compel Defendant to produce responses to Plaintiffs Interrogatories and Requests for Documents, as detailed below.[3]

### A.     Defendants Failed to Provide Comprehensive Responses to Plaintiffs' Interrogatories.

Despite repeated attempts by Plaintiffs to receive complete responses to their Interrogatories, Defendants specifically failed to respond to the following Interrogatory Requests:[4]

---

[3]     For instance, on April 8, 2008, Defendant served discovery responses to the EEOC supplemental discovery requests dated February 20, 2008.  In those responses, Defendant included computer snapshots of the work history of two employees.  However, Defendant has not produced similar information for any of Plaintiffs or for any other employee that was within Plaintiffs' discovery requests.  There are numerous other similar examples evidencing Defendant's improper withholding of relevant and responsive documents.

[4]     Plaintiffs' counsel and Defendant's counsel agreed to limit the scope of certain interrogatories during their negotiation over this discovery request.  The discovery requests subject of this motion do not include those items on which Plaintiffs reached an agreement with the Defendant.

NYA885631.1

**Response To Interrogatory No. 2**

Defendant has failed to identify the names of the individuals at BEI who were directed to preserve all documents relating to this litigation and how that document retention policy was implemented throughout the more than eight years in which this lawsuit and the preceding investigation have been pending.  Plaintiffs have reason to believe that there may have been document spoliation in this case, and would like immediate reassurance of the steps taken to preserve all relevant documents.

**Response To Interrogatory No. 5**

Defendants failed to provide a complete response to this interrogatory by failing to identify all of the employees exempted from the English-only policy since November 2001 and the reasons therefor.  Defendant directed Plaintiffs to an Interrogatory Response provided to the EEOC which is not responsive to this Interrogatory.  Moreover, while Plaintiffs do not object to Defendant directing them to responses previously given to the EEOC, Plaintiffs request that Defendant provide them with complete and signed copies of the referenced discovery responses, which Defendant never provided to Plaintiffs.

**Response To Interrogatory No. 6**

Defendants failed to respond to this interrogatory or to specify the reasons why it was in good faith objected to.

**Response To Interrogatory No. 9**

Defendants failed to provide a complete response to this interrogatory by failing to describe any training or instruction given to each individual about enforcing the English-only policy.

NYA885631.1

**Response To Interrogatory 11, 22, 26**

Defendant failed to provide a complete response to these interrogatories by failing to answer the question as they relate to the time period after November 30, 2001.

**Response To Interrogatory No. 14**

Defendant failed to respond to that portion of the interrogatory that seeks complaints concerning "any other form of alleged discrimination" or to specify the reasons why it was in good faith objected to.

**Response To Interrogatory No. 15**

Defendant failed to provide a complete response to this interrogatory by failing entirely to identify any of the individuals who complained, or to whom a complaint was made, about employees speaking languages other than English at work.

**Response To Interrogatory No. 17**

Defendant failed to provide a complete response this interrogatory by failing to answer and describe the type of training given, the type and length of experience of each individual listed in Exhibit A (attached in response to the interrogatory), and whether each of those individuals was ever administered a forklift test, what kind of test, how many times each individual was tested, the results of the test (e.g. pass or fail), and whether Defendant has required during the relevant time period that its forklift drivers in other of its facilities also pass a forklift tests in order to hold the position of forklift driver.

**Response To Interrogatory No. 19**

Defendant failed to provide a final answer to this interrogatory, by concluding its answer with a "CHECK THIS," casting into doubt the veracity of the entire answer.

NYA885631.1

**Response To Interrogatory No. 25**

Defendants failed to respond to the interrogatory to the extent that it seeks the native language spoken by each and every employee, other than specified Hispanic employees. Even though Defendants claim not to know the response to this portion, the response is available to defendants through reasonable inquiry and due diligence, as required by instruction no. 4.

**Response To Interrogatory No. 29**

Defendants failed to provide a complete response to this interrogatory by failing to answer the question as it relates to the time period after January 31, 2003.

**Response To Interrogatory No. 30, 32, 33, 34, 37, 42, 43, 44, 47, and 48**

Defendants failed to respond to these interrogatories, which are plainly within the scope of discovery in this case.

**Response To Interrogatory No. 31**

Defendants failed to provide a complete response to this interrogatory by failing to identify, as requested, all information relevant to awards or rewards provided to employees on reaching 5, 10, 15, 20, and 30 years of employment with Defendant.  Plaintiffs' counsel did not agree to limit the scope of this interrogatory as indicated by Defendant.

**Response To Interrogatory No. 35**

Defendants failed entirely to respond to this interrogatory, which is plainly within the scope of discovery in this case.

**Response To Interrogatory No. 36**

Defendants failed to respond to this interrogatory to the extent that it seeks email addresses and the dates they were given to individuals, which are within the scope of discovery in this case.

