# **<u>EXHIBIT A</u>**

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 3:01CV00378 (AHN) ) February 13, 2008 |
| BEAUTY ENTERPRISES, INC., AAA INDUSTRIAL TEMPORARIES, INC., and ESSENTIAL TEMPORARIES, INC., | ) ) ) ) |
| Defendants. | ) ) |
| MIGUEL ANGEL ALVAREZ, WILLIAM TORRES, HAROLD ACOSTA, and JOSE LINARES, | ) ) ) ) |
| Plaintiff-Intervenors, | ) ) |
| v. | ) ) |
| BEAUTY ENTERPRISES INC., | ) ) |
| Defendant. | ) ) |
| LUZ M. ANDUJAR, WALESKA MIRANDA, and EVA DIAZ, | ) ) ) |
| Plaintiff-Intervenors, | ) ) |
| v. | ) ) |
| BEAUTY ENTERPRISES, INC., and ESSENTIAL TEMPORARIES, INC. | ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF-INTERVENORS' *FIRST SET OF INTERROGATORIES* and *FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS* TO DEFENDANT BEAUTY ENTERPRISES, INC.**

NYA879867.2

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 26, 33, and 34 and the Local Rules of Civil Procedure of the United States District Court for the District of Connecticut, Plaintiff-Intervenors Harold Acosta, Luz Andujar, Eva Diaz, Jose Linares, and Waleska Miranda ("Plaintiffs") by and through their attorneys, hereby request that Defendant Beauty Enterprises, Inc. ("Beauty" or "Defendant") respond to the following interrogatories fully, in writing, and under oath and produce the records requested for inspection and copying at the offices of Clifford Chance, 31 West 52nd Street, New York, New York 10019, within thirty (30) days of service hereof.  Plaintiffs hereby reserve their right to supplement or amend their interrogatories and requests for production at a later date.

## INSTRUCTIONS

1.    Pursuant to Local Rule 26, the Instructions, Definitions, Interrogatories, and Requests herein, incorporate by reference the definitions and rules of construction set forth in Local Rule 26.

2.    Unless otherwise stated, these interrogatories and document requests cover the period from January 1, 1998 through the present.

3.    Each interrogatory and document request shall be responded to separately and fully, in writing and under oath, unless it is in good faith objected to, in which event the reasons for the objections shall be stated with specificity.  If an objection pertains to only a portion of an interrogatory or document request, or to a word, phrase, or clause contained therein, you shall state the objection to that portion only and respond to the remainder of the interrogatory, stating whatever information, knowledge, or belief you have concerning the unanswerable portion.

NYA879867.2

4.    Each interrogatory calls for not only your knowledge, but also all information that is available to you by reasonable inquiry and due diligence, including information that is known by, possessed by or available to any of your attorneys, consultants, representatives, agents and all others acting on your behalf.

5.    Each document request calls for all documents in the possession, custody or control of Defendant, regardless of their location or custodian, i.e., regardless of whether such documents are held by defendant, its agents, representatives or attorneys, or by any other persons.  If there are no documents in your possession, custody or control which are responsive to a particular request or part thereof, so state and identify such request or part thereof.

6.    For each interrogatory and subpart of each interrogatory, if the information furnished in your answer is not within your personal knowledge, then identify each person to whom the information is a matter of personal knowledge, if known.

7.    If, in responding to these interrogatories or document requests, you claim any ambiguity in interpreting the interrogatory or document request, or a definition or instruction applicable thereto, such claim shall not be utilized as a basis for refusing to respond, but you shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the interrogatory or document request.

8.    If you refuse to respond to any of these interrogatories or any portion of these interrogatories on the ground that they seek privileged information, you shall respond to so much of the interrogatories as you believe to be proper and shall state with specificity the basis for your objection or the privilege claimed, provide a brief description of the nature and subject

- 3 -

matter of the information, the persons having knowledge of the information, and the grounds and circumstances on which you claim it is privileged.

9.    If any document falling within any description contained in any of the following requests is withheld by Defendant under a claim of privilege, Defendant as part of its response shall serve upon the undersigned attorney for the Plaintiff-Intervenors a written list of withheld documents including the following information for each document: (1) the date of the document; (2) the names of any person(s) who drafted, authored or prepared the document; (3) the type of document; (4) the name(s) of the person(s) to whom it was addressed or intended; (5) the general subject matter of the document; (6) the names of each person to whom the document or any copy or reproduction thereof was ever directed, addressed, sent, delivered, mailed, given or in any other matter disclosed; and (7) a statement of the ground or grounds on which each such document is considered to be privileged from production.

