# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | 3:01CV00378(AHN) |
| ) | |
| BEAUTY ENTERPRISES, INC., AAA INDUSTRIAL TEMPORARIES, INC., and ESSENTIAL TEMPORARIES, INC., ) | |
| ) | |
| **Defendants.** ) | |
| ------------------------------------------------------- ) | |
| MIGUEL ANGEL ALVAREZ, WILLIAM TORRES, HAROLD ACOSTA, and JOSE LINARES ) | |
| ) | |
| **Plaintiff-Intervenors.** ) | |
| ) | |
| v. ) | |
| ) | |
| BEAUTY ENTERPRISES, INC., and ESSENTIAL TEMPORARIES, INC. ) | |
| ) | |
| **Defendants.** ) | |

**RESPONSES TO PLAINTIFF-INTERVENORS'** *FIRST SET OF INTERROGATORIES*
and *FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS*
**TO DEFENDANT BEAUTY ENTERPRISES, INC.**

## INTRODUCTION

Defendant Beauty Enterprises, Inc. ("BEI") asserts that it has no obligation to respond to this discovery and objects to it in its entirety.

First, the discovery (dated February 13, 2008) comes long after the discovery deadline (9/8/03) and after this case would have been tried, but for the inability to seat a jury. Plaintiff-intervenors have not sought to re-open the discovery period. Hence, the discovery is unauthorized and impermissible.

Second, plaintiff-intervenors' interests in this case were represented exclusively by the named plaintiff, Equal Employment Opportunity Commission ("EEOC") from the time this case was filed on March 12, 2001 until January 3, 2002, when these individuals were granted intervenor status and attorneys for the Puerto Rican Legal Defense & Education Fund ("PRLDF") appeared on their behalf, thus providing additional protection for their interests. By the time the PRLDF attorneys entered the case, the EEOC had served a first set of interrogatories and production requests on BEI on behalf of the individuals who became plaintiff-intervenors, as well as the other so-called Charging Parties, and BEI responded to them. On September 20, 2002, after the PRLDF attorneys had been in the case for almost nine months, the EEOC, on behalf of all the Charging Parties, including the plaintiff-intervenors, served a second set of interrogatories and production requests on BEI. Among the interrogatories and production requests were those specifically concerning the claims of the plaintiff-

intervenors. The PRLDF attorneys never sought any separate written discovery (never sought discovery on their own) until now. In addition, BEI deposed virtually all the Charging Parties during the discovery period, including the plaintiff-intervenors, and the EEOC deposed virtually all the individuals BEI had identified in its Initial Disclosures. PRLDF lawyers attended virtually of the EEOC's depositions and either asked questions or relinquished the opportunity to ask questions. Clearly, the PRLDF lawyers were relying primarily on the EEOC to conduct the discovery they might have conducted and benefited by that discovery. The present discovery appears largely to ignore the discovery that was already conducted. Many of the requests are almost identical to interrogatories or document requests that the EEOC propounded. Certainly, even if the plaintiff-intervenors had the right to engage in discovery, they would have no right, given the circumstances, to conduct the sort of discovery they would have been entitled to conduct early in the case.

Third, the plaintiff-intervenors have served 48 interrogatories on BEI, most with multiple discrete subparts. This is contrary to Fed. R. Civ. P. 33(a), despite plaintiff-intervenors' claim that they have the right, because there are five of them, to serve a total of 125 interrogatories (including subparts). Not only do the plaintiff-intervenors have common claims and interests (in addition to their individual retaliation claims), but the bulk of the discovery concerns these common claims and interests. Hence, the

3

interrogatories – a single set on behalf of all five plaintiff-intervenors – is subject to the Rule 33(a) limitation.

Nevertheless, even though BEI has no duty to answer, respond or otherwise comply with the discovery in question, and without waiving any of its general objections, or its particularized objections to specific interrogatories and production requests, and solely (and hopefully) to save the Court from having to consider disputes concerning this discovery, BEI voluntarily responds to the subject discovery as set forth below.

BEI also objects to plaintiff-intervenors' stated Instructions to the extent they require more of BEI than the pertinent Federal and Local Rules require.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Describe the nature and type of business in which Defendant is engaged in, and identify the state and type of incorporation or association, all principals, directors, board members, or other executives of Defendant since January 1, 1998 to the present, and all locations, including city and state in which Defendant operates its business or owns facilities, including those facilities or companies which Defendant does not wholly own.

*RESPONSE: BEI is a wholesale distributor of beauty products (skin and hair care products, cosmetics, etc.) manufactured by other companies. The products it distributes are designed primarily for African-Americans and other people of color. Beauty is a Connecticut corporation. Its sole shareholder is Robert Cohen. Its principal executives are Robert Cohen, President, Rocco Piccirillo, Vice-President and Larry Sussman, Vice-President. Its corporate headquarters and its principal warehouse are at 150 Meadow Street, Hartford, CT 0611401593. It has additional facilities in Birmingham, Alabama at 165 Goodrich Drive, Birmingham 35217, in the Baltimore area at 514 Progress Drive, Linthicum Heights, Maryland, 21090, the Detroit area at 9685 Harrison Road, Romulus, Michigan 48174 and an office at 1225 Broadway, New York, NY.*

**INTERROGATORY NO. 2:**

Describe Defendant's document retention policy in its regular course of business, and describe its document retention policy and litigation hold adopted in connection with this litigation, the date it was implemented and in which locations owned/operated by the Defendant. Identify all individuals notified of said document retention policy/litigation hold in connection with this litigation, the means and times of notification to said individuals, the individuals in charge of implementing said document retention policy, and the means of implementation of the described document retention.

> *RESPONSE:  BEI does not have a written document retention policy.  It generally retains all written documents for at least five years, except for personnel files, which it retains permanently.  At the outset of this litigation, in 2001, indeed when the underlying charges were filed with the EEOC in 2000, BEI was directed to preserve all conceivably relevant documents, i.e., those involving the English-only rule (if any), those relating to the Charging Parties, etc.  BEI has adhered to this direction.  In terms of electronic documents, in late 2001or early 2002, BEI installed Microsoft Outlook, and since then, the e-mails from and to Larry Sussman and Rocky Piccirillo are retained, either on their computers or on back up disks.  Previously, beginning in 1999 with four or five users, BEI used AOL for e-mail, and that e-mail was not retained.  .In January 2008, consistent with current practice, counsel for BEI delivered a litigation hold letter to BEI.*

**INTERROGATORY NO. 3:**

Identify all person(s) who supplied information to answer these interrogatories, and the interrogatory responses to which each person contributed information.

> *RESPONSE:  See BEI's response to Interrogatory #1 in the EEOC's First Set of Interrogatories.  The individual's listed there are those who supplied information to answer these interrogatories.*

**INTERROGATORY NO. 4:**

Identify all individuals employed by defendant at any point during the period from January 1, 1998, to the present, and, if they are no longer employed, state all reason(s) for each termination. This request includes any employee who was already employed by the Defendant as of January 1, 1998. For each employee, state their ethnicity, national origin, race and or gender, if known, or other equal employment opportunity or affirmative action classification. If the employee was a temporary employee not directly

employed by Defendant, provide the name of the agency who placed the employee. If the employee is/was not a U.S. citizen, provide information about their country of origin.

