UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) | CIVIL ACTION |
| Plaintiff | ) | NO. 301-CV-378 (AHN) |
| | ) | |
| vs. | ) | |
| | ) | April 29, 2008 |
| BEAUTY ENTERPRISES, INC. and ESSENTIAL TEMPORARIES, INC. | ) | |
| Defendant | ) | |

| | |
|---|---|
| MIGUEL ALVAREZ, WILLIAM TORRES, LUZ ANDUJAR, EVA DIAZ, WALESKA MIRANDA, JOSE LINARES and HAROLD ACOSTA | ) |
| Plaintiff-Intervenors | ) |
| | ) |
| vs. | ) |
| | ) |
| BEAUTY ENTERPRISES, INC. | ) |
| Defendant | ) |
| LUZ ANDUJAR and WALESKA MIRANDA | ) |
| Plaintiff-Intervenors | ) |
| | ) |
| vs. | ) |
| | ) |
| ESSENTIAL PERSONNEL, INC. | ) |
| Defendant | ) |

**DEFENDANT BEAUTY ENTERPRISES, INC.'S RESPONSE TO PLAINTIFF-INTERVENORS' EMERGENCY MOTION TO COMPEL DISCOVERY**

**INTRODUCTION**

Plaintiff-Intervenors Harold Acosta, Luz Anujar, Eva Diaz, Jose Linares and Waleska

Miranda ("Plaintiff-Intervenors"), by their attorneys, filed an Emergency Motion to Compel

Discovery directed at Defendant Beauty Enterprises, Inc. ("BEI") on April 8, 2008. Pursuant to

Fed. R. Civ. P. 37, Plaintiff-Intervenors seek to compel BEI to promptly enter into a stipulation

concerning a discovery schedule and to provide responses to Plaintiff-Intervenors' First Set of

Interrogatories and First Request for Production of Documents and Things, which were served on BEI on February 13, 2008 ("Requests").

For the following reasons, BEI maintains that it had no duty to respond to Plaintiff-Intervenors' unauthorized, excessive Requests. BEI further maintains that it responded solely for the purpose of saving this Court from being forced to expend its resources to police discovery disputes between the parties that are unnecessary and tedious. BEI's generosity in responding to these requests when it is clear that there is no duty to do so is indicative of BEI's "acute sense of responsibility about how [it] handle[s] discovery matters." *In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). By making this effort and responding to Plaintiff-Intervenors' Requests, BEI strived "to be cooperative, practical and sensitive" by recognizing that [t]he whole system of civil adjudication would grind to a virtual halt if the courts were forced to intervene in even a modest percentage of discovery transactions." *Id*. Unfortunately, despite BEI's efforts, Plaintiff-Intervenors still filed the subject motion which requires this Court to do the very thing that BEI was trying to prevent, moderate a discovery dispute which the Plaintiff-Intervenors' have absolutely no right to initiate.

## ARGUMENT

**A.     BEI had no duty to respond to Plaintiffs' discovery requests because the discovery period was closed and because Plaintiffs' interests were adequately represented while the discovery period was open.**

The Court is familiar with the facts and long procedural history of this case so an exhaustive recitation is not necessary. Instead, BEI will focus on the facts and history pertinent to the discovery schedule for this case and to Plaintiff-Intervenors' Emergency Motion to Compel Discovery. Most important is that the discovery period for this case closed on September 8, 2003, which was long before February 2008 when Plaintiff-Intervenors served their

Requests. Of equal importance is the fact that Plaintiff-Intervenors have not sought to re-open the discovery period. The right to conduct discovery cannot be magically recreated following the close of the discovery period simply by serving interrogatories and requests for production upon a party, even in the case of intervention. Thus, Plaintiff-Intervenors' attempts to continue with discovery are unauthorized and impermissible. As such, BEI has no obligation to respond to the Requests or be subjected to the Emergency Motion to Compel Discovery.

