UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>    Plaintiff<br><br>vs.<br><br>BEAUTY ENTERPRISES, INC. and ESSENTIAL TEMPORARIES, INC.<br>    Defendant | CIVIL ACTION<br>NO. 301-CV-378 (AHN)<br><br>May 2, 2008 |
| MIGUEL ALVAREZ, WILLIAM TORRES, LUZ ANDUJAR, EVA DIAZ, WALESKA MIRANDA, JOSE LINARES and HAROLD ACOSTA<br>    Plaintiff-Intervenors<br><br>vs.<br><br>BEAUTY ENTERPRISES, INC.<br>    Defendant | |
| LUZ ANDUJAR and WALESKA MIRANDA<br>    Plaintiff-Intervenors<br><br>vs.<br><br>ESSENTIAL PERSONNEL, INC.<br>    Defendant | |

## MOTION FOR PROTECTIVE ORDER

Pursuant to F. R. Civ. P. 26(c), defendant Beauty Enterprises, Inc. ('BEI") moves for a protective order forbidding Plaintiff-Intervenors Harold Acosta, Luz Andujar, Eva

Diaz, Jose Linares and Waleska Miranda to take the depositions they noticed on April 29, 2008, specifically the depositions of Thomas Buonocore, John Carabetta, Robert Cohen, Paul Lopes, Fabian Pineros, Ross Smith and Larry Sussman. Cohen is BEI's owner and president. Sussman is a BEI vice-president. Carabetta is BEI's controller. The remaining deponents are all BEI warehouse supervisors. BEI seeks the requested relief to protect it from annoyance, oppression and undue burden and expense.

The grounds for this Motion are similar to those BEI asserted in its Response to Plaintiff-Intervenors' Emergency Motion to Compel Discovery; namely that Plaintiff-Intervenors have no right to conduct this discovery because the discovery period ended on September 8, 2003, and Plaintiff-Intervenors have never even asked the Court to re-open it. Moreover, with but one exception, all the individuals noticed were deposed during the discovery period, one (Pineros) for three days.[1] The EEOC arranged for these depositions, and through the EEOC, Plaintiff-Intevenors' then lawyers (lawyers with the Puerto Rican Legal Defense Fund ("PRLDF") ) had notice of these depositions. In fact, the PRLDF lawyers attended the depositions of Robert Cohen, Fabian Pineros, Ross Smith and Larry Sussman. Whether or not the PRLDF lawyers attended the depositions, however, the EEOC zealously represented the Plaintiff-Intervenors' interests there, and as they had with written discovery, the PRLDF lawyers relied upon

---

[1] Carabetta, the controller, was not deposed. This is undoubtedly explained by his lack of any relevant involvement in the underlying facts.

2

the EEOC to conduct the discovery - in this case, to conduct the deposition examinations they might otherwise have conducted. Under these circumstances, even if Plaintiff-Intervenors had a right to conduct some discovery, they would have no right to the "second bite at the apple" discovery they now seek.

As it made clear in its Response to Plaintiff-Intervenors Emergency Motion to Compel Discovery, BEI did agree with the EEOC to the reopening of the discovery period so that the EEOC could conduct limited written and deposition discovery concerning certain alleged incidents of post-"trial"[2] retaliation and discrimination. To this end, the EEOC and BEI obtained from this Court an order opening the discovery period for this limited purpose. Further to this end, the EEOC noticed the depositions of Mssrs. Cohen, Sussman and Lopes for May 19th and 20th. These depositions will go forward on those dates. BEI is willing to make the same arrangement with Plaintiff-Intervenors, but Plaintiff-Intervenors are unwilling to be so limited.[3] Clearly their "new" lawyer, Attorney Calafiore, would like to conduct the discovery she might have conducted had she been in the case from the beginning. In the final analysis, however, Attorney Calafiore's judgment concerning the need, or at least the desirability of re-deposing

---

[2] "Trial" means the aborted, 2005 attempt to sit a jury.

[3] Plaintiff-Intervenors have a right to attend these EEOC-noticed depositions and subject to the limitation as to scope, to examine the deponents. The protective order should include a provision precluding Plaintiff-Intervenors from violating the limitation.

individuals on any and all subjects potentially relevant to the case must be subordinated to BEI's right not to be annoyed, oppressed, harassed or dealt with unfairly.

Accordingly, BEI respectfully requests that this Court issue a protective order stating that the subject depositions not be had and limiting Plaintiff-Intervenors' examinations at the upcoming, EEOC-noticed depositions of Mssrs. Cohen, Sussman and Lopes to the scope of the EEOC's examination.

>THE DEFENDANT,
>Beauty Enterprises, Inc.
>
>By:   /s/ Richard C. Robinson
>       Richard C. Robinson (ct04321)
>       Christine Collyer(ct26859)
>       Janee Woods Weber (ct27265)
>       Pullman & Comley, LLC
>       90 State House Square
>       Hartford, CT 06103
>       Telephone (860) 424-4300
>       Fascimile (860) 424-4370
>       Its Attorneys

4

## **CERTIFICATION**

I, Richard C. Robinson, counsel for Defendant Beauty Enterprises, Inc. hereby certify that I have conferred with opposing counsel, Valeria Calafiore, in an effort to resolve without court action the issue raised in the foregoing Motion for Protective Order. Despite these discussions, court action is necessary to resolve the issue.

/s/ Richard C. Robinson
Richard C. Robinson (ct04321)

## **CERTIFICATION**

I hereby certify that on May 2, 2008, a copy of the foregoing Defendant's Motion for Protective Order was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

R. Liliana Palacios
Trial Attorney
EEOC
JFK Federal Building, Room 475
Government Center
Boston, MA. 02203-0506

Nora Curtin
Senior Trial Attorney
EEOC, New York District Office
33 Whitehall Street
New York, NY 10048

Barbara E. Gardiner
843 Main Street, Suite 1-4
Manchester, CT 06040

Julia Morris Paul
Marte, Plepler, Falkenstein, Keith,
 Meggers & Paul, P.C.
113 East Center Street
Manchester, CT. 06040

Jackson Chin
Associate Counsel
Puerto Rican Legal Defense
 & Education Fund
90 Hudson Street
New York, New York 10013

Valeria Caliafore
Clifford Chance US
31 West 52nd Street
New York, NY 10019

/s/ Richard C. Robinson
Richard C. Robinson (ct04321)

Hartford/65094.1/JWOODSWEBER/297472v1