UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al.<br><br>　　　　　Plaintiffs,<br>v.<br><br>BEAUTY ENTERPRISES, INC., et al.<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)　3:01CV00378 (AHN)<br>)　May 7, 2008<br>)<br>)<br>)　**Oral Arguments Requested** |

## REPLY IN FURTHER SUPPORT OF PLAINTIFF-INTERVENORS EMERGENCY MOTION TO COMPEL DISCOVERY

Pursuant to Local Rule 7(d) Plaintiff-Intervenors Harold Acosta, Luz Andujar, Eva Diaz, Jose Linares, and Waleska Miranda ("Plaintiffs") submit this Reply in Further Support of their Emergency Motion to Compel Discovery dated April 8, 2008 ("Motion") (Docket No. 195).

### II.　ARGUMENT

**A.　Plaintiffs and Defendant Expressly Agreed to the Course of Discovery that Plaintiffs Have Undertaken.**

Defendant's Response to Plaintiffs' Motion[1] misrepresents the facts pertinent to the discovery in this case and to the issues in this motion.　*First*.　Defendant claims that Plaintiffs "must not be allowed to exploit the discovery process by disingenuously claiming that they did not expect this case to return to the trial calendar."　Response at 3.　Plaintiffs, however, have never made any such claim.　It is only Defendant who insisted that this case would not be tried and indicated to Plaintiffs that even this Court "doesn't want to try this case."　See Declaration of V.Calafiore ("Decl."), Ex. 1.　As fully described in Plaintiffs' Motion, following Defendant's Answers to Plaintiffs' Complaints ─ served with an impermissible 3-year delay ─ Plaintiffs did

---

[1] "Response" refers to Defendant's Response to Plaintiffs' Emergency Motion to Compel Discovery filed on April 29, 2008. See Docket No. 203.

not seek discovery right away because they relied in good faith on the settlement negotiations and the May 2006 Settlement.[2] There would have be no reason for Plaintiffs to seek discovery if Defendants had adhered to the May 2006 Settlement.

*Second*.  During the parties' last conference with this Court on November 26, 2007, Defendant represented that it would enter into a stipulation with all of the Plaintiffs concerning discovery and the parties would jointly file that stipulation with the Court.  However, after that conference, when Plaintiffs asked Defendant to agree to a stipulation concerning discovery, the Defendant refused to meaningfully negotiate with Plaintiffs any stipulation at all, despite Plaintiffs' repeated requests.  See Decl. Ex. 2.  Upon Defendant's refusal to stipulate, Plaintiffs' counsel attempted in good faith to find another agreement with the Defendant in an effort to expediently move through this additional discovery.  Indeed, it was Defendant's counsel, Mr. Robinson, who suggested that Plaintiffs serve their discovery requests and that once he had the discovery in hand, he would be able to confer with Plaintiffs and discuss his objections regarding the discovery requests.  Plaintiffs agreed to follow this course, which seemed reasonable and the most expedient way to resolve as many issues as possible without the Court's intervention.  As it is clear from Defendant's Response, however, it seems that Defendant's counsel's suggestion must have been intended as a trap to create the argument that Plaintiffs have no right to discovery.  However, Defendant has waived any argument that Plaintiffs are not entitled to seek discovery, having previously agreed to Plaintiffs' course of discovery and having responded, albeit partially, to Plaintiffs' discovery requests.

Throughout the past months, Plaintiffs reiterated their intention to seek leave of Court if Defendant no longer intended to cooperate as agreed.  For instance, on February 27, 2008, after

---

[2]  Terms not defined herein refer to terms previously defined in Plaintiffs' Motion.

Plaintiffs served their discovery requests, Defendant's counsel and Plaintiffs' counsel conferred for approximately three hours and negotiated over each discovery request. See Decl., Ex. 3.

