UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al. | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) 3:01CV00378 (AHN) |
| BEAUTY ENTERPRISES, INC., et al. | ) May 8, 2008 ) |
| Defendants. | ) ) |
| | ) **Oral Arguments Requested** |

### PLAINTIFF-INTERVENORS' OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER AND REQUEST FOR STAY OF DEPOSITIONS PENDING DECISION ON THE PROTECTIVE ORDER

Pursuant to Local Rule 7(a)(1) Plaintiff-Intervenors Harold Acosta, Luz Andujar, Eva Diaz, Jose Linares, and Waleska Miranda ("Plaintiffs") submit this Opposition to Defendant's Motion for a Protective Order dated May 2, 2008 (Docket No. 204) ("Protective Order") and request that a stay of the currently scheduled depositions be entered pending a decision by this Court on the Protective Order.

### II.     ARGUMENT

Defendant Beauty Enterprises Inc., ("Defendant") once again misrepresents the facts concerning Plaintiffs' notices of deposition of certain of its executives and employees. As already discussed in Plaintiffs' Emergency Motion to Compel Discovery dated April 8, 2008 (Docket No. 195) and Reply dated May 7, 2008 (Docket No. 207) (together referred to as "Motion"),[1] during the last five months Plaintiffs have been in negotiation with the Defendant over various aspects of discovery. These negotiations have resulted in Plaintiffs agreeing to

---

[1] Plaintiffs incorporate by reference all of the arguments set forth in their Motion, which are equally applicable to Defendant's Protective Order.

withdraw some requests, Defendant agreeing to respond and produce documents in response to some requests, and an agreement that for certain requests, including requests to produce certain individuals for depositions, the parties would seek this Court's assistance to resolve the dispute.

Indeed, with respect to the depositions, the parties specifically agreed that in order to seek this Court's intervention, Plaintiffs' would serve the notices of depositions and Defendant would file a protective order seeking to limit the scope of the depositions, since the parties could not reach an agreement over scope. See V.Calafiore Decl., Ex. 1 & 2. In the meantime, and prior to Defendant's filing of the protective order, the parties, including the EEOC, agreed to the dates and location for the depositions of three individuals, and Plaintiffs' counsel even arranged for a court reporter to be present at these three depositions with Defendant's counsel's blessings. See Decl., Ex. 2 & 3. As per agreement, Plaintiffs then served the notices of deposition for the three agreed upon deponents and dates, as well as for four additional deponents that Defendant did not want to produce.[2]

In its Protective Order, however, Defendant now claims that Plaintiffs are not entitled to depose anyone at all, unless they agree to some uncertain limitation that Defendant terms as post-trial events. For all the reasons already stated in the Motion, Defendant's attempt to impose this limitation or to exclude Plaintiffs from participation in these deposition is unwarranted and impermissible. First, Plaintiffs do not intend to re-depose witnesses as if they had never been deposed in the case,[3] but only intend to inquire into areas that are pertinent to their claims and that Defendant did not previously disclose or fully disclose. Imposing the date limitation Defendant seeks would not be a feasible way to limit the scope, because even assuming the focus

---

[2] Contrary to Defendant's representation the only notices of depositions issued for the agreed upon dates were those of Plaintiffs, and indeed the EEOC confirmed to Defendant that it was not going to issue any notice of deposition at all, consistent with prior practice between Defendant's counsel and the EEOC. See Decl., Ex. 3

[3] Mr. Carabetta would be an exception to that as he has never been deposed in the case and he is the comptroller of Defendant's company.

