UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al.<br><br>Plaintiffs,<br>v.<br><br>BEAUTY ENTERPRISES, INC., et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) 3:01CV00378 (AHN)<br>) May 13, 2008<br>)<br>)<br>) **Oral Argument Requested** |

## PLAINTIFF-INTERVENORS' MOTION FOR LEAVE TO TAKE PRESERVATION DEPOSITION OF NON-PARTY WITNESS

Pursuant to Rule 30 of the Federal Rules of Civil Procedure ("Rules") and Local Rule 30 of the District of Connecticut, Plaintiff-Intervenors Harold Acosta, Luz Andujar, Eva Diaz, Jose Linares, and Waleska Miranda ("Plaintiffs") move for leave to take a trial/preservation deposition of Ms. Sherry Baker-Lawrence ("Ms. Lawrence"), a Florida resident. Ms. Lawrence has given Plaintiffs her consent to being deposed in this matter. See Declaration of V.Calafiore dated May 13, 2008, Ex. 1. Pursuant to Rule 37(a)(2) and Local Rule 37, Plaintiffs have also conferred with counsel for Defendant Beauty Enterprises, Inc. ("Defendant"), who does not consent to this motion.[1]

## ARGUMENT

### Ms. Baker-Lawrence is Outside the Subpoena Power of This Court and Has Agreed to Being Deposed

Plaintiffs intend to call Ms. Lawrence as a witness at trial to testify about facts that are relevant, material, and have bearing on important issues in this case. Ms. Lawrence currently

---

[1] As stated further below, Plaintiffs have learned of facts relevant to this motion only in the last couple of days. Accordingly, in view of the hearing scheduled to take place on May 14, 2008, Plaintiffs are promptly filing this motion in an effort to bring it to the Court's attention as soon as possible.

resides in Florida, and is thus outside of this Court's subpoena power.[2] Ms. Lawrence is a cooperative witness and has agreed to being deposed in this case. While Ms. Lawrence has also stated her intention to appear as a witness at trial, she does not know at this time whether she will in fact be able and available to travel to Connecticut to testify at the time of the trial of this case. Accordingly, there is a need for Plaintiffs to preserve Ms. Lawrence's trial testimony through a deposition, in the event that she becomes unavailable. It is a well settled rule that parties may take trial depositions[3] to preserve the testimony of witnesses who may become unavailable. See, e.g., Manley v. AmBase Corp., 337 F.3d 237, 247 (2nd Cir. 2003) (finding trial court's grant of "de bene esse" deposition of witness who lived away from court proper); George v. Ford Motor Co., 2007 WL 2398806, *12 (S.D.N.Y. 2007) ("the risk that the witness may become unavailable may warrant the Court's exercising its power to direct that the witness's testimony be preserved by a trial deposition, which can then be used if the witness becomes unavailable for trial."); SCM Corp. v. Xerox Corp., 77 F.R.D. 16, 18 (D. Conn. 1977) (same).

Moreover, in this case the witness at issue may become unavailable for other reasons. For instance, only a couple of days ago it has come to Plaintiffs' attention that immediately following the filing of Plaintiffs' Reply in Further Support of Their Motion to Compel on May 7, 2008 in which Plaintiffs indicated their intention to obtain documents relevant to Defendant directly from Ms. Lawrence, Defendant may have attempted to silence Ms. Lawrence's testimony in the case *sub judice*, by offering her money in exchange for a settlement of an action originally filed against Ms. Lawrence by Mr. Robert Cohen ("Settlement").[4] The Settlement includes a confidentiality provision that could be viewed as a gag order on Ms. Lawrence for all matters pertaining to Defendant Beauty Enterprises. Indeed, Ms. Lawrence has informed

---

[2] See Rule 45(b)(2).
[3] Trial depositions are sometimes also known as "preservation" or "*de bene esse*" depositions.
[4] Mr. Cohen is also the President of Defendant Beauty Enterprises, Inc.

Plaintiffs' counsel that the Settlement, originally sent on May 8, 2008, was revised on May 9, 2008, to include the aforesaid confidentiality provision and name Beauty Enterprises as a party to the Settlement,[5] despite the fact that Defendant Beauty Enterprises was never a party to the lawsuit filed by Mr. Cohen against Ms. Lawrence. Ms. Lawrence has also informed Plaintiffs of her belief that if she were to sign this Settlement, the confidentiality provision contained therein may not permit her to testify about matters relevant to Defendant and this litigation.[6] As one court instructs, leaving aside the propriety of a litigant's attempt to dissuade a witness from testifying, a party may protect itself against the danger of future unavailability of a non-party witness by taking his/her deposition before the trial. See Ty, Inc. v. Softbelly's Inc., 353 F.3d 528, 537 (7th Cir. 2003).

For all these reasons, Plaintiffs request that they be allowed to take the deposition of Ms. Lawrence to preserve her testimony. In addition, Plaintiffs would like to bring to this Court's attention the fact that Ms. Lawrence has expressed fear that Mr. Cohen, or his agents, may attempt to deter her from testifying in this case. Accordingly, Plaintiffs respectfully request that this Court direct that Defendant and its executives or agents refrain from taking any action, directly or indirectly, intended to tamper with the witness. In view of Ms. Lawrence's fear of Mr. Cohen, Plaintiffs also seek an order excluding Mr. Cohen's presence from the deposition of Ms. Lawrence.

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that leave to take the deposition of non-party witness Ms. Lawrence be granted.

---

[5] We are informed that the Settlement offer Ms. Lawrence received on May 8, 2008 from Mr. Cohen's lawyers did not contain this confidentiality provision.

[6] A witness may deemed unavailable if the witness is persuaded not to voluntarily testify in a matter as part of a settlement in different matter. See Synergetics, Inc. v. Hurst, 2007 WL 2422871 (E.D. Mo. 2007). This is particularly important when a witness is not readily within the subpoena power of the trial court.

Respectfully submitted this 13th day of May, 2008.

|  | By: __/s/ Valeria Calafiore_____ |
|---|---|
| Jackson Chin (PHV0493) | Valeria Calafiore (PHV0494) |
| Puerto Rican Legal Defense and Education Fund | Clifford Chance US LLP |
| 99 Hudson Street | 31 West 52nd Street |
| New York, New York 10013 | New York, NY 10019 |

*Attorneys for Plaintiff-Intervenors, Luz Andujar, Eva Diaz,*
*Harold Acosta, Waleska Miranda, and Jose Linares.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2008, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

        /s/ Valeria Calafiore_____
        Valeria Calafiore (PHV0494)
        Clifford Chance US LLP
        31 West 52nd Street
        New York, NY 10019