UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al.<br><br>　　　　　　Plaintiffs<br><br>vs.<br><br>BEAUTY ENTERPRISES, INC., et al.<br><br>　　　　　　Defendants | CIVIL ACTION<br>NO. 301-CV-378 (AHN)<br><br>June 4, 2008 |

## **OBJECTION TO PLAINTIFF-INTERVENORS' MOTION FOR LEAVE TO TAKE PRESERVATION DEPOSITION OF NON-PARTY WITNESS**

Defendant Beauty Enterprises ("Beauty") objects to Plaintiff-Intervenors' Motion for Leave to Take Preservation Deposition ("de bene esse deposition") of non-party witness, Sherry Baker-Lawrence. Beauty objects on the grounds that Plaintiff-Intervenors have failed to establish (1) that Ms. Baker-Lawrence is, or will be, unavailable at trial, (2) that important evidence will be lost and that they will thus be prejudiced in some specific way, (3) that good cause exists for the taking of this deposition after the close of discovery, and (4) that the testimony sought is relevant.

## **LEGAL STANDARD**

A de bene esse deposition is an "extraordinary device." *Bregman v. District of Columbia*, 1998 U.S. Dist. LEXIS 22793, at *2 (D.C. 1998) De bene esse depositions are properly used only "when it is impossible for the witness to appear as required due to circumstances beyond that witness's control," such as the "gravity of a final illness and the near certainty of sudden death." *Donk v. Miller*, 2000 U.S. Dist. LEXIS 1871, at *15 (S.D.N.Y. 2000) (*citing Bregman, supra*, at *2). In other words, the witness must be unavailable due to some truly compelling circumstance of the magnitude of a final

illness with the near certainty of sudden death or at least of old age accompanied by fading memory. *United States v. International Longshoremen's Assoc.,* 2007 U.S. Dist. LEXIS 70686, at *4, (E.D.N.Y. 2007).  And the burden is on the party seeking the deposition to prove that a circumstance of this character exists. *Id.*

Yet, even if the moving party meets this burden, it still has not established its entitlement to a de bene esse deposition.  As a matter of law, in addition to establishing that a sufficiently compelling circumstance exists, the moving party must also demonstrate "what evidence would be lost and what prejudice would be suffered" if it were unable to take the deposition.  *United States v. International Longshoremen's Assoc.*, 2007 U.S. Dist. LEXIS 70686, at *5 (E.D.N.Y. 2000).  The failure to make this showing mandates that the motion be denied.

## ARGUMENT

**1.     Although Ms. Lawrence is outside the subpoena power of this Court, Plaintiff-Intervenors have failed to establish that she is unavailable to testify or what evidence would be lost and what prejudice she would suffer if she were not deposed.**

Plaintiff-Intervenors cannot show that a de bene esse deposition is warranted because they have failed to establish, or even allege, that a compelling circumstance is present here.  They do not claim, nor could they, that Ms. Baker-Lawrence is suffering from a final illness or an illness of any sort.  They do not claim, nor could they, that Ms. Baker-Lawrence is old, infirm and experiencing memory problems.  Indeed, because there are none, they fail to cite even a single circumstance that a court could consider compelling.  Instead, Plaintiff-Intervenors seek permission to utilize the "extraordinary" de bene esse deposition device simply because Ms. Baker-Lawrence lives in Florida beyond their power to compel her attendance to a trial here, and because Ms. Baker-

Lawrence has supposedly asserted that she "does not know at this time whether she will in fact be able and travel to Connecticut to testify at the time of the trial".[1] *See* Plaintiff-Intervenors' Motion for Leave to Take Preservation Deposition of Non-Party Witness ("Plaintiffs' Motion") at p.2. Simply stated, this is no basis for a de benne esse deposition under the controlling legal principles.

Moreover, contrary to the tenor of their assertions, it is clear from Plaintiff-Intervenors' own papers that Ms. Baker-Lawrence is perfectly willing, indeed eager, to come to Connecticut to testify against Beauty. According to Plaintiff-Intervenor's own papers, Ms. Baker-Lawrence is a "cooperative" witness whose "intention" is to appear as a witness at trial in Connecticut. *See* Plaintiffs' Motion, p. 2, as well as Exhibit 1, attached to the accompanying Declaration of Valeria Calafiore. Clearly, Ms. Baker-Lawrence is available to testify. The Plaintiff-Intervenor's lack of subpoena power, therefore, is of no significance here.[2] Indeed, even the thought of a de bene esse deposition under these circumstances is patently absurd.

While the failure to establish a compelling circumstance, coupled with Ms. Baker-Lawrence's admitted availability, are more than enough to spell defeat for the instant motion, there is yet another separate and independent reason the motion fails. Even though it is, for all intents and purposes, an element of their case for a de bene esse

---

[1] This assertion, of course, does not distinguish Ms. Baker-Lawrence from anybody else involved in this case. None of us "know" that we will be able to travel from our homes to the courthouse in Bridgeport to perform our respective roles at the trial this September.

