UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al.<br><br>Plaintiffs,<br>v.<br><br>BEAUTY ENTERPRISES, INC., et al.<br><br>Defendants. | 3:01CV00378 (AHN)<br>June 10, 2008 |

**REPLY IN FURTHER SUPPORT OF PLAINTIFF-INTERVENORS' MOTION FOR LEAVE TO TAKE PRESERVATION DEPOSITION OF NON-PARTY WITNESS**

Pursuant to Rule 30 of the Federal Rules of Civil Procedure ("Rules") and Local Rule 30 of the District of Connecticut, Plaintiff-Intervenors Harold Acosta, Luz Andujar, Eva Diaz, Jose Linares, and Waleska Miranda ("Plaintiffs") submit this reply brief in further support of their motion for leave to take a trial or "*de bene esse*" deposition of Ms. Sherry Lawrence ("Ms. Lawrence") dated May 13, 2008.[1]  (Docket No. 212)

**ARGUMENT**

**I. The Applicable Legal Standard for *De Bene Esse* Depositions is Satisfied by a Showing that the Non-Party Witnesses Sought to Be Deposed Is Outside of This Court's Subpoena Power.**

Defendant's counsel told the Court last week that he is working on a possible claim against Ms. Lawrence that would strongly discourage her from testifying at trial.  Indeed, when Ms. Lawrence was informed of Defendant's counsel statement she was not only strongly discouraged, but she was frightened of becoming the victim of another lawsuit by Defendant's

---

[1] A trial or preservation deposition is also generally referred to as a "de bene esse" deposition.  The terms are used interchangeably herein.

owner, Mr. Robert Cohen.[2] As a consequence, Ms. Lawrence has informed Plaintiffs that she presently will testify only if subpoenaed. Undoubtedly, any attempt by Defendant to sue Ms. Lawrence for testifying in this case can only be interpreted as another effort by Defendant to interfere with the testimony of a witness, and intimidating Ms. Lawrence into not testifying in this matter at all. This is exactly why Plaintiffs filed this motion in the first instance and this fact alone should be sufficient to grant Plaintiffs' motion.

Moreover, regardless of Ms. Lawrence's willingness to testify voluntarily, Plaintiffs' need not show more than Ms. Lawrence lives outside the subpoena power of the court, in order to be permitted to take her deposition *de bene esse*.

For over a century the applicable legal standard for *de bene esse* deposition was that "[t]he testimony of any witness …[could] be taken in any civil cause … by deposition *de bene esse* when the witness lives at a greater distance from the place of trial than one hundred miles, *or* … is about to go out of the United States, *or* out of the district in which the case is to be tried, and to a greater distance than one hundred miles from the place of trial, before the time of trial, *or* when he is ancient *or* infirm." Hanks Dental Ass'n v. International Tooth Crown Co., 194 U.S. 303, 306 (1904) (emphasis added). The disjunctive "or" made clear that a party seeking to take such a deposition needed only to demonstrate that the witness fell within one of the listed categories.

While today there no longer exists a statute setting forth a standard specific to *de bene esse* depositions, courts have continued to permit parties to take such depositions under the

---

[2] As discussed in Plaintiffs' opening brief, after Defendant learned that Plaintiff would seek information directly from Ms. Lawrence, Defendant's Chief Executive Officer and Owner, Mr. Robert Cohen, who has sued Ms. Lawrence for a personal matter,[2] immediately changed a settlement offer on the table to Ms. Lawrence to include Beauty Enterprises as a settling party, and to include an extremely broad confidentiality provision, which Ms. Lawrence believed would prevent her from testifying voluntarily in this matter. See Calafiore Aff., Ex. 2 and 3. (compare Preamble of Settlement Agreement, p. 1 of Ex. 2, with Preamble of Settlement Agreement, at p. 1 and Section 11, p. 4 of Ex. 3).

