## PANZA, MAURER & MAYNARD, P.A.
### Bank of America Building, 3rd Floor
### 3600 North Federal Highway
### Fort Lauderdale, Florida 33308
### Telephone (954) 390-0100   Fax (954) 390-7991

DATE:                May 8, 2008

TO:                Sara Lawrence, Esquire

COMPANY:      Law Offices of Sara Lawrence, P.A.

TELECOPIER #:    (305) 653-2303

SUBJECT:       Cohen v. Baker-Lawrence
                   File No. 08-17489

FROM:           MARK A. EMANUELE, ESQ./Karen
                   PANZA, MAURER & MAYNARD, P.A.

NUMBER OF PAGES     7     (INCLUDING THIS COVER PAGE)

COMMENTS OR SPECIAL INSTRUCTIONS:

**Please see attached.**

IF THERE ARE ANY PROBLEMS OR COMPLICATIONS IN RECEIVING THIS FAX, PLEASE NOTIFY THIS OFFICE IMMEDIATELY AT 954-390-0100. THANK YOU.

*The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone. Thank you*

08-17489

## PANZA, MAURER & MAYNARD, P.A.

ATTORNEYS AND COUNSELORS AT LAW

THOMAS F. PANZA
SUSAN HOROVITZ MAURER
ZOLLIE M. MAYNARD, JR.
MARK A. EMANUELE
RICHARD A. BEAUCHAMP
DEBORAH S. PLATZ
ORION Q. CALLISON III
COLETTE F. WOLF

DIANE LINDSTROM BEACH
STEPHEN C. BULLOCK
JONATHAN P. COHEN
RODNEY H. DUSINBERRE
ERIC C. EDISON
DAVID A. FAGERSTROM
DOMENICA L. FRASCA
JASON R. FRIEDMAN
JENNIFER KUJAWA GRANER
HANNAH L. KAPLAN
DANA PANZA MACDONALD
ELIZABETH L. PEDERSEN
TANYA M. REED
ALISON F. SMITH
PAUL J. SODHI

BANK OF AMERICA BUILDING
THIRD FLOOR
3600 NORTH FEDERAL HIGHWAY
FORT LAUDERDALE, FLORIDA 33308-6285

TELEPHONE (954) 390-0100
FAX (954) 390-7991
mail@PanzaMaurer.com

PLEASE REPLY TO
FORT LAUDERDALE OFFICE

OF COUNSEL
JIM C. SMITH
BRIAN D. BALLARD
MARK K. LOGAN
LAURENCE A. MAURER

215 SOUTH MONROE STREET
SUITE 320
TALLAHASSEE, FLORIDA 32301
(850) 681-0460
FAX (850) 681-0983

FLAGLER CENTER TOWER
505 SOUTH FLAGLER DRIVE
SUITE 1450
WEST PALM BEACH, FLORIDA 33401
(561) 653-3233
FAX (561) 653-3250

GOVERNMENTAL RELATIONS
SANDRA S. HARRIS
NOT A MEMBER OF FLA BAR

May 8, 2008

***VIA FACSIMILE TRANSMISSION***
*(305) 653-2303*

Sara Lawrence, Esq.
*Law Office of Sara*
      *Lawrence, P.A.*
850 Ives Dairy Rd., Ste. 53-B
Miami, Florida 33179

      RE:    *Cohen vs. Baker-Lawrence*
           *Case No.: 08-04466 CA 11*

Dear Ms. Lawrence:

      Please be advised my client is willing to settle the above-referenced matter under the following terms:

      A.      Payment of Thirteen Thousand Five Hundred Dollars ($13,500.00);

      B.      He will cover her COBRA insurance payments (including dental) through September 2008. Please note that the monthly COBRA payments are $477.83. Your client would be responsible to pay COBRA insurance payment due October 2008;

      C.      He will not pay the costs associated with shipping any motor vehicles. He is agreeable to shipping, at his cost, to Seattle, Washington, at an address to be designated by Baker-Lawrence in writing and provided to counsel for Cohen, within twenty-one (21) days following execution of the Settlement Agreement And Release, all personal property that belongs to Baker-Lawrence, excluding

Sara Lawrence, Esq.
*Law Office of Sara*
        *Lawrence, P.A.*
May 8, 2008
Page 2

vehicles, currently located at Beauty Enterprises, Inc.'s warehouse in Connecticut and at Hollywood, Florida. Baker-Lawrence shall be responsible *for any costs* related to shipment of vehicles.;

