UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al. )<br>)<br>Plaintiffs, )<br>v. )<br>) 3:01CV00378 (AHN)<br>BEAUTY ENTERPRISES, INC., et al. ) June 10, 2008<br>)<br>Defendants. )<br>) **Oral Argument Requested** | |

## PLAINTIFF-INTERVENORS' MOTION FOR LEAVE TO TAKE DEPOSITIONS OF NON-PARTY WITNESSES

Pursuant to Rule 30 of the Federal Rules of Civil Procedure ("Rules") and Local Rule 30 of the District of Connecticut, Plaintiff-Intervenors Harold Acosta, Luz Andujar, Eva Diaz, Jose Linares, and Waleska Miranda ("Plaintiffs") move for leave to take a de bene esse deposition of Mr. Robert Winkler ("Mr. Winkler"), a Florida resident, and for leave to take a deposition of a representative of Starlift Equipment Co., a company with a place of business in West Haven, CT ("Starlift").[1]  Mr. Winkler has informed Plaintiffs that he has relevant information regarding Plaintiffs' claims.  Mr. Winkler and Starlift separately refuse to speak to Plaintiffs unless under a subpoena to do so.  Mr. Winkler is bound by a confidentiality agreement that he believes precludes him from voluntarily disclosing information in his possession about this lawsuit, about Defendant Beauty Enterprises, Inc. ("Defendant"), and about Robert Cohen's involvement in the subject matter of this lawsuit.

---

[1] Plaintiffs seek to depose a representative of Starlift who had conversations with Defendant regarding the forklift examinations administered at Defendant.  Plaintiffs have not yet been provided with enough information to ascertain who this person is.

1                                                                                                                                  NYA894387.1

## ARGUMENT

**I. Plaintiffs Anticipate a Future Need to Record Mr. Winkler's Testimony in a De Bene Esse Deposition Due to His Advanced Age**

It is a well settled rule that parties may take de bene esse depositions to preserve the testimony of witnesses who may become unavailable. See, e.g., Manley v. AmBase Corp., 337 F.3d 237, 247 (2nd Cir. 2003); George v. Ford Motor Co., 2007 U.S. Dist. LEXIS 61453, at *31 (S.D.N.Y. 2007) ("the risk that the witness may become unavailable may warrant the Court's exercising its power to direct that the witness's testimony be preserved by a trial deposition, which can then be used if the witness becomes unavailable for trial."); SCM Corp. v. Xerox Corp., 77 F.R.D. 16, 18 (D. Conn. 1977) (same).  Mr. Winkler is a former business associate of Mr. Robert Cohen, CEO and owner of Defendant. Mr. Winkler has informed Plaintiffs that he has knowledge of facts that are relevant, material, and have bearing on important issues in this case. However, Mr. Winkler has refused to disclose any details to Plaintiffs because he is bound by a confidentiality agreement that he believes precludes his voluntary cooperation with Plaintiffs. Mr. Winkler currently resides in Florida, and is thus outside of this Court's subpoena power.[2]  Therefore, Plaintiffs cannot obtain Mr. Winkler's important testimony without a subpoena to depose him, which can only be issued by a court in Florida.

Moreover, Plaintiffs have the right to take a de bene esse deposition "in anticipation of a future need." Manley v. Ambase Corp., 337 F.3d at 247 (2d Cir. 2003), quoting Black's Law Dictionary 408 (7th ed. 1999). Mr. Winkler is currently 80 years old. And courts commonly list advanced age as a sufficiently compelling circumstance that will justify a de bene esse deposition.[3]  See, e.g., Texaco, Inc. v. Borda, 383 F.2d 607, 608 (3d Cir. 1967) (finding that age alone was sufficient justification to order the de bene esse deposition of a 71-year-old witness);

---

[2] See Rule 45(b)(2).
[3] Plaintiffs incorporate by reference their arguments in support of their motion to depose non-party witness Ms. Baker-Lawrence.  Moreover, Plaintiffs note that if granted permission to depose Mr. Winkler, they will schedule his deposition in conjunction with that of Ms. Baker-Lawrence, so as to minimize travel expenses.

United States v. International Longshoremen's Assoc., 2007 U.S. Dist. LEXIS 70686, at *5 (E.D.N.Y. 2007) (reciting age as a sufficiently compelling circumstance to justify a de bene esse deposition). Mr. Winkler's advanced age clearly meets this standard—due to Mr. Winkler's age, to not allow his deposition at this point would be to run the significant risk that his relevant knowledge will be lost before trial. Moreover, as with Ms. Baker-Lawrence, the fact that Mr. Winkler resides in Florida is sufficient to warrant the taking of a de bene esse deposition.

II.  **Plaintiffs Should Have the Right to Depose a Representative of Starlift**

Forklift examinations administered by Starlift are central to the claims of Plaintiff Harold Acosta. To this date, Defendants have refused to provide complete records from the two exams that were administered consecutively to Mr. Acosta in August 2001. Defendants provided scattered documents, finally, in April 2008; these sparse documents paint a far from complete picture regarding the factual allegations. Further, relevant witnesses of Defendant have testified in depositions that they do not recall what was said regarding these examinations; they only claim to recall that Starlift told them to administer the tests.

This unnamed representative of Starlift likely resides within the subpoena power of the Court. Plaintiffs request the Court's permission to depose this representative so that they may conduct the upcoming trial in an orderly fashion and avoid calling such individual for the first time at trial. Moreover, Plaintiffs have contacted the owner of Starlift, who stated that he would not agree to provide information regarding Defendant or regarding forklift examinations unless subpoenaed to do so.

In view of Defendants' obstructive conduct of discovery in this case, Plaintiffs have been forced to seek evidence from non-party witnesses. For all these reasons, Plaintiffs request that they be allowed to take the deposition of Mr. Winkler to preserve his testimony. Plaintiffs

further request leave of the court to take the deposition of a representative of Starlift so that the trial may be conducted in an orderly manner.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that leave to take the depositions of non-party witnesses Mr. Winkler and of a Starlift representative be granted.

Respectfully submitted this 10th day of June, 2008.

By: __/s/ Valeria Calafiore_____

| | |
|---|---|
| Jackson Chin (PHV0493) | Valeria Calafiore (PHV0494) |
| Puerto Rican Legal Defense and Education Fund | Clifford Chance US LLP |
| 99 Hudson Street | 31 West 52nd Street |
| New York, New York 10013 | New York, NY 10019 |

*Attorneys for Plaintiff-Intervenors, Luz Andujar, Eva Diaz,*
*Harold Acosta, Waleska Miranda, and Jose Linares.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2008, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

      /s/ Valeria Calafiore_____
      Valeria Calafiore (PHV0494)
      Clifford Chance US LLP
      31 West 52nd Street
      New York, NY 10019