UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al. ) ) ) Plaintiffs, ) ) -against- ) ) ) BEAUTY ENTERPRISES, INC., et al. ) Defendants. ) ) | Civil Action No. 301-CV-378 (AHN) June 18, 2008 |

## PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S MEMORANDUM IN SUPPORT OF PLAINTIFF-INTERVENORS' MOTIONS FOR LEAVE TO TAKE PRESERVATION DEPOSITIONS OF SHERRY BAKER-LAWRENCE AND ROBERT WINKLER

Plaintiff Equal Employment Opportunity Commission ("EEOC") submits this Memorandum in support of the motions of Plantiff-Intervenors Harold Acosta, Luz Andujar, Eva Diaz, Jose Linares and Waleska Miranda ("Plaintiff-Intervenors") to take trial preservation depositions of non-party witnesses Sherry Baker-Lawrence and Robert Winkler, both of whom are Florida residents, outside the subpoena power of this Court for live trial testimony in Connecticut. Based on the supporting submissions of Plaintiff-Intervenors, there appears to be a reasonable likelihood that both Ms. Baker-Lawrence and Mr. Winkler have information that may be relevant to the claims of the class of current and former employees of Defendant Beauty Enterprises, Inc. ("Defendant") on whose behalf EEOC is bringing this action. EEOC takes no position on the third preservation deposition sought by Plaintiff-Intervenors--involving a representative of Starlift Equipment Co.--because Plaintiff-Intervenors make clear that the

information sought in this deposition solely relates to unique claims of an individual Plaintiff-Intervenor, Harold Acosta, represented by private counsel.

In Defendant's opposition to the motion for leave to take a preservation deposition of Ms. Baker-Lawrence, Defendant argues that such a deposition can only be authorized due to "some truly compelling circumstance," such as "a final illness" or "old age accompanied by a fading memory." (Def. Brief at 1-2, citing Donk v. Miller, 2000 U.S.Dist. LEXIS at *2 (E.D.N.Y. 2000). However, these are not the sole bases for authorizing a de bene esse deposition. In motions like those presented here, courts "weigh… the prejudice each side may incur" in permitting de bene esse depositions, including those (like here) sought outside the close of the original discovery period. Burket v. Hyman Lippitt, P.C., 2008 U.S. Dist. LEXIS 30088 at *7 (E.D. Mich. 2008). See also Bouygues Telecom v. Tekelec, Inc., 238 F.R.D. 413 (E.D.N.C. 2006) (equities favored granting de bene esse deposition sought by defendant even though this would exceed the limitations on the number of depositions set forth in the case management order). Thus, in Burket, supra, the district court permitted the de bene esse deposition to take place because otherwise plaintiff "would almost certainly be deprived of the opportunity to present the testimony of a witness they believe will be favorable to their claims at trial." Id. at *8.

Moreover, as noted by Plaintiff-Intervenors in their submission, Fed. R. Civ. P. 32, pertaining to a plainly overlapping (though not identical) issue, i.e. the use at trial of a deposition in lieu of testimony, also provides support for the motions at bar. Rule 32 (a)(3) provides for the use of deposition testimony where the witness is unable to attend trial due to factors such as "age", "illness" or "infirmity" or where "the witness is at a greater distance than 100 miles from the place of trial…unless it appears that the absence of the witness was procured by the party

offering the deposition." See Ueland v. United States, 291 F.3d 993, 996 (7th Cir. 2002) (relying on this Rule to allow for the presentation of deposition testimony at trial of witnesses located over 100 miles from court).

Under the above-discussed principles, given the age of Mr. Winkler, 80 years old, a de bene esse deposition is clearly appropriate. See Texaco, Inc. v. Borda, 383 F.2d 607, 609 (3d Cir. 1967) (trial court erred in not allowing preservation deposition taken of a 71 year old witness). Moreover, because both Ms. Baker Lawrence and Mr. Winkler reside over 100 miles from this Court and are outside the Court's subpoena powers, and because (according to Plaintiff-Intervenors' submission) it appears questionable whether either will be able to travel to Connecticut to testify at trial, these factors too weigh strongly in favor of granting the motions.

For the above reasons, and those set forth in Plaintiff-Intervenors' Memoranda in support of their motions to take preservation depositions, Plaintiff EEOC respectfully submits that leave should be granted to permit the taking of de bene esse depositions of Robert Winkler and Sherry Baker-Lawrence.

Dated: June 18, 2008                Respectfully submitted,

                                    Equal Employment Opportunity Commission
                                    /s/ Jeffrey Burstein
                                    Jeffrey Burstein
                                    Trial Attorney
                                    Bar No. phv02570
                                    EEOC Newark Area Office
                                    One Newark Center, 21st Floor
                                    Newark, N.J. 07102
                                    Tel:(973) 645-2267; Fax: (973) 645-4524

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2008, a copy of the foregoing Memorandum of the EEOC in support of Plaintiff-Intervenors' motions for leave to take <u>de</u> <u>bene</u> <u>esse</u> depositions of Robert Winkler and Sherry Baker-Lawrence was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

<u>/s/ Jeffrey Burstein</u>
Jeffrey Burstein (phv02570)
Equal Employment Opportunity Commission
Newark Area Office
One Newark Center
Newark, N.J. 07102