UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al.,
Plaintiffs,

v.

BEAUTY ENTERPRISES, INC.,
Defendant.

Civil NO. 3:01CV378(AHN)

RULING ON MOTIONS FOR LEAVE TO TAKE DEPOSITIONS

Plaintiff-intervenors seek to take the preservation, or "de bene esse" deposition of Sherry Baker-Lawrence ("Baker-Lawrence")[doc. # 212], a woman who resides in Florida and is involved in pending litigation in Florida state court with Beauty Enterprises, Inc.'s ("BEI") owner, Robert Cohen ("Cohen").

The plaintiff-intervenors also seek to take the de bene esse deposition of a former CEO of Starlift Equipment Company ("Starlift"), Robert Winkler ("Winkler"), and the discovery deposition of an employee of Starlift [doc. #218].

For the reasons that follow, the motion to take Baker-Lawrence's deposition is granted. The motion to take the depositions of Winkler and a Starlift employee is granted in part and denied in part.

STANDARD

Discovery of matters "relevant to the subject matter involved in the action" is appropriate. See Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes means information that is reasonably calculated to lead to the discovery of

admissible evidence. See Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991). Additionally, "whether a specific discovery request seeks information relevant to a claim or defense will turn on the specific circumstances of the pending action. . . ." 6 James Wm. Moore, et al., Moore's Federal Practice § 26.41[6][c] (3d ed. 2002)(citing Fed. R. Civ. P. 26(b)(1) advisory committee note (2000)).

## DISCUSSION

The court assumes the parties' familiarity with the facts of the case. At issue in the pending motions is whether the EEOC and plaintiff-intervenors may take the de bene esse depositons of Baker-Lawrence and Winkler, and the discovery deposition of a Starlift employee.

## I. Motion for Leave to Take the Deposition of Sherry Baker-Lawrence [doc. # 212]

The plaintiff-intervenors allege that Baker-Lawrence, who lives in Florida and is therefore outside the subpoena power of the court, has information that is relevant to this lawsuit. They argue that Cohen divulged information about BEI to her, she was on the payroll of BEI and that she has knowledge of BEI's operations. The plaintiff-intervenors have also indicated that Cohen has attempted to dissuade Baker-Lawrence from providing any information that would assist the plaintiff-intervenors' case, including testimony at trial. For these reasons, the plaintiff-

intervenors seek to take her deposition as preservation of her trial testimony, should she be unable to travel to Connecticut for the trial.

BEI argues that Baker-Lawrence is not especially old or infirm and therefore the plaintiff-intervenors should not be allowed to take her de bene esse deposition. BEI also argues that de bene esse depositions are subject to the court's scheduling order and plaintiff-intervenors must show good cause to reopen the discovery period. See George v. Ford Motor Co., No. 03 Civ. 7643, 2007 WL 2398806, *12 (S.D.N.Y. Aug. 17, 2007)(citing Sanofi-Synthelabo v. Apotex, Inc., No. 02 Civ. 2255, 2005 WL 469594, *1 (S.D.N.Y. Feb. 1, 2005).[1]

BEI's argument is unpersuasive. Even prior to the enactment of the Federal Rules and the advent of a more liberal discovery process, de bene esse depositions were granted for any one of the

[1] However, the same court has held just the opposite. See RLS Assocs., LLC v. The United Bank of Kuwait PLC, No. 01 Civ. 1290, 2005 WL 578917 (S.D.N.Y. Mar. 11, 2005) (noting that "the majority of courts" have made a "federal common law distinction between 'discovery depositions' and . . . 'preservation depositions,' and have held the latter category permissible even after the discovery deadline had passed"). Other courts have also stated that de bene esse depositions are not bound by the scheduling order. See Burket v. Hyman Lippitt, P.C., Nos. 05-72110, 05-72171, 05-72221, 2008 WL 1741875, at *3 (E.D. Mich. Apr. 11, 2008)(explaining that "this Court's scheduling order setting a date by which discovery shall be completed . . . had nothing to do with de bene esse depositions"); Estenfelder v. Gates Corp., 199 F.R.D. 351, 355 (D. Colo. 2001) (noting that "courts cannot ignore a party's need to preserve testimony for trial, as opposed to the need to discover evidence, simply because the period for discovery has expired").

following statutory grounds:

> The testimony of any witness may be taken in any civil cause pending in a district or circuit court, by deposition de bene esse, when the witness lives at a greater distance from the place of trial than one hundred miles, **or** is bound on a voyage to sea, **or** is about to go out of the United States, **or** out of the district in which the case is to be tried, and to a greater distance than one hundred miles from the place of trial, before the time of trial, **or** when he is ancient or infirm.

