UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al.<br><br>Plaintiffs,<br>v.<br><br>BEAUTY ENTERPRISES, INC., et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) 3:01CV00378 (AHN)<br>) July 25, 2008<br>)<br>)<br>) |

**PLAINTIFFS-INTERVENORS' RENEWED EMERGENCY MOTION TO COMPEL
DISCOVERY AND MEMORANDUM IN SUPPORT**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Rule 37 of the District of Connecticut Local Rules of Civil Procedure, Plaintiffs-Intervenors Harold Acosta, Luz Andujar, Eva Diaz, Jose Linares, and Waleska Miranda ("Plaintiffs"), by and through their attorneys, hereby renew their April 8, 2008 emergency motion for an order compelling Defendant, Beauty Enterprises, Inc. (Defendant or "BEI") to comply with its obligations to provide complete and comprehensive responses to (1) Plaintiff-Intervenors' First Set of Interrogatories, and (2) Plaintiff-Intervenors' First Request for Production of Documents and Things, served on February 14, 2008 ("Requests"). Plaintiffs certify that prior to filing this Motion, they have conferred with Defendant, through their respective counsel, in an effort in good faith to resolve by agreement the issues raised by this motion without the intervention of the Court and have been unable to reach such agreement.

**I.     BACKGROUND**

On April 8, 2008, Plaintiffs filed a motion to compel discovery. The motion was fully briefed and argued before this Court on May 15, 2008. Subsequently, the parties engaged

in limited discovery through depositions. During these depositions, Plaintiffs were unable to obtain documents or information responsive to the majority of the outstanding discovery requests. On July 9, 2008, this Court denied Plaintiffs' motion to compel without prejudice to renewal. Thereafter, Plaintiffs again conferred with Defendant indicating that numerous discovery requests were still outstanding, but Defendant indicated that it would not produce anything further.

## II.    ARGUMENT

The Federal Rules of Civil Procedure give civil litigants the ability to obtain broad "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…." Fed. R. Civ. P. 26(b)(1). Relevance, for discovery purposes, encompasses "any matter that bears on, or that reasonably could lead to other matters that bear on, an issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 341 (1978). See also Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992) ("the scope of discovery under Fed. R. Civ. P. 26(b) is very broad, encompassing any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.")

Because the Defendant has not complied with its obligation to fully respond to Plaintiffs' discovery requests, an order compelling compliance is necessary. For the foregoing reasons, Plaintiffs renew in all respects their emergency motion to compel dated April 8, 2008 and hereby incorporate by reference all of the arguments set forth therein in support of their motion to compel discovery.[1] Moreover, in view of the fact that trial in this case is scheduled to begin on September 12, 2008, Plaintiffs respectfully request that this Court's grant a ruling on

---

[1]    See Plaintiffs' Motion to Compel and Reply in Further Support of Motion to Compel. (Docket Nos. 195, 207).

this motion on an emergency basis, so that Plaintiffs can receive any outstanding discovery in time for trial.

As fully detailed in Plaintiffs' chart summarizing Plaintiffs' outstanding requests[2] (see Ex. 1 attached herein), Defendant has failed to produce the most basic items relevant to Plaintiffs' claims and damages including, for instance, any of Plaintiffs payroll and benefits information. If Defendant continues to refuse to produce relevant documents, Plaintiffs will have little choice but to rely at trial on the best evidence they have from other sources and will request that Defendant be precluded from in any way rebutting Plaintiffs' proof with regards to all the items on which Defendant has refused to provide discovery.

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this motion be granted in all respects.

Respectfully submitted this 25th day of July, 2008.

| | By: : _____/s/_____ |
|---|---|
| Jackson Chin (PHV0493) | Valeria Calafiore (PHV0494) |
| Puerto Rican Legal Defense & Education Fund | Rachel Lavery (PHV02715) |
| 99 Hudson Street | Clifford Chance US LLP |
| New York, New York 10013 | 31 West 52nd Street |
| | New York, NY 10019 |
| *Attorneys for Plaintiff-Intervenors, Luz Andujar, Eva Diaz, Harold Acosta, Waleska Miranda, and Jose Linares.* ||

---

[2]  Plaintiffs have condensed their discovery request to focus on at least the most essential items needed for trial. However, numerous other requests that were part of Plaintiffs' original motion to compel discovery have not been responded to, and Plaintiffs' do not hereby waive their prior requests. Should any of those requests become an essential item at the time of trial, Plaintiffs will seek to have any proper adverse inferences drawn against Defendant for failure to produce discoverable documents.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2008, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                /s/
                                 Valeria Calafiore (PHV0494)
                                 Clifford Chance US LLP
                                 31 West 52nd Street
                                 New York, NY 10019

NYA899630.1