**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al. </br></br> Plaintiffs, </br> v. </br></br> BEAUTY ENTERPRISES, INC., et al. </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) 3:01CV00378 (AHN) </br> ) July 25, 2008 </br> ) </br> ) </br> ) |

# EXHIBIT 1

## *EEOC v. Beauty Enterprises*
Civil Action No. 3:01CV378 (AHN)

| | |
|---|---|
| **Plaintiffs-Intervenors' Outstanding Discovery Requests Dated February 13, 2008.[1]** | |
| **Forklift** | |
| Interrogatory No. 17[2] | Identify all forklift drivers or operators from January 1, 1998 to the present, and for each individual identified describe any training, test, relevant experience (e.g. as forklift drivers), and any incidents occurring at Defendant's Hartford facility while driving a forklift. Identify any documents supporting your responses to this interrogatory. |
| Doc. Request No. 14 | Please provide all documents concerning or relevant to Interrogatory 17, and provide all documents relevant to any testing, exam, or other evaluation administered by Defendant or required by Defendant for the forklift driver position, including, without limitation any communication concerning these tests or exams, the individuals taking them, the outcome of the exams, or any consequence for passing or failing the exams, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response. |
| *Still outstanding* | The foregoing requests have not been fully responded to. For instance, during the 2008 depositions of Beauty Enterprises ("Beauty") employees it was apparent that the following relevant items exist and have not yet been produced:<br><br>- Forklift training video allegedly shown to examinees.<br>- Forklift training manual.<br>- Document showing the minimum passing score for each of the forklift exams administered to Harold Acosta.<br>- Records of communications with Starlift Equipment concerning the forklift exam.<br>- Records showing which individuals at Starlift Equipment explained to Beauty supervisor Tom Buonocore how to administer the forklift examination, as well as any other records from Starlift Equipment concerning the examination.<br>- Records of all forklift accidents at Beauty, including an accident involving Roger McCormick during the last 5 years. |

---

[1] As stated in Plaintiffs' renewed motion to compel, Defendant has failed to comply with numerous other discovery requests not included in this chart. While Plaintiffs have condensed their requests in view of the upcoming trial, they do not hereby waive their prior objections to Defendant's failure to comply with all of its obligations to produce responsive materials and answers.

[2] Each numbered request included herein refers to Plaintiffs-Intervenors' discovery requests dated February 13, 2008, and attached as Exhibit 1 to Plaintiffs-Intervenors' Motion to Compel dated April 8, 2008 (docket no. 195, Ex. 1).

| **Plaintiffs-Intervenors' Outstanding Discovery Requests Dated February 13, 2008.**[1] ||
|---|---|
| **Wage setting process** ||
| Interrogatory No. 30 | Identify all individuals in charge of setting wages at Defendant and describe the wage setting process for all hourly workers, permanent and temporary, from January 1, 1998 to the present. Identify any document sufficient to show the wages for all hourly workers and supervisors from January 1, 1998 to the present. |
| Doc. Request No. 20 | Please provide all documents concerning or relevant to Interrogatory 30, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response. |
| *Still outstanding* | Nothing responsive to the foregoing requests has yet been produced other than scattered wage documentation in employee files. |
| **Length of Service and Other Employee Awards** ||
| Interrogatory No. 31 | Describe any award, benefit, compensation, gift, recognition or any type of reward of any kind (collectively "award" or "reward") that the Defendant has provided to any of its employees, including, without limitation any award or reward provided to the employee on his/her reaching their 5th, 10th, 15th, 20th, 25th, or 30th year of employment with Defendant, and identify all individuals who have been given such award or reward from January 1, 1998 to the present, the reason for the award or reward, the type of award or reward given, and the time when the award/reward was given. Identify all relevant documents concerning the stated benefits, state the criteria used in determining eligibility for the described benefits, and identify the individuals responsible for determining eligibility and administering the benefits. |
| Interrogatory No. 32 | Identify and describe any other benefit, bonus, perk, or other reward, award, or recognition, monetary and non-monetary, or of any other nature, whether tangible or intangible, other than the ones described in Interrogatory 31, that Defendant has given to any of its permanent and/or temporary employees from January 1, 1998 to the present. |
| Doc. Request No. 21 | Please provide all documents concerning or relevant to Interrogatories 31 and 32, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response. |
| *Still Outstanding* | The foregoing requests have not been fully responded to. For instance, during the 2008 depositions of Beauty employees it was apparent that |

