UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al.<br><br>Plaintiffs<br><br>vs.<br><br>BEAUTY ENTERPRISES, INC., et al.<br><br>Defendants | CIVIL ACTION<br>NO. 301-CV-378 (AHN)<br><br><br>August 1, 2008 |

## DEFENDANT BEAUTY ENTERPRISES, INC.'S OBJECTION TO PLAINTIFF-INTERVENORS' RENEWED EMERGENCY MOTION TO COMPEL DISCOVERY

Plaintiff-Intervenors Harold Acosta, Luz Andujar, Eva Diaz, Jose Linares and Waleska Miranda ("Plaintiff-Intervenors"), by their attorneys, filed a Renewed Emergency Motion to Compel Discovery directed at Defendant Beauty Enterprises, Inc. ("BEI") on July 25, 2008.  Pursuant to Fed. R. Civ. P. 37, Plaintiff-Intervenors still seek to compel BEI to provide responses to Plaintiff-Intervenors' First Set of Interrogatories and First Request for Production of Documents and Things, which were served upon BEI on February 14, 2008 ("Requests").

For the following reasons, which are substantially similar to the reasons raised in BEI's Objection to Plaintiff-Intervenors' first Emergency Motion to Compel Discovery, dated April 29, 2008, BEI maintains that it has no duty to respond to Plaintiff-Intervenors' unauthorized, excessive Requests and that any responses provided thus far were made solely for the purpose of shielding the Court from the numerous discovery disputes initiated by Plaintiff-Intervenors.  BEI incorporates by reference all of

the arguments set forth in its Objection to Plaintiff-Intervenors' Emergency Motion to Compel filed on April 29, 2008 and briefly summarizes them here for the convenience of the Court.

First, contrary to Plaintiff-Intervenors' argument, BEI is under no obligation to respond to Plaintiff-Intervenors' discovery requests because the discovery period is closed and Plaintiff's interests were adequately represented during the period discovery was open. Second, BEI has no duty to respond to Plaintiff-Intervenors' 48 interrogatories because that number of interrogatories violates Federal Rule of Civil Procedure 33(a)(1), which allows no more than 25 written interrogatories including all discreet subparts. Finally, BEI has adequately and completely responded to Plaintiff-Intervenors' requests, as described in Exhibit 1 (attached hereto).

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff-Intervenors' Renewed Emergency Motion to Compel Discovery.

THE DEFENDANT,
Beauty Enterprises, Inc.

By: /s/ Richard C. Robinson
Richard C. Robinson (ct04321)
Christine Collyer(ct26859)
Janée Woods Weber (ct27265)
Pullman & Comley, LLC
90 State House Square
Hartford, CT 06103
Telephone (860) 424-4300
Fascimile (860) 424-4370
Its Attorneys

## **CERTIFICATION**

I hereby certify that on August 1, 2008, a copy of the foregoing Defendant's Motion for Protective Order was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

R. Liliana Palacios
Trial Attorney
EEOC
JFK Federal Building, Room 475
Government Center
Boston, MA. 02203-0506

Nora Curtin
Senior Trial Attorney
EEOC, New York District Office
33 Whitehall Street
New York, NY 10048

Barbara E. Gardiner
843 Main Street, Suite 1-4
Manchester, CT 06040

Julia Morris Paul
Marte, Plepler, Falkenstein, Keith,
Meggers & Paul, P.C.
113 East Center Street
Manchester, CT. 06040

Jackson Chin
Associate Counsel
Puerto Rican Legal Defense
 & Education Fund
90 Hudson Street
New York, New York 10013

Valeria Calafiore
Clifford Chance US
31 West 52nd Street
New York, NY 10019

                                                /s/ Richard C. Robinson
                                                Richard C. Robinson (ct04321)