UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al.<br><br>　　　　　Plaintiffs<br><br>　vs.<br><br>BEAUTY ENTERPRISES, INC., et al.<br><br>　　　　　Defendants | CIVIL ACTION<br>NO. 301-CV-378 (AHN)<br><br>August 1, 2008 |

**DEFENDANT BEAUTY ENTERPRISES INC.'S
RESPONSES TO EXHIBIT 1 ATTACHED TO
PLAINTIFF-INTERVENORS'
MOTION TO COMPEL DISCOVERY**

**EEOC v. Beauty Enterprises, Inc., et al**
Civil Action No. 3:01CV378 (AHN)

Defendant Beauty Enterprises Inc.'s ("BEI") incorporates its responses contained within its Objection (filed on April 29, 2008) to Plaintiff-Intervenors' first Emergency Motion to Compel Discovery and further objects as follows to Plaintiff-Intervenors' Exhibit 1 attached to their Renewed Emergency Motion to Compel Discovery.

## FORKLIFT

**Interrogatory No. 17:** BEI already responded to this interrogatory when it produced information concerning employees' names, experience, dates of training and incidents, if any, concerning forklift operations since 2001. BEI further supplemented its response in its March 18, 2008 Responses to Plaintiff-Intervenors' First Set of Interrogatories and First Request for Production of Documents and Things. Moreover, the information sought by Plaintiff-Intervenors' current counsel is in the transcripts of the depositions taken in this case that were attended by Plaintiff-Intervenors' former counsel or can be obtained from other sources, such as Starlift Equipment. Finally, Plaintiff-Intervenors' attempt to obtain information about forklift operation for the time period since 1998 represents an impermissible re-opening of the discovery that is closed and finished. BEI therefore has no duty to respond.

**Document Request No. 14:** BEI has already produced documents responsive to this request.

## WAGE SETTING PROCESS

**Interrogatory No.30:** BEI reiterates its objection that this interrogatory falls outside the scope of permissible discovery because it is overbroad, unreasonable and unduly burdensome, and seeks information that is not relevant to the English-only policy.

**Document Request No. 20:** BEI reiterates its objection that this request falls outside the scope of permissible discovery because it is overbroad, unreasonable and unduly burdensome, and seeks information that is not relevant to the English-only policy. Plaintiff-Intervenors have not shown that the requested documents are relevant to the issues concerning the English-only policy.

### LENGTH OF SERVICE AND OTHER EMPLOYEE AWARDS

**Interrogatory No. 31:** Although BEI objected to this interrogatory on the grounds that it is overly broad in that it seeks information that is not relevant to the English-only policy, BEI notes that it provided information directly relating to one of the Plaintiff-Intervenors that aids her position in the case to the detriment of BEI. BEI still maintains that this interrogatory exceeds the scope of permissible discovery despite its concession to Plaintiff-Intervenors.

**Interrogatory No. 32:** BEI reiterates its objection that this interrogatory falls outside the scope of permissible discovery because it is overbroad and seeks information that is not relevant to the English-only policy.

**Document Request No. 21:** BEI reiterates its objection that this request falls outside the scope of permissible discovery because it is overbroad and seeks information that is not relevant to the English-only policy.

### BEAUTY'S FINANCIALS

**Interrogatory No. 37:** BEI reiterates its objection that this interrogatory falls outside the scope of permissible discovery because it is overbroad and irrelevant to the English-only policy.

## BEAUTY NEWSLETTERS

**Interrogatory No. 40:** BEI has already produced this information to Plaintiff-Intervenors in its March 18, 2008 Responses to Plaintiff-Intervenors First Set of Interrogatories and First Request for Documents and Things. It will not repeat its response here.

**Document Request No. 25:** BEI reiterates its objection that this request falls outside the scope of permissible discovery because it is overbroad, unreasonable and unduly burdensome, and seeks information that is not relevant to the English-only policy.

## EMPLOYEES WITH 20+ YEARS EXPERIENCE

**Interrogatory No. 44:** BEI reiterates its objection that this interrogatory falls outside the scope of permissible discovery because it is overbroad, unreasonable and unduly burdensome and seeks information that is not relevant to the English-only policy.

**Document Request No. 26:** BEI reiterates its objection that this request falls  outside the scope of permissible discovery because it is overbroad, unreasonable and unduly burdensome and seeks information that is not relevant to the English-only policy.

## NEW HIRES

**Interrogatory No. 4:** This information was already requested and produced

in response to Interrogatory No. 4 of the EEOC's First Set of Interrogatories and Requests for Documents. BEI produced its responses to these Discovery Requests to Plaintiff-Intervenors.

**Document Request No. 3:** BEI has already produced documents in response to this request and should not be required to produce them again.

## LITIGATION HOLD

**Document Request No. 2:** BEI reiterates its objection that this request is unreasonable and seeks discovery of documents protected by the attorney-client privilege. As Plaintiff-Intervenors' counsel is well aware, there is only one document that would be included in a privilege log- the preservation letter sent to BEI from undersigned counsel. Plaintiff-Intervenors' counsel should know better than to request documents protected by the attorney-client privilege and not subject to discovery.

## SETTLEMENT

**Document Request No. 29(1):** BEI reiterates its objection that this request falls outside the scope of permissible because it is overbroad and seeks documents that are not relevant to the English-only policy. Moreover, the request is unreasonable and unduly burdensome, and seeks discovery of documents protected by the attorney-client privilege.

## DISCUSSIONS RELATED TO THIS LITIGATION

**Interrogatory No. 35:** BEI reiterates its objection that this interrogatory falls outside the scope of discovery, seeks protected information and is unreasonable and unduly burdensome. The unreasonableness of the Interrogatory is apparent.

5

It seeks information concerning settlement discussions which is never to be provided, it blatantly seeks information that is protected by the attorney-client privilege and its asks the Defendant to recall and reconstruct every conversation its employees had without even providing a time period.

**Document Request No. 22:**   BEI reiterates its objection to interrogatory No. 35.

**Document Request No. 29(2):**   BEI objects to this request on the grounds that it is overbroad, unreasonable and unduly burdensome.

## INDIVIDUALS WITH RELEVANT KNOWLEDGE

**Document Request No. 27(2):**   BEI objects to this request on the grounds that it falls outside the scope of permissible discovery because it is overbroad, unreasonable and unduly burdensome and seeks information that is not relevant to the English-only policy.

**Document Request 28(2):**   In its March 18, 2008 Responses to Plaintiff-Intervenors First Set of Interrogatories and First Request for Documents and Things, BEI stated that it has already produced documents responsive to this request. Moreover, BEI objects to this request on the grounds that it is overbroad, unreasonable and unduly burdensome, and clearly seeks documents protected by the attorney-client privilege.

## PLAINTIFF-INTERVENORS' FILES

**Document Request No. 28(1):**   BEI already produced these documents in response to Request No. 11 of the EEOC's First Set of Interrogatories and Requests for Documents. BEI produced its responses to these Discovery

Requests to Plaintiff-Intervenors.

## **PROFIT SHARING PLAN**

**Document Request 33:** BEI reiterates its objection that this request falls outside the scope of permissible discovery because it is overbroad, unreasonable and unduly burdensome, and it seeks documents that are irrelevant to the English-only policy. Plaintiff-Intervenors have not shown that the requested documents are relevant to the issues concerning the English-only policy.

Hartford/65094.1/CCOLLYER/319090v1