**FEDERAL BAR ASSOCIATION PROFESSIONAL ETHICS COMMITTEE**

# STANDARDS FOR

# CIVILITY IN PROFESSIONAL CONDUCT[1]

## PREAMBLE

Civility in professional conduct is the responsibility of every lawyer practicing in the federal system. While lawyers have an obligation to represent clients zealously, we must also be mindful of our obligations to the administration of justice. Incivility to opposing counsel, adverse parties, judges inclusive of Article I, III and the administrative judiciary, court[2] and agency personnel, and other participants in the legal process demeans the legal profession, undermines the administration of justice, and diminishes respect for both the legal process and the results of our system of justice.

Our judicial system is a truth-seeking process designed to resolve human and societal problems in a rational, peaceful, and efficient manner and designed to be perceived as producing fair and just results. We must be careful to avoid actions or statements which undermine the system or the public's confidence in it.

The organized bar and the judiciary, in partnership with each other, have a responsibility to promote civility in the practice of law and the administration of justice. Uncivil conduct of lawyers or judges impedes the fundamental goal of resolving disputes rationally, peacefully, and efficiently. Such conduct may delay or deny justice and diminish the respect for law, which is a cornerstone of our society and our profession.

Civility and professionalism are hallmarks of a learned profession dedicated to public service. These standards are designed to encourage us, as lawyers and judges, to meet our obligations of civility and professionalism, to each other, to litigants, and to the system of justice. The goal is to ensure that lawyers and judges will conduct themselves at all times, in both litigated and nonlitigated matters, with personal courtesy and professionalism in the fullest sense of those terms.

While these standards are voluntary and shall not be used as a basis for litigation or sanctions, we expect that lawyers and judges in the federal system will make a commitment to adhere to these standards in all aspects of their dealings with one another and with other participants in the legal process.

Finally, we believe these standards should be incorporated as an integral component of the teaching of professionalism to law students and practicing lawyers alike. We therefore believe that it is important for law schools to incorporate these standards in their curricula and for lawyers in the federal sector, law firms, government agencies, and other legal institutions in our country to teach and promote these standards as part of their continuing legal education programs.

## PRINCIPLES OF GENERAL APPLICABILITY:

## LAWYERS' DUTIES TO OTHER COUNSEL, PARTIES AND THE JUDICIARY

**EXHIBIT 2**

**General Principles:**

1. In carrying out our professional responsibilities, we will treat all participants in the legal process, including counsel and their staff, parties, witnesses, judges, court personnel, and administrative agency staff, in a civil, professional, and courteous manner, at all times and in all communications, whether oral or written. We will refrain from acting upon or manifesting racial, gender, or other bias or prejudice toward any participant in the legal process. We will treat all participants in the legal process with respect.

2. Except within the bounds of fair argument in pleadings or in formal proceedings, we will not reflect in our conduct, attitude, or demeanor our clients' ill feelings, if any, toward other participants in the legal process.

3. We will not, even if called upon by a client to do so, engage in offensive conduct directed toward other participants in the legal process, nor will we abuse other such participants in the legal process. Except within the bounds of fair argument in pleadings or in formal proceedings, we will abstain from directing disparaging personal remarks or acrimony toward such participants and treat adverse witnesses and parties with fair consideration. We will encourage our clients to act civilly and respectfully to all participants in the legal process.

4. We will not encourage or authorize any person under our control to engage in conduct that would be inappropriate under these standards if we were to engage in such conduct.

5. We will not bring the profession into disrepute by making unfounded accusations of impropriety or making ad hominem attacks on counsel, and, absent good cause, we will not attribute bad motives or improper conduct to other counsel.

6. While we owe our highest loyalty to our clients, we will discharge that obligation in the framework of the federal judicial system in which we apply our learning, skill, and industry in accordance with professional norms. In this context, we will strive for orderly, efficient, ethical, fair, and just disposition of litigation as well as disputed matters that are not, or are not yet, the subject of litigation, and for the efficient, ethical, and fair negotiation and consummation of business transactions.

7. The foregoing General Principles apply to all aspects of the federal legal proceedings, both in the presence and outside the presence of a court or tribunal.

**Scheduling Matters:**

8. We will endeavor to schedule dates for trials, hearings, depositions, meetings, negotiations, conferences, vacations, seminars, and other functions to avoid creating calendar conflicts for other participants in the legal process, provided our clients' interests will not be adversely affected.

