Home ‹ Standards & Policy ‹ Guidelines for Conduct

STANDARDS & POLICY

## Guidelines for Conduct

### Lawyers' Duties to Other Counsel

1. We will practice our profession with a continuing awareness that our role is to zealously advance the legitimate interests of our clients. In our dealings with others we will not reflect the ill feelings of our clients. We will treat all other counsel, parties, and witnesses in a civil and courteous manner, not only in court, but also in all other written and oral communications. We will refrain from acting upon or manifesting bias or prejudice based upon race, sex, religion, national origin, disability, age, sexual orientation or socioeconomic status toward any participant in the legal process.

2. We will not, even when called upon by a client to do so, abuse or indulge in offensive conduct directed to other counsel, parties, or witnesses. We will abstain from disparaging personal remarks or acrimony toward other counsel, parties, or witnesses. We will treat adverse witnesses and parties with fair consideration.

3. We will not encourage or knowingly authorize any person under our control to engage in conduct that would be improper if we were to engage in such conduct.

4. We will not, absent good cause, attribute bad motives or improper conduct to other counsel.

5. We will not lightly seek court sanctions.

6. We will in good faith adhere to all express promises and to agreements with other counsel, whether oral or in writing, and to all agreements implied by the circumstances or local customs.

7. When we reach an oral understanding on a proposed agreement or a stipulation and decide to commit it to writing, the drafter will endeavor in good faith to state the oral understanding accurately and completely. The drafter will provide other counsel the opportunity to review the writing. As drafts are exchanged between or among counsel, changes from prior drafts will be identified in the draft or otherwise explicitly brought to other counsel's attention. We will not include in a draft matters to which there has been no agreement without explicitly advising other counsel in writing of the addition.

8. We will endeavor to confer early with other counsel to assess settlement possibilities. We will not falsely hold out the possibility of settlement to obtain unfair advantage.

9. In civil actions, we will stipulate to relevant matters if they are undisputed and if no good faith advocacy basis exists for not stipulating.

10. We will not use any form of discovery or discovery scheduling as a means of harassment.

**EXHIBIT 3**

11. Whenever circumstances allow, we will make good faith efforts to resolve by agreement objections before presenting them to the court.

12. We will not time the filing or service of motions or pleadings in any way that unfairly limits another party's opportunity to respond.

13. We will not request an extension of time solely for the purpose of unjustified delay or to obtain unfair advantage.

14. We will consult other counsel regarding scheduling matters in a good faith effort to avoid scheduling conflicts.

15. We will endeavor to accommodate previously scheduled dates for hearings, depositions, meetings, conferences, vacations, seminars, or other functions that produce good faith calendar conflicts on the part of other counsel.

16. We will promptly notify other counsel and, if appropriate, the court or other persons, when hearings, depositions, meetings, or conferences are to be canceled or postponed.

17. We will agree to reasonable requests for extensions of time and for waiver of procedural formalities, provided our clients' legitimate rights will not be materially or adversely affected.

18. We will not cause any default or dismissal to be entered without first notifying opposing counsel, when we know his or her identity, unless the rules provide otherwise.

19. We will take depositions only when actually needed. We will not take depositions for the purposes of harassment or other improper purpose.

20. We will not engage in any conduct during a deposition that would not be appropriate in the presence of a judge.

21. We will not obstruct questioning during a deposition or object to deposition questions unless permitted under applicable law.

22. During depositions we will ask only those questions we reasonably believe are necessary, and appropriate, for the prosecution or defense of an action.

23. We will carefully craft document production requests so they are limited to those documents we reasonably believe are necessary, and appropriate, for the prosecution or defense of an action. We will not design production requests to place an undue burden or expense on a party, or for any other improper purpose.

24. We will respond to document requests reasonably and not strain to interpret requests in an artificially restrictive manner to avoid disclosure of relevant and nonprivileged documents. We will not produce documents in a manner designed to hide or obscure the existence of particular documents, or to accomplish any other improper purpose.

25. We will carefully craft interrogatories so they are limited to those matters we reasonably believe are necessary, and appropriate, for the prosecution or defense of an action, and we will not design them to place an undue burden or expense on a party, or for any other improper purpose.

26. We will respond to interrogatories reasonably and will not strain to

interpret them in an artificially restrictive manner to avoid disclosure of relevant and non-privileged information, or for any other improper purpose.

27. We will base our discovery objections on a good faith belief in their merit and will not object solely for the purpose of withholding or delaying the disclosure of relevant information, or for any other improper purpose.

28. When a draft order is to be prepared by counsel to reflect a court ruling, we will draft an order that accurately and completely reflects the court's ruling. We will promptly prepare and submit aproposed order to other counsel and attempt to reconcile any differences before the draft order is presented to the court.

29. We will not ascribe a position to another counsel that counsel has not taken.

30. Unless permitted or invited by the court, we will not send copies of correspondence between counsel to the court.

31. Nothing contained in these Guidelines is intended or shall be construed to inhibit vigorous advocacy, including vigorous cross-examination.

TABLE OF CONTENTS

» Introduction
» Preamble
» Lawyers' Duties to Other Counsel
» Lawyers' Duties to the Court
» Courts' Duties to Lawyers
» Judges' Duties to Each Other
» Civility Pledge: Employers of Attorneys
» Civility Pledge: Clients
» Civility Pledge: Judges

Back to Top