UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>Plaintiff<br><br>vs.<br><br>BEAUTY ENTERPRISES, INC., ET AL.<br><br>Defendant | CASE NO. 3:01-CV-378 (AHN)<br><br>August 22, 2008 |

## DEFENDANT BEAUTY ENTERPRISES' MOTION IN LIMINE TO PRECLUDE CERTAIN TESTIMONY/EVIDENCE

Defendant Beauty Enterprises, Inc. ("BEI") moves in limine for an order precluding Plaintiff-Intervenors (Harold Acosta, Luz Andujar, Eva Diaz, Jose Linares and Waleska Miranda) from offering any testimony or evidence concerning an entity [REDACTED]. Information concerning [REDACTED] is totally irrelevant in the instant case, and its disclosure could be particularly harmful [REDACTED]. In support of this Motion, BEI states the following:

1. During the course of her investigation, counsel for the Plaintiff-Intervenors learned of a [REDACTED]. She also learned that [REDACTED]. She further learned that BEI's owner and certain BEI executives are [REDACTED].

2. Plaintiff-Intervenors' counsel also learned that it was [REDACTED].

3. During the recent deposition of BEI Vice-President, Larry Sussman, the EEOC's counsel unintentionally triggered testimony concerning [REDACTED]. He asked Mr. Sussman if he had been deposed in any lawsuits other than this one. Mr. Sussman answered, saying that thought he was deposed in case involving

[REDACTED]. After a few more questions concerning HBI, BEI's counsel said the following to the EEOC's counsel:

"As a courtesy to me, I would appreciate it if you didn't go into this, in that if there comes a time when you need information concerning [REDACTED], I will provide it to you under a suitable protective order. We don't have any protective order that I am aware of now."

4. At that point, Plaintiff-Intervenors' counsel responded:

"Actually, I would object to that because I have some questions concerning [REDACTED] as well."

5. This led to a chambers conference with the Court on the subject. In this conference, Plaintiff-Intervenors' counsel maintained that information concerning [REDACTED] was relevant, at least for discovery purposes, because of her client's punitive damage claim against BEI. Specifically, Plaintiff-Intervenors' counsel hypothesized that BEI's owner could be [REDACTED].

6. Plaintiff-Intervenors' statement on the record in the Sussman deposition following the chambers' conference accurately reflects the results of that conference.

"So for the record, we had a conference with the Judge concerning whether or not we can inquire into the issue of [REDACTED], and it was agreed we can go forward with questions subject to a protective order concerning the questions pertaining to [REDACTED], which will not allow the Plaintiffs to use any information about [REDACTED] for purposes other than this litigation."

7. Notwithstanding her hypothesis, Plaintiff-Intervenors' counsel failed to ask Mr. Sussman any questions calculated to show that [REDACTED]. And while she

asked BEI's owner, Robert Cohen, a few questions about [REDACTED], none were related to her supposed hypothesis.

8. Apparently, Plaintiff-Intervenors' counsel's hope was that she could prove her hypothesis through the *de bene esse* deposition of Robert Winkler in Florida. Mr. Winkler was [REDACTED]. Yet, instead of supporting her hypothesis, Winkler testified at his deposition that [REDACTED]. In other words, his testimony is that [REDACTED]. This is precisely the opposite of what Plaintiff-Intervenors' counsel was hoping to find. Winkler's testimony in this regard is mistaken, but the salient point is that Winkler's testimony fails to provide any support whatsoever for the conclusion Plaintiff-Intervenors' counsel was hoping to be able to argue.

9. Had Plaintiff-Intervenors' counsel developed evidence to support her hypothesis, evidence concerning [REDACTED] would certainly be relevant to her punitive damage claim here, as she argued to the Court in the previously-referenced chambers conference. By the same token, though, her failure to develop even a scintilla of evidence to support her hypothesis means that there is no evidence concerning [REDACTED] that is relevant to the pertinent punitive damage claim. Without more, this should be sufficient to block the evidence under F.Rule Evid. 401 & 402.

10. There is more, however. As previously noted, public disclosure of the information at issue could have a profoundly adverse effect on [REDACTED]. Even if the subject were relevant (and it is not), the prejudice to non-party [REDACTED] would outweigh its probative value to the trier in this case.

For these reasons, BEI respectfully requests that its motion be granted.

        The DEFENDANT
        BEAUTY ENTERPRISES, INC.

By:  /s/ Richard C. Robinson
      Richard C. Robinson (ct04321)
      Christine Collyer (ct26859)
      Janee Woods Weber (ct27265)/
      Pullman & Comley, LLC
      90 State House Square
      Hartford, CT  06103-3702
      Telephone 860 541 3333
      Facsimile 860 424 4370
      E-mail: rrobinson@pullcom.com
      Its Attorneys

## **CERTIFICATION**

     I hereby certify that on August 22, 2008 a copy of foregoing Defendant Beauty Enterprises' Motion in Limine To Preclude Certain Testimony was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Valeria Calafiore, Esq.
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019

                                           /s/ Richard C. Robinson
                                           Richard C. Robinson (ct04321)

Hartford/65094.1/RCR/322384v1