# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al. )<br><br>Plaintiffs, )<br><br>v. )<br><br>BEAUTY ENTERPRISES, INC., et al. )<br><br>Defendants. ) | 3:01CV00378 (AHN)<br>August 25, 2008 |

)
)
)
)
)
)
)
)
)
)
)

## PLAINTIFFS-INTERVENORS' OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE THE *DE BENE ESSE* DEPOSITION OF MS. SHERRY BAKER-LAWRENCE

Pursuant to Local Rule 7(a)(1) Plaintiffs-Intervenors Harold Acosta, Luz Andujar, Eva Diaz, Jose Linares, and Waleska Miranda ("Plaintiffs") submit this Opposition to Defendant's Motion in Limine to Preclude Plaintiff-Intervenors From Offering as Evidence At Trial Testimony From the De Bene Esse Deposition of Sherry Baker Lawrence dated August 23, 2008 (Docket Nos. 239) ("Motion").

## ARGUMENT

Defendant's motion represents its fourth attempt — this time based on Defendant's intentional and unilateral scheduling issue flagrantly of Defendant's counsel own making — to prevent the jury from hearing from non-party witness Ms. Sherry Baker-Lawrence.

As this Court is aware, Defendant vigorously opposed Plaintiffs' request to take the *de bene esse* deposition of non-party witnesses Ms. Sherry Baker-Lawrence and Mr. Winkler (the "Florida depositions"). After this Court granted that request on July 9, 2008, Defendant's

1

counsel raised a series of scheduling objections which required a postponement of the Florida depositions by almost one month.[1] This Court intervened twice to force the resolution of the scheduling objections raised by Defendant's counsel, Mr. Robinson. (See Docket Nos. 228-231, and V.Calafiore Declaration dated August 25, 2008 ("VC Decl.") at ¶ 2.)

Defendant's third attempt to derail the Florida depositions came one day prior to the scheduled depositions, this time based on a purported scheduling issue entirely of Defendant's counsel's own making. This Motion represents Defendant's latest attempt to prevent the jury from hearing from Ms. Baker-Lawrence.

Despite Defendant's numerous misrepresentations and omissions of material facts in its Motion,[2] Plaintiffs fully accommodated Defendant's counsel's schedule, and after resolving all the scheduling objections, they duly provided Defendant with reasonable notice of the deposition of Ms. Baker-Lawrence. Defendant never objected to the depositions' notice. Mr. Robinson's surprising claim that, on the afternoon prior to the depositions, he became confused as to whether the depositions were going forward as scheduled — even if accepted at face value — is wholly irrelevant to whether a *de bene esse* deposition is admissible at trial under Rule 32 of the Federal Rules of Civil Procedure. Indeed, even after Mr. Robinson's claimed confusion, he did nothing to object to the depositions going forward as noticed. The conclusion that Defendant's approach to the scheduling of the deposition is entirely based on strategy and not on calendars is further bolstered by other aspects of Defendant's conduct:

---

[1] Given the short period of time that remained to the beginning of the trial at the time the Court granted permission to take the Florida depositions, scheduling difficulties easily could have prevented the depositions from happening.

[2] Plaintiffs note that Defendant's Motion, unaccompanied by any sworn affidavit or declaration based on personal knowledge, is replete with improper attacks and accusations, material omissions, and factual misrepresentations.

NYA902458.1

- Defendant never cross-noticed Ms. Baker-Lawrence's deposition to ensure that the non-party witness would be required to be available for Defendant and at Defendant's preferred time.

- Defendant's counsel never asked Plaintiffs' counsel to delay the beginning of the deposition (perhaps because he knew that any such request immediately would have been referred to the Court, which might well not have looked favorably on Defendant raising the same scheduling issue that the Court previously forced the parties to resolve). This point merits emphasis. *Even in Defendant's Motion, there nowhere appears an assertion that Defendant actually requested a postponement of the deposition*.

- To Plaintiffs' knowledge, Defendant's counsel did not contact the Court on August 4 or 5, or at any other time promptly before or after the deposition, to seek postponement of the deposition or other appropriate relief.

