## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al.<br><br>　　　　　　Plaintiffs,<br>v.<br><br>BEAUTY ENTERPRISES, INC., et al.<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) 3:01CV00378 (AHN)<br>) August 25, 2008<br>)<br>)<br>) |

### PLAINTIFFS-INTERVENORS' OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE*.

# EXHIBIT 7

NYA902457.1

**Calafiore, Valeria (Litigation _Dispute Resolution-NY)**

| | |
|---|---|
| **From:** | Calafiore, Valeria (Litigation & Dispute Resolution-NY) |
| **Sent:** | Tuesday, August 05, 2008 1:39 PM |
| **To:** | 'Robinson, Richard C.' |
| **Cc:** | Calafiore, Valeria (Litigation & Dispute Resolution-NY); 'Jackson Chin' |
| **Subject:** | EEOC: Non-Party Depositions |

Rick:

I'm constrained to continue our conversation by email because of your distasteful behavior over the phone. I would request that you stop screaming and insulting while you are talking to me, and especially while you are at the offices of Greenberg Traurig, since a colleague kindly extended me the courtesy to use their offices for the depositions and I don't want to disrupt their business.

You have arrived at the deposition of non-party witness Ms. Baker-Lawrence today at approximately 1:00pm. As you know the deposition was noticed and agreed by all lawyers concerned to begin at 11:00am, which is when it began. I have told you numerous times by emails this weekend (which I'm happy to attach) that unless you could get me a signed settlement by the end of the weekend the depositions would go forward as scheduled. Indeed, as you know, I even moved my flight to Florida from Sunday afternoon to Monday morning hoping that you would be able to get a written agreement. I even told you on the phone Sunday night, in front of witnesses, that my flight was departing at 11:00am on Monday morning and therefore I needed to have an agreement signed by Sunday. I consistently told you there was no change in the depositions schedule without a signed settlement by Sunday night. Instead, you called me at 10:40 yesterday (Monday) and I promptly called you back and left you a voicemail on your cell phone again informing you that I was boarding a plane to Florida and the depositions would go forward as scheduled. I then reached you at your office, and again repeated the same message to you. During that call, and as you heard that I was boarding the plane, you made a counteroffer that was much less than we requested. I told you I needed to speak to my client and that we could resume our settlement discussions after the depositions were over since I was leaving to Florida.

You have independently decided at the last minute on Monday night that you did not wish to fly out on Monday. That was your prerogative. I duly noticed all the depositions and came to an agreement with all parties that were required to be noticed as to the time and place of the depositions. You also agreed to the time and venue noticed. Indeed, as you know this was an important issue because I'm paying for both the court reporter and the videographer by the hour, so I wanted to be very precise about that, such that we do not have to incur additional unnecessary expenses. Moreover, you even requested a hearing about the start time of the depositions and after that hearing you confirmed that you were in agreement with the time and that you were taking a flight on Monday evening. You sent me an email yesterday evening claiming that you changed your mind as to when you were going to fly down. I again reiterated to you that we would start promptly as scheduled. You are certainly welcome to ask questions at a non-party witness deposition but there is no requirement that all parties be present. If you intended to question the witness at a time of your own choosing you should have cross-noticed the witness, such that she would have had to wait once we were done with the deposition noticed by us. There is nothing I can do here. I cannot hold the witness hostage in a conference room once I'm done with the depositions for which she appeared under our subpoena.

Tomorrow we are scheduled to appear for Mr. Winkler's deposition at 10:30 as per his deposition notice and subpoena issued by Plaintiffs-Intervenors. If you plan to attend, I strongly request that you do not be disruptive during the deposition process. You have behaved incredibly disruptively throughout our discovery process and I am really going to move for sanctions if you continue with this unacceptable behavior.

Regards,

Valeria Calafiore
**CLIFFORD CHANCE US LLP**
31 West 52nd Street
New York, New York 10019
Direct Dial: (212)878-8381
Fax: (212)878-8375
Switchboard: (212)878-8000
E-mail: Valeria.Calafiore@CliffordChance.com

| **Tracking:** | **Recipient** | **Read** |
|---|---|---|
| | 'Robinson, Richard C.' | |

1