UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ET AL.<br><br>Plaintiff<br><br>vs.<br><br>BEAUTY ENTERPRISES, INC., ET AL.<br><br>Defendant | CASE NO. 3:01-CV-00378 (AHN)<br><br>August 28, 2008 |

## REPLY TO PLAINTIFF-INTERVENORS' OPPOSITION TO MOTION FOR ONE WEEK'S EXTENSION OF TIME

Unfortunately, it is necessary for defendant Beauty Enterprises to make two points in reply to Plaintiff-Intervenors' Opposition to its motion for a short, one week's extension.

1.  Plaintiff-Intervenors' claim of "high prejudice" rings hollow. If the Motion is granted, Plaintiff-Intervenors will have two full weeks before trial to deal with the pre-2005 wage data in question – *in a case where there never has been any pleaded claim of discrimination or retaliation via wages.* And as to the computerized warning documents in question, there is simply no possibility of prejudice since Plaintiff-Intervenors have all the written warnings the computer record (a summary) reflects and have had these probably since 2003!

2.  On the other hand, if the extension is denied, Beauty will definitely be prejudiced, potentially very substantially. Beauty cannot produce the documents currently, because it is presently physically unable to retrieve them from the computer. Thus, the denial will not produce the documents any sooner for Plaintiff-Intervenors.

And if the Court were to order any of the draconian sanctions Plaintiff-Intervenors suggest, it could cripple Beauty's ability to defend itself.

3.　　　Finally, concerning Plaintiff-Intervenors' assertion concerning the absence of a litigation hold concerning wage data, it is worth mentioning yet another time that there is not now, nor has there ever been, a pleaded claim of wage discrimination or retaliation. This explains why the EEOC never sought the information Plaintiff-Intervenors' "new" counsel is now seeking, and it explains why her predecessors at the Puerto Rican Legal Defense Fund failed to seek the information either. And, more pointedly, it both explains and justifies why there was no litigation hold imposed concerning wage data.

For the reasons it cited in its Motion and in this Reply, Beauty respectfully requests that it be granted the extension it seeks.

                                  The DEFENDANT
                                  BEAUTY ENTERPRISES, INC.

                    By:    /s/ Richard C. Robinson
                           Richard C. Robinson (ct04321)/
                           Pullman & Comley, LLC
                           90 State House Square
                           Hartford, CT 06103-3702
                           Telephone 860 541 3333
                           Facsimile 860 424 4370
                           E-mail: rrobinson@pullcom.com
                           Its Attorneys

## CERTIFICATION

I hereby certify that on August 28, 2008 a copy of foregoing Reply to Opposition to Motion for Extension was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Richard C. Robinson
Richard C. Robinson (ct04321)/
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
Telephone: 203 330 2000
Facsimile: 203 576 8888
E-mail: rrobinson@pullcom.com

Hartford/65094.1/RCR/323475v1