UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al.<br><br>Plaintiffs,<br>v.<br><br>BEAUTY ENTERPRISES, INC., et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) 3:01CV00378 (AHN)<br>) August 28, 2008<br>)<br>)<br>) |

**AMENDED PLAINTIFFS-INTERVENORS' OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPELLED DISCOVERY AND REQUEST FOR RULE 37 RELIEF**

Pursuant to Local Civil Rules 7(a)(1) Plaintiffs-Intervenors Harold Acosta, Luz Andujar, Eva Diaz, Jose Linares, and Waleska Miranda ("Plaintiffs") submit this Amended Opposition to Defendant Beauty Enterprises' Motion for Extension of Time to Respond to Compelled Discovery (Docket No. 248) ("Motion") and withdraw their previously filed Opposition dated August 28, 2008 (Docket No. 249).

**ARGUMENT**

**Defendant's Request for An Extension of Time is Highly Prejudicial and Should be Denied**

Defendant's request for an extension of time the day before its production is due is extremely prejudicial and unwarranted. Trial will start in approximately three weeks and Plaintiffs' trial preparation will be further prejudiced by Defendant's additional delays in producing the discovery. Plaintiffs have already been highly prejudiced by Defendant' failure to produce discovery at the rightful time and without the need for the Court's Order compelling such discovery. Indeed, Plaintiffs have been forced to take depositions without the benefit of the

1

discovery that Defendant has now been compelled to produce causing Plaintiffs significant prejudice in their preparation of the case for trial.

What Defendant now calls a request for a "brief" extension is manifestly unjust and highly prejudicial in view of the upcoming trial, and should be denied. If Defendant is unable to produce the documents on the Court's imposed deadline — i.e. today, August, 28, 2008 — Plaintiffs respectfully request that the matters bearing upon the discovery which Defendant cannot produce by August 28, 2008 be taken as established. See Fed. R. Civ. P. 37(2)(A)(i) and (ii). In particular, Plaintiffs request that Defendant be required to stipulate that it discriminated, harassed, and retaliated against Plaintiffs with regards to Plaintiffs' wages (which Defendant will not produce),[1] and that Defendant not be allowed to dispute or rebut in any way any of Plaintiffs' testimony concerning how much Plaintiffs earned while employed by the Defendant.[2] In addition, in view of Defendant's failure to produce employees' warnings,[3] Plaintiffs request that Defendant be required to stipulate that it discriminated, harassed, and retaliated against Hispanic employees, such as Plaintiffs, by warning them more often than other individuals for discriminatory reasons.[4]

This relief is necessary and required because Defendant also admits that it has failed to preserve relevant records pertaining to Plaintiffs, notwithstanding that this litigation has been pending for more than eight (8) years, beginning from the time the EEOC investigation started

---

[1] Actions affecting the wages of an employment discrimination plaintiffs are plainly relevant to claims for disparate treatment, harassment and retaliation, as they would constitute "adverse employment actions" as well as "adverse actions" for purposes of all claims in this case. See, e.g., CBOCS West, Inc. v. Humphries, 128 S. Ct. 1951 (2008); Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006).

[2] Alternatively Plaintiffs request that this Court grant permission to instruct the jury that an adverse inference be taken with respect to the matters that Defendant has failed to produce.

[3] Actions affecting warnings given to an employment discrimination plaintiff are also indisputably a the core of Plaintiffs' claims in this case as they are also considered "adverse employment actions" as well as "adverse actions" for purposes of all claims in this case. See, e.g., CBOCS West, Inc. v. Humphries, 128 S. Ct. 1951 (2008); Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006).

[4] Plaintiffs stand ready to submit a Motion pursuant to Rule 37 further detailing their request for relief should the Court require this relief to be submitted separately. Otherwise, Plaintiffs will submit proposed stipulations to the Court to reflect the matters upon which Defendant failed to produce discovery.

on or about April 2000. (See Motion at 2.) (See also Deposition of Mr. Carabetta, dated June 5, 2008, attached herein as Ex. 1). As discussed in the deposition of Defendant's comptroller, Mr. Carabetta, Defendant plainly failed to put in place any kind of litigation hold, despite the pending litigation:

> MS. CALAFIORE: You have not instructed Beauty Enterprises to keep wage records?
> MR. ROBINSON: I have not.
> MS. CALAFIORE: Why?
> MR. ROBINSON: I have not instructed Beauty Enterprises to keep wage records of all employees or even of the charging parties from their inception to the current day. I have not done that, that is correct. Whatever they do in the ordinary course of business in terms of retaining these kinds of records, they do.
>
> Mr. Carabetta, are you aware of whether or not Beauty Enterprises has a record retention policy, if you understand what that means?
> A  Yes.
> …
> Q  Could you tell me what that is?
> A  Five years.
> …
> Q  Since this litigation started, have there been any changes to that policy?
> A  No.
> Q  So you have never been instructed that your record retention policy should be halted pending this litigation?
>     Do you know if any other employee at Beauty Enterprises has been … asked to retain any of the documents in this litigation, …?
> A  No, I don't know.
> Q  …
>     Do you know if Beauty Enterprises ever issued a memorandum to its employees instructing them to preserve documents or other evidence relevant to this lawsuit?
> A  No.
> Q You don't know, or you have not seen one?
> A  I have not seen one.

Id. at 89-91.

NYA903082.1

For the foregoing reasons Plaintiffs request that Defendant's Motion be denied and that they be granted the relief requested herein pursuant to Rule 37 of the Federal Rules of Civil Procedure.[5]

## CONCLUSION

Plaintiffs respectfully request that Defendant's Motion for Extension of Time be denied.

Respectfully submitted this 28th day of August, 2008.

|  | By: _____/s/_____ |
|---|---|
| Jackson Chin (PHV0493)<br>Puerto Rican Legal Defense and Education Fund<br>99 Hudson Street<br>New York, New York 10013 | Valeria Calafiore (PHV0494)<br>Rachel Lavery (PHV02715)<br>Clifford Chance US LLP<br>31 West 52nd Street<br>New York, NY 10019 |
| *Attorneys for Plaintiff-Intervenors, Luz Andujar, Eva Diaz, Harold Acosta, Waleska Miranda, and Jose Linares.* ||

---

[5] While Plaintiffs do not believe that an adjournment of the trial is proper at this time, Plaintiffs submit that if this Court grants Defendant's Motion, a continuance of the trial will be necessary and they request that one be granted in order to give Plaintiffs a sufficient opportunity to meaningfully review the documents to be produced. However, because Defendant has already indicated that it has failed to retain relevant documents within the discovery order, Plaintiffs submit that even granting Defendant an extension of time to produce the documents listed in the Motion will be meaningless and that Rule 37 relief is appropriate here.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2008, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                          _____/s/_____
                                            Valeria Calafiore (PHV0494)
                                            Clifford Chance US LLP
                                            31 West 52nd Street
                                            New York, NY 10019