UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al.<br><br>Plaintiffs,<br>v.<br><br>BEAUTY ENTERPRISES, INC., et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) 3:01CV00378 (AHN)<br>) August 28, 2008<br>)<br>)<br>) |

**PLAINTIFFS-INTERVENORS' OPPOSITION TO
DEFENDANT'S MOTION TO FILE DOCUMENTS UNDER SEAL**

Pursuant to Local Civil Rules 5(e)(6) and 7(a)(1) Plaintiffs-Intervenors Harold Acosta, Luz Andujar, Eva Diaz, Jose Linares, and Waleska Miranda ("Plaintiffs") submit this Opposition to Defendant Beauty Enterprises' Motions to File Documents Under Seal (Docket Nos. 241 and 252) ("Motion to Seal") seeking to seal their Motion in Limine to Preclude Certain Testimony/Evidence (Docket No. 242) ("Motion in Limine").

**PRELIMINARY STATEMENT**

This Motion to Seal should be denied because this case is pending in a public forum to which the public has a right of access. That right exists to allow public scrutiny of the judicial process and to "promote public confidence in the judicial system… [and] diminish the possibilities for injustice, incompetence, perjury, and fraud." Gambale v. Deutsche Bank AG, 377 F.3d 133, 140 (2d Cir. 2004). An exception to this right requires compelling reasons which simply do not exist here. To the contrary, there are at least three compelling reasons that require Defendant's Motion to Seal to be denied.

*First*, Defendant has no standing to seek to protect information that may allegedly be harmful to non-parties.  See, e.g., In re Alterra Healthcare Corp., 353 B.R. 66, (Bkrtcy. D. Del. 2006).

*Second*, none of the reasons Defendant adduces in support of its Motion to Seal meet the very high standard for sealing records in a court proceeding.  (See EEOC v. Beauty Enterprises, Inc., 3:01cv378, Ruling on Motion To Seal dated April 26, 2007 (Docket No. 172) ("Order").) Defendant concedes that the standard for sealing is stringent and that "pretextual reasons can never justify the extraordinary act of sealing court records."  (See Defendant's Opposition to Motion to File Documents Under Seal, filed March 23, 2007, at 2, 6 (Docket No. 165) ("Def. Opp. To Seal").)  Defendant's proffered reason for sealing is indisputably pretextual here, because the information it seeks to protect could not even remotely qualify as a trade secret, as Defendant attempts to represent in its Motion.

*Third,* as Defendant is well aware, the information that it now seeks to make secret has long been in the public domain.  That information was fully in possession of a non-party witness who first disclosed that information to Plaintiffs long before any limited testimony on the subject by any of Defendant's witnesses.  And if that wasn't enough, Defendant's own counsel discussed the information at length in open court, so whatever confidentiality there might have been ─ which there wasn't ─ Defendant indisputably waived it.

## ARGUMENT

**Defendant's Request to Seal Its Motion is Unwarranted.**

The only ground Defendant adduces in support of its Motion to Seal is that disclosure of the information in its Motion in Limine "could have a profoundly negative impact on that non-party's business."  Because Defendant does not allege "an actual injury to itself" it has no

standing to bring this Motion to Seal, which must be denied on this basis alone. See, e.g., In re Alterra Healthcare Corp., 353 B.R. 66 (Bkrtcy. D. Del. 2006).

Even if Defendant had standing, however, the Motion to Seal still fails because Defendant cannot meet the standard for sealing, which — as Defendant eloquently put it — is a "lofty" one and dictates that "the strong presumption against sealing court records prevails" unless the party seeking to seal documents can show that "suppression is essential to preserve higher values." (Def. Opp. to Seal at 2) (citing Gambale v. Deutsche Bank, 377 F.3d 133, 140 (2d Cir. 2004); Nixon v. Warner Comm., Inc., 435 U.S. 589, 597-99 (1978); Video Software Dealers Assoc. v. Orion Pictures, Corp., 21 F.3d 24, 26 (2d Cir. 1994); Rossi v. West Haven Board of Education, 359 F. Supp. 2d 178 (D. Conn. 2005).) To overcome this strong presumption of access, a party must supply the "most compelling reasons." Gambale, 377 F.3d at 142. See also D. Conn. L. Civ. R. 5(e)(3) (requiring "clear and compelling reasons" in order to issue an order to seal). Defendant argues that it must seal the information contained in its Motion in Limine because certain information therein is "confidential, in the form of a trade secret" and its disclosure allegedly "could have a profoundly negative impact on [a] non-party's business." (Motion at 1). These are not compelling reasons at all. This Court has already ruled that "mere … harm caused to the party is insufficient to grant a motion to seal." (Order at 3.) Here, the alleged harm Defendant claims wouldn't even be to itself. Moreover, Defendant does not even explain how the disclosure of such information would harm even then non-party.

