**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al. | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 3:01CV00378 (AHN) |
| BEAUTY ENTERPRISES, INC., et al. | ) ) | August 28, 2008 |
| Defendants. | ) ) ) | |

**PLAINTIFFS-INTERVENORS' OPPOSITION TO DEFENDANT'S**
**MOTION TO FILE DOCUMENTS UNDER SEAL**

# EXHIBIT 1

NYA903062.1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EQUAL EMPLOYMENT OPPORTUNITY.    Case No. 3:01-CV-00378
.   (AHN)
COMMISSION,               .
.   Bridgeport, Connecticut
         Plaintiff,   .   June 27, 2008
  v.                  .
.
BEAUTY ENTERPRISES, INC.,   .
.
ET AL.,                .
         Defendants.   .
. . . . . . . . . . . . . . .

HEARING ON PLAINTIFF'S MOTION TO TAKE
NONPARTY WITNESS DEPOSITIONS
BEFORE THE HONORABLE ALAN H. NEVAS
SENIOR UNITED STATES DISTRICT JUDGE

APPEARANCES:

For Plaintiff         Clifford Chance, LLP
Harold Acosta:       By:  VALERIA CALAFIORE, ESQ.
                    31 West 52nd Street
                    New York, NY 10019


For Plaintiff EEOC:    Equal Employment Opportunity
                    Commission
                    By:  JEFFREY BURSTEIN, ESQ.
                    One Newark Center
                    Newark, NJ 07102


For the Defendants:    Pullman & Comley
                    By:  RICHARD C. ROBINSON, ESQ.
                    90 State House Square
                    Hartford, CT 06103


Electronic Court       MS. SANDI BALDWIN
Recorder Operator:


Proceedings recorded by electronic sound recording.
Transcript prepared by transcription service.

_____

1  many years.  I think Mr. Cohen testified that he's

2  known him for over 20 years.  They were friends, like

3  family friends, as well was business acquaintances --

4  I'm sorry, business partners.

5            Mr. Winkler --

6            THE COURT:  Business partners in Beauty

7  Enterprises?

8            MS. CALAFIORE:  No, in connection with the

9  Hollywood Beauty Imports, but as the witnesses from --

10           THE COURT:  What is that?

11           MS. CALAFIORE:  Hollywood Beauty Imports is

12  that company that we've discussed with Your Honor, in

13  which Cohen is involved, but not -- he can't -- He

14  doesn't want to let the public know that he's -- in

15  fact, he has an ownership interest in that company.

16           THE COURT:  That company is in Florida?

17           MS. CALAFIORE:  Yes, but the company is --

18  deals, on a daily basis, with Beauty Enterprises,

19  because I guess they -- they represent themselves as

20  being either a customer or a vendor of Beauty

21  Enterprises.  I believe it's a vendor of Beauty -- to

22  Beauty Enterprises, so they have -- they interaction

23  (phonetic).

24           In fact, Mr. Winkler went several times to

25  Beauty Enterprises, and we learned that from the

1        We've had discussions in chambers about the

2   business that Winkler was involved (phonetic) with Bob

3   Cohen, and that business operates as a manufacturer in

4   the ethnic beauty products market.  It doesn't do its

5   own manufacturing, it outsources the manufacturing, but

6   it's a -- it develops and sells products.

7        Beauty Enterprises is one of its customers,

8   but only one of its customers.  It has a lot of other

9   customers, and there is great sensitivity amongst -- by

10  Mr. Cohen and the other owners of this Florida

11  manufacturing business, that if it comes out that they

12  are affiliated with this company, that it will hurt

13  this company significantly.

14        Now, Winkler -- Winkler never really had a

15  terribly significant role, day-to-day, with the

16  business.  He was supposed to be the face of the

17  business to the outside world.  They could have picked

18  a better looking face, but he was the face they picked,

19  and there came a time when issues developed between

20  Winkler and the owner, about the direction of the

21  business, and how it should be pursued, and they

22  fought.

23        As a result of that, Winkler's employment was

24  terminated, and he was then asked to sell his stock

25  back, either to the corporation, by a redemption, or to

1    the other owners, all pursuant to a shareholder's

2    agreement, he refused to do that, at a price

3    established by them, you know, high six-figure price

4    established by the shareholders.  He refused to do

5    that.

6            Instead, he embarked upon an effort to hurt

7    Hollywood Beauty, to hurt Beauty Enterprises, and to

8    hurt the owners, including Bob Cohen of Hollywood

9    Beauty.

10           We brought one lawsuit in Florida, and then

11   we had to bring another one because we had information

12   that led us to believe that he was out there with an

13   intent to harm, and he was disclosing to others, the

14   ownership of Hollywood Beauty.  So we sued him again.

15           Ultimately, we resolved it.  We bought his

16   stock at a premium, or what could have been a premium,

17   and we had injunctions in place, and we have a

18   confidentiality provision.  The confidentiality

19   provision has nothing to do with this case.

20           That's by way of background.

21           Perhaps more important, and more pertinent to

22   the legal issue before Your Honor, is that they haven't

23   told you what he knows.  They haven't told you how they

24   would be prejudiced if they didn't have his testimony.

25           THE COURT:  Well, Ms. Calafiore said she