UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BEAUTY ENTERPRISES, INC., et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) 3:01CV00378 (AHN)<br>) August 28, 2008<br>)<br>)<br>) |

**PLAINTIFFS-INTERVENORS' OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE CERTAIN TESTIMONY/EVIDENCE**

Pursuant to Local Rule 7(a)(1) Plaintiffs-Intervenors Harold Acosta, Luz Andujar, Eva Diaz, Jose Linares, and Waleska Miranda ("Plaintiffs") submit this Opposition to Defendant's Motion *in Limine* to Preclude Certain Testimony/Evidence dated August 22, 2008 (Docket Nos. 242, 245, 251) ("Motion").[1]

## ARGUMENT

Defendant Beauty Enterprises, Inc. ("BEI") requests that Plaintiffs be precluded "from offering any testimony or evidence concerning an entity" that is not a party to this lawsuit ("Non-Party Evidence"), on the grounds that any information concerning the Non-Party is "totally irrelevant" and that "its disclosure could be particularly harmful to the [Non-Party's] business."

---

[1] Defendant recently filed a second Motion in Limine that appears identical to the one at Docket No. 242. Unless Defendant withdraws its prior Motion, Plaintiffs will treat the two Motions as the same and submit this Opposition in response to both. Plaintiffs reserve the right to submit, if necessary, a further response should Defendant decide not to withdraw one or the other motions.

(Motion at 1.)[2]  Defendant claims — without any support — that this evidence is inadmissible pursuant to Rule 401 and 402 of the Federal Rules of Evidence.

Defendant's Motion must fail for two reasons.  *First*, the Motion is premature because Defendant cannot predict how Plaintiffs will use that evidence at trial.  *Second*, as the trial depositions of non-party witnesses Ms. Baker-Lawrence and Mr. Winkler fully demonstrate, the evidence Defendant seeks to exclude is highly relevant to several issues, including, without limitation, Defendant's witnesses' credibility and Defendant's pretextual explanations for its language policy at BEI that prevents BEI's Hartford employees from speaking Spanish.  It is a fundamental principle of evidence that "all relevant evidence is admissible" unless an exception applies. *See* Federal Rules of Evidence 402 and 403.  And Defendant simply has not asserted one valid reason for excluding this relevant evidence at trial other than a form recitation that its prejudice—to the Non-Party—would outweigh its probative value.  In support of its Motion, Defendant merely asserts that because "BEI's owner and certain BEI executives are indirectly involved in the [Non-Party's] business ownership" and because it is "important for [the Non-Party's] business, and hence, for [its] owners, that [the Non-Party's business] ownership and the connection between its owners and BEI be secret" (Motion ¶¶ 1-2), and because Plaintiffs have allegedly failed to develop relevant testimony in their depositions, the Non-Party Evidence should be excluded pursuant to the Federal Rules of Civil Procedure.  These allegations, however, are completely irrelevant to the question the Non-Party's Evidence admissibility at trial pursuant to Rule 401 and 402.  Similarly, allegations that Plaintiffs have not developed testimony in depositions does not make the Non-Party Evidence irrelevant.

---

[2] Plaintiffs hereby incorporate by reference their Opposition to Defendant's Motion to Seal, dated August 28, 2008, and filed concurrently herewith.  The Non-Party referred to herein is identified in Defendant's Opposition to the Motion to Seal.

Moreover, the very fact of Defendant's secrecy surrounding the Non-Party proves its relevance. For instance, the Non-Party Evidence is relevant to show the trustworthiness and credibility of Defendant's witnesses (and shareholders in the Non-Party business)—including Robert Cohen, Larry Sussman, and Rocky Piccirillo—whom we expect to be called at trial. Probing Mr. Cohen, Mr. Sussman, and Mr. Piccirillo, among others, about the reasons they set up the Non-Party, and their efforts to obscure its ownership from competitors, is a clearly permissible area for cross-examination concerning their credibility, among other things. See Fed. R. Evid. 404 and 608. See also, e.g., P.K. Vichare v. AMBAC, Inc., 106 F.3d 457, 468 (2d Cir. 1996) (permitting cross examination, in an employment discrimination case, concerning the witness' secret acceptance of kickbacks, recognizing that such inquiry was "obviously relevant to his credibility."); Sabir v. Jowett, et al., 143 F.Supp.2d 217, 218 (D.Conn.2001) (reciting that "the first step in a 608(b) analysis is whether the specific conduct is probative of the witness' character for truthfulness or untruthfulness.") (internal quotations and citations omitted).

Further, Defendant's vehement secrecy regarding the ownership and structure of the Non-Party hint that Defendant's business structure may not be in compliance with laws.[3] Plaintiffs allege, among other things, that Defendant perpetuated a language policy that was discriminatory to Plaintiff employees, as Hispanics, and fostered a business culture that permitted harassment and retaliation toward the Plaintiffs and other Hispanic employees. Evidence that the structure of the company could be illegal or improper can indicate a business culture that does not encourage compliance with law. For example, Defendant quotes in its motion Mr. Winkler's testimony that BEI was "'bleeding money out of' [the Non-Party] for its own benefit." (Motion

---

[3] For example, in its motion, Defendant represents that the Non-Party "occupies the position of manufacturer in the product distribution process." And yet, a quick scan of ethnic beauty care products at a Brooklyn CVS store shows products with a label on the back reading "Distributed by [Non-Party's name]." The inconsistencies show that there is more to the Non-Party story than Defendant is willing to let on.

at ¶ 8). This testimony shows Defendant's disregard of legal strictures and propriety; such mismanagement of the Non-Party's accounts and diversion of the Non-Party's funds to entities under similar ownership is relevant to the witnesses' character for truthfulness, and also raises the possibility that, now that BEI is exposed to liability, it may be engaging in the same pattern of "bleeding money" to attempt to escape accountability.[4]

Further, Mr. Winkler testified that the Non-Party business has no Hispanic employees in its small workforce, and that the company does not have any language policy. (Winkler Deposition at 19:12-15). Therefore, the jury is entitled to hear that Mr. Robert Cohen and other BEI executives own another company that has no Hispanic employees and no language requirements, as this may be probative of ethnic and racial animus towards Plaintiffs and other Hispanics, and is plainly relevant to show pretext.

For the foregoing reasons Defendant has failed to demonstrate why the Non-Party Evidence should be excluded at trial and its Motion should be denied.

## CONCLUSION

Plaintiffs respectfully request that Defendant's Motion *in Limine* to Preclude Certain Testimony/Evidence be denied.

Respectfully submitted this 28th day of August, 2008.

|  |  |
|---|---|
| Jackson Chin (PHV0493) | By: _____/s/_____ |
| Puerto Rican Legal Defense and Education Fund | Valeria Calafiore (PHV0494) |
| 99 Hudson Street | Rachel Lavery (PHV02715) |
| New York, New York 10013 | Clifford Chance US LLP |
|  | 31 West 52nd Street |
|  | New York, NY 10019 |

*Attorneys for Plaintiff-Intervenors, Luz Andujar, Eva Diaz,*
*Harold Acosta, Waleska Miranda, and Jose Linares.*

---

4   In the event Defendant claims poverty at the damages stage, this evidence will also be relevant to pierce the corporate veil between the two companies to permit Plaintiffs to recover the full value of their losses.

NYA902882.1

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2008, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

        /s/
Valeria Calafiore (PHV0494)
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019

1

NYA902882.1