UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al.<br><br>Plaintiffs,<br>v.<br><br>BEAUTY ENTERPRISES, INC., et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) 3:01CV00378 (AHN)<br>) August 28, 2008<br>)<br>)<br>) |

**PLAINTIFFS-INTERVENORS' MOTION *IN LIMINE* TO PRECLUDE THE IMPEACHMENT TESTIMONY OF NON-PARTY WITNESS MR. WINKLER**

Pursuant to Local Civil Rules 5(e)(6) and 7(a)(1) Plaintiffs-Intervenors Harold Acosta, Luz Andujar, Eva Diaz, Jose Linares, and Waleska Miranda ("Plaintiffs") submit this Motion *In Limine* to preclude the introduction of opposing counsel's improper use of alleged "deposition" testimony to impeach non-party witness Mr. Robert Winkler.

On August 6, 2008, the parties conducted the *de bene esse* deposition of Mr. Winkler in Ft. Lauderdale, Florida. A few minutes into Mr. Winkler's cross-examination, Defendant's counsel, Mr. Robinson, asked Mr. Winkler, "Do you remember I took your deposition across the street in January, 2005." (Winkler Dep. 60:11-12.) Plaintiffs' counsel immediately objected to the use of this deposition on the grounds that the purported "deposition" taken in 2005 in some unknown legal proceeding completely unrelated to the instant action was neither provided nor shown to Plaintiffs' counsel ─ despite repeated requests ─ in clear violation of Fed. R. of Evid. 613(a) (Winkler Dep. 60:13-20.) For no cognizable reason, Mr. Robinson denied Plaintiffs' counsel's repeated requests for a copy of the documents or a recess to review the alleged "deposition." (Winkler Dep. 63:15-16; 67:19-68:19.)

1

Despite Plaintiffs' counsel's objections, and her reasonable attempt to cure by suggesting a brief recess, Mr. Robinson proceeded to repeatedly read from and refer to the alleged "deposition" in an attempt to impeach Mr. Winkler in clear violation of the Federal Rules of Evidence. (Winkler Dep. 60:11-68:16; 70:14-73:1; 74:19-75:15; 87:22-89:2.) Accordingly, the Court should preclude introduction into evidence of all questions relating to the alleged 2005 "deposition" and all answers elicited in response by granting this *motion in limine*.

Federal Rule of Evidence 613 is absolutely clear that opposing counsel should be allowed to inspect any document used during any witnesses' examination so that he or she can ascertain whether the document is what the examining lawyer purports it to be. Fed. R. Evid. 613(a)("In examining a witness concerning a prior statement made by the witness, whether written or not, the statement need not be shown nor its contents disclosed to the witness at that time, *but on request the same shall be shown or disclosed to opposing counsel*.")(emphasis added); U.S. v. Lawson, 683 F.2d 688, 694 (2d Cir. 1982)("At least in the absence of a claim of privilege or confidentiality, Rule 613(a) does not allow for the exercise of discretion. *It flatly commands the disclosure* of a document [containing a prior inconsistent statement] to opposing counsel.")(emphasis added). This rule applies equally in the courtroom and in deposition settings.[1] Fed. R. Evid. 30(c); Hall v. Clifton Precision, a Div. of Litton Systems, Inc., 150 F.R.D. 525, 529 (E.D. Pa. 1993) (finding that, though witness and opposing counsel may not confer about a document that is the subject of examination during deposition, opposing counsel "should be given a copy of the document for his or her own inspection").

---

[1] As Mr. Robinson was well aware, Mr. Winkler's *de bene esse* deposition was conducted as if at trial pursuant to this Court's order. While this Court will rule on any objections made during the deposition, any ruling other than exclusion of the relevant portions of Mr. Winkler's impeachment would not be sufficient to cure Defendant's improper impeachment, since Plaintiffs will not have any other opportunity to question Mr. Winkler.

Unfortunately, such improper withholding of documents by examining attorneys during depositions is not without precedent, as federal courts have had occasion to address this very issue, and instructed that opposing counsel be given sufficient opportunity to review:

> Interrogating counsel should make a sincere effort to supply the witness and opposing counsel with all documents about which he intends to question him within a reasonable time prior to the deposition. As in the trial courtroom, it is not appropriate to take the witness or opposing counsel by surprise by producing documents not previously furnished. Where interrogating counsel attempts to question the witness about a document that either the witness or opposing counsel have not had an opportunity to review, the appropriate course for opposing counsel is to object and request a recess to review the document.

Ethicon Endo-Surgery v. U.S. Surgical Corp., 160 F.R.D. 98, 99 (S.D. Ohio 1995). Plaintiffs' counsel properly objected and requested an opportunity to review. Under the Federal Rules of Evidence, Mr. Robinson should have provided Plaintiffs' counsel a copy of the "deposition" he used to improperly attempt to impeach Mr. Winkler, or at least allowed Plaintiffs' counsel sufficient time to review it. In addition, had Plaintiffs' counsel been given the opportunity to review the documents that Mr. Robinson used to attempt to impeach the witness, she would have been able to question the witness about any other relevant portion of said documents, as Plaintiffs are plainly entitled to do pursuant to Rule 106 of the Federal Rules of Evidence. For such blatant violation of the applicable rules and standards, this Court should preclude use of all of the improper impeachment testimony.[2]

---

[2] Because Mr. Winkler's *de bene esse* testimony will be read/shown to the jury in lieu of him testifying in person at trial, Plaintiffs will submit appropriately redacted portions of his testimony to be read/played to the jury.

3

## **CONCLUSION**

Plaintiffs respectfully request that this Motion be granted.

Respectfully submitted this 28th day of August, 2008.

|  | By: _____/s/_____ |
|---|---|
| Jackson Chin (PHV0493)<br>Puerto Rican Legal Defense and Education Fund<br>99 Hudson Street<br>New York, New York 10013 | Valeria Calafiore (PHV0494)<br>Rachel Lavery (PHV02715)<br>Clifford Chance US LLP<br>31 West 52nd Street<br>New York, NY 10019 |
| *Attorneys for Plaintiff-Intervenors, Luz Andujar, Eva Diaz, Harold Acosta, Waleska Miranda, and Jose Linares.* ||

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2008, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

                                      /s/
                           Valeria Calafiore (PHV0494)
                           Clifford Chance US LLP
                           31 West 52nd Street
                           New York, NY 10019