**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al. ) ) ) | ) ) 3:01CV00378 (AHN) August 28, 2008 |
| Plaintiffs, ) | |
| v. ) ) | |
| BEAUTY ENTERPRISES, INC., et al. ) ) | |
| Defendants. ) ) | |

**PLAINTIFFS-INTERVENORS' MOTION IN LIMINE TO EXCLUDE FACT WITNESSES**

Pursuant to Rule 615 of the Federal Rules of Evidence, Plaintiffs-Intervenors Harold Acosta, Luz Andujar, Eva Diaz, Jose Linares, and Waleska Miranda ("Plaintiffs") respectfully move for an order excluding all fact witnesses from the Courtroom during the trial of this case until such time as they are called to testify. Plaintiffs submit that the exclusion should apply to all parties, with the exception that one authorized officer or employee of a party who is not a natural person, such as Defendant Beauty Enterprises, Inc. ("Defendant"), whom is properly designated as its representative by its attorney, may be present during the proceedings.

Plaintiffs expect there will be a considerable amount of testimony, much of which will be based on information and recollections spanning a period of over a decade. Plaintiffs respectfully contend that there is a real risk that the fact testimony of witnesses may be influenced (particularly with regard to percipient recollections) if these fact witnesses are exposed to the testimony of other witnesses.

Because a court may decline to grant a party's request to exclude witnesses only under one of the exemptions set forth in Rule 615, the rule is said to carry a strong presumption in

favor of exclusion.  United States v. Jackson, 60 F.3d 128, 135 (2d Cir. 1995).  Indeed, a party opposing sequestration has the burden of demonstrating why the pertinent Rule 615 exception applies, and "why the policy of the Rule in favor of automatic sequestration is inapplicable in that situation."  Id. (quoting Gov't of Virgin Islands v. Edinborough, 625 F.2d 472, 474 (3d Cir. 1980).

Several witnesses in this case are currently employed by Defendant, or retain strong contacts with Defendant.  Many of these potentially interested witnesses will be testifying about facts relating to contested issues spanning over a decade, involving detailed transactions and operations at Defendant's facility, meetings, rules, consultations, and it is of paramount importance to have independent, fair, and impartial factual testimony.

The Supreme Court long ago recognized that sequestering witnesses serves the very important purposes of imposing restraint on witnesses from "tailoring" testimony, and aiding the fact finder in detecting less than candid testimony.  Geders v. United States, 425 U.S. 80, 87 (1976).

## CONCLUSION

Because Plaintiffs are concerned by the serious potential for witnesses to be influenced, even unconsciously, by the testimony of other witnesses, the most reasonable solution is to exclude witnesses from the Courtroom.[1]

---

[1] Plaintiffs are not seeking to encroach upon the right of corporate entities, such as Defendant in this case, to have present at trial certain officers or employees serving as the corporation's representatives.  Therefore, as stated above, Plaintiffs do not object to a witness so designated by the corporation's attorney from attending the entirety of the proceedings in the capacity of corporate representative of Defendant.  However, Plaintiffs object to any change of Defendant's representative during the course of the trial.

Respectfully submitted this 28th day of August, 2008.

|  | By: _____/s/_____ |
|---|---|
| Jackson Chin (PHV0493)<br>Puerto Rican Legal Defense and Education Fund<br>99 Hudson Street<br>New York, New York 10013 | Valeria Calafiore (PHV0494)<br>Rachel Lavery (PHV02715)<br>Clifford Chance US LLP<br>31 West 52nd Street<br>New York, NY 10019 |
| *Attorneys for Plaintiff-Intervenors, Luz Andujar, Eva Diaz, Harold Acosta, Waleska Miranda, and Jose Linares.* ||

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2008, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Valeria Calafiore (PHV0494)
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019