**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al.<br><br>  Plaintiffs,<br>v.<br><br>BEAUTY ENTERPRISES, INC., et al.<br><br>  Defendants. | 3:01CV00378 (AHN)<br>August 28, 2008 |

**MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING UNEMPLOYMENT COMPENSATION BENEFITS AND/OR WELFARE BENEFITS**

Plaintiffs-Intervenors Harold Acosta, Luz Andujar, Eva Diaz, Jose Linares, and Waleska Miranda ("Plaintiffs") move the Court *in limine* for an Order precluding Defendant Beauty Enterprises, Inc. ("Beauty Enterprises" or "Defendant") from introducing any evidence with regard to unemployment compensation benefits and/or welfare benefits that any Plaintiff might have received at any time prior or subsequent to his or her employment with Beauty Enterprises.

Plaintiffs contend that Defendant should be precluded from utilizing this information regarding unemployment compensation benefits and/or welfare benefits in its entirety because the amounts received should not be deducted from a Plaintiff's back pay award, nor should they be used in any way to denigrate the Plaintiffs. Therefore, this information is not relevant to any claim or defense in this case and must not be admitted into evidence.

Even if this Court deems the above-referred information relevant, Defendant should be precluded from admitting it into evidence because its probative value is substantially outweighed by the danger of unfair prejudice.

## ARGUMENT

A.  **Evidence that any class member received unemployment compensation benefits and/or welfare benefits is irrelevant.**

Dailey v. Societe Generale, 108 F.3d 451 (2d Cir. 1997), establishes that the district court has discretion whether to deduct unemployment compensation benefits from a plaintiff's back pay award. Many courts in this Circuit have refused to deduct unemployment compensation benefits from a plaintiff's back pay award because a deduction relieves defendant of the consequences of its unlawful actions. See Shannon v. Fireman's Fund Ins. Co., 136 F. Supp. 2d 225, 232 (S.D.N.Y. 2001); Ferguson v. Lander Co., 2008 WL 921032, No. 3:06-CV-0328 *22 n.37 (N.D.N.Y. April 8, 2008); Maturo v. National Graphics, Inc., 722 F. Supp. 916, 927 (D. Conn. 1989); Meschino v. I.T.T., 661 F. Supp. 254, 260 (S.D.N.Y. 1987); Bonura v. Chase Manhattan Bank, N.A., 629 F. Supp. 353, 361-62 (S.D.N.Y. 1986), aff'd, 795 F.2d 276 (2d Cir. 1986) (all declining to deduct unemployment insurance from back pay).

The above decisions rely in part on the Supreme Court's discussion of the societal purpose of unemployment benefits stated in NLRB v. Gullet Gin Co., 340 U.S. 361 (1951). In that case the Supreme Court noted that unemployment benefits were not made to discharge any liability of defendant, "but to carry out a policy of social betterment for the benefit of the entire state." Gullet Gin, at 364. Other Circuits, also relying on the reasoning of Gullet Gin, have held that unemployment compensation benefits should not be deducted from a plaintiff's back pay. See, e.g. Brown v. A.J. Gerrard Mfg. Co., 715 F.2d 1549 (11th Cir. 1983); Craig v. Y. Snacks, Inc., 721 F.2d. 77 (3rd Cir. 1983). A company that discriminates should not receive a windfall from these social programs.

Welfare benefits are also considered a collateral source of income in assessing damages. See Craig v. Y. & Y Snacks, Inc., 721 F.2d 77, 83 (3d Cir 1983); Azar v. TGI Friday's Inc., 945

F.Supp. 485, 500-501 (E.D.N.Y.1996). Therefore, those benefits should not be deducted from a back pay award either. Welfare benefits carry out a policy of social betterment and are not intended to lessen the burden on a defendant who has been deemed liable for discrimination, therefore, these monetary amounts should not be deducted.

In this case, some Plaintiffs have received unemployment compensation benefits and/or welfare benefits. Plaintiffs contend that since the amounts received through unemployment compensation benefits and/or welfare benefits should not be deducted from any back pay award, evidence that any Plaintiff received unemployment compensation benefits and/or welfare benefits is irrelevant and should not be admitted into evidence in this case.

**B.    Evidence regarding Plaintiff's receipt of benefits is unfairly prejudicial.**

Rule 403 of the Federal Rules of Evidence establishes that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Therefore, even if Defendant is able to convince the Court that welfare and unemployment benefits are relevant to any aspect of this case, there is substantial danger that this information might create unfair prejudice in the jury's minds against the Plaintiffs. The jury might stereotype the Plaintiffs because of their social backgrounds, confusing the issues to be decided in this case (employment discrimination and retaliation, among others). Therefore, it is essential that this evidence be excluded because its probative value is outweighed by a strong likelihood of prejudice and confusion, and Rule 403 permits exclusion of such evidence.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that this Motion be granted.

Respectfully submitted this 28th day of August, 2008.

|  | By: _____/s/_____ |
|---|---|
| Jackson Chin (PHV0493)<br>Puerto Rican Legal Defense and Education Fund<br>99 Hudson Street<br>New York, New York 10013 | Valeria Calafiore (PHV0494)<br>Rachel Lavery (PHV02715)<br>Clifford Chance US LLP<br>31 West 52nd Street<br>New York, NY 10019 |
| *Attorneys for Plaintiff-Intervenors, Luz Andujar, Eva Diaz, Harold Acosta, Waleska Miranda, and Jose Linares.* ||

NYA902725.1

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2008, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Valeria Calafiore (PHV0494)
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019

NYA902725.1