UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ET AL.<br><br>Plaintiff<br><br>vs.<br><br>BEAUTY ENTERPRISES, INC., ET AL.<br><br>Defendant | CASE NO. 3:08 CV 378 (AHN)<br><br>August 29, 2008 |

## REPLY TO PLAINTIFF-INTERVENORS' OPPOSITION TO MOTION IN LIMINE RE: BAKER-LAWRENCE DEPOSITION

The most startling of the many startling features of Plaintiff-Intervenors' Opposition to this Motion in Limine is their utter failure to respond to the questions BEI raised through paragraphs 21, 22 and 23 of its Motion. Specifically, Plaintiff-Intervenors never explain why their counsel failed to communicate with Beauty's counsel on Monday afternoon, August 4th, as he and his office repeatedly pleaded with her to do. They never explain why their counsel failed to wait two hours for BEI's counsel to arrive at the deposition before starting, when she knew not only from BEI's counsels' e-mail, but from the EEOC's counsel, Jeff Burstein, that BEI's counsel was flying down that morning to attend the deposition and would be two hours late. And they never explain why their counsel finished her examination and left with the witness instead of waiting a mere half hour for BEI's counsel to arrive so that he would at least be able to cross-examine the witness. The claim that the witness left on her own accord is not an explanation. Plaintiff-Intervenors' counsel made no effort whatsoever to keep her there.[1]

---

[1] Had Plaintiff-Intervenors' counsel made any attempt to keep the witness there, she would undoubtedly had said so in her opposition papers. There is no such statement in those papers.

-2-

Had Plaintiff-Intervenors' counsel had the courtesy to communicate with BEI's counsel that Monday afternoon, or wait two hours to start her deposition or just wait with her witness for BEI's counsel to arrive and cross-examine, there probably would have been no need for this Motion. Plaintiff-Intervenors' failure to address these key matters is tantamount to an admission that they cannot answer them. They cannot prevail with their Opposition under these circumstances.

Other matters requiring a reply are as follows:

1. Plaintiff-Intervenors suggest that BEI's counsel raised a series of "scheduling objections" in a strategic effort to delay or even prevent the deposition. (See Plaintiff-Intervenors' Opposition, pps. 1&2.) The suggestion is both baseless and wrong. The scheduling *issues* BEI's counsel raised were a previously scheduled four day, multi-million dollar arbitration trial (July 14th through the 17th), with associated preparation time, and the previously scheduled conclusion on the afternoon of August 4th of a $5,000,000 PJR hearing in *Value Health v. Termini*, in the Middletown Superior Court (with another team of New York lawyers, this time from Cadwalader, Wickersham and Taft, on the other side).

2. Plaintiff-Intervenors claims that BEI's counsel failed to ask their counsel to delay the start time of the deposition. (Plaintiff-Intervenors' Opposition, p. 3.) Yet, there is no way to interpret BEI's counsel's 5:53 p.m. Monday e-mail as anything other than a request to delay the start of the deposition, if the deposition had to proceed. Again, BEI's counsel told Plaintiff-Intervenors' counsel in that e-mail that not having heard from her, he assumed the case was settled and was not traveling to Florida that evening as originally planned, but "[i]n an abundance of caution" (meaning that if the case was not

-3-

settled and the deposition had to take place), he had booked a flight for the next morning which would get him to Fort Lauderdale at noon. In other words, if the case is not settled, please wait for BEI's counsel to arrive. Moreover, Attorney Burstein advises that he specifically told Plaintiff-Intervenors' counsel that BEI's counsel was flying down that morning to attend the deposition, that he would be two hours late in arriving, and that the right thing to do was to wait for him. Frankly, BEI's counsel was shocked (as well as outraged) that Plaintiff-Intervenors' counsel started (and worse yet, finished) the deposition without him under these circumstances.

3.  Plaintiff-Intervenors contend that BEI's counsel should have communicated with their counsel on Monday after the two lawyers talked briefly on the phone that morning so that Plaintiff-Intervenors' counsel could have "clarified" for him what she had said on the phone that he could not hear. (Plaintiff-Intervenors' Opposition, pp. 3, 8.) This cannot be a serious contention on their part. As previously noted, BEI's counsel, aided by others in his office, tried all afternoon that Monday to reach Plaintiff-Intervenors' counsel for clarification, confirmation, etc., but Plaintiff-Intervenors' counsel never called – not even that evening, despite having BEI's counsel's home and cell phone numbers. Significantly, while she failed to call BEI's counsel that afternoon or evening, Plaintiff-Intervenors' counsel was able to call the EEOC's counsel that Monday after she arrived in Florida. Plaintiff-Intervenors admit this in their opposition papers. (Calafiore Aff., p. 8.) The Court can draw its own inference from the fact that the EEOC's counsel received a call on the afternoon in question, but BEI's counsel did not.

