UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al.<br><br>Plaintiffs,<br>v.<br><br>BEAUTY ENTERPRISES, INC., et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  3:01CV00378 (AHN)<br>)  September 4, 2008<br>)<br>)<br>) |

**PLAINTIFFS-INTERVENORS' PLEADINGS, INTERROGATORIES AND DEPOSITIONS DESIGNATIONS**

Pursuant to Section 7 of this Court's Pre-Trial Order dated January 22, 2008 (Docket No. 191), Plaintiffs-Intervenors Luz Andujar, Harold Acosta, Waleska Miranda, Jose Linares, and Eva Diaz ("Plaintiffs") hereby designate and submit the following materials that Plaintiffs may offer at trial for purposes other than impeachment or cross-examination: (1) Admissions from Pleadings; (2) Interrogatories Designations; (3) Depositions Designations.  Plaintiffs reserve the right to supplement these designations as necessary.  For instance, should any particular witness within the subpoena power of this Court fail to appear at trial, Plaintiffs reserve the right to designate further materials for use at trial, as may be appropriate.

I.  **Admissions From Pleadings to be Read to the Jury.**

Pursuant to Federal Rule of Civil Procedure 8(b)(6), Plaintiffs request that the following admissions be read to the jury on the record. In its answers to Plaintiffs' complaints dated August 4, 2005, Defendant Beauty Enterprises, Inc. failed to deny the following allegations and therefore said allegations are to be deemed admitted.[1] See Fed. R. Civ. P. 8(b)(6).

| Admission | Source |
|---|---|
| "To date, defendant Beauty continues to relentlessly enforce an English-only workplace rule more aggressively against Latino employees." | Acosta/Linares Complaint dated May 22, 2002 ("A-L Comp."), ¶ 17. (See Ex. 1) Beauty Enterprises, Inc.'s ("BEI") Answer to A-L Complaint dated August 4, 2005 ("A-L Ans.").[2] |
| Beauty Enterprises "admits that [Plaintiff] Acosta was required to take a forklift operator's exam and that he failed it (twice). It further admits that it created a job for him so it would not have to let him go ─ a job that would pay him as much as possible without doing violence to the compensation structure at the company." | A-L Ans. ¶ 12. |
| "The retaliation that Plaintiff-Intervenors have suffered is a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), the EEOC National Origin Discrimination Guidelines, 29 C.F.R. § 1606 and 42 U.S.C. § 1981." | A-L Complaint, ¶ 48; A-L Ans.[3] |
| "Defendant Beauty's English-only workplace rule is unjustified by any legitimate business necessity, has an impermissible disparate impact on Latinos employed by defendant and constitutes discrimination on the basis of national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and the EEOC National Origin Discrimination Guidelines, 29 C.F.R. § 1606." | Andujar, Diaz, Miranda Complaint dated November 30, 2001 ("ADM Comp."), ¶ 49; BEI's Answer to ADM Comp. dated August 4, 2005 ("ADM Ans.").[4] |

---

[1]   Plaintiffs also renew their objections to Defendant's Answers to Plaintiffs' Complaints dated Nov. 30, 2001 and May 22, 2002 ("Complaints") impermissibly filed on August 4, 2005 (see docket nos. 92 and 93) ("Answers") ─ i.e. more than four (4) and three (3) years after the Complaints were served. Because these answers were impermissibly late, Plaintiffs renew their request that all of the allegations in their Complaints be deemed admitted pursuant to Federal Rule of Civil Procedure 8(b)(6) and that they be allowed to proceed to the jury on the issue of damages alone on all claims. Plaintiffs stand ready to renew this request by separate motion.

[2]   See Fed. R. Civ. P. 8(b)(6).
[3]   See id.
[4]   See id.

| | |
|---|---|
| "Defendants' discriminatory actions are in violation of Connecticut State law, CFEPA, Conn. Gen. Stat. 46a-60(a)(1) and (4)." | ADM Comp. ¶ 60; ADM Ans. [5] |

## II.     Interrogatory Designations

Plaintiffs designate the interrogatories and responses listed below and reserve the right to use any additional discovery response by Beauty Enterprises as an admission or for purposes of impeachment.

| Source | Designations |
|---|---|
| Defendant Beauty Enterprises, Inc.'s Amended Response to Plaintiff's First Set of Interrogatories, dated November 30, 2001. | Interrogatory & Response Nos: 2, 3, 5, 7, 8, 10, 11, 12, 14, 16, 18, 20, 21, 23, 27. |
| Beauty Enterprises, Inc.'s Responses to EEOC's Second Set of Interrogatories, dated January 31, 2003. | Interrogatory & Response Nos: 29, 30, 31, 32, 35. |
| BEI's Responses to EEOC's Interrogatories on Continued Discovery, Dated April 4, 2008. | Interrogatory & Response Nos: 5, 6. |
| Responses to Plaintiff-Intervenors' First Set of Interrogatories and First Request For Production of Documents and Things to Defendant Beauty Enterprises, Inc. | Interrogatory & Response Nos: 1, 2, 5, 7, 10, 15, 16, 17, 20, 21, 25, 31, 41. |
| Beauty Enterprises' Supplemental Discovery dated 8/28/2008. | Pages 1-14. |

## III.     *De Bene Esse* Depositions to be Read/Played to the Jury - Deponent Unavailable.

Pursuant to Rules 32(a)(4)(B)-(D) and 32(c) of the Federal Rules of Civil Procedure, Plaintiffs request that excerpts of the following trial depositions be played to the jury, or the transcript of said depositions be read to the jury on the record, as deponents reside in Florida and are not available to testify at trial:

---

[5]     See id.

1. Ms. Sherry Baker-Lawrence (duration of videotaped testimony approximately 1:00hrs) and exhibits.

2. Mr. Robert Winkler (duration of testimony approximately 1:15hrs).[6]

IV.  **Discovery Depositions that May be Read/Played to the Jury - Deponent Unavailable**

Pursuant to Rules 32 of the Federal Rules of Civil Procedure, Plaintiffs designate excerpts of depositions as listed in Exhibit 1 hereto. Because of the recent Consent Decree entered into between Defendant and the EEOC, removing certain parties from this case, Plaintiffs are still in the process of determining whether the deponents reside within this Court's subpoena power and will be available at trial. Should the deponents not be available pursuant to Rule 32, Plaintiffs may seek to read to the jury the designated and/or additional deposition excerpts.

Respectfully submitted this 4th day of September, 2008.

|  | By:__/s/_____ |
|---|---|
| Jackson Chin (PHV0493)<br>Puerto Rican Legal Defense and Education Fund<br>99 Hudson Street<br>New York, New York 10013 | Valeria Calafiore (PHV0494)<br>Rachel Lavery (PHV02715)<br>Clifford Chance US LLP<br>31 West 52nd Street<br>New York, NY 10019 |
| *Attorneys for Plaintiff-Intervenors, Luz Andujar, Eva Diaz, Harold Acosta, Waleska Miranda, and Jose Linares.* ||

---

[6] Plaintiffs currently have a motion *in limine* to exclude certain portions of Mr. Winkler's impeachment (see docket no. 256), and will designate relevant excerpts of his depositions to be played to the jury following this Court's ruling on their motion.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2008, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Valeria Calafiore (PHV0494)
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019

NYA901143.1