**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,                                        CIVIL ACTION
                                                   NO. 3:01-CV-378 (AHN)
                    PLAINTIFF

        VS.

BEAUTY ENTERPRISES, INC., ET AL.


                    DEFENDANT          SEPTEMBER 4, 2008


**<u>DEFENDANT, BEAUTY ENTERPRISES, INC.'S PROPOSED VOIR DIRE
QUESTIONS</u>**

        The Defendant, Beauty Enterprises, Inc. ("BEI"), submits its Proposed Voir Dire

Questions in the above-referenced action.

        1.      The defendant in this case is a company based in Hartford known as

Beauty Enterprises.  Beauty Enterprises – or Beauty for short - is a distributor of

beauty products manufactured by other companies.  It distributes – that is, it sells -

these products at wholesale to retailers who in turn sell them to consumers. The

products it distributes are designed for the black – the African-American - consumer.

Does anyone here know anything about Beauty Enterprises?  Has anyone ever heard

anything about Beauty Enterprises?  Does anybody have any views, negative or

positive, about a company that distributes beauty products designed for the African-American consumer?

2.       The original plaintiff in this case was a government agency named the Equal Employment Opportunity Commission.  It's often referred to by its initials – EEOC.  Does anybody here know anything about the EEOC?

3.       The EEOC was created by an Act of Congress to enforce one of the principal laws involved in this case, a federal law known as Title VII of the Civil Rights Act of 1964.  Title VII, in general terms, is the federal law that prohibits discrimination in employment on account of race, religion, national origin and other conditions.  Do any of you have any feelings one way or another about Title VII, or the anti-discrimination laws in general, that might make it difficult for you to be a fair and impartial juror in this case?

4.       One of the ways the EEOC works is that employees who think they've been discriminated against by their employers on account of, say, national origin, file complaints of discrimination with the EEOC, which the EEOC then investigates.  If the EEOC concludes that there's reasonable cause to believe that complaining employee's complaint is valid, it will sue in its own name on the employee's behalf.  And that's what's happened here.  My question to you is this:  Will the fact that the EEOC investigated the employees' claims and made a reasonable cause finding influence you one way or another in your evaluation of the validity of those claims?

2

5.      Five of the employees on whose behalf the EEOC sued in this case hired their own lawyers and formally became plaintiffs – formal parties in this case – basically saying that they would handle their own cases; that the EEOC wouldn't have to represent them any longer.  So although this case is called EEOC v. Beauty, the EEOC is no longer a party, and these five employees, the folks Ms. Calafiore and her associates now represent, are the only plaintiffs.  Would the fact that these employees hired their own lawyer influence you one way or another in evaluating their claims?

6.      The plaintiffs here claim that Beauty Enterprises discriminated against them on account of their national origin.  Has anyone here ever been discriminated against on account of their national origin?

7.      The national origin of the five plaintiffs is suing are all Hispanic; all but one of them are from Puerto Rico?  Does anyone here have any feelings about Hispanics, generally, or Puerto Ricans in particular that might make it difficult for them to be fair and impartial to both parties and decide the case based solely on the evidence and the law as I describe it to you?

8.      The claim of discrimination in this case largely concerns a rule that Beauty Enterprises has that says in substance that if employees are going to speak while they're "on the clock" – working – they've got to speak in English.  You'll hear this referred to as the English only rule or the English-only policy during the course of this trial.  Has anybody worked in a place that has an English only rule?  [For those

3

that have, what thoughts do you have, if any, about the rule?]  Does anyone here come to this court today with any thoughts or feelings about English only rules?  Has anyone here ever read anything about them?  Has anyone here thought about whether they're legal or not?  Has anyone here thought about whether having an English only rule is a good thing or a bad thing for employers or employees?

9.     Spanish is the native language of the plaintiffs in this case.  Is there anyone here who's native language is something other than English or who has a family member or close friend whose native language is something other than English?  [As to those people who say yes]; do you come to this court today with any experiences in your life involving you or that family member or friend that might make you feel either particularly sympathetic or particularly unsympathetic to folks in America whose native language is not English?

10.    Do you have any feelings coming into court today about how English should be taught to immigrant youngsters whose native language is not English?

11.    Do you have any feelings when you go to the ATM machine and it asks you whether you want it to use English or Spanish?

