UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al.<br><br>    Plaintiffs,<br>v.<br><br>BEAUTY ENTERPRISES, INC., et al.<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) 3:01CV00378 (AHN)<br> September 11, 2008 |

## JOINT STIPULATION OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED, by and between undersigned counsel for the respective parties, that the above captioned action by Plaintiffs-Intervenors Luz Andujar, Eva Diaz, Waleska Miranda, Jose Linares, and Harold Acosta's (together "Plaintiffs-Intervenors") against Defendant Beauty Enterprises, Inc. ("Beauty" and together with Plaintiffs-Intervenors, the "Parties"), having been amicably resolved as set forth in Plaintiffs-Intervenors' respective settlement agreements with Defendant for an aggregate amount of $275,000.00, Plaintiffs-Intervenors' action is hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), the Parties to bear their own costs and attorney's fees.

   The Parties further agree that the terms of each of their respective agreements are hereby incorporated by reference and that they shall also be embodied, by reference, in the dismissal order entered by this Court, such that this Court can maintain jurisdiction over the enforcement of any of the five settlement agreements entered into by the Parties. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 381-82 (1994) (on a "dismissal … pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) … the court is authorized to embody the settlement contract in its dismissal order or, what has the same effect, retain jurisdiction over the settlement contract

if the parties agree."). The Parties' settlement agreements to be embodied in this Court's order of dismissal are attached hereto under seal as Exhibits 1-5.

The Parties also request that this Court's order dismissing Plaintiffs' claims pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) expressly state that this Court shall retain jurisdiction over the settlement agreements incorporated by reference in the Order for purposes of their enforcement.

Respectfully submitted this 11th day of September, 2008.

| CLIFFORD CHANCE US LLP | PULLMAN & COMLEY LLC |
|---|---|
| By:  __/s/_____ <br> Valeria Calafiore (phv0494) <br> Rachel Lavery (phv02715) <br> 31 West 52nd Street <br> New York, New York  10019 <br><br> Jackson Chin (phv0493) <br> Puerto Rican Legal Defense Fund <br> 99 Hudson Street <br> New York, New York 10013 | By:  __/s/_____ <br> Richard C. Robinson (ct04321) <br> 90 State House Square <br> Hartford, CT 06103 |
| *Attorneys for Plaintiffs-Intervenors Eva Diaz, Harold Acosta, Luz Andujar, Jose Linares, Waleska Miranda.* | *Attorneys for Defendant Beauty Enterprises, Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2008, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                          /s/
                               Valeria Calafiore (PHV0494)
                               Clifford Chance US LLP
                               31 West 52nd Street
                               New York, NY 10019