8

**Response To Interrogatory No. 38**

Defendants failed to respond to this interrogatory to the extent that it seeks identification of the custodian(s) of certain records and their location(s).

**Response To Interrogatory No. 39**

Defendant failed to respond to this interrogatory, which is not overbroad and is tailored to the discovery of facts relevant to this case.

**Response To Interrogatory No. 41**

Defendant failed to identify the employee(s), supervisor(s), or other individuals requested by this interrogatory.

**Response To Interrogatory No. 46**

Defendants failed to respond to this interrogatory to the extent it seeks information on financial or other interests in Defendant.  Defendants also failed to respond to this interrogatory to the extent it seeks disclosure of remuneration, which is within the scope of discovery in this case.

**B.    Defendants Failed to Produce Documents that Comprehensively Respond to Plaintiff's Document Request.**

Despite repeated attempts by Plaintiffs to obtain relevant documents that comprehensively respond to Plaintiffs' Request for Production of Documents, Defendants specifically failed to produce documents relating to the following requests:

**Response To Document Request No. 1**

BEI's website does not provide the information requested regarding incorporation, principals, directors, board members, or other executives, nor does it provide historical information regarding locations of business from January 1, 1998 to the present.

NYA885631.1

**Response To Document Request No. 2**

Defendants failed to produce documents responsive to this request or to provide a log of documents not produced because of the attorney-client privilege, as required by the instructions.

**Response To Document Request No. 3**

Defendants failed to produce the document it references in its response to this document request.

**Response To Document Request No. 5**

Defendants failed to respond to this request or to specify the reasons why it was in good faith objected to.

**Response To Document Request No. 7, 8, 12, 13, 16**

Defendant failed to provide any document in response to this interrogatory, which as specified in the Instructions to the discovery request would include, among others, any email or similar communication about or relevant to each specific request.

**Response To Document Request No. 14**

Defendants failed to provide all relevant documents as requested by this document request. Defendant simply provided copies of a forklift manual and a student workbook, as well as some tests taken by certain employees, and entirely failed to provide additional relevant documents, such as personnel files that may evidence the outcome of the test and the job assigned to the individual following the test, when the test was taken with respect to the employee's employment at the company, the names and files of the instructors with regards to forklift tests, and all other relevant documents as described in the request.

NYA885631.1

**Response To Document Request No. 17**

Defendant failed to provide any supplemental documents to cover the period following its last production to the EEOC.

**Response To Document Request No. 18**

Defendant failed to provide any documents in response to request.

**Response To Document Request No. 19**

Defendant entirely omitted Plaintiffs' request 19, and failed to provide any response or objection. The request is plainly within the scope of this discovery.

**Response To Document Request No. 20, 23, 24, 26, 27**

Defendants failed to respond to these requests entirely, which are within the scope of discovery in this case.

**Response To Document Request No. 21**

Defendants failed to respond to this request as it relates to interrogatory No. 32, which is within the scope of discovery in this case.

**Response To Document Request No. 22**

Defendants failed to respond to this request, which is highly relevant to this case, within the scope of discovery, and not unduly burdensome.

**Response To Document Request No. 25**

Defendants failed to respond to this request, which is tailored to the discovery of facts relevant to this case and is plainly intelligible as demonstrated by the fact that Defendant was able to answer the corresponding interrogatory.

NYA885631.1

**Response To Document Request No. 35**

Defendant failed to provide documents concerning years 2003, 2000 and back. Defendant also failed to provide any meaningful objection for refusing to produce documents relating to the year 2000 and before.

**Response To Document Request No. 28, 29, 30, 31, 33, 34, 37**

Defendants failed to provide any document responsive to this request. Contrary to Defendant's representation, Defendant has never produced any of the requested documents to Plaintiffs.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request an emergency ORDER directing Defendants to provide complete responses to Plaintiffs' Interrogatories and Plaintiffs' First Request for Production of Documents, and to cease frustrating Plaintiff's ability to obtain relevant discovery.

Respectfully submitted this 8th day of April, 2008,

By:  /s/ Valeria Calafiore

    Valeria Calafiore (PHV0494)
    Clifford Chance US LLP
    31 West 52nd Street
    New York, NY 10019

    Jackson Chin (PHV0493)
    Puerto Rican Legal Defense & Education Fund
    99 Hudson Street
    New York, New York 10013

    *Attorneys for Plaintiff-Intervenors, Luz Andujar, Eva Diaz, Harold Acosta, Waleska Miranda, and Jose Linares.*

NYA885631.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 8, 2008, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.


/s/ Valeria Calafiore_____
 Valeria Calafiore (PHV0494)
 Clifford Chance US LLP
 31 West 52nd Street
 New York, NY 10019

NYA885631.1