10.    If you choose to produce documents under Rule 33(c) in lieu of providing written answers to some or all of these interrogatories, organize all documents produced according to the specific interrogatory to which the document is responsive and provide bates numbers or bates ranges for the documents responsive to each interrogatory.

11.    If any document that would have been responsive to these interrogatories or document requests has been destroyed, mutilated, altered, discarded or misplaced, identify that document and also state: (a) the date of the document's destruction or discard or the date on which the document was last seen; (b) the reason for the destruction or discard of the document; (c) the persons authorizing and/or carrying out the destruction or discard of the document; and

- 4 -

NYA879867.2

(d) identify by name, last known business and home address, and title the person who destroyed, discarded, or misplaced the document, and/or the person last in possession of the document.

12.     If for any interrogatory or document request herein you have previously provided an answer under oath to the EEOC in this litigation, you may choose to respond to the interrogatory or document request by (1) identifying and attaching a copy of the responsive document or answer previously provided to the EEOC, (2) identifying by paragraph and page, where applicable, your response to the specific interrogatory or document request, (3) stating that you incorporate your prior responses by reference as if fully set forth herein, and (4) providing a copy of any and all responsive documents previously provided to the EEOC.  To the extent you choose to answer any of the interrogatories or document requests herein by reference to a prior response provided to the EEOC, you are required to fully supplement your responses by providing any additional responsive information or documents.

13.     These interrogatories and discovery requests are continuing, and pursuant to Federal Rule of Civil Procedure 26(e) you are required to supplement each response with any responsive information as you or any other person acting on your behalf may obtain or identify after service of any response to these interrogatories.

## DEFINITIONS

For purposes of these interrogatories and document requests, the following definitions shall apply:

1.     The term "this action" or "this litigation" means the instant action pending in the District Court of Connecticut, docket number 01-378 including the preceding four years beginning on or about January 1, 1998.

NYA879867.2

2.      The term "Complaints" as used herein shall refer to the EEOC Complaint, as well as to the three Plaintiff-Intervenors complaints filed in this action.

3.      "Defendant" as used herein refers to defendant BEAUTY ENTERPRISES, INC., and to each person who, with respect to the subject matter of the interrogatory or request, was or is acting on its behalf, including any consultants, experts, investigators, agents or other persons acting on its behalf.

4.      The term "discipline" shall mean any adverse employment action taken for performance-related reasons or as a consequence of a violation of policy, including, but not limited to, any of the following: oral warning, written warning, probation, demotion, transfer, title change, salary reduction or freeze, suspension, denial of benefits, awards, rewards or any other type of recognition of any form, and regardless of whether monetary or not, and termination.

5.      The term "document" as used herein means any "document" as defined in Rule 34(a)(1) of the Federal Rules of Civil Procedure and Local Rule(c)(2), and includes, without limitation, the following, whether printed or reproduced by any process, or written and/or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, namely: electronic communications of any kind, including e-mails, text mail, instant messages, computer tapes, disks, drums, memory cores, or other computer media; computer printouts or other lists; itineraries; correspondence; communication of any nature; telegrams; memoranda including internal memoranda and memoranda to the file; notebooks of any character; charts; summaries or records of personal conversations; notes of telephone conversations; calendars; diaries or excerpts therefrom; logs; routing slips or memoranda;

NYA879867.2

reports; publications; photographs; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of investigations; agreements and contracts, including all modifications and/or revisions thereof; reports and/or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts of, revisions of drafts, or translations of any document; tape recordings; dictation recordings and belts; videotapes; data compilations; and/or all tangible items. Any document with marks on any sheet or side thereof, including without limitation, initials, stamped indicia, any comment or any notation of any character and not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of this request. "Document" also includes any copy of an original document if the original is unavailable.

6. "Employees" refers to any person including all officers, executives, managers, supervisors, professionals and any other person who is or has been employed by Defendant on a full or part-time basis or on a temporary or permanent basis, including any individual placed at Defendant through temporary placement agencies or temporary employment agencies.

7. "Government sponsored program" means any program by which Defendant receives any kind of benefit (e.g. monetary, or tax related, or otherwise) from the federal government or from any state, no matter how small the benefit may be.