*RESPONSE: Pursuant to discussions between the counsel for plaintiff-intervenors and BEI's counsel, BEI is responding with respect to the period January 1, 1998 and November 2, 2001 and directs plaintiff-intervenors to its response to Interrogatory #4 of the EEOC's First Set of Interrogatories. That response is also the response to this Interrogatory.*

## INTERROGATORY NO. 5:

Of those employees identified in number 4 above, identify all those who have, since November 2001, been exempted from defendant's English-only policy and give the reason for the exemption from defendant's English-only policy.

*RESPONSE: The Bosnian product cleaners BEI identified in response to Interrogatory #4 in the EEOC's First Set of Interrogatories continued to be the only persons exempted from the rule after November 2001. Over time, those individuals left BEI's employ. The only employee currently exempt from the English-only rule is Mihane Dedinca, a .*

## INTERROGATORY NO. 6:

Identify all employees of Hispanic origin or ethnicity employed by Defendant since January 1, 1998, who have been subject to discipline, other than discipline for violation of the English-only rule, and the reasons for the discipline. If the discipline has been set forth in writing, identify said writing.

*RESPONSE: Objection. See Objection to Interrogatory #6*

## INTERROGATORY NO. 7:

Identify all employees of Defendant since November 1, 2001, who have been subject to discipline or any adverse employment action for a violation of Defendant's English-only policy. If discipline was set forth in writing, identify said writing.

*RESPONSE: None.*

**INTERROGATORY NO. 8:**

With respect to each employee identified in response to Interrogatory 7 above, identify all employees involved in the decision to discipline that employee, and state who ultimately disciplined the employee, how, in what language, and whether any witness was present.

    *RESPONSE: Not applicable.*

**INTERROGATORY NO. 9:**

Identify all employees of Defendant since November 1, 2001, who have had authority to administer or enforce Defendant's English-only policy. For each employee identified herein, describe what training or other instruction the employee has been given about enforcing the English-only policy.

    *RESPONSE: See BEI's response to Interrogatory #9 of the EEOC's First Set. That response is applicable to this interrogatory.*

**INTERROGATORY NO. 10:**

State whether Defendant has maintained its English-only policy after November 31, 2001 and to the present, and if yes, describe in detail all reasons for maintaining said policy and describe any change made to said policy and/or its implementation after November 31, 2001. For each reason stated, identify all documents supporting such claim(s).

    *RESPONSE: BEI has maintained its English-only rule without change. It did so because the rule remains necessary to create a harmonious workplace free of ethnic tension and to promote safety and efficiency. BEI objects to the document identification portion of this Interrogatory, since the plaintiff-intervenors have not defined "such claims," and BEI does not understand what "such claims" means. Notwithstanding this objection, BEI states that there are no documents that support or deal with its decision to maintain the rule other than documents previously provided to the parties during "discovery period" discovery.*

**INTERROGATORY NO. 11:**

Describe Defendant's English-only policy since November 1, 2001, and identify for the period beginning on November 1, 2001: in which locations this policy applies, where in

the facilities this policy applies, to what employees it is applied in the facility, when the policy applies, and what the consequences are for non-compliance. For each facility or location identified in response to Interrogatory 1, please state whether the English-only policy applies or has ever applied in any of the identified facilities or locations.

*RESPONSE: See response to Interrogatory #11 of the EEOC's First Set. The rule covers all BEI locations – those set forth in response to Interrogatory #1, above.*

## INTERROGATORY NO. 12:

Identify any individual currently or previously employed by Defendant who has or may have knowledge or information concerning Luz Andujar, Waleska Miranda, Eva Diaz, Harold Acosta and Jose Linares, including any information about their employment at Defendant, their complaints about the issues underlying this litigation, and any other information that is relevant to this litigation and/or that Defendant intends to use in this litigation. For each individual identified provide a summary of the information or knowledge they have or may have.

*RESPONSE: Pursuant to discussions between counsel, BEI responds to this interrogatory by directing plaintiff-intervenors to its response to Interrogatory #33 of the EEOC's Second Set, as well as to the depositions of Mssrs. Pineros, Piccirillo, Sussman, Cohen, Buonocore, Adorno, Lopes and Marquez.*

## INTERROGATORY NO. 13:

Identify and describe all reasons why Luz Andujar, Waleska Miranda, Jose Linares, and Harold Acosta, no longer work at the Defendant and identify all individuals who participated in any decision or discussion concerning their departure or termination.

*RESPONSE: See BEI's responses to Interrogatory #12 of the EEOC's First Set and #33 of the EEOC's Second Set, as well as to the depositions of the individuals identified in its response to #12 above.*

## INTERROGATORY NO. 14:

Identify any and all complaints (specify whether written or oral) made by employees, to management or anyone in a supervisory position, related to defendant's English-only policy or to any other form of alleged discrimination. For each complaint identified state the full name, title, and address of the complaining individual identified as well as the supervisor, management member, or other employee to whom the complaint was made.

*RESPONSE: BEI objects to that portion of the interrogatory that seeks complaints concerning "any other form of alleged discrimination." As to complaints regarding the English-only rule, see BEI's response to Interrogatory #14 of the EEOC's First Set. See also the depositions of Piccirillo, Pineros, Sussman, Buonocore and the other BEI witnesses. As to complaints regarding national origin discrimination (other than those involving the rule), there have not been any.*

## INTERROGATORY NO. 15:

Identify any and all employees who have complained (specify whether written or oral) about languages other than English being spoken in the workplace since November 1, 2001. For each complaint identified, also identify the supervisor or other employee to whom the complaint was made.

*RESPONSE: In 2001 and 2002, there were a lot of complaints about Spanish being spoken in violation of the rule. However, no records were made of these complaints. Consequently, BEI is unable to furnish the detail the interrogatory seeks.*

## INTERROGATORY NO. 16:

Identify any and all employees who have complained (specify whether written or oral) about any kind of racial or ethnic animus in the workplace from November 1, 2001, to the present, and describe any incident subject of the complaint or any other incident related to racial, nationality-based or ethnic animus, or other discriminatory behavior towards one's national or ethnic origin occurring in Defendant's workplace.

*RESPONSE: None.*

## INTERROGATORY NO. 17:

Identify all forklift drivers or operators from January 1, 1998 to the present, and for each individual identified describe any training, test, relevant experience (e.g. as forklift drivers), and any incidents occurring at Defendant's Hartford facility while driving a forklift. Identify any documents supporting your responses to this interrogatory.

*RESPONSE: Pursuant to counsel's discussions, BEI is answering this interrogatory for the time period from September 9, 2001 forward, September 9, 2001 being Harold Acosta's last day of work, and for its Hartford facility only. To this end, see Exhibit A attached hereto.*

**INTERROGATORY NO. 18:**

Identify each and every temporary agency and government-sponsored program from which defendant has accepted temporary employees since January 1, 1998. For each temporary agency and/or government sponsored program identified, state whether Defendant has a written contract with such temporary agency or an oral agreement.

   *RESPONSE: Pursuant to counsel's discussions, this interrogatory is withdrawn.*

**INTERROGATORY NO. 19:**

Identify each defendant employee who is/was responsible for interacting with the temporary agencies and government-sponsored programs identified in response to Interrogatory 18. State what information the respective employee gave to said temporary agency and/or government sponsored program regarding defendant's English-only policy, and whether the Defendant imposes any other language proficiency requirement for recruitment of temporary workers.