Further, Plaintiff-Intervenors' assertion that BEI "agreed it would provide discovery to all Plaintiffs and to enter into a stipulation concerning the discovery period" is patently false. *See* Plaintiff-Intervenors' Emergency Motion to Compel, p. 4. BEI entered into a stipulation with only EEOC. Specifically, EEOC and BEI entered into a stipulation to reopen the discovery period for the limited purpose of conducting discovery related to specific incidences of alleged retaliation that allegedly occurred shortly before and after the failed trial for this matter. As discussed, Plaintiff-Intervenors made no similar request, choosing instead to simply serve BEI with the Requests, giving no heed to the Federal Rules or the Local Rules. Plaintiff-Intervenors must not be allowed to exploit the discovery process by disingenuously claiming that they did not expect this case to return to the trial calendar. Through the discovery actions of EEOC and PRLDF, Plaintiff-Intervenors were always apprised of the progress of the litigation, the position taken by BEI and could have engaged in discovery in they so desired. They would not have been prejudiced in any way if BEI chose not to respond to the Requests, as is its right.

In addition to having to no obligation to respond, it is clear that the Requests served by Plaintiff-Intervenors are duplicative and cumulative because the named Plaintiff Equal Employment Opportunity Commission ("EEOC") adequately represented all of Plaintiffs' interests, even prior to intervention by the Puerto Rican Legal Defense & Education Fund

("PRLDF") and by Attorney Valeria Calafiore of Clifford Chance US LLP. The intervention of PRLDF, which occurred prior to the appearance of Attorney Calafiore, further strengthened the representation of Plaintiff-Intervenors' interests. Prior to PRLDF's appearance, EEOC served its own set of interrogatories and requests for productions upon BEI, to which BEI responded. Nine months later, EEOC served a second set of interrogatories and requests for production on behalf of the parties, including the Plaintiff-Intervenors. This second set encompassed specific concerns and issues held by the Plaintiff-Intervenors, not only those of EEOC. PRLDF did not serve its own interrogatories and requests for production, making it clear that it relied on EEOC to conduct the discovery because the parties share common claims and interests.

It is apparent that Plaintiff-Intervenors, perhaps at the urging of their counsel, now believe that PRLDF should have taken a different approach to discovery. Now, after the close of discovery, Plaintiff-Intervenors unreasonably and without legal authority expect BEI to respond to an excessive number of interrogatories and requests for production, when it is clear that the information sought by Plaintiff-Intervenors was already sought and produced in response to EEOC's first and second sets of discovery requests. Moreover, most of the information sought in the Requests has been covered in depositions.

Plaintiff-Intervenors should not expect BEI to reproduce this information because such reproduction would be "unreasonably cumulative or duplicative" and can be obtained easily by Plaintiff-Intervenors in a manner that is "more convenient, less burdensome" and "less expensive." Fed. R. Civ. Pro. 26(b)(2)(C)(i). Further, given the protracted length of this litigation and the parties' numerous conferences regarding discovery, it is apparent that Plaintiff-Intervenors have "had ample opportunity to obtain the information" it now seeks so far into the litigation. Fed. R. Civ. Pro. 26(b)(2)(C)(ii).

4

**B.      BEI has no duty to respond to Plaintiffs' interrogatories because the number of interrogatories violates the Federal Rules of Civil Procedure.**

Plaintiff-Intervenors served 48 interrogatories, most with multiple discrete subparts upon BEI, in violation of Fed. R. Civ. P. 33(a)(1), which provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party, no more than 25 written interrogatories, *including all discrete subparts*." Emphasis added. Plaintiff-Intervenors attempt to escape the limitation arguing that there are five of them -five Plaintiff-Intervenors; that they each have a right to file 25 interrogatories; and that, therefore, they together had the right to file 125 interrogatories. *See generally* MOORE'S FEDERAL PRACTICE § 33.30[1], [2], fn. 5 and 6.1 (3d Ed.). However, in the hope of saving this Court from being accosted with an unnecessary inquiry into yet another discovery dispute in this matter, BEI responded to all of Plaintiff-Intervenors' Interrogatories.

Unfortunately, this was not enough for Plaintiff-Intervenors' counsel who still filed this Emergency Motion to Compel Discovery. Plaintiffs-Intervenors either misread or misconstrue BEI's responses and objections to their Requests. As set forth below, BEI responded to Plaintiffs-Intervenors' Requests either with a response or an objection. Plaintiffs-Intervenors have not provided any good faith basis for the information sought in order to counter BEI's sound objections. Instead, they rely on conclusory assertions that the information or documents sought are relevant. Asserting that something is relevant does not make it so. BEI should not be compelled to produce information and documentation that: (1) it has no obligation to provide; and (2) are irrelevant to these proceedings.