The outcome of that session was that Plaintiffs agreed to drop some requests, Defendant agreed to produce some responses, and that Plaintiffs would file a motion to compel for those requests for which the parties agreed to disagree. Defendant was fully agreeable with this approach. See Decl., Ex. 2. Moreover, even after Plaintiffs expended so much time to attempt to reach agreement with Defendant without this Court's intervention, Plaintiffs continued to request that Defendant consider entering into a stipulation. See Id. As the correspondence between the parties' counsel demonstrates, Plaintiffs proceeded to serve discovery only as agreed with the Defendant. Similarly, as agreed with the Defendant, Plaintiffs only moved to compel the discovery on those requests over which an agreement with Defendant could not be reached. See Motion, n. 4. See also Response, p. 8. Without Defendant's representations that this plan was agreeable, Plaintiffs would have sought leave of Court immediately, and would not have spent five months negotiating various requests with the Defendant. Accordingly, Defendant's argument that Plaintiffs sought discovery without authorization is improper and waived.[3]

***Third.*** As discussed in the Motion, Defendant never produced anything to Plaintiffs until March 2008. Indeed, not only had Defendant failed to answer Plaintiffs' Complaints, but it never even complied with the most basic procedural rules such as providing Plaintiffs with the mandatory initial disclosures, which Defendant only served in March 2008 after numerous requests. While Defendant has taken it upon itself to decide that the EEOC's presence was enough to represent the Plaintiffs, Plaintiffs were entitled to be fully noticed for depositions and they were entitled to proper discovery once Defendant answered their complaints. Plaintiffs and

---

[3] If this Court finds that leave of Court was nonetheless necessary, Plaintiffs respectfully request that for the reasons discussed in this Motion, such leave be granted.

any other party in the case never agreed that the proper discovery notices and other required disclosures could be dispensed with. Indeed, out of the numerous depositions taken in this case, to Plaintiffs' counsel knowledge only three notices were ever served on Plaintiffs, and several depositions show no record of Plaintiffs' former counsel's participation. This is simply improper. While the interests of Plaintiffs and the EEOC in this case are aligned, the EEOC's former counsel did not have power to act as legal counsel for independent plaintiffs, particularly in view of the fact that Plaintiffs have asserted claims that the EEOC is not empowered to enforce. In addition, Plaintiffs, through their pro-bono counsel, have worked diligently and expended numerous resources to try to obtain the relevant documents from the EEOC that were not provided to Plaintiffs. Moreover, Defendant has provided the EEOC with documents that have no control (i.e. bates) number, and therefore it has been impossible for Plaintiffs to determine what documents have been provided to them.[4] Numerous instances make it clear that the Defendant has withheld discoverable documents.[5]

> **B. Plaintiffs Are Entitled to Obtain Full And Complete Responses to Their Discovery Requests Absent a Valid Objection.**

"It is well established that the scope of discovery is particularly broad in employment discrimination cases and is not to be narrowly circumscribed." Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 662 (D. Kan. 2004).[6] In this case, Defendant has attempted to severely circumscribe discovery by failing to produce responsive and discoverable documents both to the

---

[4] Even with regards to the bates numbered documents provided to the EEOC, Defendant's production was utterly incomplete. Defendant only produced a total of 963 documents, most of which are not fully responsive to the requests. For instance, despite the fact that the EEOC's requests already encompassed electronic communications and electronically stored documents, Defendant did not produce a single email, and only produced few electronic snapshots of employee files which are not complete.

[5] For instance, with regards to Plaintiffs, the Defendant failed to produce their complete personnel files and only produced scattered documents of little value. Most of Defendant's discovery responses follow this improper pattern.

[6] See also Wards Cove Packing Co. v. Atonio, 490 U.S. 642, 657 (1989)("liberal civil discovery rules give plaintiffs broad access to employers' record in an effort to document their claims.") (superseded on other grounds). A party is entitled to discover "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992).

EEOC's requests ─ which Defendant claims should satisfy Plaintiffs' requests as well ─ and to Plaintiffs' requests. Defendant also asserts that Plaintiffs impermissibly served only 48 interrogatories, when they only should be allowed 25. "According to the Federal Rules, *each* plaintiff may serve *each* defendant with 25 interrogatories. Because there are four named plaintiffs, they can serve a total of 100 interrogatories on defendant." Zamore v. D'Arrigo Bros. Co. of Cal., 2006 WL 931728 (N.D. Cal. 2006) (unpublished).[7] In this case, the five Plaintiffs at issue here served 48 interrogatories, well within the limits permitted by the rules. More importantly, however, a party responding "must object (to the Court) to the number of interrogatories *before responding* in order to rely on this rule." Herdlein Technologies, Inc. v. Century Contractors, Inc., 147 F.R.D. 103, 104-105 (W.D.N.C. 1993) (emphasis added) (finding objection waived).[8] Because Defendant here has provided responses to all interrogatories, albeit incomplete ones, it has waived this objection.