is on some new event, to understand what is happening currently one would need to understand how the same conduct was different, if at all, before.[4] Moreover, the date limitation is not feasible for other reasons that Defendant well knows. For instance, as described in the Motion, in 2004 ─ after the initial discovery period in the case was over, Plaintiff Eva Diaz was subject of continued discrimination and retaliation, among others, affecting her wages. One example of this conduct includes Plaintiff Diaz exclusion from receipt of a bonus, among other things, that was accorded her peers who also reached 25 years of service that same year. Defendant partially denied this conduct in its recent responses to Plaintiffs' discovery. Thus, if Plaintiffs agreed to Defendant's time limitation, during their depositions Plaintiffs would not even be able to inquire into this event. Another similar example deals with certain benefits denied to Plaintiff Diaz's, which Defendant disputes.[5] See Decl., Ex. 4. In order for Plaintiffs to fully understand the extent of Defendant's illegal conduct, they have to be able to inquire into Defendant's practices over the years to understand the extent of the discrimination or retaliation. It would be impossible for Plaintiffs to discover all relevant information they are entitled to discover if they were not permitted to inquire into pre-September-2005 conduct.

Another example. In March 2008 Defendant produced documents and interrogatory response ─ many of which had not been previously produced to the EEOC or to anyone ─ which contain additional and very important evidence regarding forklift examinations. Plaintiffs should be entitled to question witnesses as to this and similar newly produced evidence. These forklift examination, for instance, are extremely important to Plaintiff Acosta who was subjected to

---

[4] Defendant also requests that Plaintiffs provide it details of all areas of inquiry. This, however, is impermissible and for the reasons stated below would give an opportunity to defendant to prepare answers and be less than candid about the true facts. Indeed, the only type of deposition that requires a specification of the areas of inquiry is a Rule 30(b)(6) notice and even that does not require the party noticing the deposition to provide details of specific acts about which the deponent will be questioned.

[5] Plaintiffs are giving just an example of a relevant instance, and the example is not intended to comprehensively describe what happened to Ms. Diaz.

various kind of illegal discrimination, including through a pretextual forklift examination that he was forced to take in 2001, shortly before his unjustified demotion. There are numerous similar examples of important facts that have become available through newly produced documents and through new events that have occurred over the past years which require Plaintiffs to examine the deponents noticed, and which do not easily permit a limitation as to the scope of years of inquiry. Plaintiffs are willing to provide this Court with additional examples, even though Plaintiffs believe this may spoil the depositions and give the Defendant an opportunity to prepare answers for the areas of examination and potentially eliminate the purpose of the deposition, which is to obtain full and candid answers from the deponents. Importantly, Plaintiffs have made absolutely clear to Defendant that they intend to be very swift with these examinations. See, e.g., Decl., Ex. 3. Moreover, there will be no prejudice to the Defendant who can always seek to exclude at trial any information that it finds objectionable.

For the foregoing reasons, Plaintiffs respectfully request that they be allowed to depose the individuals noticed. In addition, Plaintiffs request that absent a Court order, the currently scheduled depositions for Mr. Cohen, Mr. Sussman, and Mr. Lopes (noticed for May 19, 20, and 21) be stayed in order to avoid wasting unnecessary resources. Indeed Defendant threatened that the EEOC will be allowed to go forward with deposing the foregoing witnesses in only two days ─ May 19 and May 20 ─ and regardless of whether this Court's issues an order on Defendant's protective order. As this Court is already aware, Plaintiffs' counsel act on a pro-bono basis for individuals of very modest financial means who would not otherwise have access to justice. Accordingly, Plaintiffs respectfully request that in the interest of preventing the unnecessary waste of time and resources such stay be granted pending this Court's ruling on the Protective Order.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Protective Order be denied and that a stay of the currently scheduled depositions be entered pending this Court's ruling on the Protective Order.

Respectfully submitted this 8th day of May, 2008.

|  |  |
|---|---|
|  | By: /s/ Valeria Calafiore |
| Jackson Chin (PHV0493) | Valeria Calafiore (PHV0494) |
| PRLDEF | Clifford Chance US LLP |
| 99 Hudson Street | 31 West 52nd Street |
| New York, New York 10013 | New York, NY 10019 |

*Attorneys for Plaintiff-Intervenors, Luz Andujar, Eva Diaz, Harold Acosta, Waleska Miranda, and Jose Linares.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2008, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

        /s/ Valeria Calafiore
        Valeria Calafiore (PHV0494)
        Clifford Chance US LLP
        31 West 52nd Street
        New York, NY 10019