[2] Plaintiff-Intervenor's suggest in their papers that Ms. Baker-Lawrence may be precluded from testifying by a confidentiality provision in an agreement settling litigation between Beauty's owner, Robert Cohen, and Ms. Baker-Lawrence. Plaintiff-Intervenor's fears are unfounded. First, the Cohen-Baker-Lawrence litigation did not settle; hence, the settlement agreement being negotiated was never executed. Thus, there is no confidentiality agreement. Second, the proposed confidentiality provision in the proposed settlement agreement would not have prevented Ms. Baker-Lawrence from testifying in this case.

3

deposition, Plaintiff-Intervenor's have failed to prove what evidence would be lost if Ms. Baker-Lawrence were unable to testify at trial and how this loss would be prejudicial to them. The closest they come is asserting that Ms. Baker can testify "about facts that are relevant, material, and have bearing on important issues in this case." Plaintiff's Memo, p. 1. And these non-specific, conclusory assertions cannot fairly be considered as "coming close" – not by a long shot.

The Plaintiff-Intervenors' Motion must be rejected.

2. **Plaintiff-Intervenors fail to establish good cause for taking a preservation deposition of Ms. Lawrence after the close of discovery.**

As this Court is well aware, the discovery period in this case expired years ago. The EEOC, which is not a party to the Plaintiff-Intervenors' Motion, is currently taking limited discovery pursuant to a Court order opening the discovery period – an order based on the EEOC's stipulation with Beauty. While the Plaintiff-Intervenors are now involved in their own discovery with the Court's permission, and without Beauty's agreement, they have never sought to reopen the discovery period. This is significant here even though the Plaintiff'Intevenor's are not seeking a discovery deposition, because the law is that "[b]oth discovery and de bene esse depositions are governed by the scheduling order set by the Court, and may not be modified after the close of discovery absent good cause to modify that order." *George v. Ford Motor Co.*, 2007 U.S. Dist. LEXIS 61453, at *31 (S.D.N.Y. 2007)(citations omitted). Even if the Plaintiff-Intervenors' failure to move to open the discovery period can be ignored, the Plaintiff-Intervenor's failure to demonstrate the requisite good cause cannot. And, here the Plaintiff-Intervenors have not demonstrated good cause. Indeed, they failed even to try. As previously mentioned, the Plaintiff-Intervenors have not even attempted to show

4

extraordinary circumstances, unavailability, the evidence they would lose if Ms. Baker-Lawrence were not deposed and how this would hurt them.

A de bene esse deposition under these circumstances should be completely out of the question.

3. **The testimony sought from Ms. Lawrence is not relevant to the issues of this case.**

This final point is derivative of the last. By failing even to identify the evidence they wish to elicit from Ms. Baker-Lawrence, Plaintiff-Intervenor's cannot possibly show that the evidence they seek to preserve is worthy of preservation – worthy of admission at trial. To make such a showing, Plaintiff-Intervenors must show at a minimum that the evidence in question is relevant. See. Fed. R. Ev. 402 ("Evidence which is not relevant is not admissible.") Even if Ms. Baker-Lawrence were sick and dying, it would be unwarranted for this or any other Court to force all the lawyers in this case to travel to Florida to take Ms. Baker-Lawrence's deposition without at least considering whether the evidence she is likely to give would be relevant and inadmissible.

The failure to establish that Ms. Baker-Lawrence has relevant admissible testimony is yet another reason why the instant motion must be denied.

## **CONCLUSION**

For the foregoing reasons, the Court must deny Plaintiff Intervenor's Motion For Leave to Take Preservation Deposition of Non-Party Witness.

THE DEFENDANT,
Beauty Enterprises, Inc.

By:  /s/ Richard C. Robinson
     Richard C. Robinson (ct04321)
     Christine Collyer (ct26859)
     Janee Woods Weber (ct27265)
     Pullman & Comley, LLC
     90 State House Square
     Hartford, CT 06103
     Telephone (860) 424-4300
     Fascimile (860) 424-4370
     Its Attorneys

## **CERTIFICATION**

I hereby certify that on June 4, 2008, a copy of the foregoing Defendant's Motion for Protective Order was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

R. Liliana Palacios
Trial Attorney
EEOC
JFK Federal Building, Room 475
Government Center
Boston, MA. 02203-0506

Nora Curtin
Senior Trial Attorney
EEOC, New York District Office
33 Whitehall Street
New York, NY 10048

Barbara E. Gardiner
843 Main Street, Suite 1-4
Manchester, CT 06040

Julia Morris Paul
Marte, Plepler, Falkenstein, Keith,
Meggers & Paul, P.C.
113 East Center Street
Manchester, CT. 06040

Jackson Chin
Associate Counsel
Puerto Rican Legal Defense
 & Education Fund
90 Hudson Street
New York, New York 10013

Valeria Caliafore
Clifford Chance US
31 West 52nd Street
New York, NY 10019

/s/ Richard C. Robinson
Richard C. Robinson (ct04321)

Hartford/65094.1/JWOODSWEBER/303382v3