Federal Rules of Civil Procedure governing depositions.³ See George v. Ford Motor Co., 2007 U.S. Dist. LEXIS 61453, at *31 (S.D.N.Y. 2007) ("the risk that the witness may become unavailable may warrant the Court's exercising its power to direct that the witness's testimony be preserved by a trial deposition, which can then be used if the witness becomes unavailable for trial."); SCM Corp. v. Xerox Corp., 77 F.R.D. 16, 18 (D. Conn. 1977) (same). Rule 26 and Rules 30-32 of the Federal Rules of Civil Procedure, which govern discovery and the taking of depositions in pending actions, are very liberal and in no any way restrict the ability of a party to take a *de bene esse* deposition as Defendant claims. In particular, Rule 30 governs the taking of oral depositions, and requires leave of court when, for instance, the deposition result in more than 10 depositions being taken in a case and the parties have not stipulated to the taking of the deposition, as in this case. Fed. R. Civ. P. 30(a)(2)(A)(i). While Plaintiffs have already demonstrated the "unavailability" of Ms. Lawrence, there is nothing in Rule 30 or in any other rule that requires Plaintiff to make any showing at all, other than seek leave of Court.

Indeed, there is only one Rule which restricts the **use** — not the **taking** — of trial depositions, namely Rule 32.⁴ See Fed. R. Civ. P. 32. Rule 32, titled "Use of Depositions in Court Proceedings," lists five circumstances which permit use of a deposition at trial when a witness is unavailable.

> (4) *Unavailable Witness*. A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:
>
> (A) that the witness is dead;

---

[3] See Mercado v. U.S., 184, F.2d 24, 27 (2nd Cir. 1950) ("the statute authorizing depositions *de bene esse* is not re-enacted anywhere as a part of the new Title 28, U.S. Code — doubtless because of the complete and superseding provisions of F.R.C.P. 26…")

[4] Moreover, contrary to Defendant's representations, there is only one Rule that would ever require a party seeking to depose a witness to disclose the substance the proposed deponent's testimony, namely Rule 27 of the Federal Rules of Civil Procedure. Rule 27, titled "Depositions to Perpetuate Testimony," applies in only two circumstances: (1) "Before an action is filed," and (2) "Pending Appeal." None of these circumstances is present here and therefore none of the requirements of Rule 27 have any applicability to Plaintiff-Intevernors' motion.

> (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;
>
> (C) that the witness cannot attend or testify because of age, illness, infirmity or imprisonment;
>
> (D) that the party offering the deposition could not procure the witness's attendance by subpoena; *or*
>
> (E) on motion and notice, that exceptional circumstances make it desirable —in the interest of justice and with due regard to the importance of live testimony in open court — to permit the deposition to be used.

Fed. R. Civ. P. 32(a)(4)(A)-(E) (emphasis added). The factors listed in Rule 32(a)(4)(B) and (C) for the *use* of a deposition at trial in lieu of live testimony, parallel some of the factors traditionally used by courts to determine the propriety of a *de bene esse* deposition. As with *de bene esse* depositions, however, the disjunctive "or" makes absolutely clear that a party need only establish one of the factors — not all of them — to avail itself of this rule. Instead, Defendant erroneously claims that *de bene esse* depositions may be taken only when the proposed deponent is on her deathbed or near to it, or when other exceptional circumstance are present. This is not the law. Defendant may have erroneously been referring to the requirements of Rule 32. However, Rule 32 only governs the use of a deposition, and has no bearing on the determination of whether a deposition *de bene esse* is permissible. Moreover, even if Rule 32 was applicable at this stage, Plaintiff need only show that they meet one category, not all of them. Neither the Second Circuit nor any other circuit has ever prescribed such an onerous rule, and indeed Defendant fails to cite a single precedent that would impose such a standard.[5]

---

[5] Defendants cite Bregman v. District of Columbia, 1998 U.S. Dist. LEXIS 22793, at *2 (D.C. 1998) as the key case standing for the proposition that a preservation deposition is an "extraordinary device" mostly used in extreme circumstances such as "near certainty of sudden death." However, this decision, nor the other case Defendant cites which relies on Bregman, has any legal or factual applicability to the case *sub judice*. In Bregman, the deposition at issue was that of a party defendant who wished to move thousands of miles away to Europe and asked to be deposed in lieu of appearing at his own trial. The court held that a preservation deposition would "reward[ ] [defendant] for his behavior." *Id.* at 3. Ms. Lawrence, however,

In this case, Ms. Lawrence plainly falls within at least one of the traditional categories required for the taking of *de bene esse* depositions, because she lives thousands of miles away from the place of trial. As a matter of law, this is a sufficient ground to justify the taking of a *de bene esse* deposition.