D.      Execution of a Settlement Agreement and Release in the form attached hereto as _**Exhibit "A"**_;

E.      Sherry Baker-Lawrence acknowledges and agrees that she will not maintain a residence – temporary, permanent, or otherwise – on Williams Island and as of the date of executing this agreement, she no longer has a residence – temporary, permanent, or otherwise – on Williams Island and agrees, that she will not reside on Williams Island at any time from this period going forward;

F.      As it relates to payment of the monies set forth in subparagraph A, disbursement shall be as follows:  50% or Six Thousand Seven Hundred Fifty Dollars ($6,750.00) within 24 hours following receipt of an executed Settlement Agreement and Release; and

G.      The balance, Six Thousand Seven Hundred Fifty Dollars ($6,750.00) shall be disbursed thirty (30) days after her leaving Williams Island.

If these terms are acceptable to your client, please have her execute the Settlement Agreement and Release and return it to me in the enclosed self-addressed stamped envelope. Also, please provide me with wire transfer information so that we can make arrangements for transfer of the funds in accordance with the provisions referenced above and more fully set forth in the Settlement Agreement and Release.

Thanking you in advance for your time and consideration.

Sincerely,

MARK A. EMANUELE, ESQ.

MAE/kc
cc:     Mr. Cohen

## SETTLEMENT AGREEMENT AND RELEASE
## BY SHERRY BAKER-LAWRENCE OF
## ROBERT COHEN

This Settlement Agreement and Release (the "Agreement") is freely and voluntarily entered into by and between Sherry Baker-Lawrence ("Baker-Lawrence") and Robert Cohen ("Cohen") (as defined in paragraph (9) below), this ___ day of May, 2008. The above-referenced persons and entities are collectively referred to herein as the "Parties", or in the case of a single party, as "Party." Cohen is sometimes referred to as the "Plaintiff" or "Counter-Defendant" and Baker-Lawrence as the "Defendant" or "Counter-Plaintiff."

**WHEREAS**, Cohen has filed a lawsuit against Baker-Lawrence and Baker-Lawrence has filed a counterclaim against Cohen in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, Case Number 08-0446 CA 11, (the "Lawsuit");

**WHEREAS**, the Parties agree that they wish to voluntarily resolve the Lawsuit, as well as any and all other disputes of any nature which Mr. Cohen has or may have against Baker-Lawrence, whether known or unknown.

**NOW, THEREFORE**, in exchange for value received, to wit the consideration, recitals, promises, covenants and forbearances contained in this Agreement, the sufficiency and adequacy of which is mutually acknowledged by the Parties, it is **AGREED** as follows:

1.      Settlement Payment. Upon Baker-Lawrence's execution of this Agreement and delivery of same to counsel for Cohen, Cohen shall pay to Baker-Lawrence, for her benefit, in accordance with the provisions contained herein, the total sum of THIRTEEN THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS ($13,500.00), United States Dollars (the "Settlement Payment"), in full and complete settlement and satisfaction of all claims Defendant has, or may have against Plaintiff arising out of their personal and business relationship including all claims, counterclaims, and affirmative defenses Defendant has or may have in the Lawsuit and otherwise, and in full and complete settlement and satisfaction of all claims Defendant has, or may have, against the persons and entities identified in paragraph nine (9) below. One-half of the Settlement Payment ($6,750.00) shall be paid by Cohen to Baker-Lawrence in the form of a check made payable to Sherry Baker-Lawrence upon counsel for Cohen's receipt of this executed Settlement Agreement and Release. The balance of $6,750.00 shall be payable thirty (30) days following the execution by all Parties of this Agreement. In addition to the amount set forth above, Cohen agrees to cover Baker-Lawrence's COBRA payments through September 30, 2008. Baker-Lawrence is responsible for all medical expenses not covered by COBRA. Thereafter, Baker-Lawrence shall be responsible for all future COBRA payments, beginning in October of 2008 and thereafter. Lastly, Cohen agrees to ship to Seattle, Washington, at an address to be designated by Baker-Lawrence in writing and provided to counsel for Cohen, within twenty-one (21) days following execution of this agreement, at his expense, all personal property that belongs to Baker-Lawrence, excluding vehicles, currently located at Beauty Enterprises, Inc.'s warehouse in Connecticut and at Hollywood, Florida. Baker-Lawrence shall be responsible for any costs related to shipment of vehicles.