Hanks Dental Ass'n v. International Tooth Crown Co., 194 U.S. 303, 306 (1904) (citing 28 U.S.C. § 863 (repealed)) (emphasis added).

In addition, Fed. R. Civ. P. 32 lends further support to the plaintiff-intervenors' position. Rule 32 permits a party to introduce deposition testimony at trial when a witness is "unavailable," for reasons such as when the witness is dead, or "the witness is more than 100 miles from the place of the hearing or trial or is outside the United States" or when a witness "cannot attend or testify because of age, illness, infirmity or imprisonment." Rule 32 does not require that the party seeking to introduce the deposition meet all of the requirements - indeed, it would be difficult, for instance, for a witness to be both dead and in prison at the same time. Thus, the rule governing use of a deposition at trial contains similar language to the statute that governed the taking of a de bene esse deposition prior to the Federal Rules.

The EEOC also lends support to the plaintiff-intervenors'

motion in a separate memorandum and notes that courts in other districts have weighed "the prejudice each side may incur" when deciding whether to permit de bene esse depositions. Burket v. Hyman Lippitt, P.C., Nos. 05-72110, 05-72171, 05-72221, 2008 WL 1741875, at *3 (E.D. Mich. Apr. 11, 2008). In Burket, the court noted that the prejudice to the plaintiff, who otherwise would be deprived of the benefit of favorable testimony, would outweigh any prejudice to the defendant, such as being able to counter potentially unfavorable testimony with further discovery. Id. at *3. In addition, it appears that Baker-Lawrence's existence and her information regarding BEI did not come to light until after the discovery period had closed.

The Second Circuit also has indicated that de bene esse depositions can be taken when a witness is simply outside the subpoena power of the court and cannot be compelled to testify at trial. See Manley v. Ambase, Inc., 337 F.3d 237, 247-48 (2d Cir. 2003) (noting that the de bene esse deposition of a nonparty witness was ordered "in anticipation of a future need" because the witness was 80 years old and lived in California, and it appeared that he "would not travel to New York" for trial, without referring to the health of the witness or his ability to travel to the district). This may be of particular importance here, because even though Baker-Lawrence has expressed a willingness to testify on the plaintiff-intervenors' behalf,

there is some evidence that Cohen may be discouraging Baker-Lawrence from testifying in this case. Indeed, in the state-court law suit that Cohen initiated against Baker-Lawrence, he has offered her a settlement of $13,500, COBRA health insurance payments, plus the return of some of her personal property currently in Cohen's possession. The settlement also contained a confidentiality provision that states that if Baker-Lawrence were to disclose "information, facts or details concerning their prior personal and business relationship" after signing the settlement agreement, it would be a "material breach" of the settlement and would entitle Cohen to a default judgment against Baker-Lawrence. The court cannot ignore this and is persuaded by the EEOC and plaintiff-intervenors that Baker-Lawrence's testimony will be relevant to this case.

For the reasons set forth above, if the court were to hold the plaintiff-intervenors to the requirement that they make a showing of good cause to modify the discovery period, they have satisfied it. Therefore, the court will allow the EEOC and plaintiff-intervenors to take Baker-Lawrence's de bene esse deposition in Florida.