| **Plaintiffs-Intervenors' Outstanding Discovery Requests Dated February 13, 2008.**[1] ||
|---|---|
| | the following relevant items exist and have not yet been produced:<br><br>• Any documentation relating to bonuses or other awards paid to Plaintiffs-Intervenors and other employees since 2001.<br>• Lists of employees eligible for length of service awards. These lists are purportedly created and kept by Mr. Carabetta and given to Mr. Cohen every year. See e.g. Carabetta Deposition at 42:18.<br>• Invoices showing amounts paid for the 25 years of service awards since 2003. See id.<br>• Copy of the check that Beauty supervisor Tom Buonocore received for his 20-year length of service award, which he could not remember. See Buonocore deposition at 57:7.<br><br>As Defendant is aware, Plaintiffs-Intervenors allege, among other claims, that Eva Diaz has been subject to illegal discrimination and retaliation affecting her pay and that at least beginning in 2004 she was discriminatorily denied her 25 years length of service award and accordingly all materials pertaining to the foregoing requests are highly material and must be produced. |
| **Beauty's Financials** ||
| Interrogatory No. 37 | Identify the fiscal year according to which Defendant operates his business, and for each year beginning January 1998, state what Defendant's gross profits, net profits and other sources of revenue were for that year. |
| *Still outstanding* | Defendant has failed to identify and produce documents relevant to the company's preliminary financial statements for the fiscal year ending September 30, 2007. Beauty's Vice President, Mr. Larry Sussman recently testified that Beauty generally prepares ─ and has this past fiscal year prepared ─ forecasts, or projections, of financial statements.<br><br>The foregoing documents have been requested and are highly material to this litigation, particularly in view of Mr. Sussman's testimony that Beauty allegedly had negative profits during the fiscal year ending September 30, 2007. Moreover, Mr. Sussman testified that there was only one year during Beauty's existence in which it recorded a loss. Plaintiffs-Intervenors request that that year be identified together with the financial statements showing the loss recorded and the payments, if any made to the profit sharing plan during that year.<br><br>Lastly, Mr. Sussman recently testified about certain cash advances |

| | |
|---|---|
| **Plaintiffs-Intervenors' Outstanding Discovery Requests Dated February 13, 2008.[1]** | |
| | made by Beauty to an entity owned by Mr. Cohen. Mr. Sussman could not remember whether these advances were repaid. See Sussman deposition, June 2, 70:3. Plaintiff request that a document sufficient to provide a complete response to this issue be produced. |
| **Beauty Newsletters** | |
| Interrogatory No. 40 | Identify any newsletter or other publication prepared and/or distributed by Defendant to its employees, and any individual in charge of such newsletter from January 1, 1998 to the present. |
| Doc. Request No. 25 | Please provide all documents concerning or relevant to Interrogatory 40, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response. |
| *Still Outstanding* | Nothing responsive to the foregoing requests has yet been produced |
| **Employees with 20+ years experience** | |
| Interrogatory No. 44 | Identify all employees, permanent or temporary, who from January 1, 1998 to the present had 20 or more years of service or employment with Defendant, including employees that may no longer be currently employed with Defendant. For each employee identified, describe their job/position history, history of discipline, and their wages/salary history, and state whether or not they are currently employed by the Defendant and if no longer employed by the Defendant state the reason why. |
| Doc. Request No. 26 | Please provide all documents concerning or relevant to Interrogatory 44, including, without limitation, the personnel files of each individual identified in response thereto, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response. |
| *Still outstanding* | Nothing responsive to the foregoing requests has yet been produced. |
| **New Hires** | |
| Interrogatory No. 4 | Identify all individuals employed by defendant at any point during the period from January 1, 1998, to the present, and if they are no longer employed, state all reason(s) for each termination. This request includes any employee who was already employed by the Defendant as of January 1, 1998. For each employee, state their ethnicity, national origin,, race and or gender, if known, or other equal employment |