9. We will notify other counsel and, if appropriate, the court or other persons, at the earliest possible time when hearings, depositions, meetings, or conferences need to be canceled or postponed. Early notice avoids unnecessary travel and expense and may enable the court and the other participants in the legal process to use the previously

reserved time for other matters.

10. We will agree to reasonable requests for extensions of time and for waiver of procedural formalities provided our clients' interests will not be adversely affected.

11. We will not request an extension of time for the purpose of unjustified delay.

## PRINCIPLES PARTICULARLY APPLICABLE TO LITIGATION

### Procedural Agreements:

12. We will confer with opposing counsel about procedural issues that arise during the course of litigation, such as requests for extensions of time, discovery matters, pre-trial matters, and the scheduling of meetings, depositions, hearings, and trial. We will seek to resolve by agreement such procedural issues that do not require court order. For those that do, we will seek to reach agreement with opposing counsel before presenting the matter to the court.

13. We accept primary responsibility, after consultation with the client, for making decisions about procedural agreements. We will explain to our clients that cooperation between counsel in such matters is the professional norm and may be in the client's interest. We will explain the nature of the matter at issue in any such proposed agreements and explain how such agreements do not compromise the client's interests.

### Discovery:

14. We will not use any form of discovery or discovery scheduling for harassment, unjustified delay, to increase litigation expenses, or any other improper purpose.

15. We will make good faith efforts to resolve by agreement any disputes with respect to matters contained in pleadings and discovery requests and objections.

16. We will not engage in any conduct during a deposition that would not be appropriate if a judge were present. Accordingly, we will not obstruct questioning during a deposition or object to deposition questions, unless permitted by the applicable rules to preserve an objection or privilege, and we will ask only those questions we reasonably believe are appropriate in discovery under the applicable rules.

17. We will carefully craft document production requests so they are limited to those documents we reasonably believe are appropriate under the applicable rules. We will not design production requests for the purpose of placing an undue burden or expense on a party.

18. We will respond to document requests reasonably and in accordance with what the applicable rules require. We will not interpret the request in an artificially restrictive manner to avoid disclosure of relevant and non-privileged documents. We will not produce documents in a manner designed to hide or obscure the existence of particular documents.

19. We will carefully craft interrogatories so they are limited to those matters we

reasonably believe are appropriate under the applicable rules, and we will not design them for the purpose of placing an undue burden or expense on a party.

20. We will respond to interrogatories reasonably and in accordance with what the applicable rules require. We will not interpret interrogatories in an artificially restrictive manner to avoid disclosure of relevant and non-privileged information.

21. We will base our discovery objections on a good faith belief in their merit. We will not object solely for the purpose of withholding or delaying the disclosure of properly discoverable information.

22. During discovery, we will not engage in acrimonious conversations or exchanges with opposing counsel, parties, or witnesses. We will advise our clients to conduct themselves in accordance with these provisions. We will not engage in undignified or discourteous conduct which degrades the legal proceeding.

### Sanctions:

23. We will not seek court sanctions or disqualification of counsel unless reasonably justified by the circumstances after conducting a reasonable investigation, which includes attempting to confer with opposing counsel.

### Lawyers' Duties to the Court:

24. We recognize that the public's perception of our system of justice is influenced by the relationship between lawyers and judges, and that judges perform a symbolic role. At the same time, lawyers have the right and, at times, the duty to be critical of judges and their rulings. Thus, in all communications with the court, we will speak and write civilly. In expressing criticism of the court to an administrative tribunal, we shall use language that is respectful of courts or tribunals, the system of justice, and the symbolism that these represent.

25. We will not engage in conduct that offends the dignity and decorum of judicial or administrative proceedings, brings disorder or disruption to the courtroom or tribunal, or undermines the image of the legal profession.

26. We will advise clients and witnesses to act civilly and respectfully toward the court, educate them about proper courtroom decorum, and, to the best of our ability, prevent them from creating disorder or disruption in the courtroom.

27. We will not knowingly misrepresent, mischaracterize, misquote, or miscite facts or authorities and will immediately make any clarifications and corrections as these become known to us.

28. We will not degrade the intelligence, ethics, morals, integrity, or personal behavior of others, unless such matters are legitimately at issue in the proceeding.

29. We will act and speak civilly and respectfully to the judge's staff, the courtroom and tribunal staff, and other court or tribunal personnel with an awareness that they, too, are an integral part of the judicial system. We will also advise clients and witnesses to act

civilly and respectfully toward these participants in the legal process.