- While Mr. Robinson acknowledges speaking to Plaintiffs' counsel shortly after his email of 10:51a.m. on August 4, he incredibly alleges that he could not hear what Plaintiffs' counsel said to him on the phone. Even accepting this statement as true, Mr. Robinson, who claims that Plaintiffs' counsel "has a Blackberry and checks it constantly," (Motion at ¶ 14), was not concerned to promptly clarify this phone conversation with an email and inform Plaintiffs' counsel that he had not heard or understood what she said. Instead, he waited until about 6:03p.m. to send her an email in which he purported to have never spoken to Plaintiffs' counsel about the Florida depositions at all that day. Importantly, Mr. Robinson completely omits any mention of the voicemail that was left on his mobile phone on August 4 between

NYA902458.1

10:50a.m. and 11:00a.m. in which Plaintiffs' counsel again confirmed to Mr. Robinson that settlement discussions would have to resume after the scheduled Florida depositions. [3]

- Defendant's counsel made no attempt while in Florida to procure the return of Ms. Baker-Lawrence to the deposition venue.

- And this Motion, in which Defendant purportedly seeks, among its proposed requests for relief, that Ms. Baker-Lawrence be deposed again, was brought a full seventeen (17) days after Ms. Baker-Lawrence's deposition was taken,[4] and with only a very short time remaining before the scheduled commencement of the trial, which would make any chances of rescheduling a deposition extremely remote or burdensome on Plaintiffs' trial preparation.

(See VC Decl. ¶¶ 1-14.)

For the reasons that follow, Defendant's Motion is legally and factually groundless, and the *de bene esse* deposition of Ms. Baker-Lawrence — which was properly noticed and taken — should be admitted at trial in its entirety.

1. **Defendant's Request for Relief from A Problem Entirely of Its Own Making is Legally Unfounded and Should Be Denied in Its Entirety.**

Rule 32(a) of the Federal Rules of Civil Procedure permits the use of depositions against a party at trial, as follows:

(a) Using Depositions.

---

[3]  Defendant's counsel improperly omits to disclose to the Court that Plaintiffs' counsel left him this voice mail on his mobile phone.  Plaintiffs request permission to subpoena the telephone records and messages received by Defendant's counsel on the morning of August 4, 2008, which Plaintiffs will use in connection with a separate motion for sanctions for failure to disclose material facts, improperly accusing opposing counsel of inexistent misconduct, and materially misrepresenting events at the center of Defendant's frivolous Motion.

[4]  Defendant's counsel received the transcript of Ms. Baker-Lawrence's deposition on August 7, 2008.  (See VC Decl. ¶ 24.)

4

(1) *In General.* At a hearing or trial, all or part of a deposition may be used against a party on these conditions:

(A) the party was present ***or*** represented at the taking of the deposition ***or had reasonable notice of it***;[5]

Fed. R. Civ. P. 32(a)(1)(A) (emphasis added).  What constitutes "reasonable notice" is governed by Rule 30 of the Federal Rules of Civil Procedure, which provides, in relevant part:

**(b) Notice of the Deposition; Other Formal Requirements.**

**(1) *Notice in General.*** A party who wants to depose a person by oral questions must give ***reasonable written notice to every other party***. The notice must state the time and place of the deposition and, if known, the deponent's name and address.

Fed. R. Civ. P. 30(b)(1) (emphasis added).  <u>See</u> <u>also</u>, <u>e.g.</u>, <u>F.A.A. v. Landy</u>, 705 F.2d 624, 634 (2d Cir. 1983).  Moreover, an objection to an "error or irregularity in a deposition notice is waived unless ***promptly*** served in writing on the party giving notice."  Fed. R. Civ. P. 32(d)(1) (emphasis added).

In this case, Plaintiffs gave Defendant proper and reasonable notice of the non-party witnesses' depositions, by scheduling the depositions on a date and at a time agreed to by all parties, and serving ***written notice of the depositions to every other party*** eighteen (18) days prior to the depositions.  (<u>See</u> VC Decl. ¶ 2.)  On its face, this notice was plainly reasonable.  For instance, in <u>Landy</u> the Second Circuit found that four days notice of a deposition in Tampa, Florida, was reasonable:

> The court may take judicial notice of frequent flights from New York to Tampa, as well as the availability of procedural remedies in concluding that the deposition notice was reasonable.  The trial court did not abuse its discretion in permitting the deposition testimony.