And Defendant's assertion that any evidence or testimony concerning Hollywood Beauty Imports, Inc. ("HBI") is "confidential, in the nature of a trade secret in a non-party's business," does not pass the straight-face test. (Motion to Seal at 1.) Although Defendant does not identify in its Motion to Seal what specific information it is trying to protect as a trade secret, under

which law,[1] and how it meets the standards of that law, Defendant has previously stated in open court the nature of the true information it is trying to make secret is — *i.e.*, the ownership interest of certain shareholders of Defendant in HBI.  (See Hearing on Plaintiff's Motion to Take Nonparty Witness Depositions, June 27, 2008, at 7, 29-30, Docket No. 234 ("Hearing") (relevant excerpts of the Hearing are attached hereto as Ex. 1).)  Among other things, Defendant indicated to this Court that "if it comes out that they are affiliated with this company, that it will hurt this company significantly."  (Hearing at 30.)  Defendant's counsel further argued that the witness sought to be deposed, Mr. Robert Winkler, "embarked upon an effort to hurt Hollywood Beauty, to hurt Beauty Enterprises, and to hurt the owners, including Bob Cohen of Hollywood Beauty."  (Id. at 30.)

It is highly improbable that any of this information could ever qualify as a trade secret. Connecticut law defines a trade secret as:[2]

> information, including a formula, pattern, compilation, program, device, method, technique, process, drawing, cost data or customer list that: (1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, *and* (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Smith v. Snyder, 267 Conn. 456, 463 (Conn. 2004) (quoting the Connecticut Uniform Trade Secret Act, C.G.S.A. § 35-51.)  Not only does the information not fall under any applicable category, but importantly the information is not secret at all.  And to the extent any secrecy existed — which it did not — Defendant waived such by disclosing it to other people and by

---

[1] Trade secret protection is governed by state law.

[2] For purposes of this motion, the parties assume that Connecticut law would apply.  In any event, regardless of which law applies, and even if there was any law under which the information Defendant seeks to protect ever would qualify as a trade secret, Defendant simply does not own the information and has no standing to protect it.

4

discussing the information in detail in open court.  See, cf., U.S. v. Premises Known as 281 Syosset Woodbury Road, 71 F.3d 1067 (2d Cir. 1995) ("by testifying in part, she had, for the purposes of this legal proceeding, waived any claim she might have had to the preservation of … confidentiality.").  Moreover, as Defendant knows, Ms. Baker-Lawrence was fully in possession of this information and provided the information to Plaintiffs long before any testimony by any of Defendant's witnesses.

Defendant also argues, albeit only in its Motion in Limine,[3] that the parties in this case agreed that Defendant's witnesses could be deposed about HBI subject to a protective order.  According to Defendant the protective order needed to be "be reduced to writing and entered as an order of the Court so that it is not merely our agreement that we are expressing on the record." (Sussman Deposition dated May 27, 2008, at 132).  However, Defendant never requested the Court to enter such an order, and in any event a protective order does not automatically render documents sealable.  See D. Conn. L. Rul. 5(e)(3) ("A confidentiality order or protective order entered by the Court to govern discovery shall not qualify as an order to seal documents for purposes of this rule.")  See also, e.g., Gambale, 377 F.3d at 141 ("a district court can modify a protective order when a third party requests judicial documents…").

For the foregoing reasons Defendant has failed to demonstrate any "clear and compelling reasons" for sealing the information contained in its Motion in Limine.

## CONCLUSION

Plaintiffs respectfully request that Defendant's Motion to Seal be denied.

Respectfully submitted this 29th day of August, 2008.

|  | By: _____/s/_____ |
|---|---|
| Jackson Chin (PHV0493) | Valeria Calafiore (PHV0494) |
| Puerto Rican Legal Defense and Education Fund | Rachel Lavery (PHV02715) |

---

[3]  Plaintiffs will submit a separate response to Defendant's Motion in Limine dated August 22, 2008.

5

| 99 Hudson Street<br>New York, New York 10013 | Clifford Chance US LLP<br>31 West 52nd Street<br>New York, NY 10019 |
|---|---|
| *Attorneys for Plaintiff-Intervenors, Luz Andujar, Eva Diaz,<br>Harold Acosta, Waleska Miranda, and Jose Linares.* ||

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2008, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Valeria Calafiore (PHV0494)
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019