4. Plaintiff-Intervenors state that BEI's counsel made no attempt to procure the witness' return to the deposition venue. (Plaintiff-Intervenors' Opposition, p. 4.) That is simply not so. BEI's counsel had a phone conversation with Plaintiff-Intervenors' counsel after he arrived and found her and the witness gone. He planned to ask her to return to the deposition site with the witness so that he could at least conduct a cross-examination. He was unable to proceed with this plan, however, because Plaintiff-Intervenors' counsel hung up on him before he was able to make the request. Suffice it to say, there was nothing else BEI's counsel could do to procure the witness' return. After all, this is Plaintiff-Intervenors' witness. BEI's counsel does not even know where she lives or what her phone number is. Under these circumstances, Plaintiff-Intervenors have no point here.

5. Plaintiff-Intervenors attempt to divert the Court's attention from the real issue as far as preclusion is concerned by emphasizing the propriety of their deposition notice. (Plaintiff-Intervenors' Opposition, p. 5.) BEI has never questioned the propriety of the notice. The preclusion issue here is whether BEI failed to attend the deposition without sufficient justification. And, as BEI noted in its Motion, there was no failure to attend here; counsel was simply late and justifiably so.

6. Plaintiff-Intervenors contend that BEI should have cross-noticed the witness' deposition. (Plaintiff-Intervenors' Opposition, p. 6.) The contention is absurd. This was a *de bene esse* deposition of a witness for the Plaintiff-Intervenors. BEI had no need for her testimony in its own case. More importantly, BEI had a right to cross-examine its opponent's witness without a cross-notice (see F.Rule Civ. P. 30(c)), and Plaintiff-Intervenors' notice expressly invited BEI both to attend and cross-examine.

7.      Plaintiff-Intervenors suggest that BEI's Motion should be denied because it was brought "a full seventeen (17) days after" the deposition; that somehow, someway, this is not sufficiently prompt.  (Plaintiff-Intervenors' Opposition, p. 4.)  In fact, BEI filed its motion fourteen (14) days after its counsel received the deposition transcript (He received it on August 8th).  Surely, Plaintiff-Intervenors are not contending that BEI should have made the decision to pursue this Motion before receiving and reading the transcript.  Yet, in the final analysis, whether the time is seventeen (17) days or fourteen (14) days, the filing was sufficiently prompt – more prompt than even a reply brief is required to be under this Court's Local Rules.

8.      Plaintiff-Intervenors make much of its counsel's consistently setting deadlines and pre-conditions for settlement during the weekend before the deposition, including the condition of a signed settlement agreement by Sunday evening, which BEI's counsel told her was impossible.  (See generally, Calafiore Affidavit.)  What they fail to mention is the frantic, Sunday evening (August 3rd) phone call their counsel made to BEI's counsel on his cell as he was driving home from his office, the call in which their counsel spoke from her heart about her client, Eva Diaz, pleading for an additional $20,000 so that Ms. Diaz could pay for the COBRA benefits she and her husband sorely needed. This is the call in which BEI's counsel, taken by her sympathetic plea, told Plaintiff-Intervenors' counsel that he would try to persuade his client to pay for these COBRA benefits and would be back to her in the morning in that regard. This is the call that left BEI's counsel encouraged that the case would be settled (and there would be no need to travel to Florida) if he could persuade his client to pay in whole, or at least in substantial part, for the COBRA benefit.  Plaintiff-Intervenors' counsel's positive and

thankful reaction to his "I'll try to get the client to pay for the COBRA" statement was a substantial factor in producing this encouragement. In the final analysis, though, whether BEI's counsel properly interpreted Plaintiff-Intervenors' counsel's statements, positions, etc, is of no moment. The important point is that BEI's counsel told Plaintiff-Intevenors' counsel in e-mails and voice mails what his "interpretation" was – what he believed to be the case concerning settlement and the need for him to go to Florida - and tried repeatedly to communicate with her on Monday afternoon for confirmation. The simple courtesy of a phone call, voice mail message or even an e-mail that afternoon from Plaintiff-Intevenors' counsel would have eliminated the problem and caused BEI's counsel to take his Monday evening flight.

BEI is entitled to preclusion here, but BEI's aim is not to acquire some tactical advantage. All it wants is to be put in the position it would have been in had Plaintiff-Intervenors' counsel made that Monday afternoon call. It wants to be able to object to counsel's questions and to cross-examine the witness. Under the circumstances, justice requires that BEI be afforded this relief.

                                       The DEFENDANT
                                       BEAUTY ENTERPRISES, INC.

                                       By:   /s/ Richard C. Robinson
                                                Richard C. Robinson (ct04321)
                                                Pullman & Comley, LLC
                                                90 State House Square
                                                Hartford, CT 06103-3702
                                                Telephone 860 541 3333
                                                Facsimile 860 424 4370
                                                E-mail: rrobinson@pullcom.com
                                                Its Attorney

-7-

## CERTIFICATION

I hereby certify that on August 29, 2008 a copy of foregoing Defendant Beauty Enterprises' Reply Re: Plaintiff-Intervenors' Opposition to Its Motion In Limine To Exclude The *De Bene Esse* Deposition of Ms. Sherry Baker-Lawrence was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Richard C. Robinson
Richard C. Robinson (ct04321)
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
Telephone: 203 330 2000
Facsimile: 203 576 8888
E-mail: rrobinson@pullcom.com

Hartford/65094.1/RCR/323528v1