12.    Has anyone here had any experiences supervising or working with someone whose native language was something other than a language you spoke?  [For those who have], How were you able to communicate with them, and them with you?  Would that experience influence the way you evaluate this case?

13.    Beauty Enterprises, the parties agree, is a successful corporation, and the plaintiffs here are individuals?  Do you have any feelings sitting here today about whose generally right in cases where individuals sue a successful corporation?  Can you be equally fair to both corporations and individuals suing them?

14.    Beauty Enterprises is being sued for its conduct as an employer in this case, and, the people who are suing are or were Beauty Enterprises' employees?  Do you come to this court with sympathies for one party or another based solely on their status as employee or employer?

15.    Is there anything that might make it difficult for you to be as impartial as you'd like to be given that one side is comprised of employees and the other side is their employer, past or present?

16.    Does anyone here own their own businesses?  Does anyone have any close friends or family members who do?  What, if any, feelings do you have about folks who own their own businesses?

17.    Is anyone here an employee?  For those that are, have you ever sued your employer?  Have you or anyone in your family or a close friend ever filed a discrimination claim against his or her employer?  Details.

18.    Have you served on a jury before?  (Describe nature of the action, whether they rendered a verdict, what the verdict was, whether they were the foreperson, how they perceived the deliberations process and the manner in which

they participated in the process (talked a lot, debated a lot, didn't say much, didn't debate much, influenced others, influenced by others).

19.    Has anyone here who hasn't served on a jury been in situations where they had to decide if someone was telling the truth or if what they were saying was accurate?  Describe the situation and explain what they considered in reaching their decision?

20.    Your probably going to have to decide who to believe in whole or in part in this case?  Is there anything about doing this task that would be difficult or uncomfortable for you?

21.    The evidence in this case will be that the employees suing in this case worked in Beauty Enterprises warehouses in Hartford, that the merchandise Beauty sold was in that warehouse and that the warehouse employees were given customer orders to fill by picking the products from the shelves, checking whether the order was properly picked and packing it for shipping.  The evidence will also show that there is not only a shipping operation going on there, but there's also a receiving operation. Does anyone here have any experience with a warehouse workplace like this?

22.    At the end of the case, after the evidence is over and the lawyers make their closing arguments, I'm going to instruct you on the law you're to apply here and tell you that you have to follow that law, whether you like it or not, and whether you

disagree with it or not?  Is there anyone here who would find it difficult to follow my instruction and apply a law you didn't like or one you disagreed with?

23.    One of the things I'm going to tell you then (and that I'm about to tell you now) is that you aren't to make a judgment about how you're going to vote during the plaintiff's case or even when the plaintiff finishes its case; that you're supposed to wait until after the defendant presents its case, the lawyers deliver their closing arguments and I instruct you on the law before you start thinking about how you're going to vote. Is there anyone here who wouldn't be able to wait and do this?

24.    One of the things the plaintiffs are seeking here is money damages.  If a plaintiff did not prove to you by a preponderance of the evidence that he or she was entitled to money, would you have any difficulty sending them home with nothi

**BEAUTY ENTERPRISES, INC.**

By:    /s/ Richard C. Robinson
       Richard C. Robinson (ct04321)
       Pullman & Comley, LLC
       90 State House Square
       Hartford, CT 06103
       Telephone: (860) 541-3333
       Facsimile: (860) 424-4370

## CERTIFICATION

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on the date hereon to all counsel and pro se parties of record.

Rosa Lilliana Palacios, Esq.
525 FDR Avenue
Plaza Las Americas, Suite 1202
San Juan, Puerto Rico 00918-8001

Markus L. Penzel, Esq.
EEOC - Boston Area Office
J.F.K. Federal Building, Room 475
Boston, MA 02203-0506

Barbara E. Gardner
843 Main Street, Suite I-4
Manchester, CT  06040

Julia Morris Paul
Marte, Plepler, Falkenstein, Keith, Meggers & Paul, P.C.
113 East Center Street
Manchester, CT  06040

Evette Soto-Maldonado, Esq.
Jackson Chin, Esq.
Puerto Rican Legal Defense and Education Fund
99 Hudson St., 14th Floor
New York, NY 10013

8

Valeria Calafiore, Esq.
Clifford Chance US LLP
31 West 52 Street
New York, NY 10019

/s/ Richard C. Robinson
Richard C. Robinson

Hartford/65094.1/RCR/323849v1

9