8. To "identify" when referring to a natural person means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place or examination and shall include, without limitation, his or her full name, present or last known home address, present or last known telephone number, present or last known business affiliation and address, business telephone

NYA879867.2

number, title, occupation, national origin, social security number and whether or not they can speak Spanish.

9.     To "identify" some entity other than a natural person means to state its full name, the nature of the organization (i.e., corporation, partnership, association, committee, or other), the address of its principal offices, and, if applicable, the state in which it is incorporated, and its principal line of business or activity.

10.     To "identify" or "describe" an act, event, communication, meeting, or occurrence means to (a) state the date it occurred; (b) identify each person or entity that was present or a party or witness to the act, event, communication, meeting, or occurrence; (c) describe where and how it took place and the mode of communication  (for example, in writing, in person, by telephone, by email); (d) identify any documents which constitute or refer to such act, event or occurrence; and (e) identify the location of each of the participants and the subject matter of the communication, meeting, act, event, or occurrence.

11.     To "identify" when referring to a document or writing means to give sufficient characterization of such document or writing, including but not limited to the name of the document, its location, the name and title of its custodian, the date it was written, the author of the document and the name and job title of the person to whom it was addressed, its length, and a synopsis of its contents, so as to have identified it with reasonable particularity for the purpose of a request for production of documents under Rule 34 of the Federal Rules of Civil Procedure. Where a deposition is identified you must provide all page and line numbers containing the substance of the information sought from any such deposition.

NYA879867.2

12.     "Personnel files" means not only applications for employment, evaluations, and the like, commonly kept in some central place and called by that name or something similar, but also all other documents concerning or primarily concerning the person referred to, regardless of where kept and regardless of by whom prepared, including notes taken during conversations with the person, notes taken during conversations about the person, memoranda and letters exchanged with the person and those exchanged with other persons but concerning the person, correspondence with any state employment service concerning the person, records of all communications with other employees concerning the person, disciplinary and investigative files and reports concerning or substantially concerning the person identified.

13.     The words "relate to," "related to," "relating to," or "concerning" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, undermines, or contradicts.

14.     "State" or "explain" or "describe" means to state in your answer each and every fact in detail.

NYA879867.2

## INTERROGATORIES

### INTERROGATORY NO. 1:

Describe the nature and type of business in which Defendant is engaged in, and identify the state and type of incorporation or association, all principals, directors, board members, or other executives of Defendant since January 1, 1998 to the present, and all locations, including city and state in which Defendant operates its business or owns facilities, including those facilities or companies which Defendant does not wholly own.

### INTERROGATORY NO. 2:

Describe Defendant's document retention policy in its regular course of business, and describe its document retention policy and litigation hold adopted in connection with this litigation, the date it was implemented and in which locations owned/operated by the Defendant.  Identify all individuals notified of said document retention policy/litigation hold in connection with this litigation, the means and times of notification to said individuals, the individuals in charge of implementing said document retention policy, and the means of implementation of the described document retention.

### INTERROGATORY NO. 3:

Identify all person(s) who supplied information to answer these interrogatories, and the interrogatory responses to which each person contributed information.

### INTERROGATORY NO. 4:

Identify all individuals employed by defendant at any point during the period from January 1, 1998, to the present, and, if they are no longer employed, state all reason(s) for each termination. This request includes any employee who was already employed by the Defendant as of January 1, 1998.  For each employee, state their ethnicity, national origin, race and or gender, if known, or other equal employment opportunity or affirmative action classification.  If the employee was a temporary employee not directly employed by Defendant, provide the name of the agency who placed the employee.  If the employee is/was not a U.S. citizen, provide information about their country of origin.

### INTERROGATORY NO. 5:

Of those employees identified in number 4 above, identify all those who have, since November 2001, been exempted from defendant's English-only policy and give the reason for the exemption from defendant's English-only policy.

NYA879867.2

**INTERROGATORY NO. 6:**

Identify all employees of Hispanic origin or ethnicity employed by Defendant since January 1, 1998, who have been subject to discipline, other than discipline for violation of the English-only rule, and the reasons for the discipline. If the discipline has been set forth in writing, identify said writing.

**INTERROGATORY NO. 7:**

Identify all employees of Defendant since November 1, 2001, who have been subject to discipline or any adverse employment action for a violation of Defendant's English-only policy. If discipline was set forth in writing, identify said writing.