   *RESPONSE:    While Interrogatory #18 has been withdrawn, Fabian Pineros continues to be the BEI employee responsible for interacting with temporary agencies, at least insofar as arranging for temporary employees is concerned.    See Pineros' deposition for the other information this interrogatory seeks.  See also EEOC Exhibit 11 (EEOC Bates Stamp #0973). CHECK THIS.*

**INTERROGATORY NO. 20:**

Identify all individuals in charge of hiring employees for Defendant from January 1, 1998 to present, and describe the hiring process (e.g., selection of candidates, review of application, interview, if any, offer, verification of employment eligibility document, and or any other step taken by Defendant in hiring new employees) since that date, as well as the document retention policy of any hiring related documents and/or employee personnel files.

   *RESPONSE: Per counsel's discussions, this response is limited to the hiring of blue collar employees at BEI's Hartford facility.  The hiring process is that a supervisor seeks authority to interview and hire.  Ads and postings are then placed to obtain candidates.    The supervisor involved interviews the candidates.    The candidate completes the written application.  Candidates are discussed amongst the supervisors, who recommend one or more individuals to. Larry Sussman.  Sussman then interviews these individuals.  Among other things, he insures that all company policies, rules,*

*benefits, etc. are disclosed and explained, including the English-only rule. Sussman also confirms that the candidates he interviews possess the requisite English language skills. Sussman then meets with the supervisors, and together they make the hiring decision. The offer is generally made by the supervisor. The individuals involved in the hiring process are the supervisors and Mr. Sussman. Applications of unsuccessful applicants are not retained. Applications of successful applicants are retained in the personnel file established for the individual.*

## INTERROGATORY NO. 21:

State whether defendant currently hires individuals who do not know how to speak English and whether the Defendant has ever hired individuals who do not know how to speak English beginning from January 1, 1998. If the Defendant requires its employees to know how to speak English, please describe your understanding of the phrase "to know how to speak English" and describe in detail Defendant's requirement that an employee have the ability to speak English.

*RESPONSE: Other than the Bosnian product cleaners discussed in response to #s 4 and 5 above, BEI never has hired individuals who do not know how to speak English. The level of English speaking ability required is that sufficient to understand supervisory direction and other communications from supervisors and to communicate with supervisors and others on those occasions when communication is necessary.*

## INTERROGATORY NO. 22:

Identify each type of job or job classification Defendant has used since January 1, 1998, and for each identify in which facility the job type or classification was used. For each job, describe in detail the essential requirements, characteristics and/or functions pertaining to the job or expected of the employee performing the job.

*RESPONSE: See BEI's response to Interrogatory # 24 of the EEOC's First Set; the job descriptions, EEOC Exhibit#23 (BEI bates stamped production BEI 41-45).*

## INTERROGATORY NO. 23:

Identify each and every manager or supervisor employed by Defendant since January 1, 1980 who can speak Spanish, and, indicate the level of proficiency for each.

*RESPONSE: Per counsels' discussion, the period covered by this interrogatory will be from January 1, 1998 to date. See BEI's response to Interrogatory No. 26 of the EEOC's First Set.*

## INTERROGATORY NO. 24:

Identify each and every Hispanic employee hired either directly by Defendant or through a temporary agency and/or government sponsored program since June 1, 1998 to the present. For each individual identified, state whether you informed the individual of your policy prior to hiring and whether you verified the individuals' ability to speak English met the Defendant's requirements.

*RESPONSE: Objection to the time period. For Hispanic employees hired from June 2000 to November 2, 2001, see BEI's response to Interrogatory #28 of the EEOC's First Set. Since November 2, 2001, BEI has hired from temporary agencies the additional Hispanic employees listed on Exhibit B attached. And since November 2, 2001, BEI has hired as permanent employees the Hispanic individuals listed on Exhibit C. . All these individuals were informed of the English-only rule before hiring, and BEI verified their ability to speak English to the proficiency level required.*

## INTERROGATORY NO. 25:

Identify the national or ethnic origin and the native language spoken by each and every employee, other than the Hispanic employees identified in Interrogatory 24, hired either directly by Defendant or through a temporary agency and/or government sponsored program since June 1, 1998 to the present. For each individual identified, state whether he or she informed the individual of your policy prior to hiring and whether you verified the individuals' ability to speak English met Defendant's requirements.

*RESPONSE: See Exhibit C attached. BEI does not know each individuals native language. All individuals have been informed of the English only rule at the time of hire. BEI has verified their ability to speak English.*

## INTERROGATORY NO. 26:

Identify all individuals and entities who referred employees to Defendant for employment, including any church, or other religious organization, or any other type of profit or not-for-profit association, or government sponsored program.

*RESPONSE: Per counsels' discussion, this interrogatory has been withdrawn.*

**INTERROGATORY NO. 27:**

Identify any employee or other individual related, associated, or otherwise acting as principal or agent or in any other function for Defendant, who has reviewed the article titled "Trabajadores Hispanos Demandan A Empresa Porque Le Prohiben Comunicarse En Espanol," published in the June 2000 edition of La Voz, or any translation thereof. If a translation of the article was reviewed, identify who and when the person(s) obtained the translation for Defendant and whether Defendant paid or otherwise requested the translation, whether written or oral.

   *RESPONSE:   The information sought by this interrogatory appears in the depositions of Robert Cohen, Rocky Piccirillo, Fabian Pineros, Larry Sussman and Tom Buonocore.*

**INTERROGATORY NO. 28:**

Identify any action, meeting, discussion, communication, or other event or act, whether written or oral, formal or informal, that Defendant has had concerning the article described in Interrogatory 27 ("Article"), and describe in detail all individuals who participated in any such event, meeting, discussion or other event, what was discussed or communicated, and whether the Defendant decided to take any action of any kind in connection with any of the events described in the Article, the people pictured or discussed in the Article, or anyone else who complained about the English-only policy.

   *RESPONSE:   The information sought by this interrogatory appears in the depositions of the individuals identified in the previous response.*

**INTERROGATORY NO. 29:**

As to the individuals listed below, state and describe in full and complete detail each of the following:

   (a)    all facts possessed by each person listed below concerning Plaintiffs and this litigation. If an individual possesses facts relating to any aspect of each of the five Plaintiffs' employment with Defendant, state so specifically and set forth the facts possessed in detail. If an individual has particular knowledge about any of Defendant's defenses in this case, also state so specifically, setting forth in detail, each of the facts possessed by such individual;

13

(b)    for non-managerial employees, provide identification information sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place or examination and include, without limitation, his or her full name, present or last known home address, national origin, native language, and social security number.

(1)    Robert Cohen;
(2)    Rocco Piccirillo;
(3)    Larry Sussman;
(4)    Tom Buonocore;
(5)    Fabian Pineros;
(6)    Ross Smith;
(7)    Jimmy Adomo;
(8)    Paul Lopes;
(9)    Leilamattie Mohabeer;
(10)   Steven Cody;
(11)   Bhanmattie Sattaur;
(12)   Ladwhina Young;
(13)   Deloris Haskins;
(14)   Mary Murray;
(15)   Roger McCormick;
(16)   Boris Bratslousky;
(17)   Jacob Khumrsky;
(18)   Ray Acosta;
(19)   Tony Baez;
(20)   John Carabetta

*RESPONSE:  See BEI's response to Interrogatory No. 36 in the EEOC's Second Set and the depositions of each of these individuals (except for John Carabetta, BEI's controller, who was not deposed because he does not have first hand knowledge of any facts relevant to this case, nor did he participate in any way with the creation and enforcement of the English-only rule or the discipline of any Charging Party.*

## INTERROGATORY NO. 30:

Identify all individuals in charge of setting wages at Defendant and describe the wage setting process for all hourly workers, permanent and temporary, from January 1, 1998 to the present. Identify any document sufficient to show the wages for all hourly workers and supervisors from January 1, 1998 to the present.