**C.    BEI Adequately Responded to Plaintiff-Intervenors Requests.**

**Interrogatory No. 2:**

Regarding Interrogatory No. 2, clearly Plaintiff-Intervenors are attempting to exploit the federal new rules regarding electronic discovery. Undersigned counsel has reassured Plaintiff-Intervenors' counsel that before the current rules went into effect, BEI's officers, Robert Cohen, Anthony Piccirillo and Larry Sussman had been advised to retain all documents responsive to this litigation. Moreover, in response to the new rules, undersigned counsel sent a preservation letter to BEI. These actions are more than sufficient to ease Plaintiff-Intervenors' counsel's concerns about spoliation.

**Interrogatory No. 5:**

In response to Interrogatory No. 5, BEI directed Plaintiff-Intervenors to its response to the EEOC's Interrogatory No. 5 from its First Set of Discovery Requests, which is identical to this Interrogatory and where BEI identified the only employee currently exempted from the English-only policy. It is interesting that Plaintiff-Intervenors claim that they have never seen BEI's responses to the EEOC's Discovery Requests, dated November 30, 2001, yet they used the November 2001 date in some of its Interrogatories and Requests for Production as a time restriction. Moreover, Plaintiff-Intervenors' complaint that BEI's response to this Interrogatory is unresponsive is absurd. Plaintiff-Intervenors are making Defendants engage in duplicative work that it performed back in 2001 when it responded to the EEOC's Discovery Requests. BEI should not have to respond to the same Interrogatory over and over again because Plaintiff-Intervenors have a new attorney. In order to resolve this dispute, BEI will produce its responses to the EEOC's First Set of Discovery Requests to Plaintiff-Intervenors.

**Interrogatory No. 6:**

Interrogatory No. 6 seeks information concerning employees of either Hispanic origin or other ethnicities who have been subject to discipline, other than discipline for violating the English-only policy. BEI feel as though they are experiencing déjà vu. This Interrogatory asks for the same information as Interrogatory No. 6 in the EEOC's Discovery Requests which is the reason that BEI directed Plaintiff-Intervenors to that objection. However, in order to facilitate this process, BEI will re-state that objection which is that this Interrogatory, like the EEOC's Interrogatory, is overbroad because it is not limited to the English-only policy.

**Interrogatory No. 9:**

Interrogatory No. 9 seeks information concerning which of BEI's employees had the authority to administer the English-only policy and what training did they receive. This Interrogatory is identical to the EEOC's Interrogatory No. 9 in which BEI identified the 8 individual listed in its Initial Disclosures. Plaintiff-Intervenors already have this information. because undersigned counsel sent a copy of BEI's Initial Disclosures to them on March 6, 2008. Additionally, this information has been produced during depositions. Plaintiff-Intervenors can review the Initial Disclosures and deposition testimony in order to find this information. BEI should not be expected to do the work for them.

**Interrogatories Nos. 11, 22, 26:**

With regard to Interrogatory No. 11, Plaintiff-Intervenors complain that BEI failed to provide a response for the time period of November 30, 2001 through the present. No supplemental response was necessary as indicated by BEI's response because here has been no change to the policy since November 2001. Additionally, as undersigned counsel already stated,

the policy applies to all of BEI's locations. Moreover, this information is available in the deposition testimony of Fabian Pineros.

With regard to Interrogatory No. 22, Plaintiff-Intervenors complain that BEI failed to provide a response for the time period of November 30, 2001 through the present. In response to this Interrogatory, BEI directed Plaintiff-Intervenors to its response to the EEOC's Interrogatory No. 24, in which it identified the types of job classifications and produced responsive documents. Additionally, on March 6, 2008, undersigned counsel sent all the documents to Plaintiff-Intervenors' counsel that they produced to the EEOC which included these job classification descriptions. Finally, had Plaintiff-Intervenors' counsel reviewed the deposition transcripts in which her clients' prior counsel was present she would have seen that Fabian Pineros testified in detail about the positions.

With regard to Interrogatory No. 26, Plaintiff-Intervenors complain that BEI failed to provide a response for the time period of November 30, 2001 through the present. As indicated by BEI's response, Plaintiff-Intervenors counsel withdrew this Interrogatory during a telephone conference with undersigned counsel. Therefore, no response is necessary.