    **C. Defendant Failed to Provide Comprehensive Responses to Plaintiffs' Interrogatories and Discovery Request.**

Plaintiffs stand by their objections and arguments as set forth in the Motion with respect to each request addressed therein, and supplement some of their responses below.

**Response To Interrogatory 11, 14, 19, 22, 26, 38, 41, 46, 47 and Response To Document Request No. 3, 17, 27(1),[9] 35, 37.** Plaintiffs agree to withdraw their motion to compel with regards to the foregoing interrogatories and document requests.

---

[7] See also Trevino v. ACB American, Inc., 232 F.R.D. 612, 614 (N.D. Cal. 2006) ("According to the Federal Rules, *each* plaintiff may serve *each* defendant with 25 interrogatories."); St. Paul Fire and Marine Ins. Co. v. Birch., Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D. Mass. 2003) ("defendants do not need the court's permission for each to serve 25 interrogatories upon the plaintiff.") (emphasis added).

[8] "Otherwise the responding party could selectively respond to the interrogatories and thereby strategically omit the most prejudicial information. The Court must recognize that Century has a right to have interrogatories of its choosing answered fully and completely; therefore, if the Court were to allow Herdlein ─ the responding party ─ to answer certain interrogatories and then object that the total number of interrogatories exceeds the limit of twenty, the Court essentially would be allowing Herdlein to determine for itself what information to reveal. Accordingly, the Court will treat Herdlein's initial response as a waiver …." Herdlein, 147 F.R.D. at 104-105.

[9] Plaintiffs acknowledge that they have accidentally misnumbered certain document requests, and have included three requests numbered 27, 2 requests numbered 28, and two requests numbered 29. For ease of reference in

**Response To Interrogatory No. 2.** Defendant insists that Plaintiffs' concerns about the preservation of discoverable documents stem from some purported new rule on electronic discovery, which it doesn't even cite. Defendant is incorrect. As Interrogatory No. 2 makes clear, Plaintiffs seek a response concerning all steps taken in this case to preserve all relevant documents, electronic and hard copy, which Defendant was always under a legal obligation to preserve pending this litigation.[10] Moreover, in January, Plaintiffs' counsel conferred with Defendants' counsel about this issue,[11] and Defendants' counsel indicated that there was little to preserve because this case is not document intensive. If the Defendant is disposing of the documents, in violation of its obligations, then, the case will not be document intensive, indeed. See Fujitsu Ltd. v. Federal Express Corp., 247 F.3d 423, 436 (2d Cir. 2001) ("the obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation.")

**Response To Interrogatory No. 6.** Defendant objects that this interrogatory is "overbroad" on the basis that Plaintiffs' discovery should only be restricted to the "English-only policy." Defendant's objection is unfounded. As detailed in the Complaints, Plaintiffs have numerous claims based on national origin discrimination and retaliation, among others, and they have a right to discover all relevant facts.

---

this Motion, Plaintiffs will identify the first Request No. 27 as 27(1), the second request no. 27 as 27(2), and the third as 27(3). Similarly, they will identify the first requests 28 and 29 as 28(1) and 29(1), and the second as 28(2) and 29(2).

[10] "Once a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents." Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 218 (S.D.N.Y. 2003). Defendant was fully aware of this litigation by mid-2000, thus its obligation to preserve evidence arose no later than the year 2000 ─ i.e. the beginning of the EEOC investigation ─ and certainly by the time of the filing of the first complaint in this case, in March 2001. It is clear that Defendant did not respect its obligation, and Plaintiffs are entitled to discover the extent of Defendant's spoliation of documents so that they can seek the appropriate remedy, including requesting the necessary adverse inferences at trial. For these reasons, Plaintiffs request that Defendant candidly and fully respond to this interrogatory, including identifying any additional documents that Defendant has improperly disposed of. For example, Defendant's answer to this motion makes clear that it has improperly disposed of business emails on its AOL account. Motion, Ex. B., p. 5, Response to Interrogatory 2.