Should Ms. Lawrence become available to testify voluntarily at the trial, Plaintiffs will arrange for her to travel from Florida to Connecticut to provide in-person testimony. In that circumstance, Plaintiffs would not seek to use the recorded testimony of Ms. Lawrence in lieu of her appearance at trial.

## II. Even if this Court finds that a *De Bene Esse* Deposition is not warranted, Plaintiffs should be granted leave to take a traditional deposition.

This Court is already familiar with the unusual procedural posture of this case.[6] Plaintiffs learned of Ms. Lawrence's knowledge of facts relevant to this case only recently. In addition, circumstances have changed within the past few months; as discussed in Plaintiffs' Motion for Leave to Take Preservation Deposition of Ms. Lawrence on May 13, 2008, the "confidentiality provision" in the recently proffered confidentiality agreement and other interactions with Mr. Cohen have led Plaintiffs to anticipate a future need to have Ms. Lawrence's testimony recorded. *See George v. Ford Motor Company,* 2007 WL 2398806, 12 (S.D.N.Y. 2007).

Moreover, Defendant has been extremely obstructive throughout Plaintiffs' discovery, and thus Plaintiffs are left with little choice but to obtain relevant evidence from non-party witnesses.[7] For instance, during the depositions Plaintiffs recently took of Defendant's

---

is not a party to this litigation. Moreover, she already lives in Florida, and has for quite some time. She is not attempting to avoid any of the obligations the <u>Bregman</u> defendant was trying to escape.

[6] Plaintiffs incorporate by reference their pending Emergency Motion to Compel, docket nos. 195, 207-208, and their opposition to Defendant's motion for a protective order, docket nos. 209-210.

[7] Plaintiffs have already informally brought to this Court's attention Defendant's counsel's improper and abusive behavior. Plaintiffs may be forced to move for sanctions and/or for a protective order if

witnesses, the deponents could not seem to remember numerous important facts; even when the deponents could remember something, Defendant's counsel repeatedly interrupted the questioning of the deponents, by repeatedly instructing deponents not to answer without any justifiable ground to do so, or by coaching the deponents with speaking objections; or by requesting breaks and leaving the deposition room with the deponent while a question was pending.  The recorded testimony of one of the recent depositions of Defendant's witnesses demonstrates the extent of Defendant's disruption.  <u>See</u> Calafiore Aff., Ex. 4 (excerpt of Mr. Smith's deposition dated June 5, 2008 and of Mr. Carabetta's deposition dated June 6, 2008).[8] For instance, during Plaintiff-Intervenor's deposition of Mr. Smith, in 116 pages of recorded testimony, Defendant's counsel objected and interrupted more than 230 times.  If that wasn't enough, throughout these interruptions Defendant's counsel found several opportunities to interject unnecessary remarks, the effect of which was to waste time and disrupt the deposition <u>See Id.</u>

For the foregoing reasons, the deposition of non-party witness Ms. Lawrence is not only proper but necessary.[9]

### III.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that leave to take the preservation deposition of non-party witness Ms. Lawrence be granted, and that this Court enter an order directing Defendant to refrain from in any way, directly or indirectly, intimidating the non-party witness, including refraining from any aggressive or disrespectful behavior toward the witness during the deposition.

---

Defendant's counsel, Mr. Richard Robinson, continues to be unable to conduct himself professionally and respectfully during these proceedings.

[8] Indeed, during the deposition of Mr. Smith alone, in 116 pages of recorded testimony, Defendant's counsel objected or otherwise interrupted more than 230 times in only a few hours.

[9] For the same reasons, Plaintiffs will be filing a request to depose two additional non-party witnesses whose testimony is needed to remedy some of the discovery abuses of Defendant.

Respectfully submitted this 10th day of June, 2008.

|  |  |
|---|---|
| Jackson Chin (PHV0493)<br>Puerto Rican Legal Defense and Education Fund<br>99 Hudson Street<br>New York, New York 10013 | By:  /s/ Valeria Calafiore<br>Valeria Calafiore (PHV0494)<br>Clifford Chance US LLP<br>31 West 52nd Street<br>New York, NY 10019 |

*Attorneys for Plaintiff-Intervenors, Luz Andujar, Eva Diaz, Harold Acosta, Waleska Miranda, and Jose Linares.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2008, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

    /s/ Valeria Calafiore
    Valeria Calafiore (PHV0494)
    Clifford Chance US LLP
    31 West 52nd Street
    New York, NY 10019

NYA894328.1