As a material inducement to Cohen to enter into this Agreement, Baker-Lawrence agrees that she shall not reside either temporarily or permanently on Williams Island effective immediately and in the future. Baker-Lawrence represents that she currently occupies a unit on

Williams Island and that other than that one unit, she has no other right to occupy or reside within Williams Island. Her right to occupy the unit expires on May 15, 2008. She further represents that she will not extend her right to occupy the unit or any other property on Williams Island and that effective May 15, 2008, she will not reside on Williams Island at any time in the future. Baker-Lawrence agrees that in the event she should reside on Williams Island at any time within the future, Cohen shall be entitled to entry of default final judgment without further notice or hearing for all monies paid pursuant to paragraph 1 above, upon filing an affidavit of default hereunder.

2.    Dismissal of Lawsuit. Prior to or contemporaneous with receipt of the Settlement, the parties shall each file a complete Dismissal With Prejudice, with each side to bear its own fees and costs with the Court reserving jurisdiction to enforce the terms of this Agreement.

3.    No Admission of Liability. By entry into this Agreement, no Party admits liability, responsibility, or wrongdoing of any kind, as to any allegations or defenses (factual or legal) by one against the other in the Lawsuit or otherwise, or as to the truth or falsity of any pleading, allegation or statement, and in fact expressly deny any liability or responsibility as to one another other than those covenants which arise in and from this Agreement. Cohen has agreed to make the Settlement Payment solely to avoid the cost of defense, and not in recognition of the merit of any allegation against it, and Baker-Lawrence has agreed to accept the Settlement Payment solely to avoid the time and expense associated with the Lawsuit and Counterclaim.

4.    Voluntary Nature of Agreement. The Parties enter into this Agreement knowingly, freely, voluntarily, and without coercion, duress, threats, intimidation or fear of physical violence or acts of retribution by anyone. Each Party has been represented by independent legal counsel of their own choosing in the negotiation of the Agreement. All Parties agree, represent and stipulate that they have been provided with a copy of the Agreement in advance of signing it, which they have fully read, understood and been afforded an opportunity to make revisions to prior to execution had they wished. The parties represent and agree that they are of sound and clear mind and are fully able to understand the terms of the Agreement. The Parties further agree and stipulate that due to the arms length nature of this Agreement and the participation in its preparation and negotiation by all counsel, that in the event any dispute should ever arise as to its interpretation, it shall not be construed against one Party over another.

5.    No Prior Assignment. The parties represent and warrant that they are the sole and lawful owner of all rights, titles and interests in and to every claim and other matter that the Plaintiff and Defendant purport to release or compromise by this Agreement and that the Plaintiff has not previously assigned or transferred, either by act or operation of law, to any Party or entity, any claim or other matters released by this Agreement. In the event that Defendant is subjected to further claim by any person, firm, corporation or other entity, acting under any actual or purported lien, right or subrogation, or assignment, the Plaintiff, whose claim such person seeks to assert, will indemnify and hold Defendant harmless from any such claim or demand.

6.    No Other Actions. The parties represent and warrant that there are no other lawsuits filed by either Plaintiff or Defendant against either Plaintiff or Defendant, or against any of the parties' agents, or representatives, and no complaint or proceedings have been initiated, lodged or filed by him against Defendant or by her against the Plaintiff with any federal, state, or

2

local regulatory or administrative agency, division or department; the parties further agrees not to initiate any such proceedings in the future. Should either the Plaintiff or Defendant violate this provision, he or she agrees to indemnify and hold harmless the Plaintiff or Defendant and their employees, agents and representatives based on any such proceedings or complaints.

7.    Entire Agreement: No Inducements or Representations. The Parties have freely elected to enter into this Agreement without relying on any oral or written representations or documents other than what is expressed within this Agreement. No information has been requested or exchanged which has led any Party to execute this Agreement, which they enter into based solely on their own subjective, uninfluenced and uninduced judgment about what is in their best interest. All written materials provided in connection with the settlement of this case are acknowledged to be advocacy, and nothing contained within them has influenced, induced, been relied upon or caused any Party to enter into this Agreement or detracted from its voluntary nature. The parties agree that prior agreements, if any, shall be null and void.

8.    Written Amendments Only. This Agreement may be amended, modified, or supplemented only by a written instrument signed by each of the Parties, and may not be amended, modified or supplemented orally or by any unsigned document.