II. Motion for Leave to Take the Depositions of Winkler and Starlift Employee [doc. # 218]

The plaintiff-intervenors seek to depose a current employee of Starlift and Winkler, Starlift's former CEO. Winkler now

lives in Florida and is 80 years old. The EEOC also joins in this request to take Winkler's deposition and notes that Winkler's age makes a de bene esse deposition even more necessary than in Baker-Lawrence's case. The plaintiff-intervenors claim that he has relevant knowledge that pertains to the facts of this case and they wish to preserve his testimony through a de bene esse deposition as well. Winkler believes he is bound by a confidentiality agreement he signed in conjunction with a lawsuit involving Cohen and is concerned that he may expose himself to liability for revealing the information he possesses absent a court order.

With respect to Winkler, the same analysis for the taking of Baker-Lawrence's de bene esse deposition applies here, because Winkler resides outside the subpoena power of the court, in addition to the fact that Winkler is of an advanced age. Indeed, in Manley, the Second Circuit noted that a party was allowed to take the de bene esse deposition of an 80-year-old nonparty witness who resided well outside the court's subpoena power. Manley, 337 F.3d at 247-48. In addition, other courts have held that the age of a witness alone is sufficient to justify the taking of a de bene esse deposition. See, e.g., Texaco, Inc. v. Borda, 383 F.2d 607, 609 (3d Cir. 1967) (finding a district court's denial of a motion to take the de bene esse deposition of a 71-year-old witness to be an abuse of discretion). Winkler's

presence and potential relevant information also seems to have come to light after the close of discovery. Though the substance of Winkler's testimony is not clear because of the confidentiality agreement he signed, counsel for the plaintiff-intervenors represented that Winkler informed her that he knows about the pending case before this court and has relevant information regarding the EEOC's and plaintiff-intervenors' allegations. If the substance of Winkler's testimony pertains directly to this case, plaintiff-intervenors and the EEOC would lose valuable evidence in support of their claims if they were not allowed to take Winkler's deposition. See United States v. International Longshoremen's Ass'n, No. CV-05-3212, 2007 WL 2782761, at *1 (E.D.N.Y. Sept. 24, 2007).

In light of the facts above, the plaintiff-intervenors and the EEOC have shown good cause to take Winkler's de bene esse deposition. The plaintiff-intervenors represented to the court that they would coordinate the depositions of Winkler and Baker-Lawrence so that only one trip to Florida would be necessary for counsel and parties, should the court decide to grant their motions. The court encourages such coordination to reduce the time and expense of the depositions.

The plaintiff-intervenors also seek to take a discovery

deposition of an employee of Starlift.[2] The plaintiff-intervenors argue that Starlift has relevant information regarding the forklift tests that BEI administered to plaintiff-intervenor Harold Acosta ("Acosta") and that BEI has been unwilling or unable to provide complete information regarding these tests to the plaintiff-intervenors. They maintain that a deposition of a Starlift employee would provide them with the relevant and discoverable information they need to support Acosta's claims against BEI.[3]

The court agrees with BEI's position that this is an issue that was (or could have been) fully explored by plaintiff-intervenors' co-counsel before the original 2005 trial date. Plaintiff-intervenors admitted that they have known about Starlift and its role in the forklift test administered to Acosta during the initial 2003 depositions and could have sought further information from Starlift at that time. The purpose of the current, limited discovery is not to provide the EEOC or plaintiff-intervenors with a renewed opportunity to engage in discovery that, in hindsight, they wished they had performed at an earlier date. Accordingly, the plaintiff-intervenors' request

---

[2] Starlift has its principal place of business in West Haven, Connecticut and is therefore within the subpoena power of the court.

[3] The EEOC does not join in this motion because it pertains solely to a plaintiff-intervenor whom the EEOC does not represent.

to depose a current Starlift employee is denied.

CONCLUSION

For the foregoing reasons, plaintiff-intervenors' motion to take the de bene esse deposition of Baker-Lawrence [doc. # 212] is GRANTED. Plaintiff-intervenors' motion to take depositions [doc. # 218] is GRANTED insofar as the plaintiff-intervenors seek to take the de bene esse deposition of Winkler and is DENIED insofar as plaintiff-intervenors seek to take a discovery deposition of a current Starlift employee.

SO ORDERED this the 9th day of July 2008, at Bridgeport, Connecticut.

____________/s/_______________
Alan H. Nevas
United States District Judge