5

| **Plaintiffs-Intervenors' Outstanding Discovery Requests Dated February 13, 2008.**[1] | |
|---|---|
| | opportunity or affirmative action classification. If the employee was a temporary employee not directly employed by Defendant, provide the name of the agency who placed the employee. If the employee is/was not a U.S. citizen, provide information about their country of origin. |
| Request No. 3 | Please provide all documents concerning or relevant to Interrogatory 4 and 5 and indicate in your response the bates number or bates ranges of the responsive documents you are producing in response. |
| *Still outstanding* | Defendant has not provided any information concerning new hires for the period prior to November 2, 2001. That information is highly relevant and discoverable. For instance, Defendant claims that after informing Plaintiff Harold Acosta that it could no longer work at Beauty Enterprises as a forklift driver, it could not offer Harold Acosta any job other than a janitorial position because it did not have any other jobs available. Similarly, Plaintiff Waleska Miranda, who was a temporary employee, had requested to be hired as a permanent hourly worker, but instead was fired on October 3, 2001. At a minimum, Plaintiffs are entitled to discover all of the Defendant's new hires beginning September 1, 2001 to November 2, 2001. |
| **Litigation Hold** | |
| Doc. Request No. 2 | Please provide all documents concerning or relevant to Interrogatory 2 and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response. |
| *Still outstanding* | Defendant has failed to adequately respond to all of the foregoing requests. None of the seven recently deposed Beauty officers and supervisors was aware of any policy requiring any of them to retain documents relevant to the pending litigation, nor have they. In its response to Interrogatory No. 2, Defendant claims that "BEI was directed to preserve all conceivably relevant documents" and that "BEI has adhered to this direction." Plaintiffs-Intervenors request that Defendant identify by name each of the individuals who was given such direction and how this direction was delivered. Moreover, to the extent any privileged responsive documents exist, as indicated by Defendant in response to Interrogatory No. 2, Plaintiffs-Intervenors request that a privilege log be produced in accordance with the Federal Rule of Civil Procedure 26(b)(5)(A) and Local Rule 26(e). |

NYA898181.1

| **Plaintiffs-Intervenors' Outstanding Discovery Requests Dated February 13, 2008.[1]** | |
|---|---|
| **Settlement** | |
| Doc. Request No. 29 (1) (p.23) | Please provide all documents concerning, relating, or relevant to in any way any aspect of the negotiations for settlement and settlement or proposed settlement of this litigation, including, without limitation, any communication (including voicemails) relating, concerning, or in any way addressing any event pertaining to the settlement or proposed settlement or any aspect of the negotiations related thereto, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response. |
| *Still outstanding* | No responsive documents have yet been produced. Plaintiffs-Intervenors have reason to believe that new acts of discrimination took place during the settlement negotiations and accordingly are entitled to obtain all relevant documents responsive to the foregoing requests. Moreover, Defendants' witnesses have recently testified that as a result of the expense of this litigation, Defendant had a loss and could not make a contribution to the employees profit sharing plan during the fiscal year ending September 30, 2007, directly putting in issue the settlement previously reached in this case. |
| **Discussions Related to This Litigation** | |
| Interrogatory No. 35 | Identify all individuals with whom Defendant has discussed or communicated in any way anything relating to this litigation, including anything relating to or concerning the negotiations for settlement, proposed settlement, settlement or agreement to end this litigation, or about the individuals involved in this litigation, the facts relating or underlying this litigation, including, without limitation, any discussion between Defendant, including without limitation any of its employees, agents, principals, owners or stakeholders, and any of their family members, relatives, friends, girlfriends/boyfriends, partners, acquaintances, or any other individual. For all individuals identified, state how the communication or discussion took place, who was present (if applicable), and provide sufficient detail to notice the deposition of the individuals identified. |
| Doc. Request No. 22 | Please provide all documents concerning or relevant to Interrogatory 35, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response. |
| Doc. Request No. 29 (2) (p.24) | Please provide all photographs, drawings, cartoons, tape recordings, motion pictures or videotapes, and e-mail relating to the subject matter of this lawsuit, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response. |