30. We recognize that judicial resources are scarce, that court dockets are crowded, and that justice is undermined when cases are delayed and/or disputes remain unresolved. Therefore, we will be considerate of the time constraints and pressures on the court and court staff inherent in their efforts to administer justice.

31. We recognize that tardiness and neglect show disrespect to the court and the judicial system. Therefore, we will be punctual and prepared for all court appearances so that all hearings, conferences, and trials may commence on time and proceed efficiently. We will also educate clients and witnesses concerning the need to be punctual and prepared. If delayed, we will promptly notify the court and counsel, if at all possible.

32. Before dates for hearings or trials are set, or, if that is not feasible, immediately after such a date has been set, we will attempt to verify the availability of necessary participants and witnesses so we can promptly notify the court of any likely problems.

33. We will avoid *ex parte* communications with the court or tribunal, including the judge's staff, on pending matters, in person (whether in social, professional, or other contexts), by telephone, and in letters and other forms of written communication, unless such communications relate solely to scheduling or other non-substantive administrative matters, or are made with the consent of all parties, or are otherwise expressly authorized by law or court rule.

### Judges' Duties to Lawyers:

34. We will be courteous, respectful, and civil to lawyers, parties, agency personnel, and witnesses. We will maintain control of the proceedings, recognizing that judges have both the obligation and the authority to ensure that judicial proceedings are conducted with dignity, decorum, and courtesy.

35. We will not employ hostile, demeaning, or humiliating words in opinions or in written or oral communications with lawyers, parties, or witnesses.

36. We will be punctual in convening hearings, meetings, and conferences; if delayed, we will notify counsel as promptly as possible.

37. In scheduling hearings, meetings, and conferences, we will be considerate of time schedules of lawyers, parties, and witnesses and of other courts and tribunals. We will inform counsel promptly of any rescheduling, postponement, or cancellation of hearings, meetings, or conferences.

38. While endeavoring to resolve disputes efficiently, we will be considerate of the time constraints and pressures imposed on lawyers by the exigencies of litigation practice. We will make all reasonable efforts promptly to decide matters presented to us for decision.

39. We recognize that a lawyer has a right and duty to present a cause fully and properly, and that a litigant has a right to a fair and impartial hearing. Within the practical limits of time, we will allow lawyers to present proper arguments, to make a

complete and accurate record, and to present a case free from unreasonable or unnecessary judicial interruption.

40. We will not impugn the integrity or professionalism of any lawyer on the basis of the clients whom or the causes which a lawyer represents.

41. We will do our best to ensure that court personnel act civilly toward lawyers, parties, and witnesses.

42. At an appropriate time and in an appropriate manner, we will bring to a lawyer's attention conduct which we observe that is inconsistent with these standards.

**Judges' Duties to Each Other:**

43. We will treat other judges with courtesy and respect.

44. In written opinions and oral remarks, we will refrain from personally attacking, disparaging, or demeaning other judges.

45. We will endeavor to work cooperatively with other judges with respect to the availability of lawyers, witnesses, parties, and court resources.

## PRINCIPLES PARTICULARLY APPLICABLE TO REPRESENTATIONS INVOLVING BUSINESS TRANSACTIONS AND OTHER NEGOTIATIONS

46. We will not knowingly misrepresent or mischaracterize facts or authorities or affirmatively mislead another party or its counsel in negotiations and will immediately make any clarifications and corrections as these become known to us.

47. We will not engage in personal vilification or other abusive or discourteous conduct in negotiations. We will not engage in acrimonious exchanges with opposing counsel or parties at the negotiating table. We will encourage our clients to conduct themselves in accordance with these principles.

48. We will honor all understandings with, and commitments we have made to, other attorneys. We will stand by proposals we have made in negotiations unless newly received information or unforeseen circumstances provide a good faith basis for rescinding them, and we will encourage our clients to conduct themselves in accordance with this principle.

49. We will not make changes to written documents under negotiation in a manner calculated to cause the opposing party or counsel to overlook or fail to appreciate the changes. We will clearly and accurately identify for other counsel and parties all changes that we have made in documents submitted to us for review.

50. In memorializing oral agreements the parties have reached, we will do so without making changes in substance and will strive in good faith to state the oral understandings accurately and completely. In drafting proposed agreements based on letters of intent, we will strive to draft documents that fairly reflect the agreements of the parties.

**1** Adapted with the consent of the D.C. Bar from their standards published in 1996.

**2** References herein to "court" include agency tribunals.