---

[5]   Defendant claims that it "did not fail to attend" Ms. Baker-Lawrence's deposition.  (Motion at ¶ 24.)  On that basis alone, Defendant's Motion should be denied.

5

Landy, 705 F.2d at 635.

Nor did Defendant object to the notice, which was issued only after resolving a series of scheduling conflicts raised by Defendant's counsel. Defendant concedes that he did not object to the notice. (See Motion at ¶ 1.) The law is well settled that pursuant to Rule 32(a)(1)(A), a non-party deposition is fully admissible against a party who was not present or represented by counsel at the deposition but who had "reasonable notice" of it. See Landy, 705 F.2d at 635. See also, e.g., Klein v. Tabatchnick, 459 F. Supp. 707, 712 (D.C.N.Y. 1978) ("Emmer claims that the deposition should not have been admitted into evidence because he had no representative present at the taking of the deposition. However, at the time Emmer's attorney raised this objection at trial, he conceded that notice of the deposition had been duly served upon counsel and that no motion objecting thereto had been made. Thus, Emmer's counsel had full opportunity to attend and cross-examine, but waived that opportunity. Accordingly, his failure to appear did not affect the admissibility of Tabatchnick's deposition testimony.")

Moreover, Defendant never even requested a postponement of the deposition, or attempted to make any arrangements to cross-examine Ms. Baker-Lawrence at his own convenience, either by properly cross-noticing her deposition, such that she would have been required to wait for Defendant's counsel's arrival on August 5th, or by trying to call her again while all parties were in Florida (or thereafter until this belated Motion). (See VC Decl. ¶¶ 9-14.) Indeed, by waiting a full seventeen (17) days after the deposition took place to file this Motion, Defendant indisputably waived any objections to the notice or to any other error or irregularity in the deposition, which pursuant to Rule 32(d)(1) "must be **promptly** served in writing on the party giving notice." Fed. R. Civ. P. 32(d)(1) (emphasis added).

NYA902458.1

Defendant does not cite a single case that would support exclusion of the deposition under these circumstances.  Indeed, the only case it cites holds that a tactical decision not to attend — as Defendant's counsel made here — is no grounds for exclusion.  (See Motion ¶ 24 (citing Nash v. Heckler, 108 F.R.D. 376, 378 (W.D.N.Y. 1985)).)  In Nash, the court noted the "broad application" of Rule 32 in the Second Circuit as well as in other courts, and found that a party's

> choice not to attend [the] depositions or to attempt to arrange some compromise with the defendants as to such testimony by which the plaintiff's position could be protected, or to make an appropriate motion to the Court at the time such depositions were noticed, must be viewed as a tactical decision by the plaintiff.  Id.

Like in Nash, the circumstances of this case do not warrant any exception to Rule 32 and all of the relief Defendant requests in its Motion should be denied in its entirety as legally unfounded.

**2.  Defendant's Request for Relief is Factually Meritless.**

While none of the allegations Defendant makes in support of its Motion have any legal relevance to the issue presented in its Motion, Plaintiffs respond to Defendant's allegations because of the seriousness of its misrepresentations and improper accusations.

Even assuming that Defendant's factual allegations, unsupported by any sworn affidavit, are complete and accurate — which they are not — there is nonetheless no basis in those facts for any of the relief that Defendant requests.  By Defendant's counsel's own admission, Defendant's counsel, Mr. Robinson, knew before 11:00am on Monday August 4 that Plaintiffs' counsel was boarding a plane to Florida, because he spoke to her as she was boarding.  (See Motion at ¶ 15.) Mr. Robinson surely knew that Plaintiffs' counsel was not going to Florida on vacation.  He knew she was traveling there to take the duly noticed depositions of Ms. Baker Lawrence and Mr. Winkler.  Even knowing that, Mr. Robinson evidently decided to delay his departure to a

NYA902458.1

time that he must have known would get him there after the scheduled start time of Ms. Baker-Lawrence's deposition.