**INTERROGATORY NO. 8:**

With respect to each employee identified in response to Interrogatory 7 above, identify all employees involved in the decision to discipline that employee, and state who ultimately disciplined the employee, how, in what language, and whether any witness was present.

**INTERROGATORY NO. 9:**

Identify all employees of Defendant since November 1, 2001, who have had authority to administer or enforce Defendant's English-only policy. For each employee identified herein, describe what training or other instruction the employee has been given about enforcing the English-only policy.

**INTERROGATORY NO. 10:**

State whether Defendant has maintained its English-only policy after November 31, 2001 and to the present, and if yes, describe in detail all reasons for maintaining said policy and describe any change made to said policy and/or its implementation after November 31, 2001. For each reason stated, identify all documents supporting such claim(s).

**INTERROGATORY NO. 11:**

Describe Defendant's English-only policy since November 1, 2001, and identify for the period beginning on November 1, 2001: in which locations this policy applies, where in the facilities this policy applies, to what employees it is applied in the facility, when the policy applies, and what the consequences are for non-compliance. For each facility or location identified in response to Interrogatory 1, please state whether the English-only policy applies or has ever applied in any of the identified facilities or locations.

NYA879867.2

**INTERROGATORY NO. 12:**

Identify any individual currently or previously employed by Defendant who has or may have knowledge or information concerning Luz Andujar, Waleska Miranda, Eva Diaz, Harold Acosta and Jose Linares, including any information about their employment at Defendant, their complaints about the issues underlying this litigation, and any other information that is relevant to this litigation and/or that Defendant intends to use in this litigation. For each individual identified provide a summary of the information or knowledge they have or may have.

**INTERROGATORY NO. 13:**

Identify and describe all reasons why Luz Andujar, Waleska Miranda, Jose Linares, and Harold Acosta, no longer work at the Defendant and identify all individuals who participated in any decision or discussion concerning their departure or termination.

**INTERROGATORY NO. 14:**

Identify any and all complaints (specify whether written or oral) made by employees, to management or anyone in a supervisory position, related to defendant's English-only policy or to any other form of alleged discrimination. For each complaint identified state the full name, title, and address of the complaining individual identified as well as the supervisor, management member, or other employee to whom the complaint was made.

**INTERROGATORY NO. 15:**

Identify any and all employees who have complained (specify whether written or oral) about languages other than English being spoken in the workplace since November 1, 2001. For each complaint identified, also identify the supervisor or other employee to whom the complaint was made.

**INTERROGATORY NO. 16:**

Identify any and all employees who have complained (specify whether written or oral) about any kind of racial or ethnic animus in the workplace from November 1, 2001, to the present, and describe any incident subject of the complaint or any other incident related to racial, nationality-based or ethnic animus, or other discriminatory behavior towards one's national or ethnic origin occurring in Defendant's workplace.

NYA879867.2

**INTERROGATORY NO. 17:**

Identify all forklift drivers or operators from January 1, 1998 to the present, and for each individual identified describe any training, test, relevant experience (e.g. as forklift drivers), and any incidents occurring at Defendant's Hartford facility while driving a forklift. Identify any documents supporting your responses to this interrogatory.

**INTERROGATORY NO. 18:**

Identify each and every temporary agency and government-sponsored program from which defendant has accepted temporary employees since January 1, 1998. For each temporary agency and/or government sponsored program identified, state whether Defendant has a written contract with such temporary agency or an oral agreement.

**INTERROGATORY NO. 19:**

Identify each defendant employee who is/was responsible for interacting with the temporary agencies and government-sponsored programs identified in response to Interrogatory 18. State what information the respective employee gave to said temporary agency and/or government sponsored program regarding defendant's English-only policy, and whether the Defendant imposes any other language proficiency requirement for recruitment of temporary workers.

**INTERROGATORY NO. 20:**

Identify all individuals in charge of hiring employees for Defendant from January 1, 1998 to present, and describe the hiring process (e.g., selection of candidates, review of application, interview, if any, offer, verification of employment eligibility document, and or any other step taken by Defendant in hiring new employees) since that date, as well as the document retention policy of any hiring related documents and/or employee personnel files.

**INTERROGATORY NO. 21:**

State whether defendant currently hires individuals who do not know how to speak English and whether the Defendant has ever hired individuals who do not know how to speak English beginning from January 1, 1998. If the Defendant requires its employees to know how to speak English, please describe your understanding of the phrase "to know how to speak English" and describe in detail Defendant's requirement that an employee have the ability to speak English.