*RESPONSE: Objection. Outside the scope of discovery in this case.*

**INTERROGATORY NO. 31:**

Describe any award, benefit, compensation, gift, recognition or any type of reward of any kind (collectively "award" or "reward") that the Defendant has provided to any of its employees, including, without limitation any award or reward provided to the employee on his/her reaching their 5th, 10th, 15th, 20th, 25th, or 30th year of employment with Defendant, and identify all individuals who have been given such award or reward from January 1, 1998 to the present, the reason for the award or reward, the type of award or reward given, and the time when the award/reward was given. Identify all relevant documents concerning the stated benefits, state the criteria used in determining eligibility for the described benefits, and identify the individuals responsible for determining eligibility and administering the benefits.

*RESPONSE: Pursuant to counsel's discussions, BEI answers this interrogatory as it relates to Eva Diaz' claim that BEI failed to recognize her when she completed 25 years of service, since Ms. Diaz is the only plaintiff-intervenor who has asserted a claim based of this nature.  Employees are given a gift on their 25th anniversary and are invited to the conference room to receive this gift, along with others in their so-called class, and their supervisors.  Mr. Cohen presents the gift.  Male employees receive a watch.  Female employees receive a diamond bracelet.  Mr. Cohen knows that Ms. Diaz was not invited to the conference room to receive her.. Neither he, nor any other member of management or supervisor remembers whether Ms. Diaz received the gift. Mr. Cohen opted to do what was done in this instance because Ms. Diaz had not spoken to him in two years and because of an incident in which she refused to open the locked warehouse door – the door to the outside – to let Mr. Cohen enter.  Mr. Cohen knows that Ms. Diaz saw him.  What makes the situation worse is that it was bitter cold outside at the time.*

**INTERROGATORY NO. 32:**

Identify and describe any other benefit, bonus, perk, or other reward, award, or recognition, monetary and non-monetary, or of any other nature, whether tangible or intangible, other than the ones described in Interrogatory 31, that Defendant has given to any of its permanent and/or temporary employees from January 1, 1998 to the present.

*RESPONSE: Objection. Outside the scope of discovery. There is no allegation or claim by any plaintiff-intervenor, indeed by any Charging Party, concerning any benefit, bonus, perk, etc. .*

## INTERROGATORY NO. 33:

Describe any policy or practice used by Defendant from January 1, 1998, to the present for determining eligibility of permanent or temporary employees for pay raises and/or promotions. Identify all individuals responsible for determining employees' eligibility for such pay raises or promotions and identify any documents in support of the stated policy.

*RESPONSE: Objection. Outside the scope of discovery. There is no allegation or claim involving pay raises and/or promotion.*

## INTERROGATORY NO. 34:

Describe any policy or practice used by Defendant to hire temporary workers as permanent workers from January 1, 1998 to the present, and identify any individual involved in the process of hiring temporary workers as permanent employees.

*RESPONSE: Objection. Outside the scope of discovery. Only one of the plaintiff-intervenors states that she was a temporary employee who sought to become a permanent employee, and this individual is not claiming that the failure was discriminatory or retaliatory.*

## INTERROGATORY NO. 35:

Identify all individuals with whom Defendant has discussed or communicated in any way anything relating to this litigation, including anything relating to or concerning the negotiations for settlement, proposed settlement, settlement or agreement to end this litigation, or about the individuals involved in this litigation, the facts relating or underlying this litigation, including, without limitation, any discussion between Defendant, including without limitation any of its employees, agents, principals, owners or stakeholders, and any of their family members, relatives, friends, girlfriends/boyfriends, partners, acquaintances, or any other individual. For all individuals identified, state how the communication or discussion took place, who was present (if applicable), and provide sufficient detail to notice the deposition of the individuals identified.

*RESPONSE: Objection. Outside the scope. Unduly burdensome. Obviously, settlement discussions are completely out of bounds and far outside the scope of any conceivably permissible discovery. Also, at this late date, twenty-nine months after this case was to be tried, five-years plus or minus beyond the discovery deadline, and more than seven years since this case began, it would be impossible to comply with this interrogatory. Moreover, the interrogatory includes the production of privileged attorney-client communications – hundreds, including deposition prep sessions and the like. While in theory a privilege log would overcome the privilege problem, it would be impossible and an extraordinary waste of time for BEI personnel and counsel to attempt to construct a seven year record of conversations.*

## INTERROGATORY NO. 36:

Identify all employees and other individuals who work or have access to Defendant's premises, who use a computer at or belonging to Defendant, or any other computer on which they may also conduct Defendant's business, including any individual or employee who uses electronic communication, commonly referred to as e-mail, and for each individual identified provide the email address(es), and the date the email address was given to each individual.

*RESPONSE: Per counsels' discussions, BEI's response is limited to identifying categories of employees outside the warehouse, and the names of members of management, warehouse supervisors and other warehouse employees who work with or have access to computers. The categories of employees outside the warehouse who work with computers at BEI are virtually the entire office staff. These individuals all use computers for sending and receiving e-mails. Robert Cohen, Rocky Piccirillo and Larry Sussman have computers at work and use them for sending and receiving e-mails. In the warehouse, Tom Buonocore is the only person who has "his own" computer at his work station. He uses it to communicate occasionally with vendors. Virtually all warehouse staff have access to a computer to check on inventory. BEI objects to the request for e-mail addresses as outside the scope of discovery.*

## INTERROGATORY NO. 37:

Identify the fiscal year according to which Defendant operates his business, and for each year beginning January 1998, state what Defendant's gross profits, net profits and other sources of revenue were for that year.

*RESPONSE: Objection. Outside the scope of discovery.*

17

**INTERROGATORY NO. 38:**

Identify any individual at Defendant who is or has been in charge of human resources or personnel matters from January 1, 1998, to the present. Identify which persons have custody of such records and their location(s).

*RESPONSE: There is no human relations or personnel department. Sally Bailey handles benefits (enrollment, claims, etc.). John Carabetta administers payroll and maintains the personnel files. Larry Sussman handles most other human resource/personnel matters.*

**INTERROGATORY NO. 39:**

Identify any management meetings regularly or irregularly held by the Defendant and any type of written or other records made of such meetings, and any individual who has participated in such meetings from January 1, 1998 to the present. Identify which persons have custody of such records and their location(s).

*RESPONSE: Objection. Overbroad.*

**INTERROGATORY NO. 40:**

Identify any newsletter or other publication prepared and/or distributed by Defendant to its employees, and any individual in charge of such newsletter from January 1, 1998 to the present.

*RESPONSE: The Beauty Times. The individual who has been in charge of the Beauty Times is Judy Colisimo.*

**INTERROGATORY NO. 41:**

Identify any employee, supervisor or other individual that Defendant uses or has used from January 1, 1998 to the present, to interpret English or any other language in order to communicate with any of its employees, shareholders, partners, customers, vendors, contractors, suppliers, or other customers of Defendant.

*RESPONSE: As discovery has already established, BEI has a small retail showroom attached to its Hartford warehouse. From time to time, Hispanic warehouse employees are brought to the showroom to translate for non-English speaking Hispanic customers. See, e.g., Fabian Pineros' deposition at p. 416.*

**INTERROGATORY NO. 42:**

Identify all of the employees, permanent or temporary, that Defendant has terminated from May 1, 2000 to the present and describe the reasons for the termination.