**Interrogatory No. 14:**

Plaintiff-Intervenors complain that BEI failed to respond to the portion of Interrogatory seeking information concerning complaints of "any other form of alleged discrimination" and failed to specify their objection. First, BEI did respond to this portion of the Interrogatory when it objected. Second, BEI's objection is obvious. The Interrogatory seeks information concerning "any other form of alleged discrimination" which is overbroad because it does not relate to the English-only policy. BEI stands by its objection.

**Interrogatory No. 15:**

Contrary to Plaintiff-Intervenors' assertion, BEI responded to this Interrogatory when it stated that no written records were made of the complaints and, therefore, it was unable to identify the information sought. Moreover, had Plaintiff-Intervenors' counsel taken the time to read some of the depositions in this case, she would have found the information in Robert Cohen's deposition and Fabian Pineros' deposition. Again, BEI cannot be expected to do Plaintiff-Intervenors' work in this case.

**Interrogatory No. 17:**

BEI provided a complete response to this Interrogatory when it produced employees' names, experience, dates of training and incidents, if any, concerning the operation of a forklift since 2001. Plaintiff-Intervenors complain that it needs information regarding the types of training, including the administration of tests, all of which has been discussed in depositions that Plaintiff-Intervenors' prior counsel attended. Again, BEI cannot be expected to do Plaintiff-Intervenors' work in this case

**Interrogatory No. 19:**

Plaintiff-Intervenors' concern regarding the veracity of this response is unfounded. Undersigned counsel's notation to "Check this" was not directed at the substance of the response but to confirm the Bate-stamped documents identified were correct.

**Interrogatory No. 25:**

Plaintiff-Intervenors' assertion that BEI can locate the requested information through due diligence and reasonable inquiry is absurd. There are 133 names listed on Exhibit C which BEI produced in response to this Interrogatory. It is unreasonable for Plaintiff-Intervenors' counsel to expect BEI to ask each of these 133 employees what their native language.

**Interrogatory No. 29:**

Had Plaintiff-Intervenors' counsel reviewed her file in this case she would have realized

that all but one of the people identified in Interrogatory No. 29 have been deposed at length in

which Plaintiff-Intervenors' former attorneys were or could have been present. It is

unreasonable to ask BEI to respond to this Interrogatory when the information is available to

Plaintiff-Intervenors' counsel. If BEI is to respond to this Interrogatory that would require it to

review the depositions and compile the requested information. Plaintiff-Intervenors counsel is

perfectly capable of doing that on her own. Again, BEI cannot be expected to do Plaintiff-

Intervenors' work in this case.

**Interrogatory Nos. 30, 32, 33, 34, 37, 42, 43, 44, 47, 48:**

Contrary to Plaintiff-Intervenors assertion, BEI responded to these Interrogatories with

objections. Each of these Interrogatories fall outside the scope of permissible discovery because

they are overbroad and have nothing to do with the English-only policy. Until Plaintiff-

Intervenors narrow their Interrogatories and ask for information that is relevant to the case, BEI

stands by its objections.

**Interrogatory No. 31:**

Implicit in BEI's response to this Interrogatory is an objection that it is overbroad in that

it seeks information that does not relate to any of the Plaintiff-Intervenors or the English-only

policy. Moreover, instead of objecting to this Interrogatory because it exceeds the scope of

permissible discovery, undersigned counsel provided information to Plaintiff-Intervenors'

counsel as it directly relates to one of her clients and helped her position in this case.

**Interrogatory No. 35:**

BEI's objection this Interrogatory is evident. It seeks information concerning settlement discussions which are never to be provided, it blatantly seeks information that is protected by the attorney-client privilege and it asks BEI to try to recall every conversation it has had without even providing a time period. BEI stands by its objection.

**Interrogatory No. 36:**

BEI stands by its objection. Individual email addresses are irrelevant to these proceedings.

**Interrogatory No. 38:**

BEI responded to this Interrogatory by providing the names of individuals who handle the human resource and personnel matters for it. Implicit in this response is that each person identified is the custodian of those records.