[11] Plaintiffs' have reason to believe that the January 2008 litigation hold letter that BEI received from its counsel came only after Plaintiffs' conversations with Defendant's counsel, and in any commenced.

**Response To Interrogatory No. 9.**  Defendant objects to this Interrogatory on the grounds that it has already provided the information to the EEOC and that in any event the information is available from deposition testimony.  *First*, the Defendant has a continuing duty to supplement its previously given answers, which it has not done.  This is particularly important in this case where Defendant answered five years ago and some Plaintiffs are employed at BEI, where they have been subjected to continued retaliation and discriminatory conduct.[12]  *Secondly*, Defendant's suggestion that Plaintiffs "should refer to deposition testimony" is improper; a responding party may not rely on a general reference to deposition testimony to avoid its duty to answer interrogatories fully and completely."  Herdlein Technologies, Inc. v. Century Contractors, Inc., 147 F.R.D. 103 (W.D.N.C. 1993).[13]  Accordingly, Defendant cannot avoid providing a full response to interrogatories with a general claim that an answer is available through depositions.[14]

**Response To Interrogatory No. 17 and Document Request 14.**  Issues surrounding the forklift tests and forklift operations are critical to Plaintiff Harold Acosta's claims.  Defendant has been less than candid in providing information and documents about the forklift training and testing and has failed to provide any documents concerning its dealings with the Star Lift Equipment company, which are highly relevant to this issue.  Moreover, the documentary evidence that Defendant produced in response to this interrogatory ─ which Defendant had not produced to the EEOC before, even if it was included in prior discovery requests ─ demonstrates

---

[12]  Plaintiff Eva Diaz, for instance, who still works at BEI and who continues to be discriminated against was even made available for deposition, but Defendant was not interested.

[13]  "The point of interrogatories is to obtain a party's admissions and contentions under oath and to narrow the issues in the case.  Documents and testimony are not infrequently subject to varying interpretations and therefore simply referring defendant to whatever it might find therein does not comply…"  Life Music v. Broadcast Music, 41 F.R.D. 16, 32 (S.D.N.Y. 1966) (holding that reference to depositions in lieu of responding to interrogatory is non responsive).

[14]  This applies to all those objections set forth in Defendant's Response where Defendant similarly claims that an answer is available from depositions.  See Response, p. 9, Interrogatories 15, 17; p. 10, Interrogatory 29; p. 39, Interrogatory 39; p. 12 Interrogatory 41.

that the Defendant withheld critical documents from its production.[15]  Defendant's argument that no personnel files were requested is not true, and the full personnel files for all identified forklift drivers identified should be produced under Plaintiffs' request.

**Response To Interrogatories No. 30, 31, 32, 33, 34, 37, 39, 42, 43, 44, 48 and Response to Document Requests No. 20, 21, 22, 23, 24, 26, 27(3).**  Defendant's response and objection to these Interrogatories is absolutely devoid of any substance and again simply defeats the purpose of discovery which permits a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.  Plaintiffs have a right to determine the extent of the discrimination and retaliation, and whether or not it affected their wages.  For instance, Defendant has discriminated and retaliated against Eva Diaz in connection with the bonus she was to receive on her anniversary of 25 years of service at BEI, which she reached in 2004. Therefore, it is preposterous for Defendant to state that the information Plaintiffs seek is not relevant.  Among other things, all of the information requested is also relevant to damages. Similar arguments apply to each of the foregoing interrogatories and requests, and if Defendant refuses to respond or produce documents, then Plaintiffs should be allowed to use adverse inferences at trial with respect to each piece of information requested and not properly responded to.  With respect to Interrogatory 37, the information requested is also highly relevant to Plaintiffs' punitive damages claims and within the scope of discoverable information.  Moreover,

---

[15]  For instance, in response to Plaintiffs' February 2008 requests, Defendant produced a computer snapshot identifying all warnings for one employee ─ Miguel Alvarez ─ including a warning for the unsafe operation of a forklift. Decl., Ex. 4 - (BEIL000407). If Defendant does not intend to respond to this interrogatory fully, it needs to produce snapshots similar to that produced for Mr. Alvarez for all of its forklift operators identified in the chart it produced as Ex. A to its Responses to Plaintiff-Intervenors' First Set of Interrogatories dated March 26, 2008.