9.    Release by Sherry Baker-Lawrence. Sherry Baker-Lawrence, hereby, on behalf of herself and her heirs, beneficiaries, advisors, representatives, assigns and attorneys, hereby expressly agrees to and does release, remise, remit, forgive and acquit: Robert Cohen. and his past, present and future predecessors in interest, successors in interest, related entities including Beauty Enterprises, Inc., assigns and attorneys, from any and all manner of action or actions, causes of action, in law or in equity, suits, debts, liens, torts, contracts, lis pendens, agreements, promises, liability, claims, demands, interest, damages, charges, losses, costs, and/or attorneys' fees and/or expenses, of any nature whatsoever, known or unknown, anticipated or unanticipated, fixed or contingent, liquidated or unliquidated, express or implied, which she now, as of the date of this Agreement, have or may hereafter have, by reason of any matter, cause, or act whatsoever from the inception of time to the execution of this Agreement, including, but not limited to, any claim that was made or could have been made in the Lawsuit. The release conferred by this paragraph is intended to be construed as broadly as is possible by law. Baker-Lawrence waives any challenge to said Release based upon the sufficiency of consideration or mutuality of obligation.

10. Release by Robert Cohen: Robert Cohen, hereby, on behalf of himself and his heirs, beneficiaries, advisors, representatives, assigns and attorneys, hereby expressly agrees to and does release, remise, remit, forgive and acquit: Sherry Baker-Lawrence and her past, present and future predecessors in interest, successors in interest, related entities, assigns and attorneys, from any and all manner of action or actions, causes of action, in law or in equity, suits, debts, liens, torts, contracts, lis pendens, agreements, promises, liability, claims, demands, interest, damages, charges, losses, costs, and/or attorneys' fees and/or expenses, of any nature whatsoever, known or unknown, anticipated or unanticipated, fixed or contingent, liquidated or unliquidated, express or implied, which she now, as of the date of this Agreement, have or may hereafter have, by reason of any matter, cause, or act whatsoever from the inception of time to the execution of this Agreement, including, but not limited to, any claim that was made or could have been made in the Lawsuit. The release conferred by this paragraph is intended to be construed as broadly as is possible by law. Mr. Cohen waives any challenge to said Release based upon the sufficiency of consideration or mutuality of obligation.

3

11.    Savings Clause. If any one or more sections, clauses, sentences or parts of this Agreement shall for any reason be questioned in any court and shall be adjudged unconstitutional, inequitable, in violation of public policy, unenforceable, invalid or illegal, such judgment shall not affect, impair or invalidate the remaining provisions of this Agreement, but shall be confined in its operation to the specific provisions so held invalid, and the inapplicability or invalidity of any such section, clause, provision or part shall not be taken to affect or prejudice in any way the remaining part or parts of this Agreement, which will still be given full force and effect.

12.    Florida Law. This Agreement shall be governed by, and interpreted in accordance with, Florida law.

13.    Venue. Any dispute of litigation arising under this Agreement, or action to enforce this Agreement, or to which this Agreement is asserted as a defense, shall be filed in the state or federal courts in Broward County, Florida, which shall be the exclusive venue for any such proceeding.

14.    Attorney's Fees on Enforcement. In the event of any litigation arising out of this Agreement between the Parties, or against any person released in paragraph nine (9), the prevailing Party therein shall be entitled to recover from the non-prevailing Party or Parties all of its reasonable costs and attorneys fees incurred at all trial and appellate levels, and for the costs and fees for collection of any judgment thereafter.

15.    Execution. This Agreement may be signed by fax signatures, and if so signed, (i) may be relied on by each Party as if the document were a manually signed original and (ii) will be binding on each Party for all purposes. In addition, this Agreement may be executed in counterparts, each of which shall be an original but all of which together shall constitute one and the same instrument. The Parties agree, stipulate and warrant that their counsel have authority to execute this agreement on their behalf, and that the signature of a Party=s counsel will be fully and completely binding as if signed by that Party.

16.    Notice. Any and all notices provided by any Party to this Agreement to any other Party hereto shall, in the case of Defendant, be served via certified mail upon Sara Lawrence, Esq., Law Office of Sara Lawrence, P.A. 850 Ives Dairy Road, Suite 53-B, Miami, Florida 33179, and, in the case of Plaintiff, upon Orion G. Callison, III, Panza, Maurer & Maynard, P.A., 3600 North Federal Highway, Third Floor, Fort Lauderdale, Florida 33308 via certified mail.

IN WITNESS WHEREOF, the Parties have freely and voluntarily executed this Agreement to be effective as of the _____ day of May, 2008.:

_____          _____
SHERRY BAKER-LAWRENCE, Individually       ROBERT COHEN, Individually

f:\client\1621\08-17489\pleadings\settlement agreement and release.doc

4