7

| | |
|---|---|
| **Plaintiffs-Intervenors' Outstanding Discovery Requests Dated February 13, 2008.**[1] ||
| *Still outstanding* | No responsive documents have yet been produced.  For instance, during recent depositions of Defendant's witnesses it has become apparent that the Defendant must produce and engage in searches for documents as follows:<ul><li>Search for emails and other records of Mr. Sussman, Mr. Cohen, Mr. Carabetta, Mr. Piccirillo, and other relevant custodians for documents responsive to any of the pending requests.  As testified by Defendant's witnesses no such searches have ever been conducted.</li><li>Corporate minutes relating to or discussing this litigation in any way.  Mr. Sussman testified that such minutes exist but have not been searched.</li><li>Tape of Mr. Cohen's interview with radio talk show concerning this litigation, as played in Beauty warehouse to all employees.</li></ul> |
| **Individuals with Relevant Knowledge** ||
| Doc. Request No. 27(2) | Please provide all documents concerning or relevant to the following individuals, including, without limitation, their personnel files, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response:<br>    Boris Bratslousky<br>    Jacob Khutursky<br>    Michael Ambruso<br>    Pauline Wood<br>    Mary Mobley<br>    Freda Flayes<br>    Rose Smith<br>    Jerene Smith<br>    John Carabetta<br>    Tony Baez<br>    Ray Acosta<br>    Judy Colosimo<br>    Yoodaje Seepersad<br>    Maria Rondon<br>    Sarah Bailey<br>    Irina Novozhilova<br>    Irina Volodarska<br>    Maya Rudyak<br>    Violetta Krasilnikova<br>    Roman Katsnelson |
| Doc. Request 28(2) (p.24) | Please provide all documents received or authored by Robert Cohen, Rocco Piccirillo, Larry Sussman, Tom Bonocore, Fabian Pineros, Ross |

| | **Plaintiffs-Intervenors' Outstanding Discovery Requests Dated February 13, 2008.**[1] |
|---|---|
| | Smith, Jimmy Adorno, Paul Lopes, Leilamattie Mohabeer, Steven Cody, Bhanmattie Sattaur, Ladwhina Young, Deloris Haskins, Mary Murray, Roger McCormick, Boris Bratslousky, Jacob Khurtsky, Michael Ambruso, Harrilal Sukhram, Nelson Marquez or any other employee of Defendant relating to defendant's English-only policy and/or this litigation, and indicate in your response. To the extent you have already provided documents responsive to this request in response to any other request herein, please simply provide the bates numbers of the responsive documents. |
| *Still outstanding* | No responsive documents have yet been produced. |
| **Plaintiffs-Intervenors' Files** | |
| Doc. Request 28(1) (p.23) | Please provide all documents and personnel files concerning or relevant to Luz Andujar, Eva Diaz, Harold Acosta, Jose Linares, and Waleska Miranda, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response. |
| *Still outstanding* | Defendant has produced only scattered documents from the files of the foregoing individuals. For instance, the following documents have not yet been produced:<br>▪ All payroll information for each individual for the entire duration of their employment at Beauty<br>▪ Exception reports for each individual<br>▪ Computer generated lists of warning given each individual as recently testified to by Beauty's comptroller, Mr. Carabetta.<br>▪ Searches of records of relevant Beauty custodians for documents responsive to this request. |
| **Profit Sharing Plan** | |
| Doc. Request 33 | Please provide all documents concerning or related to the Defendant's policy for its profit-sharing plan, including, without limitation, how it determines each employee's percentage in the profit-sharing plan and any changes to the plan made since May 1, 2000, and indicate in your response the bates numbers or bates ranges of the responsive documents you are producing in response. |
| *Still outstanding* | No responsive documents have yet been produced. |

NYA898181.1