Defendant makes much ado in its motion about Mr. Robinson's inability to reach Plaintiffs' counsel by telephone on the afternoon of August 4. There seems to be little logic to Defendant's story. Mr. Robinson knew that Plaintiffs' counsel was already in Florida, getting ready to take the deposition as scheduled. Even had he not understood Plaintiffs' counsel's emails or their telephone conversation that settlement negotiations could only resume after the Florida depositions, the chances of a fully executed settlement agreement being finalized that day were somewhere between remote and zero. So even had Mr. Robinson been able to again speak to Plaintiffs' counsel after he had already spoken to her between 10:51a.m. and 11:00a.m., what else did Mr. Robinson think he would hear from Plaitniffs' counsel? And why did Mr. Robinson wait until 6:00p.m. to email Plaintiffs' counsel again, when apparently he knew all along that she "has a Blackberry and checks it constantly"? (Motion at ¶ 14.) Surely the sensible thing to do would have been to email her promptly and inform her he had not heard what she said or understood their telephone conversation. And since he was not able to reach her, surely the only other sensible thing to do was to get on a plane and be sure to attend the deposition on time. Defendant cannot seriously contend that Mr. Robinson's inability to reach Plaintiffs' counsel convinced him they had a final settlement (based on his **_counteroffer_**) and accordingly there was no need for the depositions to proceed. Defendant's emphasis on the inability to reach Plaintiff's counsel on that Monday afternoon is a complete red herring. Even on the version of the facts provided by Defendant's counsel, Defendant had no valid basis to expect that the start of Ms. Baker-Lawrence's deposition would be automatically postponed until he found it convenient to show up.

Moreover, proceeding with the deposition at the scheduled and agreed upon time was eminently reasonable:

- Plaintiffs' counsel was consistent in her insistence that the settlement talks would have to produce a binding, written agreement in order for her to agree to put off the deposition.  (See VC Decl. ¶ 4, Ex. 3 ("If I don't have a signed [settlement] by [Sunday, August 3], I will travel to Florida as scheduled and we will have to resume our settlement discussions when I return to New York after the depositions.").)  As the Court is well aware, Defendant already reneged on one settlement agreement. Logically, that meant the settlement had to be signed on Sunday night.  Mr. Robinson surely could not have been surprised by the fact that the depositions proceeded as scheduled.

- On Monday morning, August 4, Plaintiffs' counsel left a message on Mr. Robinson's mobile phone shortly before she spoke to him,[6] and then spoke with him from the airport and confirmed in both communications that there was no way to complete a settlement before the depositions, so the depositions would go ahead, and she was traveling to Florida to take them.  Moreover, Plaintiffs' counsel also informed Mr. Robinson that she had just left him a voicemail on his mobile phone.  It is surprising that Mr. Robinson now claims that he only heard part of what she had to say. Plaintiffs' counsel believed he heard and understood everything, and believed Mr. Robinson was fully on notice (on the basis of a series of communications, including her Sunday evening e-mail and their Monday morning telephone call) that the depositions were proceeding as scheduled.  (See VC Decl. ¶¶ 4-9.)

---

[6]  See n. 3 supra.

NYA902458.1

- As Defendant acknowledges in its Motion, Ms. Calafiore sent an e-mail on the afternoon of August 4 to confirm, again, that the depositions were going forward. Mr. Robinson now claims he only had selective access to his emails.

- On August 5, all of the counsel that wished to attend Ms. Baker-Lawrence's deposition were present by approximately 10:00a.m. The witness was also present by that time, as were the court reporter and videographer, whose hourly time is expensive. Nonetheless, the deposition did not start until after the noticed start time of 11:00a.m. (See VC Decl. ¶¶ 11-12.)

- Mr. Robinson was not unavoidably detained in traffic; he was not involved in some kind of emergency or other event outside his control. To the contrary, he was not present at the deposition of Ms. Baker-Lawrence because he had found it more personally convenient to take a flight that arrived after the deposition had begun. Plaintiffs' Counsel had no idea whether or when Mr. Robinson might appear. Indeed Mr. Robinson did not even appear at the time he indicated in his email ─ "noon." (See VC Decl. ¶ 9, Ex. 5.)