**INTERROGATORY NO. 22:**

Identify each type of job or job classification Defendant has used since January 1, 1998, and for each identify in which facility the job type or classification was used. For each job, describe in

- 13 -

detail the essential requirements, characteristics and/or functions pertaining to the job or expected of the employee performing the job.

## INTERROGATORY NO. 23:

Identify each and every manager or supervisor employed by Defendant since January 1, 1980 who can speak Spanish, and, indicate the level of proficiency for each.

## INTERROGATORY NO. 24:

Identify each and every Hispanic employee hired either directly by Defendant or through a temporary agency and/or government sponsored program since June 1, 1998 to the present. For each individual identified, state whether you informed the individual of your policy prior to hiring and whether you verified the individuals' ability to speak English met the Defendant's requirements.

## INTERROGATORY NO. 25:

Identify the national or ethnic origin and the native language spoken by each and every employee, other than the Hispanic employees identified in Interrogatory 24, hired either directly by Defendant or through a temporary agency and/or government sponsored program since June 1, 1998 to the present. For each individual identified, state whether he or she informed the individual of your policy prior to hiring and whether you verified the individuals' ability to speak English met Defendant's requirements.

## INTERROGATORY NO. 26:

Identify all individuals and entities who referred employees to Defendant for employment, including any church, or other religious organization, or any other type of profit or not-for-profit association, or government sponsored program.

## INTERROGATORY NO. 27:

Identify any employee or other individual related, associated, or otherwise acting as principal or agent or in any other function for Defendant, who has reviewed the article titled "Trabajadores Hispanos Demandan A Empresa Porque Le Prohiben Comunicarse En Espanol," published in the June 2000 edition of La Voz, or any translation thereof. If a translation of the article was reviewed, identify who and when the person(s) obtained the translation for Defendant and whether Defendant paid or otherwise requested the translation, whether written or oral.

- 14 -

**INTERROGATORY NO. 28:**

Identify any action, meeting, discussion, communication, or other event or act, whether written or oral, formal or informal, that Defendant has had concerning the article described in Interrogatory 27 ("Article"), and describe in detail all individuals who participated in any such event, meeting, discussion or other event, what was discussed or communicated, and whether the Defendant decided to take any action of any kind in connection with any of the events described in the Article, the people pictured or discussed in the Article, or anyone else who complained about the English-only policy.


**INTERROGATORY NO. 29:**

As to the individuals listed below, state and describe in full and complete detail each of the following:

(a)     all facts possessed by each person listed below concerning Plaintiffs and this litigation. If an individual possesses facts relating to any aspect of each of the five Plaintiffs' employment with Defendant, state so specifically and set forth the facts possessed in detail. If an individual has particular knowledge about any of Defendant's defenses in this case, also state so specifically, setting forth in detail, each of the facts possessed by such individual;

(b)     for non-managerial employees, provide identification information sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place or examination and include, without limitation, his or her full name, present or last known home address, national origin, native language, and social security number.

    (1)     Robert Cohen;
    (2)     Rocco Piccirillo;
    (3)     Larry Sussman;
    (4)     Tom Buonocore;
    (5)     Fabian Pineros;
    (6)     Ross Smith;
    (7)     Jimmy Adorno;
    (8)     Paul Lopes;
    (9)     Leilamattie Mohabeer;
    (10)    Steven Cody;
    (11)    Bhanmattie Sattaur;
    (12)    Ladwhina Young;
    (13)    Deloris Haskins;
    (14)    Mary Murray;
    (15)    Roger McCormick;
    (16)    Boris Bratslousky;
    (17)    Jacob Khutursky;
    (18)    Ray Acosta;

NYA879867.2

    (19)    Tony Baez;

    (20)    John Carabetta

## INTERROGATORY NO. 30:

Identify all individuals in charge of setting wages at Defendant and describe the wage setting process for all hourly workers, permanent and temporary, from January 1, 1998 to the present. Identify any document sufficient to show the wages for all hourly workers and supervisors from January 1, 1998 to the present.