*RESPONSE: Objection. Outside the scope of discovery. Overbroad.* .

**INTERROGATORY NO: 43:**

Identify the wage or salary Defendant pays and has paid its supervisors from January 1, 1998 to the present, and any bonus or other reward or award given to any supervisor from January 1, 1998 to the present.

*RESPONSE: Objection. Outside the scope of discovery.*

**INTERROGATORY NO. 44:**

Identify all employees, permanent or temporary, who from January 1, 1998 to the present had 20 or more years of service or employment with Defendant, including employees that may no longer be currently employed with Defendant. For each employee identified, describe their job/position history, history of discipline, and their wages/salary history, and state whether or not they are currently employed by the Defendant and if no longer employed by the Defendant state the reason why.

*RESPONSE: Objection. Outside the scope of discovery.*

**INTERROGATORY NO. 45:**

Identify any individual who has approached or otherwise contacted the Defendant after the filing of this lawsuit to discuss anything relating to the subject matter or the individuals participating in this lawsuit, or any other individual who Defendant or any of its principals, managers, owners, or other related individual know to have knowledge about this lawsuit.

*RESPONSE:  No one has approached BEI after the filing of this lawsuit to discuss the individuals participating in this lawsuit. A local radio personality, Brad Davis, and representatives of U.S. English contacted BEI after the lawsuit was filed to discuss the lawsuit. These contacts were fully explored in the depositions taken in this case.*

**INTERROGATORY NO. 46:**

Identify all members of Defendant's management and any principal or other stakeholder in or owner of interest or shares of Defendant as of January 1, 1998 the present and for each individual identified, state their tire(s), if any, and describe their financial or other interest in Defendant, their financial remuneration for any work performed for or on behalf of defendant.

    *RESPONSE: Robert Cohen is BEI's sole shareholder, as previously disclosed. No other individual has an ownership interest in BEI. BEI objects to the disclosure of remuneration as beyond the scope of discovery.*

**INTERROGATORY NO. 47:**

Identify customers and suppliers of Defendant from January 1, 1998 to the present and for each state whether you have informed them of Defendant's English-only rule or policy.

    *RESPONSE: Objection. Outside the scope of discovery.*

**INTERROGATORY NO. 48:**

State whether any individual identified in Interrogatory 46, or any other member of Defendant's management or any of its supervisors, including, without limitation, the individuals listed in Interrogatory 29, has ever used or uses racial slurs or other demeaning language that takes into account one's gender or national or ethnic origin or race, or has ever made any other kind or type of remark concerning individuals of Hispanic origin or ethnicity, including, without limitation, Puerto Ricans and Mexicans. For the individuals identified, please state whether the individual has exhibited any racial animus towards individuals of Hispanic origin or ethnicity, and whether they belong to any organization, association or other group that advocates for English-only policies, or, against Hispanics or, against Hispanics' immigration into the United States, including Puerto Ricans.

    *RESPONSE: Objection. Outside the scope of discovery. Without waiving this objection, the EEOC covered this topic in the depositions it took of BEI people. The only racial slur incident the depositions revealed involved a non-supervisor, Roger McCormick, who was disciplined for using a racial slur. See the depositions of McCormick, Sussman and Piccirillo.*

## OATH

I hereby certify that I have reviewed the foregoing Interrogatories and responses thereto and verify that they are true and accurate to the best of my knowledge and belief and the Corporation's knowledge and belief.

_____
Larry Sussman

Subscribed and sworn to before me
this **28** day of March, 2008.

_____
Commissioner of the Superior Court

20-A

## REQUESTS FOR DOCUMENTS AND THINGS

### REQUEST NO. 1:

Please provide documents sufficient to identify the information in Interrogatory 1 and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

   *RESPONSE: See BEI's website, www.beautyenterprises.com.*

### REQUEST NO. 2:

Please provide all documents concerning or relevant to Interrogatory 2 and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

   *RESPONSE: The only document is the litigation hold letter, which is privileged and, thus, not produced.*

### REQUEST NO. 3:

Please provide all documents concerning or relevant to Interrogatory 4 and 5 and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

   *RESPONSE: Pursuant to counsel's discussion, BEI's response to Interrogatory #4 of the EEOC's First Set of Interrogatories, along with the document attached thereto is a sufficient response to this Request.*

### REQUEST NO. 4:

Please provide all documents concerning or relevant to Defendant's equal employment opportunity policies, including, without limitation, policies concerning the reporting of employment discrimination and the prevention of retaliation, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

   *RESPONSE: See Employee Handbook previously produced in response to Request #3 in the EEOC's First Set. Also see EEOC's Trial Exhibit #2 (BEI's Non-Discrimination and Harassment Policy).*

**REQUEST NO. 5:**

Please provide all documents concerning or relevant to Interrogatory 6, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

*RESPONSE: Objection. See objection to the referenced interrogatory.*

**REQUEST NO. 6:**

Please provide all documents concerning or relevant to Interrogatories 7 and 8, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

*RESPONSE: None.*

**REQUEST NO. 7:**

Please provide all documents concerning or relevant to Interrogatory 9, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

*RESPONSE: None.*

**REQUEST NO. 8:**

Please provide all documents concerning or relevant to Interrogatory 10, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

*RESPONSE: None.*

**REQUEST NO. 9:**

Please provide all documents concerning or relevant to Interrogatory 11, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

*RESPONSE: None other than the Employee Manual, including EEOC trial exhibit 12. .*

**REQUEST NO. 10:**

Please provide all documents concerning or relevant to Interrogatory 12, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

    *RESPONSE: None.*

**REQUEST NO. 11:**

Please provide all documents concerning or relevant to Interrogatory 13, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

    *RESPONSE:  The documents responsive to this request are all EEOC trial exhibits, including exhibits 16, 27, 37, 38, 39, 40, 41, 50, 52, 57, 58, 59, 60, 61, 62.*

**REQUEST NO. 12:**

Please provide all documents concerning or relevant to Interrogatory 14, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

    *RESPONSE: None.*

**REQUEST NO. 13:**

Please provide all documents concerning or relevant to Interrogatories 15 and 16, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

    *RESPONSE: None.*

**REQUEST NO. 14:**

Please provide all documents concerning or relevant to Interrogatory 17, and provide all documents relevant to any testing, exam, or other evaluation administered by Defendant or required by Defendant for the forklift driver position, including, without limitation any communication concerning these tests or exams, the individuals taking them, the outcome of the exams, or any consequence for passing or failing the exams, and

indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

RESPONSE: *Produced.*

## REQUEST NO. 15:

Please provide all documents concerning or relevant to Interrogatories 18 and 19, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

RESPONSE: *Withdrawn.*

## REQUEST NO. 16:

Please provide documents sufficient to identify the hiring process described in Interrogatory 20, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

RESPONSE: *None. .*

## REQUEST NO. 17:

Please provide documents sufficient to identify the job classifications or jobs described in Interrogatory 22, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

RESPONSE: *Previously produced, as noted in response to the referenced interrogatory.*

## REQUEST NO. 18:

Please provide all documents concerning or relevant to Interrogatories 27 and 28, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

RESPONSE: *None.*

## REQUEST NO. 19:

OMITTED

**REQUEST NO. 20:**

Please provide all documents concerning or relevant to Interrogatory 30, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