**Interrogatory No. 39:**

BEI stands by its objection that this Interrogatory is overbroad. Plaintiff-Intervenors seek information and documents regarding management meetings dating back to 1998, including who was present at these meetings with no limitation as to the nature of these meetings. First, asking for information about all management meetings for the past ten years is unreasonable. Second, without any explanation, Plaintiff-Intervenors conclude that this information is relevant to the case. Plaintiff-Intervenors should be required to narrow their Interrogatory seeking information that is actually relevant in this case, i.e., meetings on the English-only policy, which has already been discussed at length in depositions.

**Interrogatory No. 41:**

The information in this Interrogatory has already been provided. BEI identified Fabian Pineros. Had Plaintiff-Intervenors' counsel actually read the deposition testimony of Fabian Pineros she would have found this information. BEI should not be required to perform Plaintiff-Intervenors work for them.

**Interrogatory No. 46:**

BEI responded to this Interrogatory when it identified Robert Cohen as the sole shareholder. BEI stands by its objection that any remuneration received by Mr. Cohen is outside the scope of permissible discovery because Mr. Cohen is not a party to this case.

**Request No. 1:**

Had Plaintiff-Intervenors counsel actually checked BEI's website, it would have found that there is information regarding the locations of BEI's businesses listed under the icon "About Beauty." Moreover, information concerning BEI's corporate structure can be found in Robert Cohen's deposition. Again, BEI should not be expected to do Plaintiff-Intervenors' work for them.

**Request No. 2:**

The creation of a privilege log for one document that was sent to BEI in January 2008 is unreasonable. Clearly, Plaintiff-Intervenors are seeking the preservation letter sent to BEI from undersigned counsel. This document is protected by the attorney-client privilege, which Plaintiff-Intervenors' counsel knows, and never should have been requested in the first place.

**Request No. 3:**

BEI's will produce its responses to the EEOC's First Set of Discovery Requests.

**Request No. 5:**

Again, having already objected to the corresponding Interrogatory in the EEOC's First Set of Discovery Requests, BEI directed Plaintiff-Intervenors to that objection. However, in order to resolve this dispute, BEI will re-state its objection which is that the Request is overbroad. Information and/or documents regarding other complaints of discrimination are outside the scope of permissible discovery because they do not concern the English-only policy.

**Request Nos. 7, 8, 12, 13, 16:**

Plaintiff-Intervenors are absolutely correct. BEI did not produce documents in response to these Requests, the reason being, and as stated by BEI, no responsive documents exist. BEI cannot produce documents that do not exist.

**Request No. 14:**

BEI produced the responsive documents in their possession regarding the forklifts. Moreover, Plaintiff-Intervenors did not ask for any personnel files. Therefore, Plaintiff-Intervenors cannot complain that BEI failed to produce documents that were never requested.

**Request No. 17:**

As BEI indicated, these documents have already been produced. BEI did not provide any supplemental documents because none exist. Moreover, had Plaintiff-Intervenors' counsel reviewed the deposition transcript of Fabian Pineros she would have found this information.

**Request No. 18:**

Plaintiff-Intervenors are absolutely correct that BEI did not produce any documents in response to this Request. As indicted by BEI's response, no documents exist.

**Request No. 19:**

BEI inadvertently omitted its response this Request when it meant to object to it. In order

to properly object, the Request must be broken down into two parts, which the Plaintiff-

Intervenors should have done but failed to do so. The first part of the Request seeks all

documents and personnel files for the 20 people identified in Interrogatory No. 29. This request

is overbroad because it seeks documents that are completely irrelevant and outside the scope of

these proceedings. For example, Plaintiff-Intervenors Request encompasses documents relating

to health insurance, vacation slips etc. Obviously these documents do not relate to any issues in

this case. The second part of the Request seeks specific documents concerning Robert Cohen

and a civil action brought against him in his personal capacity. This request is overbroad

because it seeks documents that are completely irrelevant and outside the scope of permissible

discovery. These documents have no bearing on these proceedings but were sought only to

harass BEI.

**Request Nos. 20, 23, 24, 26, 27:**

With regard to Request No. 20, contrary to Plaintiff-Intervenors' assertion, BEI

responded to the Request when it objected to it as being outside the scope of permissible

discovery. Plaintiff-Intervenors claim that this Request is "plainly within in the scope of

discovery" yet fail to explain how documents concerning the individuals in charge of setting

wages and the wage setting process relate to these proceedings. Plaintiff-Intervenors' lack of an

explanation demonstrates that these documents are irrelevant.