Defendant's repeated objection that certain requests are "outside the scope of discovery" without any explanation is an insufficient basis on which to withhold information.

**Response To Interrogatory No. 36.**  Defendant again fails entirely to articulate a colorable objection.  Defendant has somehow decided that emails are not relevant to this case.  However, this is contrary to any relevant discovery rule and not a decision that Defendant can make unilaterally.  Plaintiffs are entitled to discover the persons who made use of electronic communications during the course of the litigation, so that they can discover the custodians of relevant documents and whether or not their documents have been duly preserved.

**Response To Document Request No. 5.**  Plaintiffs' request is highly relevant as it goes to the heart of whether Defendant was targeting individuals of Hispanic origin for discriminatory or retaliatory conduct.  Its objection to producing documents in response to this request is simply unfounded.  Somehow, the Defendant has decided that this case should only deal with its English-only policy when in fact Defendant is well aware from the complaints that this case revolves around numerous claims based on national origin discrimination, among other things.

**Response To Document Request No. 7, 8, 12, 13, 16, 18, 27(2), 30.**  Plaintiffs request that Defendant explain whether the reason that no documents responsive to the foregoing requests exist is because they were disposed of or because they were never created.  Plaintiffs also request that Defendant explain all searches of tangible and electronic records that were conducted in an attempt to locate relevant and responsive documents.

**Response To Document Request No. 19 and 25.**  Defendant's objection is unfounded.  The documents requested are highly relevant to Plaintiffs claims.[16]  For instance, issues concerning health insurance, vacation, and leaves of absence are highly relevant to Plaintiffs Acosta and Diaz, among others.  Plaintiffs are entitled to discover these documents.  With

---

[16] For instance, BEI's newsletter has made references to this litigation, to the English-only policy, and is also relevant to Plaintiffs' Diaz claims concerning discrimination and retaliation, among other things.

regards to the documents relevant to Ms. Baker-Lawrence, it is absurd for Defendant to claim that Plaintiffs are attempting to harass Mr. Cohen, when the Defendant well knows that documents in possession of Ms. Baker-Lawrence may be highly relevant to this case. While Plaintiffs may seek to obtain the documents from Ms. Baker-Lawrence, it would be less burdensome for Defendant to produce any responsive documents itself.

**Response To Document Request No. 28(1) and 28(2), 29(1) and (2), 31, 33, 34, 37.** Defendant has provided incomplete personnel files and documents responsive to Request 28(1). Indeed, Plaintiffs are not even able to ascertain from their employees' files what their own wages were throughout their employment at BEI, among other lacunae.[17]

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Motion be granted. Respectfully submitted this 7th day of May, 2008.

<table>
<tr><td>Jackson Chin (PHV0493)<br>PRLDEF<br>99 Hudson Street<br>New York, New York 10013</td><td>By:  /s/ Valeria Calafiore<br>Valeria Calafiore (PHV0494)<br>Clifford Chance US LLP<br>31 West 52nd Street<br>New York, NY 10019</td></tr>
</table>

*Attorneys for Plaintiff-Intervenors, Luz Andujar, Eva Diaz, Harold Acosta, Waleska Miranda, and Jose Linares.*

---

[17] Moreover, Plaintiffs request that Defendant explain what steps were taken and what search terms were used to locate relevant documents, physical and electronic ones, responsive to this request. With respect to Request 28(2) and 29(2) Defendant claims at p. 28 of its response to the request that it has produced relevant documents. However, no such documents are contained within the documents Defendant produced to Plaintiffs and, therefore, Plaintiffs again request that Defendant identify the bates numbers of the documents they claim to be responsive and identify the searches conducted to locate responsive documents. s failed to provide any document responsive to this request. Plaintiffs also reiterate their request for production of documents responsive to Requests No. 29(1), 31, 33 and 34.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2008, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

       /s/ Valeria Calafiore
       Valeria Calafiore (PHV0494)
       Clifford Chance US LLP
       31 West 52nd Street
       New York, NY 10019

NYA890420.1