- Mr. Robinson never requested a postponement of the deposition.

- Defendant's counsel accuses Plaintiffs of conducting a short deposition, but inexplicably he seems to take no issue with the fact that counsel for the EEOC did not have any questions for the witness, who was only then excused. (See VC Decl. ¶ 11, Ex. 6.)

- Without any personal knowledge of what happened, Defendant accuses Plaintiffs' counsel of running off with the witness, when in fact Plaintiffs' counsel had no control whatsoever over the witness who left the Fort Lauderdale offices of

NYA902458.1

Greenberg Traurig alone and on her own volition.  As Defendant well knows, the non-party witness was subpoenaed to appear for the deposition, and once the deposition concluded Plaintiffs' counsel had no power to hold the witness in the conference room.  (See VC Decl. ¶¶ 11-12.)  Had Defendant's counsel cross-noticed the deposition and issued its own subpoena, the witness would have been required to stay.

For all these reasons, Defendant's factual allegations are completely unjustified and irrelevant to a its Motion to exclude Ms. Baker-Lawrence's deposition.

**3.  Defendant's Improper Use of the Ethical Rules to Advance Its Own Agenda Should be Sanctioned.**

Defendant's attempt to engineer the exclusion of a deposition it never wanted to take place is surpassed only by its extremely improper and meritless accusations of ethical violations. In view of Defendant and its counsel's conduct toward Plaintiffs' counsel during the course of these proceedings, it is surprising that Defendant would be the one accusing Plaintiffs' counsel of ethical violations.

Not only do courts "look with disfavor on a party's use of … the ethical rules as combative tools," Autrey v. U.S., 889 F.2d 973, 986 n. 20 (11th Cir. 1989), but most importantly Defendant's counsel accusations have no basis in the facts and are defamatory *per se*.  As one court noted "[t]he rules governing the ethical conduct of lawyers are far too important to be trivialized and used in baseless mud-slinging such as this.  We will not tolerate attempts to use the ethical rules in a way contrary to the spirit of those very rules."

"Several cases have recognized the propriety of imposing Rule 11 sanctions in situations where someone attacks opposing counsel in documents filed with the court."  Pyle v. Meritor

11

Savings Bank, 1994 WL 85692, *2 (E.D. Pa. 1994). In Pyle the court found that sanctions where appropriate where a party in its brief accused opposing counsel of misconduct, which was wholly irrelevant to the legal issue presented to the Court, and "conveniently" omitted to disclose to the Court important information. Id. The court in Pyle found that "Rule 11 is an appropriate vehicle for discouraging such unprofessional behavior of making false accusations of unethical conduct by opposing counsel." Id.

These are the precise circumstances here. As in Pyle, not only are the factual allegations and accusations made by Defendant against Plaintiffs' counsel wholly irrelevant to any request for exclusion of a deposition pursuant to Rule 32, but also they are entirely unsupported by any evidence and fail to disclose important material information.

This Court should not countenance such improper accusations of ethical violations and Plaintiffs respectfully request that Defendant be sanctioned pursuant to Rule 11 of the Federal Rules of Civil Procedure,[7] or otherwise be enjoined from continuing in this pattern that only serves to waste the Court's and Plaintiffs' time and resources.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion should be denied.

Respectfully submitted this 25th day of August, 2008.

| | By: _____/s/_____ |
|---|---|
| Jackson Chin (PHV0493) | Valeria Calafiore (PHV0494) |
| Puerto Rican Legal Defense and Education Fund | Rachel Lavery (PHV02715) |
| 99 Hudson Street | Clifford Chance US LLP |
| New York, New York 10013 | 31 West 52nd Street |
| | New York, NY 10019 |
| *Attorneys for Plaintiff-Intervenors, Luz Andujar, Eva Diaz, Harold Acosta, Waleska Miranda, and Jose Linares.* | |

---

[7]

NYA902458.1

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 25, 2008, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Valeria Calafiore (PHV0494)
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019

NYA902458.1