## INTERROGATORY NO. 31:

Describe any award, benefit, compensation, gift, recognition or any type of reward of any kind (collectively "award" or "reward") that the Defendant has provided to any of its employees, including, without limitation any award or reward provided to the employee on his/her reaching their 5th, 10th, 15th, 20th, 25th, or 30th year of employment with Defendant, and identify all individuals who have been given such award or reward from January 1, 1998 to the present, the reason for the award or reward, the type of award or reward given, and the time when the award/reward was given. Identify all relevant documents concerning the stated benefits, state the criteria used in determining eligibility for the described benefits, and identify the individuals responsible for determining eligibility and administering the benefits.

## INTERROGATORY NO. 32:

Identify and describe any other benefit, bonus, perk, or other reward, award, or recognition, monetary and non-monetary, or of any other nature, whether tangible or intangible, other than the ones described in Interrogatory 31, that Defendant has given to any of its permanent and/or temporary employees from January 1, 1998 to the present.

## INTERROGATORY NO. 33:

Describe any policy or practice used by Defendant from January 1, 1998, to the present for determining eligibility of permanent or temporary employees for pay raises and/or promotions. Identify all individuals responsible for determining employees' eligibility for such pay raises or promotions and identify any documents in support of the stated policy.

NYA879867.2

**INTERROGATORY NO. 34:**

Describe any policy or practice used by Defendant to hire temporary workers as permanent workers from January 1, 1998 to the present, and identify any individual involved in the process of hiring temporary workers as permanent employees.

**INTERROGATORY NO. 35:**

Identify all individuals with whom Defendant has discussed or communicated in any way anything relating to this litigation, including anything relating to or concerning the negotiations for settlement, proposed settlement, settlement or agreement to end this litigation, or about the individuals involved in this litigation, the facts relating or underlying this litigation, including, without limitation, any discussion between Defendant, including without limitation any of its employees, agents, principals, owners or stakeholders, and any of their family members, relatives, friends, girlfriends/boyfriends, partners, acquaintances, or any other individual. For all individuals identified, state how the communication or discussion took place, who was present (if applicable), and provide sufficient detail to notice the deposition of the individuals identified.

**INTERROGATORY NO. 36:**

Identify all employees and other individuals who work or have access to Defendant's premises, who use a computer at or belonging to Defendant, or any other computer on which they may also conduct Defendant's business, including any individual or employee who uses electronic communication, commonly referred to as e-mail, and for each individual identified provide the email address(es), and the date the email address was given to each individual.

**INTERROGATORY NO. 37:**

Identify the fiscal year according to which Defendant operates his business, and for each year beginning January 1998, state what Defendant's gross profits, net profits and other sources of revenue were for that year.

**INTERROGATORY NO. 38:**

Identify any individual at Defendant who is or has been in charge of human resources or personnel matters from January 1, 1998, to the present. Identify which persons have custody of such records and their location(s).

**INTERROGATORY NO. 39:**

Identify any management meetings regularly or irregularly held by the Defendant and any type of written or other records made of such meetings, and any individual who has participated in

NYA879867.2

such meetings from January 1, 1998 to the present.  Identify which persons have custody of such records and their location(s).

## INTERROGATORY NO. 40:

Identify any newsletter or other publication prepared and/or distributed by Defendant to its employees, and any individual in charge of such newsletter from January 1, 1998 to the present.

## INTERROGATORY NO. 41:

Identify any employee, supervisor or other individual that Defendant uses or has used from January 1, 1998 to the present, to interpret English or any other language in order to communicate with any of its employees, shareholders, partners, customers, vendors, contractors, suppliers, or other customers of Defendant.

## INTERROGATORY NO. 42:

Identify all of the employees, permanent or temporary, that Defendant has terminated from May 1, 2000 to the present and describe the reasons for the termination.

## INTERROGATORY NO. 43:

Identify the wage or salary Defendant pays and has paid its supervisors from January 1, 1998 to the present, and any bonus or other reward or award given to any supervisor from January 1, 1998 to the present.

## INTERROGATORY NO. 44:

Identify all employees, permanent or temporary, who from January 1, 1998 to the present had 20 or more years of service or employment with Defendant, including employees that may no longer be currently employed with Defendant.  For each employee identified, describe their job/position history, history of discipline, and their wages/salary history, and state whether or not they are currently employed by the Defendant and if no longer employed by the Defendant state the reason why.

## INTERROGATORY NO. 45:

Identify any individual who has approached or otherwise contacted the Defendant after the filing of this lawsuit to discuss anything relating to the subject matter or the individuals participating in this lawsuit, or any other individual who Defendant or any of its principals, managers, owners, or other related individual know to have knowledge about this lawsuit.