*RESPONSE: Objection. Outside the scope of discovery.*

**REQUEST NO. 21:**

Please provide all documents concerning or relevant to Interrogatories 31 and 32, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

*RESPONSE: As to Interrogatory #31, and its agreed upon limitation to the Eva Diaz incident, there are no documents. As to Interrogatory #32, BEI objects to this request for the same reason it objected to the interrogatory.*

**REQUEST NO. 22:**

Please provide all documents concerning or relevant to Interrogatory 35, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

*RESPONSE: Objection. See objection to Interrogatory #35.*

**REQUEST NO. 23:**

Please provide all documents concerning or relevant to Interrogatory 36, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

*RESPONSE: Objection. See objection to the cited interrogatory. Further, the request is either unintelligible, or is so exceedingly broad as to be absurd.*

**REQUEST NO. 24:**

Please provide all documents concerning or relevant to Interrogatory 39, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

*RESPONSE: Objection. See objection to the referenced interrogatory.*

**REQUEST NO. 25:**

Please provide all documents concerning or relevant to Interrogatory 40, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

*RESPONSE: Objection. The request is either unintelligible or exceedingly overbroad.*

**REQUEST NO. 26:**

Please provide all documents concerning or relevant to Interrogatory 44, including, without limitation, the personnel files of each individual identified in response thereto, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

*RESPONSE: Objection. See objection to the referenced interrogatory.*

**REQUEST NO. 27:**

Please provide all documents concerning or relevant to Interrogatory 45, including, without limitation, the personnel files of each individual identified in response thereto, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.    *RESPONSE: None.*

**REQUEST NO. 27:**

Please provide all documents concerning or relevant to Interrogatory 48, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

*RESPONSE: Objection. See objection to the referenced interrogatory.*

**REQUEST NO. 28:**

Please provide all documents and personnel files concerning or relevant to Luz Andujar, Eva Diaz, Harold Acosta, Jose Linares, and Waleska Miranda, and indicate in your

response the bates numbers or bates ranges of the responsive documents you are producing in response.

     *RESPONSE: These were produced in response to Request No. 11 of the EEOC's First Set of Document Requests.*

### REQUEST NO. 29:

Please provide all documents concerning, relating, or relevant to in any way any aspect of the negotiations for settlement and settlement or proposed settlement of this litigation, including, without limitation, any communication (including voicemails) relating, concerning, or in any way addressing any event pertaining to the settlement or proposed settlement or any aspect of the negotiations related thereto, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

     RESPONSE: Objection. Outside the scope of discovery.

### REQUEST NO. 27:

Please provide all documents concerning or relevant the following individuals, including, without limitation, their personnel files, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response:

        Boris Bratslousky
        Jacob Khutursky
        Michael Ambruso
        Pauline Wood
        Mary Molly
        Freda Flayes
        Rose Smith
        Jerene Smith
        John Carabetta
        Tony Baez
        Ray Acosta
        Judy Colosimo
        Yoodaje Seepersad
        Maria Rondon
        Sarah Bailey
        Irina Novozhilova

Irina Volodarska
Maya Rudyak
Violetta Krasilnikova
Roman Katsnelson

*RESPONSE: Objection. Outside the scope of discovery.*

**REQUEST NO. 28:**

Please provide all documents received or authored by Robert Cohen, Rocco Piccirillo, Larry Sussman, Tom Bonocore, Fabian Pineros, Ross Smith, Jimmy Adorno, Paul Lopes, Leilamattie Mohabeer, Steven Cody, Bhanmattie Sattaur, Ladwhina Young, Deloris Haskins, Mary Murray, Roger McCormick, Boris Bratslousky, Jacob Khurtsky, Michael Ambruso, Harrilal Sukhram, Nelson Marquez or any other employee of Defendant relating to defendant's English-only policy and/or this litigation, and indicate in your response. To the extent you have already provided documents responsive to this request in response to any other request herein, please simply provide the bates numbers of the responsive documents.

*RESPONSE: BEI has produced the very few documents there are that relate to the subjects mentioned. It has no obligation to find the bates numbers. That is the job of the plaintiff-intervenors.*

**REQUEST NO. 29:**

Please provide all photographs, drawings, cartoons, tape recordings, motion pictures or videotapes, and e-mail relating to the subject matter of this lawsuit, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

*RESPONSE: See response to Request No, 28.*

**REQUEST NO. 30:**

Please provide all documents, including notes, made during the investigation of any and all charges or allegations of discrimination, made by Defendant's employees since November 2, 2001, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

*RESPONSE: Objection. Outside the scope of discovery. Overbroad.*

**REQUEST NO. 31:**

Please provide all documents concerning or related to unemployment compensation requests for Jose Linares, Harold Acosta, Waleska Miranda, and Luz Andujar, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

*RESPONSE:  There are none for Linares and Miranda, since they were employees of temporary agencies.  The personnel files for Acosta and Andujar were produced to the EEOC.*

**REQUEST NO. 32:**

Please provide all documents concerning or related to any investigation, including any investigation conducted by private investigator, of the Plaintiffs in this litigation, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

*RESPONSE: None.*

**REQUEST NO. 33:**

Please provide all documents concerning or related to the Defendant's policy for its profit-sharing plan, including, without limitation, how it determines each employee's percentage in the profit-sharing plan and any changes to the plan made since May 1, 2000, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

*RESPONSE: Objection. Outside the scope of discovery.  There is no allegation or claim in this case concerning the profit-sharing plan.*

**REQUEST NO. 34:**

Please provide all documents concerning or related to any health insurance coverage or drug plan coverage that Defendant provides its employees, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

*RESPONSE: Objection. Outside the scope of discovery. There is no allegation or claim in this case concerning these coverages.*

## REQUEST NO. 35:

Please provide all documents that provide a racial/ethnic breakdown of Defendant's employees from 1980 to the present, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

*RESPONSE: Objection to the period 2000 and back. Outside the scope of discovery. For period 2001 forward, produced.*

## REQUEST NO. 36:

Please provide all documents concerning or relating to any English-only policy that Defendant has in any location other than Hartford, Connecticut, which Defendant owns or operates, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

*RESPONSE: No documents other than the policy/rule itself.*

## REQUEST NO. 37:

Please provide documents sufficient to identify the information relevant to Interrogatory 47, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response.

RESPONSE:  Objection.  See objection to the referenced interrogatory.

The Defendant
**BEAUTY ENTERPRISES, INC.**

By: _____

Richard C. Robinson (ct04321)
Pullman & Comley, LLC
90 State House Square
Hartford, CT 06103-3702
Telephone (860) 541-3333
Facsimile (860) 424-4370
Its Attorneys

31

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was caused to be served by mail on this 16th day of March, 2008, to the following:

Valeria Caliafiore
Clifford Chance Us LLP
31 West 52nd Street
New York, NY 10019
Jackson Chin
Puerto Rican Legal Defense & Education Fund
99 Hudson Street
New York, New York 10019

Rosa Palacios-Baldwin
U.S. Equal Employment Opportunity Commission
Boston Area Office
John F. Kennedy Federal Office Building
Government Center, room 475
Boston, MA 02203