With regard to Request No. 23, again Plaintiff-Intervenors misstate that BEI failed to

respond to this Request. BEI responded with an objection because the Request is so broad that it

falls outside the scope of permissible discovery. Request No. 23 seeks documents concerning

Interrogatory No. 36 which sought information regarding individuals with access to BEI's computers and their email addresses. In response to this Interrogatory, BEI identified the individuals with access to its computer but objected to producing email addresses because that fell outside the scope of permissible discovery. Plaintiff-Intervenors have not articulated any reason justifying why they need this information or explaining how it is relevant to this case. BEI stands by its objection.

With regard to Request No. 24, it seeks documents concerning Interrogatory No. 39 which sought information about management meetings, identification of records produced during these meetings and individuals who attended these meetings since 1998. BEI objected on the bases that it is both overbroad and unreasonable. First, Plaintiff-Intervenors seek information, minutes and identification of individuals who attended meetings from ten years ago. To ask the BEI to produce this information is completely unreasonable and would be huge burden on it. Second, the Request is not properly limited in scope. Arguably, if Plaintiff-Intervenors asked for information regarding meetings concerning the English-only policy that would fall within the scope of permissible discovery. They did not. Moreover, this topic was already covered in several depositions.

With regard to Request No. 26, it seeks documents concerning Interrogatory No. 22 which sought information about BEI's employees with 20 or more years service and for each person identified their wage/salary information, position, history of discipline, etc. This case is about BEI's English-only policy. It has nothing to do with employees who have 20 or more years service. BEI stands by its objection that this Request is overbroad.

With regard to Request No. 27, Plaintiff-Intervenors incorrectly numbered their Requests. Therefore, there are three separate Requests Nos. 27 in their Discovery Requests. Until Plaintiff-

Intervenors counsel identifies which Request No. 27 she is seeking to compel, BEI cannot answer.

**Request No. 21:**

Plaintiff-Intervenors complain that BEI failed to produce documents in response to Interrogatory No. 32 which sought information concerning a description of benefits, bonuses, perks or other awards that BEI has given to its employees since 1998.  The absurdity of the Interrogatory is evident.  First, assuming that information was even documented, there is no reasonable explanation tying this Interrogatory to the nature of this case involving the English-only policy which again explains why Plaintiff-Intervenors failed to offer a goof faith basis justifying its request.  Second, it is unreasonable and would cause an undue burden on BEI  to compile these documents, if they even exist.  BEI's objection should stand.

**Request No. 22:**

Request No. 22 seeks information concerning Interrogatory No. 35 which sought information regarding the identification of individuals whom BEI have discussed any aspect of this litigation,  including settlement and for the individuals identified, to provide how the communication took place, who was present and sufficient information so that Plaintiff-Intervenors can notice their depositions.  BEI stands by its multiple objections to this Request because it is outside the scope of permissible discovery, unduly burdensome and seeks the production of privileged information.  Plaintiff-Intervenors are not entitled to this information.

**Request No. 25:**

Request No. 25 seeks documents concerning Interrogatory No. 40 which sought information regarding any newsletters published by BEI since 1998.  In response to the Interrogatory, BEI identified *The Beauty Times* as its newsletter.  BEI stands by its objection that

the Request is overbroad because BEI's newsletter is irrelevant to these proceedings. Moreover, BEI stands by its objection that the Request is unintelligible because it is vague. Plaintiff-Intervenors seek all documents concerning the newsletter. The scope of this Request is overbroad. This Request, as written, encompasses any submission made to the newsletter which would include recipes or poems. Until Plaintiff-Intervenors narrow the scope of the Request so that it actually asks for something relevant, BEI cannot respond with anything but an objection.

**Request No. 35:**

Request No. 35 seeks information concerning the racial/ethnic breakdown of BEI's employees since 1980. In response, BEI produced documents from 2001 to the present and objected to producing any documents prior to 2001. Plaintiff-Intervenors complain that BEI did not produce documents for the year 2003 which is wrong because the produced document clearly states that the applicable time period is 2001 and employees hired in 2003 are both identified and their race/ethnicity is noted. Moreover, Plaintiff-Intervenors are not entitled to documents for the time period before 2001 because BEI is only supplementing its responses from the time that it answered the EEOC's Discovery Requests, which was November 30, 2001. Plaintiff-Intervenors are not entitled to conduct discovery all over again in this case.