NYA879867.2

## INTERROGATORY NO. 46:

Identify all members of Defendant's management and any principal or other stakeholder in or owner of interest or shares of Defendant as of January 1, 1998 to the present and for each individual identified, state their title(s), if any, and describe their financial or other interest in Defendant, their financial remuneration for any work performed for or on behalf of defendant.

## INTERROGATORY NO. 47:

Identify customers and suppliers of Defendant from January 1, 1998 to the present and for each state whether you have informed them of Defendant's English-only rule or policy.

## INTERROGATORY NO. 48:

State whether any individual identified in Interrogatory 46, or any other member of Defendant's management or any of its supervisors, including, without limitation, the individuals listed in Interrogatory 29, has ever used or uses racial slurs or other demeaning language that takes into account one's gender or national or ethnic origin or race, or has ever made any other kind or type of remark concerning individuals of Hispanic origin or ethnicity, including, without limitation, Puerto Ricans and Mexicans.  For the individuals identified, please state whether the individual has exhibited any racial animus towards individuals of Hispanic origin or ethnicity, and whether they belong to any organization, association or other group that advocates for English-only policies, or, against Hispanics or against Hispanics' immigration into the United States, including Puerto Ricans.

## REQUESTS FOR DOCUMENTS AND THINGS

## REQUEST NO. 1:

Please provide documents sufficient to identify the information in Interrogatory 1 and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

## REQUEST NO. 2:

Please provide all documents concerning or relevant to Interrogatory 2 and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

## REQUEST NO. 3:

Please provide all documents concerning or relevant to Interrogatory 4 and 5 and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

NYA879867.2

**REQUEST NO. 4:**

Please provide all documents concerning or relevant to Defendant's equal employment opportunity policies, including, without limitation, policies concerning the reporting of employment discrimination and the prevention of retaliation, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 5:**

Please provide all documents concerning or relevant to Interrogatory 6, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 6:**

Please provide all documents concerning or relevant to Interrogatories 7 and 8, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 7:**

Please provide all documents concerning or relevant to Interrogatory 9, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 8:**

Please provide all documents concerning or relevant to Interrogatory 10, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 9:**

Please provide all documents concerning or relevant to Interrogatory 11, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 10:**

Please provide all documents concerning or relevant to Interrogatory 12, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 11:**

NYA879867.2

Please provide all documents concerning or relevant to Interrogatory 13, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 12:**

Please provide all documents concerning or relevant to Interrogatory 14, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 13:**

Please provide all documents concerning or relevant to Interrogatories 15 and 16, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 14:**

Please provide all documents concerning or relevant to Interrogatory 17, and provide all documents relevant to any testing, exam, or other evaluation administered by Defendant or required by Defendant for the forklift driver position, including, without limitation any communication concerning these tests or exams, the individuals taking them, the outcome of the exams, or any consequence for passing or failing the exams, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 15:**

Please provide all documents concerning or relevant to Interrogatories 18 and 19, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 16:**

Please provide documents sufficient to identify the hiring process described in Interrogatory 20, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 17:**

- 21 -

Please provide documents sufficient to identify the job classifications or jobs described in Interrogatory 22, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.


**REQUEST NO. 18:**

Please provide all documents concerning or relevant to Interrogatories 27 and 28, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.


**REQUEST NO. 19:**

Please provide all documents and personnel files concerning the individuals identified in Interrogatory 29, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.  With respect to documents pertaining or relating or in the possession of Mr. Robert Cohen, please include all documents obtained by Ms. Sherry-Baker Lawrence, as described in Mr. Cohen's complaint in the 11th Judicial Circuit and for Miami-Dade County, Florida, titled Robert H. Cohen v. Sherry-Baker Lawrence, Case No. 08-04466.