Barbara E. Gardner, Esq.
843 Main St., Ste. 1-4
Manchester, CT 06040

_____
Richard C. Robinson

Hartford/65094.1/RCR/282771v1

EXHIBIT A
Int. 17

| NAME | EXPERIENCE | TRAINING | INCIDENTS |
|---|---|---|---|
| ROSS SMITH | PREVIOUS EXP. HERE | 8/29/2001 | NONE |
| REINALDO ACOSTA | PREVIOUS EXP. HERE | 8/29/2001 | NONE |
| ROGER MCCORMICK | PREVIOUS EXP. HERE | 8/29/2001 | NONE |
| MIKE AMBRUSO | PREVIOUS EXP. HERE | 8/29/2001 | NONE |
| RAMON CARMONA | UNKNOWN | 8/29/2001 | NONE |
| NELSON MARQUEZ | PREVIOUS EXP. HERE | 8/30/2001 | 11/21/07 INJURED CO WORKER |
| JOE ROSSANO | PREVIOUS EXP. HERE | 8/30/2001 | NONE |
| VINCENT BRUNATH | PREVIOUS EXP. HERE | 8/30/2001 | 3/11/04 STRUCK HEATING UNIT |
| PAUL LOPES | PREVIOUS EXP. HERE | 8/31/2001 | NONE |
| LUIS RODRIQUEZ | PREVIOUS EXP. HERE | 8/31/2001 | 6/1/05 CAELESSNESS DAMAGE FIRE SPRINKLER |
| HECTOR LUIS ADORNO | PREVIOUS EXP. HERE | 9/5/2001 | NONE |
| HORACE BASS | PREVIOUS EXP. HERE | 9/5/2001 | NONE |
| LIZANDER POSPASIZL | UNKNOWN | 9/5/2001 | NONE |
| LUIS O RODRIQUEZ | PREVIOUS EXP. HERE | 9/5/2001 | NONE |
| PARSRAM SOOKRAM | PREVIOUS EXP. HERE | 9/5/2001 | NONE |
| HARRILAL SUKHRAM | PREVIOUS EXP. HERE | 9/5/2001 | NONE |
| TEOFILO BAEZ | PREVIOUS EXP. HERE | 9/5/2001 | NONE |
| MIGUEL ALVAREZ | PREVIOUS EXP. HERE | 9/5/2001 | 4/9/01 CARELESSNESS WITH FORKLIFT CAUSING DAMAGE 10/3/01 VERBAL WARNING EXCESS FORWARD SPEED ON FORKLIFT |
| ANGELITO RIVERA | PREVIOUS EXP. HERE | 9/5/2001 | NONE |
| JULIO COLLADA | PREVIOUS EXP. HERE | 10/19/2001 | NONE |
| SCOTT FREEMANTLE | PREVIOUS EXP. HERE | 11/27/2001 | NONE |
| EDWARD REBEIRO | UNKNOWN | 5/24/2002 | NONE |
| SAMIR JAHIC | UNKNOWN | 5/24/2002 | NONE |
| PRAKASHNAND BAMNHARA | UNKNOWN | 5/24/2002 | NONE |
| REINALDO CINTRIN | UNKNOWN | 5/24/2002 | NONE |
| ABDUR REZA | UNKNOWN | 5/24/2002 | NONE |
| VINCENT ANJOUS | UNKNOWN | 9/11/2002 | NONE |
| DAVE WALSH | UNKNOWN | 12/27/2002 | NONE |
| EDWARD GREEN | PREVIOUS EXP. HERE | 7/21/2004 | NONE |
| DEODAT RAI | UNKNOWN | 7/29/2004 | NONE |
| ELMIS MENDEZ | UNKNOWN | 6/18/2003 | NONE |
| DEVENDRA HANSRAJ | UNKNOWN | 6/17/2005 | NONE |
| SHERWYN ROSE | UNKNOWN | | |

JERRY STURGES    UNKNOWN    10/23/2006 NONE
JULIO GARCIA     UNKNOWN    1/8/2007 NONE

EXHIBIT B

Int. 248

**BEAUTY ENTERPRISES INC**
**HISPANIC EMPLOYEES HIRED AFTER 11/20/01**
**TEMPORARY AGENCIES**

**NAME**
LASHELLE BYRD
TORRINA EVANS
GILBERTO FIGUEROA
GILBERT MADERA
SATURINO OQUENDO
CLARISSA ORTIZ
JOSE PIZARRO
ISMORELL SANTIAGO
SHANE SEGUNDO
ORUS SILVA
ALMA VARGAS
MONICA VAZQUEZ
CARMEN WEBB
JOSE FERRER
ELIZABETH ALICEA
MADELINE MORALES
RUEBEN RUIZ
MELANIE ALVARADO
HENRY VAZQUEZ
LUIS COLON JR.
PEDRO FLORES
RICARDO DELEON
CYNTHIA GOMEZ
JOSE BATISTA
JESSICA CASTRO
JOSHUA RODRIGUEZ
SILVANA MENDOZA
JACKELINE MADERA

*EXHIBIT C*
*INJ. 24×25*

**BEAUTY ENTERPRISES INC**
**EMPLOYEES HIRED AFTER 11/2/01**

| NAME | DOH | WHITE | BLACK | HISPANIC | ASIAN |
|---|---|---|---|---|---|
| SHERIKA ADAMS | 8/1/2003 | | 1 | | |
| ROSELINE BACHANLAL | 8/13/2003 | | 1 | | |
| ANTONIO BAEZ | 1/26/2005 | | | | 1 |
| MICHELLE BARATTA | 8/26/2003 | | 1 | | |
| BRYAN BARNOWSKI | 10/18/2004 | | 1 | | |
| FERID BEGIC | 11/7/2003 | | 1 | | |
| MERITA BERISHA | 6/23/2005 | | 1 | | |
| KRISTIN BUONOCORE | 6/24/2002 | | 1 | | |
| SAUDIN CAMDZIC | 6/24/2002 | | | 1 | |
| PHAMESHWAR CHARITAR | 8/8/2005 | | | 1 | |
| TORCHY COLVIN | 9/8/2003 | | | 1 | |
| KYLE CORBITT | 8/4/2003 | | | 1 | |
| JORDAN CULLINANE | 6/24/2002 | | 1 | | |
| NATALIE DACUNHA | 5/24/2002 | | 1 | | |
| VERNAL DAVIS | 9/29/2003 | | | 1 | |
| LAURA DEMARCO | 1/21/2003 | | 1 | | |
| JACQUELINE DIAZ | 7/3/2003 | | | | 1 |
| SAMUEL DIAZ | 10/19/2004 | | | | 1 |
| ADALBERTO DUPREY | 6/5/2003 | | | 1 | |
| LISA FEARON | 11/18/2002 | | 1 | | |
| RAFAEL FOUNTAIN | 3/15/2004 | | | | 1 |
| VICTORIA FREEMANTLE | 9/13/2002 | | 1 | | |
| JULIO GARCIA | 7/16/2003 | | | | 1 |
| VALERIE GONZALEZ | 8/10/2005 | | | | 1 |
| LLOYD GORDON | 7/21/2003 | | | 1 | |
| EDWARD GREEN | 11/4/2002 | | 1 | | |
| ISMET GUSTER | 12/4/2002 | | | 1 | |
| DEVENDRA HANSRAJ | 4/24/2003 | | | 1 | |
| NATASHA HORNE | 10/14/2002 | | | 1 | |
| JASMIN JAHIC | 1/7/2003 | | 1 | | |
| GAINDAPATTIE JAIPAUL | 1/29/2002 | | | 1 | |
| ELAINE JEDZINIAK | 9/9/2002 | | 1 | | |
| ANDREA JOHNSON | 10/4/2004 | | | 1 | |
| APRIL JOHNSON | 6/28/2004 | | | 1 | |
| JACQUELINE JONES | 5/28/2002 | | | 1 | |
| CHUN KIM | 2/4/2002 | | | 1 | |
| COLIN KING | 3/3/2003 | | | | 1 |
| KIHYUK KO | 8/8/2005 | | 1 | | |
| RAMESH LUKEE | 7/8/2003 | | | | 1 |
| CHRISTOPHER LYNCH | 5/9/2003 | | 1 | | |
| DANIEL MACILVAIN | 6/1/2004 | 1 | | | |
| EVELYN MARTELL | 10/21/2002 | 1 | | | |
| MARK MAYNARD | 5/17/2004 | | | | 1 |
| KEITH MCLEGGON | 6/24/2002 | 1 | | | |
| ANTHONY MCQUILLAR | 6/30/2002 | | | 1 | |
| ELMIS MENDEZ | 4/24/2003 | | | 1 | |
| MARY MILLER | 1/14/2002 | | | 1 | |
| JORDAN MISER | 12/30/2002 | 1 | | | |
| FREDIE MONTGOMERY | 12/8/2003 | 1 | | | |
| DANILO MORALES | 2/18/2002 | | | | 1 |
| ALISSA MURRAY | 9/10/2003 | 1 | | | |
| CHRISTOPHER NADEAU | 7/1/2002 | | | 1 | |
| SHABANA NASRUDEEN | 10/21/2002 | | | 1 | |
| SCOTT NORCROSS | 7/1/2005 | | | 1 | |
| SAMPSON OTENG | 10/20/2002 | | | 1 | |
| JAE HO PARK | 6/13/2002 | | | | 1 |
| MARLON PARMANAND | 10/3/2002 | | | 1 | |
| LAURA PAVANO | 9/27/2004 | | | | 1 |
| WILSON PEREZ | 9/8/2003 | | | | 1 |
| JAY PERRY | 9/9/2004 | 1 | | | |