**Requests Nos. 28, 29, 30, 31, 33, 34, 37:**

First, it should be noted that Plaintiff-Intervenors incorrectly numbered their Requests for Production. Their Requests start at No. 1 and go to No. 29 and then restart number at No. 27. There are two separate Requests for Nos. 28 and 29. BEI is unsure what documents Plaintiff-Intervenors are seeking to compel with regard to Requests Nos. 28 and 29 and without further identification, BEI cannot respond to either.

Regarding Request No. 30, which seeks documents concerning any notes made by BEI during the investigation of all charges of discrimination, Plaintiff-Intervenors challenged BEI's "representation" that they already produced responsive documents. Contrary to Plaintiff-Intervenors' claim, BEI did not respond to Request No. 30 in this manner but objected on the ground that the Request was overbroad and outside the scope of permissible discovery. BEI stands by its objection. Moreover, it should be noted that the EEOC made the same Request in its First Set of Discovery Requests in which BEI answered that there were no documents in its possession responsive to its Request.

Regarding Request No. 31, which seeks documents concerning the unemployment compensation requests for Jose Linares, Harold Acosta, Waleska Miranda and Luz Andujar, BEI stands by its responses. First, BEI responded that there were no documents regarding Linares and Miranda because they were temporary employees. Second, BEI responded that the personnel files concerning Andujar and Acosta were already produced to the EEOC. Plaintiff-Intervenors complain that BEI never produced any of the requested documents to them. They are wrong. On March 6, 2008, undersigned counsel produced all the Bate-stamped documents to Plaintiff-Intervenors' counsel that it had previously produced to the EEOC. Included in that production were personnel files.

Regarding Request No. 33, it seeks documents concerning BEI's profit sharing plan. Plaintiff-Intervenors complain that BEI provided no documentation in response and its representation that documents had been previously produced was wrong. Plaintiff-Intervenors obviously did not read BEI's response to Request No. 33. If they had they would have seen that BEI objected on the ground that any documentation concerning profit sharing is outside the scope of permissible discovery. BEI stand by that objection.

Regarding Request No. 34, it seeks documents concerning health insurance coverage for BEI's employees. Again, Plaintiff-Intervenors complain that BEI provided no documentation in response and its representation that documents had been previously produced was wrong. Again, Plaintiff-Intervenors did not read BEI's response to Request No. 34. If they had they would have seen that BEI objected on the ground that any documentation concerning health insurance is outside the scope of permissible discovery. BEI stands by that objection.

Regarding Request No. 37, it seeks documents concerning Interrogatory No. 47 which sought information concerning the identity of BEI's customers and suppliers since 1998 and whether BEI have informed them of the English-only policy. Plaintiff-Intervenors complain that BEI provided no documentation in response and its representation that documents had been previously produced was wrong. Again, Plaintiff-Intervenors did not read BEI's response to Request No. 37. If they had they would have seen that BEI objected on the ground that any documentation concerning its customers and suppliers is outside the scope of permissible discovery. BEI stands by its objection.

## **CONCLUSION**

For the foregoing reasons, BEI respectfully requests that the Court deny Plaintiff-

Intervenors request for an emergency order directing them to provide responses to Plaintiffs'

Interrogatories and Requests for Production.

**Defendant,**
**Beauty Enterprises, Inc.**

By: _____
Richard C. Robinson (ct04321)
Christine Collyer(ct26859)
Janee Woods Weber (ct27265)
Pullman & Comley, LLC
90 State House Square
Hartford, CT 06103
Juris No. 409177
Telephone:  860-541-3333
Facsimile:   860-424-4370
E-mail:  Rrobinson@pullcom.com

Hartford/65094.1/JWOODSWEBER/297221v3

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April 2008, a copy of the foregoing was filed electronically to all parties of record.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

By: _____

Richard C. Robinson (ct04321)
Christine Collyer (ct26859)
Janée P. Woods Weber (ct272265)
Pullman & Comley, LLC
90 State House Square
Hartford, CT 06103-3702
Telephone 860 541 3333
Facsimile 860 424 4370
Email: rrobinson@pullcom.com
Its Attorneys

Hartford/65094.1/JWOODSWEBER/294845v1