**REQUEST NO. 20:**

Please provide all documents concerning or relevant to Interrogatory 30, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 21:**

Please provide all documents concerning or relevant to Interrogatories 31 and 32, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 22:**

Please provide all documents concerning or relevant to Interrogatory 35, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 23:**

NYA879867.2

Please provide all documents concerning or relevant to Interrogatory 36, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 24:**

Please provide all documents concerning or relevant to Interrogatory 39, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 25:**

Please provide all documents concerning or relevant to Interrogatory 40, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 26:**

Please provide all documents concerning or relevant to Interrogatory 44, including, without limitation, the personnel files of each individual identified in response thereto, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 27:**

Please provide all documents concerning or relevant to Interrogatory 45, including, without limitation, the personnel files of each individual identified in response thereto, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 27:**

Please provide all documents concerning or relevant to Interrogatory 48, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 28:**

Please provide all documents and personnel files concerning or relevant to Luz Andujar, Eva Diaz, Harold Acosta, Jose Linares, and Waleska Miranda, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 29:**

Please provide all documents concerning, relating, or relevant to in any way any aspect of the negotiations for settlement and settlement or proposed settlement of this litigation, including,

- 23 -

without limitation, any communication (including voicemails) relating, concerning, or in any way addressing any event pertaining to the settlement or proposed settlement or any aspect of the negotiations related thereto, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 27:**

Please provide all documents concerning or relevant the following individuals, including, without limitation, their personnel files, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response:

> Boris Bratslousky
> Jacob Khutursky
> Michael Ambruso
> Pauline Wood
> Mary Molly
> Freda Flayes
> Rose Smith
> Jerene Smith
> John Carabetta
> Tony Baez
> Ray Acosta
> Judy Colosimo
> Yoodaje Seepersad
> Maria Rondon
> Sarah Bailey
> Irina Novozhilova
> Irina Volodarska
> Maya Rudyak
> Violetta Krasilnikova
> Roman Katsnelson

**REQUEST NO. 28:**

Please provide all documents received or authored by Robert Cohen, Rocco Piccirillo, Larry Sussman, Tom Bonocore, Fabian Pineros, Ross Smith, Jimmy Adorno, Paul Lopes, Leilamattie Mohabeer, Steven Cody, Bhanmattie Sattaur, Ladwhina Young, Deloris Haskins, Mary Murray, Roger McCormick, Boris Bratslousky, Jacob Khurtsky, Michael Ambruso, Harrilal Sukhram, Nelson Marquez or any other employee of Defendant relating to defendant's English-only policy and/or this litigation, and indicate in your response. To the extent you have already provided documents responsive to this request in response to any other request herein, please simply provide the bates numbers of the responsive documents.

**REQUEST NO. 29:**

NYA879867.2

Please provide all photographs, drawings, cartoons, tape recordings, motion pictures or videotapes, and e-mail relating to the subject matter of this lawsuit, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 30:**

Please provide all documents, including notes, made during the investigation of any and all charges or allegations of discrimination, made by Defendant's employees since November 2, 2001, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 31:**

Please provide all documents concerning or related to unemployment compensation requests for Jose Linares, Harold Acosta, Waleska Miranda, and Luz Andujar, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 32:**

Please provide all documents concerning or related to any investigation, including any investigation conducted by private investigator, of the Plaintiffs in this litigation, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 33:**

Please provide all documents concerning or related to the Defendant's policy for its profit-sharing plan, including, without limitation, how it determines each employee's percentage in the profit-sharing plan and any changes to the plan made since May 1, 2000, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 34:**

Please provide all documents concerning or related to any health insurance coverage or drug plan coverage that Defendant provides its employees, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 35:**

Please provide all documents that provide a racial/ethnic breakdown of Defendant's employees from 1980 to the present, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 36:**

NYA879867.2

Please provide all documents concerning or relating to any English-only policy that Defendant has in any location other than Hartford, Connecticut, which Defendant owns or operates, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

**REQUEST NO. 37:**

Please provide documents sufficient to identify the information relevant to Interrogatory 47, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

Dated:    February 13, 2008
          New York, New York


Respectfully submitted,

By: _____

Valeria Calafiore (PHV0494)
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019

Jackson Chin (PHV0493)
Puerto Rican Legal Defense & Education
Fund
99 Hudson Street
New York, New York 10013

*Attorney for Plaintiff-Intervenors, Luz Andujar, Eva Diaz, Harold Acosta, Waleska Miranda, and Jose Linares.*

- 26 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was caused to be served by mail on this 13th day of February, 2008, to the following:


Richard Robinson, Esq.
Pullman & Comley, LLC
90 State House Square
Hartford, CT 06103-3702

Rosa Palacios-Baldwin
U.S. Equal Employment Opportunity Commission
Boston Area Office
John F. Kennedy Federal Office Building
Government Center, room 475
Boston, MA 02203

Barbara E. Gardner, Esq.
843 Main St., Ste. 1-4
Manchester, CT 06040

Valeria Calafiore

NYA879867.2