| Name | Date | | | |
|------|------|---|---|---|
| HAMECHANDRA PERSUAD | 7/11/2002 | | 1 | |
| CHANDRADAT PERSUAD | 4/30/2003 | | 1 | |
| PARBATI PHAGU | 12/26/2002 | | 1 | |
| DEREK PHILLIPS | 4/7/2003 | | 1 | |
| GREGORY PIERCE | 2/3/2003 | 1 | | |
| MARIE PIERRE | 8/16/2005 | | 1 | |
| MARIBEL QUINTANA | 5/26/2003 | | | 1 |
| DEODAT RAI | 3/6/2003 | | 1 | |
| MICHAEL RAILA | 9/16/2002 | 1 | | |
| HEMWATTIE RAMPERSAD | 6/9/2005 | | 1 | |
| DEVICA RAMPHALL | 5/28/2002 | | 1 | |
| BIBI RAMROOP | 1/15/2002 | | 1 | |
| RAMDEO RAMROOP | 11/1/2004 | | 1 | |
| JOHN RANDALL | 5/19/2003 | | 1 | |
| BERNARD REBEIRO | 3/8/2005 | | 1 | |
| EDWARD REBEIRO | 11/27/2001 | | 1 | |
| SYLVIA K REBEIRO | 10/27/2003 | | 1 | |
| CARLEEN RICKETTS | 10/31/2005 | | 1 | |
| MELISSA ROBERTS | 10/20/2003 | | 1 | |
| ERNESTO RODRIGUEZ | 1/17/2005 | | | 1 |
| MARIA RONDON | 5/28/2002 | | | 1 |
| CHARLIE ROSARIO | 1/27/2003 | | | 1 |
| SHERWYN ROSE | 10/10/2002 | | 1 | |
| JOHN SALVANTI | 10/14/2002 | 1 | | |
| ISMAEL SANTOS | 6/2/2005 | | | 1 |
| ABDOOL SATTAUR | 10/11/2004 | | 1 | |
| YOODAYE SEEPERSAD | 5/28/2002 | | 1 | |
| WILFRED SHIRLEY | 1/21/2003 | | 1 | |
| MONA SINGH | 7/26/2005 | | 1 | |
| VAUGHN SINGH | 4/16/2002 | | 1 | |
| VAUGHN SMITH | 3/24/2003 | | 1 | |
| SUMINTRA SOOKRAM | 8/31/2005 | | 1 | |
| SASHA SOTO | 5/24/2005 | | 1 | |
| ERIK SPERL | 5/17/2004 | 1 | | |
| PETER SPERL | 2/17/2003 | 1 | | |
| TINA STROHMIER | 7/21/2003 | 1 | | |
| JERRY STURGES | 8/9/2004 | | 1 | |
| DEONARINE SUKHDEO | 8/29/2005 | | 1 | |
| JERFFREY SUSSMAN | 6/28/2005 | 1 | | |
| MARLEN SWIFT | 6/3/2002 | | | 1 |
| LATIN TAYLOR | 5/17/2005 | | | 1 |
| EDGARDO TEJEDA | 2/7/2005 | | | 1 |
| ANGEL TORRES | 1/27/2005 | | | 1 |
| MARIA TOYENS | 10/18/2004 | | | 1 |
| YOLANDA VELEZ | 6/13/2005 | | | 1 |
| LAWRENCE WILLIS | 7/7/2005 | | 1 | |
| LAURIE WRIGHT | 4/2/2006 | 1 | | |
| JASON CARABETTA | 2/27/2006 | 1 | | |
| TYRESS CLEMONS | 3/31/2006 | | 1 | |
| NATHAN CORDERO | 11/29/2006 | | | 1 |
| TAPOSHI DAS | 2/1/2006 | | 1 | |
| LYDIA DIAZ | 12/20/2006 | | | 1 |
| JEANETTE FITZPATRICK | 11/4/2005 | 1 | | |
| LISA MOLUSIS | 9/5/2006 | 1 | | |
| ELBETT NEGRON | 9/13/2004 | | | 1 |
| ELISSA ORTOLA | 7/24/2006 | 1 | | |
| ROOPNARINE PERSUAD | 3/31/2005 | | 1 | |
| CHAISE PRESSEY | 3/31/2006 | 1 | | |
| BLAKE PRETE | 6/26/2006 | 1 | | |
| SYLVIA B REBEIRO | 7/19/2004 | | 1 | |
| HENRY BIFFLE | 3/5/2007 | | 1 | |
| CHARITAR PHAMESHWAR | 9/25/2007 | | 1 | |
| THOMAS DEGRANDI | 6/12/2007 | | 1 | |
| BENTLEY DELAIRE | 5/29/2007 | | 1 | |
| TOMASSO ESPOSITO | 1/24/2007 | 1 | | |

| | | | | | |
|---|---|---|---|---|---|
| GENERY GUTIERREZ | 5/29/2007 | | | 1 | |
| WENDY MCDONALD | 1/2/2007 | | 1 | | |
| RUBEN MILLAN | 7/16/2007 | | | 1 | |
| PAMELA RHONE | 2/12/2007 | | 1 | | |
| ALICIA RODRIGUEZ | 3/15/2007 | | | 1 | |
| KAMLA SINGH | 11/9/2007 | | 1 | | |
| SUGRIM SUKHOO | 3/5/2007 | | 1 | | |
| DAYNE THOMAS | 4/4/2007 | | 1 | | |
| JEFFREY ANDERSON | 3/3/2008 | | 1 | | |
| TOTALS | | 38 | 66 | 26 | 3 | 133 |